CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
AMBER HENRY (SBN 247624)
ahenry@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp; Corey Lee; David Anderson; and Joseph Lupica

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HIGHTOWER, and those similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>CELESTRON ACQUISITION, LLC, SYNTA CANADA INT'L ENTERPRISES LTD., SKYWATCHER USA, SKY-WATCHER CANADA, SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, COREY LEE, SYLVIA SHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>              Defendants. | Case No. 5:20-cv-03639-EJD<br><br>*The Honorable Judge Edward Davila*<br>*Crtrm.: 4 – 5th FL*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON, AND JOSEPH LUPICA TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) TO THE CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently with Declaration of Corey Lee and  [Proposed] Order*<br><br>Hrng. Date:    August 13, 2020<br>Hrng. Time:   9:00 a.m.<br>Ctrm.:           4 (5th Floor) |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, in courtroom of the Honorable Edward Davila, Courtroom 4 located on the 5th Floor in the United States District Court, San Jose Courthouse, Defendants Celestron Acquisition, LLC, SW Technology Corp, Corey Lee, David Anderson and Joseph Lupica ("Moving Defendants") will and hereby do move this Court to transfer venue pursuant to 28 U.S.C § 1404(a) to the Central District of California.

Moving Defendants make this Motion on the grounds that not a single defendant in this action resides in the Northern District of California, and therefore, it would be far more convenient and efficient to transfer the action to the Central District where many of the defendants and various witnesses reside. Indeed, Plaintiff's Complaint centers on alleged wrongful actions taken by Defendants Celestron and SW Tech, both of which are headquartered in Torrance, California, and certain of Celestron's former CEOs, the majority of which also reside in the Central District of California, where this action could have been brought originally.

Rather, it appears the real reason this action was filed in this District is because Plaintiff's *attorneys* are based in this District, and Plaintiff and his attorneys hope to improperly tie this matter to a case previously tried by Plaintiff's counsel, *Optronic Technology v. Ningbo Sunny, et. al.*, N.D. Cal. Case No. 5:16-cv-06370-EJD) (the "Orion Lawsuit") in order to prejudice defendants and obtain an unfair advantage even though the Moving Defendants were not parties to the Orion Lawsuit, and it has already proceeded to judgment. Neither of these reasons justify keeping this action in this District especially when the Moving Defendants mostly reside in the Central District, where they sell their telescopes. Accordingly, Moving Defendants respectfully request the Court transfer this action to the Central District of California.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Corey Lee, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

1  DATED: June 30, 2020                                    EISNER, LLP

By:    */s/ Christopher Frost*
CHRISTOPHER FROST
Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp., Corey Lee; David Anderson; and Joseph Lupica

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff's antitrust complaint not only lacks merit,[1] but was also intentionally and improperly filed in the wrong District in order to prejudice the Moving Defendants and obtain an unfair advantage to which Plaintiff is not entitled.  Indeed, as Plaintiff's own complaint concedes, *not a single defendant in this action resides in this District*.  Instead, the vast majority of the Moving Defendants and witnesses identified in the complaint, including Defendant Celestron, which Plaintiff now contends spearheaded the alleged antitrust conspiracy, reside in the Central District of California.  Consequently, the Central District is also where the vast majority of evidence, including documents, is located.

Intentionally ignoring these facts, Plaintiff persisted in filing the instant action in this District because Plaintiff's *attorneys* are based in this District, and Plaintiff and his attorneys hope to improperly tie this matter to a telescope case previously tried by Plaintiff's counsel, *Optronic Technology v. Ningbo Sunny, et. al.*, N.D. Cal. Case No. 5:16-cv-06370-EJD) (the "Orion Lawsuit") even though the Moving Defendants were not parties to that case, and the Orion Lawsuit has already proceeded to judgment.  Neither of these reasons, however, justifies keeping this action in this District given the Moving Defendants and multiple witnesses predominantly reside in the Central District, the relevant documents are stored in the Central District, and the Moving Defendants sell their telescopes out of the Central District.  Accordingly, Moving Defendants respectfully request the Court transfer this action to the Central District of California for the convenience of the parties and witnesses and in the interests of justice.

