J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
Gunnar Martz, Esq. (SBN: 300852)
  martz@braunhagey.com
Athul K. Acharya, Esq. (SBN: 315923)
  acharya@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR REPRESENTATIVE
PLAINTIFF DANIEL HIGHTOWER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HIGHTOWER, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SYNTA CANADA INT'L ENTERPRISES LTD., SKY-WATCHER USA, SKY-WATCHER CANADA, SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, COREY LEE, SYLVIA SHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>Defendants. | Case No. 5:20-cv-03639-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND NOTICE OF INTENT TO AMEND COMPLAINT AS A MATTER OF COURSE**<br><br>**Date:**  Aug. 13, 2020<br>**Time:**  9:00 a.m.<br>**Judge:**  Hon. Edward J. Davila<br>**Location:**  Courtroom 4 – 5th Fl.<br><br>**Compl. Filed:**  June 1, 2020<br>**Trial Date:**  None Set |

Plaintiff Daniel Hightower respectfully submits his notice of intent to amend the complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), and his opposition to Defendants Dave Anderson, Celestron Acquisition, LLC, Corey Lee, Joseph Lupica, and SW Technology Corporation's pending motion to dismiss (Dkt. No. 15) as moot.

**I.   PLAINTIFF INTENDS TO AMEND HIS COMPLAINT PURSUANT TO RULE 15(a)(1)(B)**

Plaintiff hereby notifies the Court and all parties of his intent to file an amended complaint in this action pursuant to Rule 15(a)(1)(B), which provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of the motion under Rule 12(b)."

Plaintiff is entitled to amend his complaint as a matter of course within 21 days after the Moving Defendants served the Motion to Dismiss on June 30, 2020.  Accordingly, Plaintiff will file his amended complaint on or before July 21, 2020.

**II.   THE PENDING MOTION TO DISMISS SHOULD BE DENIED AS MOOT**

Plaintiff's forthcoming first amended complaint moots the Moving Defendants' pending Motion to Dismiss. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'")). Because the First Amended Complaint will supersede the current pleading, the Motion to Dismiss the current complaint is therefore moot.  As the Ninth Circuit explained under identical circumstances:  "Because the Defendants' motion to dismiss targeted [a complaint] which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it." *Id*.; *see also Herrera v. Ford Motor Co.*, No. 20-CV-00395-LHK, 2020 WL 3451328, at *2 (N.D. Cal. June 24, 2020) ("Because Plaintiffs filed the FAC, the Court DENIES Defendant's motion to dismiss the initial complaint as moot.") (citing *Ramirez*, 806 F.3d at 1008).

For the foregoing reasons, Plaintiff respectfully requests that the Motion to Dismiss be denied.

1 | Dated: July 14, 2020                              Respectfully submitted,

2 |                                                   BRAUNHAGEY & BORDEN LLP

3

4 |                                                   By:   /s/ *Matthew Borden*
                                                           Matthew Borden

5 |                                                   Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28