J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
   fisher@braunhagey.com
Gunnar Martz, Esq. (SBN: 300852)
   martz@braunhagey.com
Athul K. Acharya, Esq. (SBN: 315923)
   acharya@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR REPRESENTATIVE
PLAINTIFF DANIEL HIGHTOWER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HIGHTOWER, and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SYNTA CANADA INT'L ENTERPRISES LTD., SKY-WATCHER USA, SKY-WATCHER CANADA, SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, COREY LEE, SYLVIA SHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>    Defendants. | Case No. 5:20-cv-03639-EJD<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE**<br><br>**Date:** Aug. 13, 2020<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Location:** Courtroom 4 – 5th Fl.<br><br>**Compl. Filed:** June 1, 2020<br>**Trial Date:** None Set |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

    A.    Plaintiff's Claims ................................................................................................... 2

    B.    The Hightower Claims .......................................................................................... 2

    C.    The Murphy Claims .............................................................................................. 2

LEGAL STANDARD ..................................................................................................................... 3

I.    THIS DISTRICT IS A PROPER VENUE UNDER MULTIPLE STATUTES ................. 3

    A.    Venue is Proper Under Section 12 of the Clayton Act [15 U.S.C. § 22] ............... 3

    B.    Venue Is Proper Under the General Venue Statute [28 U.S.C. § 1391(b)(2), (d)]. 4

II.    THE MOVING DEFENDANTS HAVE NOT PROVEN THAT TRANSFER IS WARRANTED UNDER 28 U.S.C. § 1404(a) ......................................... 5

    A.    The Interests of Justice ......................................................................................... 6

    B.    Convenience of Witnesses .................................................................................... 8

    C.    Convenience of Parties ....................................................................................... 10

    D.    Plaintiff's Choice of Forum ................................................................................ 11

    E.    Ease of Access to the Evidence .......................................................................... 12

    F.    The Familiarity of Each Forum with the Applicable Law .................................. 13

    G.    The Nexus Between the Forum and the Causes of Action/Local Interest in the Controversy ......................................................................................................... 13

    H.    The Feasibility of Consolidating Other Claims .................................................. 14

    I.    The Availability of Compulsory Process to Compel Attendance of Non-Party Witnesses ............................................................................................................ 14

CONCLUSION .............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A. J. Indus., Inc. v. U.S. Dist. Ct.*,
   503 F.2d 384 (9th Cir. 1974) .......................................................................................... 6, 7, 13

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
   368 F.3d 1174 (9th Cir. 2004) ................................................................................................ 4

*Adobe Sys. Inc. v. Childers*,
   No. 5:10-cv-03571-JF/HRL, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011) ........................... 14

*Arandell Corp. v. Centerpoint Energy Servs., Inc.*,
   900 F.3d 623 (9th Cir. 2018) .................................................................................................. 2

*Bernal v. Netflix, Inc.*,
   No. 11-cv-00820-EJD, 2011 WL 13157369 (N.D. Cal. Aug. 21, 2011) ........................... 3, 10

*Brooks v. Cook*,
   938 F2d 1048 (9th Cir. 1991) ................................................................................................ 8

*Commodity Futures Trading Comm'n v. Savage*,
   611 F.2d 270 (9th Cir. 1979) ................................................................................................. 3

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ......................................................................................... passim

*Dependable Component Supply Corp. v. Murata Mfg. Co.*,
   No. 5:18-CV-00198-EJD, 2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) ............................. 10

*Doe v. Epic Games, Inc.*,
   435 F. Supp. 3d 1024 (N.D. Cal. 2020) ................................................................................ 13

*Esquer v. StockX, LLC*,
   No. 19-CV-05933-LHK, 2020 WL 3487821 (N.D. Cal. June 26, 2020) ..................... 7, 13, 14

*Florens Container v. Cho Yang Shipping*,
   245 F. Supp. 2d 1086 (N.D. Cal. 2002) .................................................................................. 3

*Forte Capital Partners v. Harris Cramer*,
   No. 07-cv-01237-MJJ, 2007 WL 1430052 (N.D. Cal. May 14, 2007) ................................... 3

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
   618 F3d 1025 (9th Cir. 2010) ................................................................................................ 8