## II.  STATEMENT OF FACTS

While Plaintiff conclusory alleges that ""'a substantial part of the events or omissions' on which the claims are based occurred in this district" (Complt. ¶ 9), Plaintiff's specific allegations regarding the parties and defendants' conduct belie this statement.

---

[1] Moving Defendants have simultaneously filed a Motion to Dismiss Plaintiff's claims, which is currently pending before this Court.

A. **Moving Defendants and Their Accused Activities Are Based in the Central District of California**

Plaintiff concedes that the Moving Defendants and their alleged activities are centered in the Central District of California by pleading:

- Celestron is headquartered in Torrance, California (Complt. ¶ 21)
- SW Technology is a Delaware corporation (Complt. ¶ 22) and its headquarters are in Torrance, California (Declaration of Corey Lee ¶ 4)
- Sky-Watcher USA is headquartered in Southern California (Complt. ¶ 29), namely, Torrance, California.  (In truth, Sky-Watcher is not a legal entity; it is a brand.)
- Defendant Joseph Lupica is an individual residing in Palm Springs, California, and has not been the CEO of Defendant Celestron for nearly 7 years (Complt. ¶ 31);
- Defendant Dave Anderson is an individual residing in Minnesota and is no longer the CEO of Celestron (Complt. ¶ 32)
- Defendant Corey Lee is an individual residing in California, (Complt. ¶ 33), namely Rancho Palos Verdes, California.  (Lee Decl. ¶ 2)
- The remaining defendants are based in Las Vegas, Nevada, Canada, China, or Taiwan. (Complt ¶¶ 16-20, 24-26, 28-30)

In short, none of the evidence or defense witnesses are based in this District, and the vast majority of witnesses and evidence will be based in the Central District of California.  As such, this action should be transferred to the more appropriate Central District of California.

**III. THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA**

Section 1404(a) provides a district court with broad authority to transfer an action to a more appropriate district "[f]or the convenience of parties and witnesses," provided that the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). The primary goals of the transfer statute are to "prevent the waste of time, energy and money" and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation omitted). A motion for transfer lies within the sound

discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

When considering whether to transfer a case pursuant to Section 1404(a), courts engage in a two-step process. First, courts determine whether the action "might have been brought" in the proposed transferee forum. 28 U.S.C. § 1404(a); *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1098 (N.D. Cal. 2006); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992) (party moving for a transfer of venue must establish "venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice."). Second, courts must make an "individualized, case-by-case consideration of convenience and fairness." *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1098 (N.D. Cal. 2006).

### A. The Central District of California is a Proper Forum

Because Section 1404(a) permits a district court to transfer a civil action "to any other district or division where it might have been brought in the first instance," the threshold inquiry is whether Plaintiffs could have brought this action in the transferee district. 28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 336 (1960); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979)

Here, there is no dispute that this action could have been filed in the Central District of California given Plaintiff concedes that (1) the vast majority of Moving Defendants reside in that district (Complt. ¶¶ 21, 22, 29, 31-33); (2) Celestron is headquartered in that district where it maintains its documents, (3) the Moving Defendants sold the subject telescopes nationwide from the Central District; and (4) the Central District would have subject matter jurisdiction over claims arising under the Sherman Act. (Complt. ¶¶ 2, 22-23, 30, 32-34); see also 28 U.S.C. § 1391(b) (venue is proper where the defendant resides). Accordingly, since this action "might have been brought" in the Central District, transfer under Section 1404(a) is permissible.