*Go-Video, Inc. v. Akai Elec. Co.*,
   885 F.2d 1406 (9th Cir. 1989) ............................................................................................... 4

*Hatch v. Reliance Ins. Co.*,
   758 F.2d 409 (9th Cir. 1985) ................................................................................................. 5

*In re ATM Fee Antitrust Litig.*,
   686 F.3d 741 (9th Cir. 2012) ................................................................................................. 2

*Incorp Servs. Inc. v. Incsmart.Biz Inc.*,
   No. 11-CV-4660-EJD-PSG, 2012 WL 3685994 (N.D. Cal. Aug. 24, 2012) ......................... 11

*Joubert v. Lienhard*,
   No. 19-CV-02651-LHK, 2020 WL 1233938 (N.D. Cal. Mar. 13, 2020) .............................. 13

*Kaufman v. City of San Francisco*,
   No. C-08-03755 EDL, 2009 WL 5184468 (N.D. Cal. Dec. 22, 2009) ................................... 6

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
   89 F.R.D. 497 (C.D. Cal. 1981) ........................................................................................ 4, 12

*Madani v. Shell Oil Co.*,
  No. 07-cv-04296-MJJ, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008) .................................... 6, 7, 8
*Meijer, Inc. v. Abbott Labs.*,
  544 F. Supp. 2d 995 (N.D. Cal. 2008) ............................................................................... 5, 6, 10
*Prescott v. Bayer HealthCare LLC*,
  No. 5:20-CV-00102 NC, 2020 WL 3505717 (N.D. Cal. June 29, 2020) ..................................... 13
*Prot. Corp. v. Vigman*,
  764 F.2d 1309 (9th Cir. 1985) ........................................................................................................ 11
*Saleh v. Titan Corp.*,
  361 F.Supp. 2d 1152 (S.D. Cal. 2005) ........................................................................................ 6, 9
*State of Calif. v. Montrose Chem. Corp. of Calif.*,
  104 F3d 1507 (9th Cir. 1997) ........................................................................................................ 8
*Stroud v. Richmond*,
  No. 4:17-CV-01469-KAW, 2017 WL 3782700 (N.D. Cal. Aug. 31, 2017) ................................ 6
*Thanos v. Unum Life Ins. Co.*,
  No. 15-CV-03616-YGR, 2015 WL 5770786 (N.D. Cal. Oct. 2, 2015) .................................. 9, 10
*United Tactical Sys. LLC v. Real Action Paintball, Inc.*,
  108 F. Supp. 3d 733 (N.D. Cal. 2015) ........................................................................................ 11
*Wireless Consumers Alliance v. T-Mobile USA, Inc.*,
  No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) .................................... 6, 7

**STATUTES**

15 U.S.C. § 22 ............................................................................................................................... 1, 4
28 U.S.C. § 1391 ............................................................................................................................. 4, 5
28 U.S.C. § 1404 ............................................................................................................................. 3, 5, 6, 7

**RULES**

Federal Rule of Civil Procedure 42(a) ............................................................................................... 3
Federal Rule of Civil Procedure 45(c) ........................................................................................... 9, 14
Federal Rule of Civil Procedure 45(c)(2)(B)(ii) ............................................................................... 5

Plaintiff Daniel Hightower respectfully submits this opposition to Defendants' motion to transfer venue.

## **INTRODUCTION**

A few of the Defendants[1] have moved to transfer venue to Los Angeles. Doing so would splinter this case from related cases *Spectrum Scientific v. Celestron*, No. 20-cv-03642-EJD and *Murphy v. Celestron*, No. 20-cv-04049-EJD. Both of those cases are also before this Court. Both involve identical facts and legal issues and should be consolidated with this case. Defendants have not moved to transfer the *Murphy* action, and Mr. Hightower is a resident of this District. The Moving Defendants' motion for a voluntary transfer thus seeks to double the burden on the federal courts, create the possibility of inconsistent rulings on the same issues by two federal judges, and multiply the expense of litigating these claims.

The Moving Defendants claim that Plaintiff "intentionally and improperly filed in the wrong District in order to prejudice the Moving Defendants and obtain an unfair advantage to which Plaintiffs are not entitled." (Mot. at 1.) This is untrue. Defendants sold product in this District, which makes venue proper here under Section 12 of the Clayton Act, among other provisions. 15 U.S.C. § 22.