### B. The Central District of California is the More Convenient and Efficient Forum for this Action under Section 1404(a)

Transfer to the Central District is not only permissible, but is actually preferable here given only **one** of the parties has any connection to Northern District. In determining whether transfer is proper, the court must weigh both private factors which go to the convenience of parties and witnesses, and public factors, which go to the interest of justice. *San Francisco Tech., Inc. v. Glad Products Co.*, 2010 WL 2943537, at *5 (N.D. Cal. 2010). These factors include: (1) the convenience of the witnesses and parties; (2) ease of access to the evidence; (3) plaintiff's choice of forum; (4) familiarity of each forum with the applicable law; and (5) any local interest in the controversy. *See, e.g., Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013); see 28 U.S.C. § 1404(a). No one factor is determinative; and the factors are interpreted broadly to allow the court to consider the particular facts of each case. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Lopez Perez v. Hufstedler*, 505 F. Supp. 39, 41 (D.D.C. 1980); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

Here, for the reasons set forth below, these factors weigh in favor of transferring this case to the Central District of California where the vast majority of Moving Defendants reside, and where the bulk of Moving Defendants' documentary and testimonial evidence are located.

#### 1. The Convenience of the Parties and Potential Witnesses Weighs In Favor of Transfer

The convenience of witnesses is often the most important factor in considering a transfer of venue. *See Saleh v. Titan Corp.*, 361 F.Supp.2d 1152 (S.D. Cal. 2005); *A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384 (9th Cir. 1974). As such, courts routinely transfer cases to the district where the parties and witnesses reside. For example, in *Sloan v. Pfizer, Inc.*, the court concluded that the most important witnesses to the acts complained of resided in the Southern District of New York, and that this factor favored transfer from the Northern District of California. 2008 WL 4167083, *5 (N.D. Cal. 2008). Similarly, in *Ward v. Fluor Enterprises, Inc.*, 2011 WL 778720 (N.D. Cal. 2011), a class action under the Fair Labor Standard Act, the court found that "most of the witnesses critical to this matter" were employed at Defendant's corporate

headquarters in the Central District of California, and therefore transferring the action to that district from the Northern District of California was proper. *Id*. at \*4-\*5.  In reaching that conclusion, the *Ward* court further noted that none of the class action plaintiffs were residents of the Northern District of California, and thus transfer of the action was particularly appropriate under the circumstances.

Here, just like in *Ward*, **none** of the named defendants reside in this District.  Similarly, with the exception of Plaintiff, none of the witnesses identified in Plaintiffs' Complaint reside in this District either.  Instead, the vast majority of the Moving Defendants and many of the potential witnesses, including Defendant Celestron and its employees and representatives, are based in Torrance, California, and the surrounding area. As such, it would be vastly more convenient (and less expensive) for the Moving Defendants and these witnesses if the action was based in the Central District.  This is even more true today given the current global pandemic and the State of California's guidance against even intrastate travel.  Further, in addition to the inconvenience suffered by the individual witnesses, the "costs of obtaining the attendance" of these witnesses at trial in the Northern District will be significant. *See Decker Coal v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

Moreover, transferring venue to the Central District would not substantially inconvenience Plaintiff or the remaining defendants, given that many of the putative class members and all the remaining defendants live outside the Northern District and thus must all travel out of state (or country) in any event.  Accordingly, this factor weighs in favor of transfering the action to the Central District. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145-46 (C.D. Cal. 2009) (granting motion to transfer action despite the named plaintiff's residence in California because most of the witnesses and evidence were located in the Southern District of New York).