In addition to doubling the expense and burden and creating the possibility of inconsistent rulings, transferring this case would locate these proceedings far from where compulsory process over the key witnesses would be available. A transfer would also move venue further from the Non-Moving Defendants in British Columbia, whose views on transfer the Moving Defendants elected not to provide to the Court.

The motion itself is bereft of any evidence that would compel the extraordinary relief sought by the Moving Defendants. Their requested transfer would not be convenient for the parties

---

[1] Celestron Acquisition, LLC, SW Technology Corp., Corey Lee, David Anderson, and Joseph Lupica (collectively, the "Moving Defendants"). Defendants Synta Canada Int'l Enterprises, Ltd., Sky-Watcher USA, Sky-Watcher Canada, Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Sylvia Shen, Jean Shen, and Laurence Huen have not moved to transfer venue (collectively, the "Non-Moving Defendants").

or in the interests of justice, and their motion falls far short of the compelling showing necessary to deprive Plaintiff who filed in a proper forum of his choice of venue.

## FACTUAL BACKGROUND

### A. Plaintiff's Claims

Plaintiff Daniel Hightower is an amateur astronomer and astrophotographer. As detailed in the Complaint, Defendant Celestron and its parent company in China, Synta, conspired with their competitor Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") to fix prices, divide the market, retaliate against competitors, mislead U.S. authorities, illegally acquire assets and dominate the U.S. market in violation of Sections 1 and 2 of the Sherman Act, Section 7 of the Clayton Act, and California antitrust laws.

This case concerns the same transactions, occurrences and ongoing antitrust conspiracy to raise the prices of telescopes that is the subject of another case that this Court is presiding over: *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd., et al.*, No. 5:16-cv-06370-EJD (the "Orion Action"). The Orion Action has been proceeding since 2016, and, after a six-week trial in November 2019, the jury found the Moving Defendants' co-conspirators liable on all counts.

Mr. Hightower lives in the Bay Area, which is one reason he filed his claims in the Northern District of California. (Declaration of Daniel Hightower ("Hightower Decl.") ¶ 3.[2])

### B. The Spectrum Scientific Claims

The claims alleged by Plaintiff in this case are also substantially identical to those asserted in the *Spectrum Scientific* action, except that Mr. Hightower is a consumer.

### C. The Murphy Claims

On June 17, 2020, 16 days after the *Hightower* action and this action were filed, the *Murphy* action was filed against Defendants, among others. The claims in *Murphy* are substantively identical to those in *Spectrum Scientific* and this case. *See Murphy, et al., v. Celestron Acquisition,*

---

[2] The declarations of Mr. Hightower and the *Spectrum Scientific* plaintiffs were filed in the *Spectrum* action in support of the *Spectrum* plaintiffs' opposition to a substantially identical motion to transfer venue filed by the Moving Defendants. Because their averments in opposition to the *Spectrum* transfer motion apply equally here, Mr. Hightower's and the *Spectrum Scientific* plaintiffs' declarations are filed here as Exhibits 1-3 to the Borden Declaration, respectively.

*LLC, et al.*, No. 5:20-cv-04049-EJD (N.D. Cal.); Complaint (June 17, 2020), Dkt. No. 1; Order Relating Case (June 30, 2020), Dkt. No. 9. Mr. Hightower here and the plaintiffs in the *Spectrum Scientific* and *Murphy* actions intend to seek consolidation of the three actions, at least for pretrial purposes. *See* Fed. R. Civ. P. 42(a); *Bernal v. Netflix, Inc.*, No. 11-cv-00820-EJD, 2011 WL 13157369, *1 (N.D. Cal. Aug. 21, 2011).

No Defendant has moved to transfer the *Murphy* Action.

## **LEGAL STANDARD**

In a motion for transfer under 28 U.S.C. § 1404(a), the moving party bears the burden of proof. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). This is a heavy burden that requires the movant to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). To meet its burden, the moving party must present affidavits to establish facts supporting transfer. *Forte Capital Partners v. Harris Cramer*, No. 07-cv-01237-MJJ, 2007 WL 1430052, *2 (N.D. Cal. May 14, 2007) (citations omitted).