### 2. The Ease of Access to the Evidence in the Central District Weighs in Favor of Transfer

In addition to transferring cases for the convenience of the parties and witnesses, courts also routinely transfer an action to the district in which the evidence is located. *See Greenwell v.*

*Belkin Corp.*, No. C 06-02760, 2006 WL 2884393 at *2 (N.D. Cal. Oct. 10, 2006) (court granted motion to transfer where it would facilitate access to discovery materials and witnesses where evidence largely came from defendant's records and corporate representatives, which were located in transferee district); *Ward v. Fluor Enterprises, Inc*., 2011 WL 778720 *4 (in transferring case to the Central District from the Northern District the court found that the costs of litigation will likely be less if the case were venued where the evidence is located even if such documents could be produced electronically); *see also Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 4 (D. D.C. 2004) (in granting motion to transfer venue, court considered that the bulk of the documentary evidence was located in the transferee forum); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith. Inc*., 621 F. Supp. 780, 783 (N.D. Ill. 1985) (court granted motion to transfer venue where overwhelming number of witnesses and documents were located in transferee district and plaintiffs provided "no reason why defendants should bear the greater legal cost of transporting documents, counsel and witnesses ... to defend against Plaintiffs' as yet unproven allegations").

That is precisely the case here. In addition to the fact that the majority of the Moving Defendants and witnesses are based in the Central District, so too is the majority of the sources of proof. Indeed, Plaintiffs allege a number of allegations against Celestron and its related entities, including SW Technology, which will require Celestron to comb through its records and corporate books which are all held in Torrance, California. [Lee Decl. ¶ 3]. As such, this factor also strongly weighs in favor of transferring the action to the Central District of California.

### 3. The Court Does Not Need to Defer to Plaintiffs' Choice of Forum Given They Are Class Representatives

Finally, although Plaintiff will no doubt argue that his choice of forum should be given weight when deciding whether to grant a motion to change venue, that is not the case here given Plaintiff's position as a class representative. Indeed, where "an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Koster v. (American) Lumbermens Mut. Cas. Co*., 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . the claim of any one plaintiff that a

1 forum is appropriate merely because it is his home is considerably weakened.")

2 Here, Plaintiff seeks to represent a nationwide class who have no particular interest in the Northern District of California nor would be injured by transfer of this action to another district within California that actually has ties to the claims in this case. In other words, given the lack of connection between Plaintiff's claims and this Court, and the fact that Plaintiff has chosen to file this lawsuit as a putative nationwide class action, Plaintiff's choice of forum should be accorded little – if any – weight. *See, e.g.*, *Cung Le*, 108 F. Supp. 3d at 779 (where plaintiff filed suit in the Northern District of California, "a district where very few of the operative facts occurred, … this forum has little local interest in adjudicating Plaintiffs' claims"); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095–96 (N.D. Cal. 2013) ("In evaluating the interest of justice, a court may consider 'public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty.'" (citing to *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986))).

### 4. The Fact That The Orion Lawsuit Was Tried In This Court Actually Mitigates In Favor Of Transfer

Plaintiff may argue that, because the Orion Lawsuit was tried here, this case should be as well. The opposite is true. In fact, given the Orion Lawsuit, this case should be transferred to protect defendants' due process rights and fundamental fairness. The Orion Lawsuit has already been tried to a jury. That case is now on appeal, and only post-judgment matters are still before the Court. Moving Defendants were not parties to that litigation; therefore, no findings from that litigation can be binding on or even considered as relevant in the Class Actions. *Parklane Hosiery v. Shore,* 439 U.S. 322, 327-28 (1979) (it is a violation of due process for a judgment to be binding on a litigant who was not a party and therefore had no chance to be heard). Putting these cases in the same court, and Plaintiff's existing efforts to relate the cases is a transparent effort to prejudice Moving Defendants by trying to bind them to the findings in the Orion Lawsuit, even though they were not parties in that action. Plaintiff even alleges in the Class Action complaints that ""a jury has already found that Celestron and its parent company in China, Synta, conspired with their competitor Ningbo Sunny…to fix prices, divide the market….." [Complt. ¶2.] That is not only

untrue, but is a fundamentally unfair proposition to attempt to now use against Celestron, and would permit an egregious abuse of due process.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant their Motion to Transfer Venue this action to the Central District of California.

DATED: June 30, 2020

EISNER, LLP

By: */s/ Christopher Frost*
CHRISTOPHER FROST
Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp., Corey Lee; David Anderson; and Joseph Lupica