**I.  THIS DISTRICT IS A PROPER VENUE UNDER MULTIPLE STATUTES**

The Motion contends that this action was "filed in the wrong District." (Mot. at 1.) To the contrary, this action is properly venued under the Clayton Act and at least two other federal statutes—all of which are specifically pleaded in the Complaint, and none of which is addressed by the Motion.

**A.   Venue is Proper Under Section 12 of the Clayton Act [15 U.S.C. § 22]**

Recognizing that antitrust actions are often national in their character and scope, Congress elected to give plaintiffs wide license to venue antitrust actions in the forum of their choice via Section 12 of the Clayton Act:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, ***but also in any district wherein it may be found or transacts business***; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

(Emphasis added.) Courts have recognized that Congress' intent was to provide plaintiffs broad venue selection—a choice entitled especial deference in antitrust cases. *See Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1410 (9th Cir. 1989) ("[C]ourts have viewed the section[12]'s main contribution to be its expansion of the bounds of venue."); *cf. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981) ("[T]he defendant's burden on a transfer motion is said to be especially heavy in antitrust suits, where plaintiff's choice of forum is entitled to particular respect.").

Because movant Celestron does not and cannot dispute that it sells telescopes in this District, venue is proper in this district under the Clayton Act.

Indeed, Mr. Hightower lives in this District (Hightower Decl. ¶ 3). The efficiencies and avoidance of inconsistent rulings offered by parallel adjudication of this case and the *Hightower* action was a factor in both his and the *Spectrum Scientific* plaintiffs' decision to file their action here. (Declaration of Dan Fish ("Fish Decl.") ¶¶ 4-5; Declaration of Matt Kriebel ("Kriebel Decl.") ¶¶ 4-5.)

**B.     Venue Is Proper Under the General Venue Statute [28 U.S.C. § 1391(b)(2), (d)]**

This case is also properly before this Court under the general federal venue statue, 28 U.S.C. § 1391, which presents a parallel avenue for venue in an antitrust case. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004) ("[T]he special venue provision of Section 12 is supplemented by the general venue provisions of § 1391 for federal antitrust plaintiffs.") (citing *Go-Video*, 885 F.2d at 1413).

Section 1391(b)(2) provides that venue is proper where "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." This case easily satisfies this standard.

As already noted, the claims in this case are substantially identical to the claims asserted in the *Orion* action. And as the Court is well aware after the six-week jury trial in that action, a substantial part of the activities of the conspiracy alleged in this case were directed at and occurred in this District, where Orion is located. This is another reason that Plaintiff elected to file his case in this District: Orion employees are likely to be material witnesses in this action, and this District

– unlike the Central District of California – is the only District with the authority to compel their attendance at trial under Federal Rule of Civil Procedure 45(c)(2)(B)(ii).

Section 1391(d) also independently establishes venue, providing that

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

As noted above, movant Celestron indisputably is subject to personal jurisdiction in this District in this action given that it sells telescopes into it, and venue is accordingly proper.

*     *     *

In sum, the Moving Defendants' contention that venue does not lie in this District is incorrect.

**II.     THE MOVING DEFENDANTS HAVE NOT PROVEN THAT TRANSFER IS WARRANTED UNDER 28 U.S.C. § 1404(a)**

In evaluating a motion to transfer a properly-venued case, a court considers the three factors in § 1404(a): "1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice." *Meijer, Inc. v. Abbott Labs.*, 544 F. Supp. 2d 995, 999 (N.D. Cal. 2008).[3] The convenience of the witnesses and parties is subordinate to the interest of justice, which is the "predominant" factor in the transfer analysis. *Madani v. Shell Oil Co.*, No. 07-cv-04296-MJJ, 2008 WL 268986, *2 (N.D. Cal. Jan. 30, 2008). As Judge Jenkins explained: "The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Id*. (quoting *Wireless Consumers Alliance v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598 at *4 (N.D. Cal. Oct. 14, 2003)).[4]

---

[3] For a district court to transfer an action under § 1404(a), the Court also must find that the transferee court is one where the action "might have been brought." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). This factor, however, is not disputed.

[4] The Motion asserts that "[t]he convenience of witnesses is often the most important factor in considering a transfer," citing *Saleh v. Titan Corp.*, 361 F.Supp. 2d 1152 (S.D. Cal. 2005), and

"The Ninth Circuit has articulated other considerations that are subsumed in these basic factors." *Meijer*, 544 F. Supp. 2d at 999 (citing *Decker Coal*, 805 F.2d at 843). These include:

> the plaintiff's choice of forum; ease of access to the evidence; the familiarity of each forum with the applicable law; the nexus between the forum and the causes of action; the feasibility of consolidating other claims; any local interest in the controversy; . . . and the availability of compulsory process to compel attendance of unwilling non-party witnesses.

*Id.*

The Motion addresses almost none of these factors, and the Moving Defendants—who bear the burdens of production and proof here—may not sandbag Plaintiff with argument and evidence regarding these factors for the first time on reply. *Stroud v. Richmond*, No. 4:17-CV-01469-KAW, 2017 WL 3782700, at *2 (N.D. Cal. Aug. 31, 2017) ("[I]t is procedurally improper to make legal arguments for the first time in a reply brief, because it deprives the opposing party of the opportunity to address the arguments in their opposition to the respective motion."); *Kaufman v. City of San Francisco*, No. C-08-03755 EDL, 2009 WL 5184468, at *1 (N.D. Cal. Dec. 22, 2009) (refusing to consider evidence submitted for the first time on reply).

Plaintiff addresses the factors relevant to this case below.

### A. The Interests of Justice

This is the most important consideration under § 1404(a), and overwhelmingly favors this District. *Madani*, 2008 WL 268986 at *2 ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate.") (quoting *Wireless Consumers Alliance*, 2003 WL 22387598 at *4).

The interests of justice are best served by having a single federal judge adjudicate this case, *Spectrum Scientific*, and *Murphy*. If this case is transferred, then two federal courts will be adjudicating the same factual and legal issues at the same time. Not only does this double the burden on the court system, it creates the possibility that two federal judges could make

---

*A. J. Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974). Neither of these cases state that the convenience of witnesses is even occasionally the most important factor in the transfer analysis, which is likely why the Motion does not offer a pincite for either citation.

contradictory findings or legal rulings. That would not serve the interests of justice, and Plaintiff is unaware of any case where a court used its discretionary powers under § 1404 to achieve such a perverse result. The Moving Defendants have not cited one either.

To the contrary, courts have repeatedly recognized that "consolidation is a significant factor in a transfer decision," *A.J. Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 386-87 (9th Cir. 1974), because it "eliminate[s] the risk of inconsistent rulings, conserve[s] judicial resources, reduce[s] litigation costs, and ensure[s] that all the actions are coordinated and subject to the same discovery and pleading timetables." *Esquer v. StockX, LLC*, No. 19-CV-05933-LHK, 2020 WL 3487821, at *8 (N.D. Cal. June 26, 2020).

Separately, contrary to the Moving Defendants' improper suggestions (Mot. at 8), this Court is especially well-suited to adjudicate the claims because this Court presided over the *Orion* litigation and is already familiar with many of the facts and legal issues. As Judge Jenkins recognized in *Madani*, the interests of justice are served when an action is "adjudicated by a court that has already committed judicial resources to the contested issues," and is familiar with the factual background of the case. 2008 WL 268986 at *2. In *Madani,* the court noted that the transfer analysis weighed heavily in favor of the district where a judge had presided over a likely related case "for more than three years . . . and is presumably more familiar . . . with underlying factual contentions that are common to both actions," and would "be better position[ed] to address downstream issues, including res judicata," as opposed to another district in which a new judge "would have to invest significant time and resources to reach a similar level of familiarity." *Id*. On that basis, the *Madani* court concluded that "[t]he interests of justice therefore strongly supported" the action being prosecuted in the district where the prior litigation occurred. *Id.*

The Moving Defendants' suggestion that this Court would be anything but impartial (Mot. at 8) is wholly improper and unsupported by any evidence. For the extraordinary remedy of reassignment, the movant must provide substantial evidence impugning a federal judge's presumptive impartiality. The Ninth Circuit has repeatedly rejected requests to reassign cases even where (unlike here) it was reversing a district court and even where (unlike here) things happened in the proceedings below that could have suggested bias. *See, e.g.*, *Brooks v. Cook*, 938 F2d 1048,

1053 (9th Cir. 1991) ("Although the judge issued some erroneous rulings and clearly was frustrated at times by the actions of Brooks's counsel, we do not believe that this evidences 'an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes.'") (quotation omitted); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F3d 1025, 1043-1044 (9th Cir. 2010) ("Fortune principally relies on the district court's wholesale adoption of Victoria's Secret's proposed findings of facts and law. But although we 'reiterate our disfavor of the practice [of] ... adopting one party's proposed findings of fact and conclusions of law substantially verbatim,' we decline to impose the 'extraordinary measure of reassignment'") (citations omitted, alterations in original); *State of Calif. v. Montrose Chem. Corp. of Calif.*, 104 F3d 1507, 1521-1522 (9th Cir. 1997) ("The common thread in these cases is that the district court's expressions of frustration with an attorney or party somehow appeared to affect his or her handling of the substantive issues in the case. Here, it appears that the district judge's verbal excesses had no [e]ffect on his substantive decisions. Therefore, we deny the government's request for reassignment.").

Here, there is absolutely nothing suggesting that anything improper occurred in the Orion Action, and the Moving Defendants have not provided any evidence in support of their improper request. The Moving Defendants' baseless accusations are not a basis for transferring this action.

In sum, the interests of justice weigh heavily in favor of this District.

**B.     Convenience of Witnesses**

This factor also heavily favors this District, which is the only District with subpoena power over crucial non-party witnesses.

As the Moving Defendants' own authorities recognize, "[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005); *see also Thanos v. Unum Life Ins. Co.*, No. 15-CV-03616-YGR, 2015 WL 5770786, at *3 (N.D. Cal. Oct. 2, 2015) ("[T]he convenience of non-party witnesses is more important than the convenience of the parties."). In contrast, "the convenience of a party's employee witnesses is entitled to little weight

because they can be compelled by their employers to testify regardless of venue." *Thanos*, 2015 WL 5770786 at *3.

As the Court is aware, there are material non-party witnesses who reside in this District: Orion employees and staff. In specific, these witnesses include Peter Moreo, Debbie Woodward, and Jason Espinosa. (Declaration of Matthew Borden ("Borden Decl.") ¶ 2.) These witnesses have considerable percipient knowledge of the antitrust conspiracy alleged by Plaintiff and are likely to be called at trial. In fact, Orion witnesses are the only non-party witnesses identified in the Motion. (Mot. at 5.) And this District is the only District in which these crucial witnesses are subject to compulsory process under Federal Rule of Civil Procedure 45(c).

Moving Defendants try to dismiss these non-party witnesses by asserting that "Orion has already released all of its purported claims against Celestron" (Mot. at 5:21-22), but that is a non sequitur. The question is not whether the Orion witnesses are seeking damages, but whether they have evidence and testimony to provide. After all, non-party witnesses never seek damages; otherwise they would be a party.

In contrast, Moving Defendants offer no evidence proving that this Court would lack compulsory process over any witness. They do not provide any declaration by any witness. And they do not even specify any specific witness who purportedly would be inconvenienced by litigating in this District other than stating in their papers that "Moving Defendants and Defendant Celestron and its employees and representatives" are based in the Central District of California. (Mot. at 5:23-25.) That is not evidence.

In sum, "the convenience of non-party witnesses is more important than the convenience of the parties," and "the convenience of a party's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Thanos*, 2015 WL 5770786 at *3. Thus, Moving Defendants have failed to satisfy their burden of "mak[ing] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843.

This factor accordingly weighs heavily against transfer.

### C. Convenience of Parties

This factor tilts sharply in favor of this District. This action raises identical claims, factual disputes, and legal issues as the two related cases currently pending before the Court: the *Murphy* action (which Defendants have not moved to transfer) and the *Spectrum Scientific* action pending before the Court. Thus, all three of the antitrust class actions against the Moving Defendants—the *Hightower* Action, the *Spectrum* Action, and the *Murphy* Action—are pending in this District before this Court. In stark contrast, there is no such action pending in the Central District.

Because neither of those actions will be transferred, Defendants will be coming to this District to litigate these claims regardless of the outcome of this Motion. As will be discussed in Plaintiff's upcoming motion for consolidation, this case should be consolidated with the related *Murphy* and *Hightower* actions for pretrial purposes, which is what happens in virtually every group of class actions where there are overlapping claims. *See*, *e.g.*, *Bernal v. Netflix, Inc.*, No. 11-cv-00820-EJD, 2011 WL 13157369, *1 (N.D. Cal. Aug. 21, 2011) (consolidating cases where, as here, "each case presents virtually identical factual and legal issues" and the "three actions are in the same procedural stage"); *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *1 (N.D. Cal. Apr. 27, 2018) (consolidating related antitrust class actions).

Accordingly, the relief sought in the Motion would only result in Moving Defendants litigating related cases in two different Districts, without the efficiencies of consolidation. That would obviously be inconvenient. *See Meijer, Inc. v. Abbott Labs.*, 544 F. Supp. 2d 995, 1009 (N.D. Cal. 2008) ("While Abbott claims that transferring the case to Illinois would be more convenient for it, ***this claim is undercut by the fact that Abbott would continue to have to defend itself in the related cases still before this Court, while defending itself in a new forum as well***.") (emphasis added).

Moreover, Mr. Hightower will be significantly inconvenienced if he is deprived of the efficiencies of consolidated pretrial and discovery proceedings and are subjected to the risks of inconsistent rulings by different judges.

It also bears mention that the Moving Defendants have adduced zero evidence regarding views of the Non-Moving Defendants. The Motion's bare assertion that "transferring venue to the Central District would not inconvenience . . . the remaining defendants at all" lacks any factual basis and should be disregarded. It is at least equally as plausible that the Non-Moving Defendants—many of whom are based near Vancouver in British Columbia, Canada—would find travelling to this District more convenient than travelling to Los Angeles.

This factor therefore also weighs in favor of this District.

### D. Plaintiff's Choice of Forum

This factor also weighs against transfer. Mr. Hightower is a resident of this District, and litigating this case in the Central District of California rather than here would significantly inconvenience him—which is why he filed in this District. (Hightower Decl. ¶ 3.)

Mr. Hightower's choice of forum is entitled to strong deference. "A plaintiff's choice of forum is rarely disturbed, unless the balance is strongly in favor of the defendant." *Incorp Servs. Inc. v. Incsmart.Biz Inc.*, No. 11-CV-4660-EJD-PSG, 2012 WL 3685994, at *13 (N.D. Cal. Aug. 24, 2012).[5] Moving Defendants bear a heavy burden to show that the balance of inconveniences significantly tilts towards transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Moving Defendants argue that Mr. Hightower's choice to file in this District should be discounted because he is a class representative. (Mot. at 6-7.) But Moving Defendants' own authorities undermine this proposition. In *Lou v. Belzberg*, the Ninth Circuit held that a plaintiff's choice is "entitled to only minimal consideration" when "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." 834 F.2d 730, 739 (9th Cir. 1987). Neither of these conditions hold here.

---

[5] *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 751 (N.D. Cal. 2015) (quoting *Decker Coal*, 805 F.2d at 843) ("A plaintiff's choice of venue is generally given substantial weight and a defendant normally 'must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'") (quotation omitted); *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed").

First, this forum has an interest in the parties. Mr. Hightower is a resident of this District. He was injured in this District. And it is likely that many other affected consumers also reside in this District. This District's citizens' interest in this matter is not eliminated simply because Mr. Hightower also seeks relief on many of their behalves.

Second, a significant portion of the operative facts and subject matter of this action occurred in this District. Mr. Hightower's allegations are substantially identical to those in the *Orion* action—all of which involved unlawful action directed at this District. Trial in this action is likely to involve much of the evidence of the anticompetitive conduct that has been proven to have injured many in this District.

The Motion also does not address the numerous other well-founded and logical reasons that led Plaintiff to file in this District, including: (1) this is the District where Plaintiff's counsel (who just recently won the *Orion* trial of substantially identical claims) is located; (2) this District is where significant non-party witnesses reside and are subject to compulsory process, (*see supra* Section II.B), and (3) Plaintiff's desire to take advantage of the efficiencies of consolidated proceedings with the related *Spectrum Scientific* and *Murphy* actions, (*see supra* Section II.C).

These are precisely the sort of considerations that entitle antitrust plaintiffs' choice of forum to extra deference, *Los Angeles Mem'l Coliseum Comm'n*, 89 F.R.D. at 500, and Moving Defendants have failed to "make a strong showing of inconvenience to warrant upsetting [Mr. Hightower's] choice of forum." *Decker Coal*, 805 F.2d at 843.  Accordingly, this factor weighs against transfer.

### E. Ease of Access to the Evidence

This factor also weighs in favor of this District in light of the fact that the only non-party witnesses and documents identified by the Motion reside (and are subject to compulsory process) in this District and no other. (*See supra* Section II.B.)

The Motion cites a number of cases (nearly all of which are more than a decade old, and stretch back as far as thirty-five years) for the proposition that the location of documents is dispositive to this factor, and vaguely claims that Celestron will need to "comb through its records and corporate books" in Southern California. (Mot. at 6-7.)

But this is a complex antitrust class action being litigated in the year 2020. Defendants will not be shipping truckloads of bankers' boxes full of documents up Interstate 5. "In the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Prescott v. Bayer HealthCare LLC*, No. 5:20-CV-00102 NC, 2020 WL 3505717, at *5 (N.D. Cal. June 29, 2020) (quoting *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020)). Significantly, the sparse declaration provided by Celestron's CEO does not claim that Celestron could not produce evidence electronically, or that there would be any idiosyncratic burden involved in doing so. *See Joubert v. Lienhard*, No. 19-CV-02651-LHK, 2020 WL 1233938, at *5 (N.D. Cal. Mar. 13, 2020) ("The Court cannot agree that these speculative, unidentified costs would weigh in favor of transfer, particularly given the advancements in electronic discovery," and noting that "Defendants never claim that [their] documents would not be producible electronically.").

This factor accordingly weighs against transfer.

### F. The Familiarity of Each Forum with the Applicable Law

This factor weighs sharply against transfer. Consolidation "eliminate[s] the risk of inconsistent rulings, conserve[s] judicial resources, reduce[s] litigation costs, and ensure[s] that all the actions are 'coordinated and subject to the same discovery and pleading timetables.'" *Esquer*, 2020 WL 3487821 at *8. As a result, "[t]he feasibility of consolidation is a significant factor in a transfer decision." *A.J. Indus.*, 503 F.2d at 386-87.

Because the related *Spectrum Scientific* action and *Murphy* action (which Defendant has not moved to transfer) are both pending before this Court, this is the only District where consolidation is feasible. (*See supra* Section II.C.) The Court should therefore decline to split these related cases into different Districts.

### G. The Nexus Between the Forum and the Causes of Action/Local Interest in the Controversy

These factors also weigh against transfer. Again, Mr. Hightower is a resident of this District and was injured here. And as shown in the *Orion* action, the conspiracy at issue in this case and the

related actions had a substantial impact on citizens and entities in this District, and involved misconduct directed at this District. This is not a case where a litigant has filed a class action in a District that has no connection to the subject matter of the dispute.

### H.  The Feasibility of Consolidating Other Claims

This factor weighs sharply against transfer. Because the related *Spectrum Scientific* action and *Murphy* action (which Defendant has not moved to transfer) are both pending before this Court, this is the only District where consolidation is feasible. (*See supra* Section II.C.)

### I.  The Availability of Compulsory Process to Compel Attendance of Non-Party Witnesses

This final factor also weighs heavily against transfer. As explained in Sections II.B and II.E, this District is the only one vested with the authority to compel attendance at trial of Orion employees (*i.e.*, the only third-party witnesses identified in the Motion) pursuant to Federal Rule of Civil Procedure 45(c).

\*     \*     \*

"Section 1404(a) exists to permit transfers to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at \*9 (N.D. Cal. Feb. 14, 2011). "Thus, transfer should not be granted if the effect is simply to shift the inconvenience to the plaintiff." *Esquer*, 2020 WL 3487821 at \*4 (quoting *id.*).

Here, every relevant factor identified by Section 1404(a) and the Ninth Circuit weighs against transfer. The Moving Defendants have failed to even show that their preferred forum is equally convenient, let alone satisfied their burden to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843. The Court should therefore deny the Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion be denied.

| | | |
|---|---|---|
| 1 | Dated: July 14, 2020 | Respectfully submitted, |
| 2 | | BRAUNHAGEY & BORDEN LLP |
| 4 | | By: /s/ *Matthew Borden*<br>    Matthew Borden |
| 5 | | Attorneys for Plaintiff |