1  CHRISTOPHER FROST (SBN 200336)
   cfrost@eisnerlaw.com
2  AMBER HENRY (SBN 247624)
   ahenry@eisnerlaw.com
3  ROSIE COLE (SBN 322185)
   rcole@eisnerlaw.com
4  EISNER, LLP
   9601 Wilshire Blvd., 7th Floor
5  Beverly Hills, California 90210
   Telephone:  (310) 855-3200
6  Facsimile:  (310) 855-3201

7  Attorneys for Defendants Celestron Acquisition,
   LLC; SW Technology Corp; Corey Lee; David
8  Anderson; and Joseph Lupica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HIGHTOWER, and those similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CELESTRON ACQUISITION, LLC, SYNTA CANADA INT'L ENTERPRISES LTD., SKYWATCHER USA, SKY-WATCHER CANADA, SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, COREY LEE, SYLVIA SHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>    Defendants. | Case No. 5:20-cv-03639-EJD<br><br>Related Cases: 5:20-cv-03642-EJD<br>                         5:20-cv-04049-EJD<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON, AND JOSEPH LUPICA TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Hrng. Date:   August 20, 2020<br>Hrng. Time:   9:00 a.m.<br>Ctrm.:           4 (5th Floor)<br>Judge:          Hon. Edward J. Davila |

## I.     **INTRODUCTION**

The parties here agree on more than they disagree. Plaintiffs' central argument in their Opposition to the Moving Defendants' Motion to Transfer Venue is that a single federal judge should preside over this matter and the now related *Spectrum* and *Murphy* matters (collectively, the "Related Cases") in order to avoid duplicative efforts, a waste of resources, and the risk of inconsistent verdicts. Moving Defendants wholeheartedly agree, which is why they filed papers in which they agreed that the three putative class actions[1] should be related together. It is also why they filed a Motion to Transfer the *Hightower* action to the Central District, and intend to do the same in the *Murphy* and *Brewer* matters when required to respond to those complaints.[2]

The parties also agree on the appropriate factors the Court must consider when determining whether to transfer the Related Cases. Those factors, however, weigh strongly in favor of transferring all actions to the Central District of California because:

(1)     The majority of Defendants reside in the Central District, and none reside in the Northern District;

(2)     Celestron's employees and representatives are located in the Central District, and none are located in the Northern District;

(3)     The vast majority of documents and evidence are located in the Central District rather than the Northern District;

(4)     The vast majority of the allegedly-offending acts purportedly occurred in the Central District, not the Northern District. where very little of the underlying acts are alleged to have occurred; and

(5)     Only one of the seven named plaintiffs reside in the Northern District (most

---

[1] Another consumer class action was recently filed on July 17, 2020 entitled *Brewer v. Celestron Acquisition, LLC et al*, Case No. 5:20-cv-04823, and Brewer has since moved to that case to the Related Cases. Based on the allegations in the *Brewer* Complaint, neither of two plaintiffs in that matter reside in the Northern District either.

[2] Because of the Motion to Intervene filed by the plaintiffs in the *Murphy* action (which Moving Defendants have no objection to this Court granting as to the Motion to Transfer **only**), the Court now has all the arguments of all parties before it, in the event the Court decides to transfer venue on all three cases simultaneously.

are not even California residents), and one of the plaintiffs in the *Murphy* action actually appears to reside in the Central District as well (a fact Plaintiffs tried to conceal in their opposition papers by merely referencing that he lives in California, with no more identifying information).

Although Courts may defer to the selection of the plaintiff when there exists more than one viable venue, that guideline does not apply here, given that Plaintiffs in the Related Cases purport to represent a nationwide class, and case law is clear that class action plaintiffs' choice of forum is given very little weight.

Recognizing the lack of ties to this District, Plaintiffs are relegated to arguing that the *Hightower* matter must stay in the Northern District because (1) this Court presided over the *Optronics* matter; (2) Orion is a key witness residing in the Northern District and outside the Court's subpoena power; and (3) Hightower is a resident of the Bay Area and the Plaintiffs in the *Spectrum* matter enjoy visiting the Northern District rather than the Central District because they have friends and family there. None of these reasons, however, justifies keeping this matter in the Northern District.

First, this Court has already ruled that the *Optronics* case is **not** related to the Related Cases; and as Celestron was not a party to that matter, none of the rulings in that case can be used against Celestron in the Related Cases, per the *Parklane Hosiery* line of cases. In other words, all of the Related Cases are starting from scratch. Second, concerns about the convenience of non-party witnesses are limited to those that will not voluntarily appear. To suggest that Orion will not cooperate with *its own counsel* to sit for a deposition or attend trial in the Related Cases strains credibility, especially given Orion's repeated accusations and motions for relief against Celestron in the *Optronics* matter. Finally, Moving Defendants are unaware of any case law denying a motion to transfer venue when only one of seven named plaintiffs are located in the district simply because of a plaintiff's preference to visit a certain area for personal reasons. It is illogical to suggest that these defendants should be subjected to an inconvenient forum merely because some Plaintiffs prefer to visit Northern California.

Given the above, Moving Defendants request the Court transfer this matter (as well as all

Related Cases) to the Central District of California, where the telescopes at issue were sold.

## II. THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

It is undisputed that this action could have been brought in the Central District of California, and therefore the Court must only address whether such a transfer would be for the convenience of the parties and witnesses, and in the interest of justice. See *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1098 (N.D. Cal. 2006). Here, both the private and public factors weigh in favor of transferring the Related Cases to the Central District.[3]

### A. The Parties Agree the Related Cases Should be Tried by the Same Court in the Interest of Justice

As set forth above, Plaintiffs' central contention in opposition to the Motion is that a single judge should try the Related Cases in the interest of justice. (Opp. at 7:4-5). Moving Defendants do not disagree. However, that does not mean that the same Court that heard the *Optronics* matter must also hear the Related Cases under the guise of "judicial efficiency" and "familiarity" because Moving Defendants were not parties to the *Optronics* action. *See Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003) (citing *Polychrome Corp. v. Minnesota Mining & Mfg. Co.*, 259 F. Supp. 330, 333 (S.D.N.Y.1966) (pendency of another action involving same subject matter is immaterial where parties are not the same)).

Indeed, despite Plaintiffs' repeated efforts to tie the judgment against Ningbo Sunny in the *Optronics* matter to Celestron and the other defendants in this matter by claiming in its complaints that a jury already found Celestron liable, this Court has already rejected Plaintiffs' stance by affirmatively denying Orion's Motion to Relate the *Optronics* case to the Related Cases, and concluding the cases are not related. Given this ruling and the fact that Celestron was not a party

---

[3] Plaintiffs strangely argue (Opp. at 6:13-14) that Moving Defendants did not address most of these factors in their Motion which is demonstrably untrue. *See* Motion at 6-7 (ease of access to evidence), 7-8 (lack of deference to class action choice of forum), and 8 (no local interest in controversy). Admittedly, Moving Defendants did not address each forum's experience with antitrust law or consolidation given those factors are neutral since all California District Courts have experience with antitrust litigation and Moving Defendants are not suggesting the cases should be split up.

to the *Optronics* matter, the interests of justice factor weighs heavily in favor of transfer given that Celestron is entitled to a trial on the merits and without Plaintiffs' repeated attempts to prejudice Defendants with reference to the *Optronics* lawsuit.[4]

### B.     The Convenience of Witnesses and Parties Weighs in Favor of Transfer

As Plaintiffs concede that only one of the numerous parties in the Related Cases reside in this District, Plaintiffs cannot genuinely dispute that the convenience of the parties weighs in favor of transferring this action to the Central District, where the vast majority of Defendants reside (and other Plaintiffs apparently reside as well).  Indeed, Plaintiffs do not dispute courts routinely transfer cases to the district where the parties and witnesses reside.  *See e.g.*, *Sloan v. Pfizer, Inc.*, 2008 WL 4167083, *5 (N.D. Cal. 2008) (concluding the most important witnesses to the acts complained of resided in the Southern District of New York compelling transfer there); *Ward v. Fluor Enterprises, Inc.*, 2011 WL 778720 (N.D. Cal. 2011) (finding that "most of the witnesses critical to this [class action]" were employed at Defendant's corporate headquarters in the Central District of California, and thus transferring the action to that district from the Northern District of California was proper, particularly since none of the class action plaintiffs were residents of the Northern District of California).

Instead, Plaintiffs argue, without support, that (a) since the other Related Cases will stay in this District, then it will not be convenient for the parties to litigate in both forums; (b) Orion is a critical non-party witness who resides in this District and is beyond the subpoena power of the Court; and (c) Plaintiffs in *Spectrum*, who both reside outside of California, have family or want to perhaps develop business relationships, in the Northern Districtt, and Hightower resides in the Bay Area.  None of these arguments, however, tilt the convenience factors in Plaintiffs' favor and all intentionally ignore that refusing to transfer the cases will only increase the costs of litigation given the vast majority of witnesses are located in the Central District.

Indeed, although Plaintiffs dismiss out of hand the convenience of Celestron's employee

---

[4] Plaintiffs falsely accuse Moving Defendants of claiming this Court cannot be impartial in the Related Cases (Opp. at 8) even though Defendants have only expressed the exact opposite sentiment, including expressly stating in their Opposition to the Motion to Relate Cases that Defendants had no doubt the Court would act impartially.

witnesses arguing "the convenience of a party's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue," (Opp. at 9), Plaintiffs miss the point.  Regardless of whether Defendants can compel their employees, who are indisputably critical witnesses to this case, to appear in the Northern District, this does not eliminate the additional cost to do so.  "'Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer.'"  *Jacob v. Rusk*, 2016 WL 9136169, at *6 (C.D. Cal. Nov. 9, 2016).  In fact, "[t]he . . . cost of attendance for witnesses is an important factor in the transfer calculus." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

Here, this case revolves almost entirely around the alleged misconduct of defendants, and Moving Defendants' principals and employees, who are indisputably most knowledgeable about the transactions at issue in this case, work at its headquarters in Torrance, CA.  In such situations, the convenience of Plaintiffs' witnesses is of diminished relevance especially when it requires defendants to incur additional unnecessary expenses.  *See Ravenwoods Invest. Co., L.P. v. Bishop Capital Corp.*, 2005 WL 236440, *4 (S.D. N.Y. 2005) (finding that since trials in securities fraud cases focus almost entirely on the defendants' conduct, the convenience of the plaintiffs' potential witnesses is of diminished relevance); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.").

Second, Moving Defendants are not suggesting the Related Cases should be tried in separate forums so there is no risk of duplicative work in separate Districts.

Third, while Moving Defendants agree that the convenience of non-party witnesses is an important factor in determining whether to transfer a case, courts are clear that this applies to **unwilling** third parties. *See Jones v. GNC Franchising, Inc*., 211 F.3d 495, 499 (9th Cir.2000) (characterizing the relevant factor as "the availability of compulsory process to compel attendance of unwilling non-party witnesses."); *Signal IP, Inc. v. Volkswagen Grp. of Am., Inc*., 2015 WL

5766170, at *2 (C.D. Cal. Jan. 20, 2015).  Plaintiffs cannot argue with a straight face that Orion is an unwilling third party that will refuse a request *from its own counsel* to sit for a deposition or appear at trial.  This is especially apparent given Orion's extremely aggressive (although legally unsupported) post-judgment claims against Celestron in the *Optronics* matter.

Finally, Plaintiffs' individual declarations in the Spectrum matter that the Northern District is more convenient for them because (a) one has a son residing in the area that he can visit, and (b) the other hopes to continue to develop business relationships there are simply not the types of convenience the Courts rely upon to deny a motion to transfer venue.  Rather, while courts consider *inconvenience* to the parties, "convenience to a plaintiff 'is not a consideration' when analyzing a defendant's motion to transfer since the plaintiff chose the forum and presumably considered convenience and cost."  *ConnecTel, LLC v. Cisco Sys., Inc.*, 2005 WL 366966, at *2 (E.D. Tex. Feb. 16, 2005).  Here, with the exception of a single declaration, Plaintiffs in the Related Cases did not state that that the Central District is inconvenient, and therefore, the Court should transfer the action to the Central District just as the court in *Ward v. Fluor Enterprises, Inc.*, 2011 WL 778720 *5 (N.D. Cal. 2011) did under strikingly similar facts.

### C.  **Plaintiffs Do Not Deny Their Choice of Forum Is Entitled to Very Little Weight Given They Are Class Representatives**

As anticipated in the Motion, Plaintiffs next argue that Plaintiffs' choice of forum is entitled to great deference and that Moving Defendants have a "heavy burden" to warrant upsetting Plaintiff's choice, especially in the antitrust context.  Opp. at 3:16-19; 11:21-23.  Plaintiffs are wrong.

First, Plaintiffs' reliance on *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) for this proposition is misplaced.  *Decker Coal's* reference to a defendants' burden was in the context of a motion to dismiss for forum non conveniens (*id*. at 843), and it is well-established that that "[t]ransfer under § 1404(a) requires 'a lesser showing of inconvenience' than dismissal for forum non conveniens.  *Grossman v. Johnson & Johnson*, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

Second, Plaintiffs completely ignore – but cannot dispute – that where "an individual . . .

1   represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*,
2   834 F.2d 730, 739 (9th Cir. 1987); *see also Koster v. (American) Lumbermens Mut. Cas. Co.*, 330
3   U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . the claim of any one
4   plaintiff that a forum is appropriate merely because it is his home is considerably weakened.");
5   *Ward v. Fluor Enterprises, Inc.*, 2011 WL 778720 *2 (noting "the degree to which courts defer to
6   the plaintiff's choice of venue is substantially reduced where the plaintiff does not reside in the
7   venue or where the forum lacks a significant connection to the activities alleged in the
8   complaint"); *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F.Supp.2d 1085, 1088
9   (E.D. Cal. 2005) ("When judging the weight to be given to plaintiff's choice of forum,
10  consideration must be given to the respective parties' contact with the chosen forum. 'If the
11  operative facts have not occurred within the forum and the forum has no interest in the parties or
12  subject matter,' plaintiff's choice 'is entitled only minimal consideration.'"); *see also Catch Curve,*
13  *Inc. v. Venalli, Inc.*, 2006 WL 4568799, at *2 (C.D. Cal. 2006) ("[t]he plaintiff's choice is given
14  less weight where the plaintiff is a nonresident or the chosen forum lacks any significant contact
15  with the activities giving rise to the litigation.")  This is even truer here given only one of the five
16  named plaintiffs in the Related Cases even reside in this District.

17         This is also true despite the fact that this is an antitrust matter.  *See McGuire v. Singer Co.*,
18  441 F. Supp. 210, 213 (D.V.I.1977) ("Notwithstanding the special venue provisions of the Clayton
19  Act, 15 U.S.C.A. §§ 12, 22, a civil antitrust action may be transferred pursuant to 28 U.S.C.A. §
20  1404(a).... Thus, although the liberal venue provisions of the Clayton Act afford plaintiff a broad
21  range of choice as to forum, the appropriateness of that choice must be measured by the standards
22  of § 1404(a) which governs the transfer of an action properly brought."); *Italian Colors Rest. v.*
23  *Am. Express Co.*, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10, 2003) (transferring case and
24  reiterating that "the plaintiff's choice is given less deference where, as here, the action is brought
25  on behalf of a nationwide class," despite antitrust claims); *Hoefer v. U.S. Dep't of Commerce*,
26  2000 WL 890862, at *3 (N.D. Cal. June 28, 2000) (granting transfer motion in nationwide
27  antitrust class action); *Int'l Show Car Ass'n v. American Soc'y of Composers, Authors &*
28  *Publishers*, 806 F. Supp. 1308, 1312 (E.D. Mich. 1992) ("contrary to plaintiffs assertion that there

is a higher standard for those seeking to transfer antitrust cases ... plaintiff's choice of forum need not be given additional weight merely because plaintiff brings an antitrust clam against defendants.")

As such, this factor favors transfer to the Central District.

### D. The Ease of Access to the Evidence in the Central District Weighs in Favor of Transfer

While admitting that the evidence at issue in this case is largely located in Torrance, California, Plaintiffs still argue that the ease of access to evidence factor "weighs against transfer" solely because defendants can produce their documents electronically. Opp. at 12-13. However, that is a non-sequitur. First, courts routinely transfer an action to the district in which the evidence is located. *See Greenwell v. Belkin Corp.*, 2006 WL 2884393 at *2 (N.D. Cal. Oct. 10, 2006) (court granted motion to transfer where it would facilitate access to discovery materials and witnesses where evidence largely came from defendant's records and corporate representatives, which were located in transferee district); *Ward v. Fluor Enterprises, Inc.*, 2011 WL 778720 *4 (in transferring case to the Central District from the Northern District the court found that the costs of litigation will likely be less if the case were venued where the evidence is located even if such documents could be produced electronically); *see also Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 4 (D. D.C. 2004) (in granting motion to transfer venue, court considered that the bulk of the documentary evidence was located in the transferee forum); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith. Inc.*, 621 F. Supp. 780, 783 (N.D. Ill. 1985) (court granted motion to transfer venue where overwhelming number of witnesses and documents were located in transferee district and plaintiffs provided "no reason why defendants should bear the greater legal cost of transporting documents, counsel and witnesses ... to defend against Plaintiffs' as yet unproven allegations").

Second, the *Ward* court has already rejected the precise argument that Plaintiffs make here. Indeed, there, in transferring the class action from the Northern District to the Central District, the Court expressly noted that the costs of litigation will likely be less if the case was venued where the evidence is located ***even if such documents could be produced electronically***. *Ward v. Fluor*

*Enterprises, Inc.*, 2011 WL 778720 *4.  Other courts in the Northern District are in accord.  *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408, at *6 (N.D.Cal.2007) (while "'developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found.'").  As such, this factor weighs heavily in favor of transfer of this action to the Central District.

### III.   CONCLUSION

Given the Moving Defendants and multiple witnesses predominantly reside in the Central District where they operate and sell their telescopes out of and where all their relevant documents are stored, Moving Defendants respectfully request the Court transfer the Related Cases to the Central District of California.

DATED: July 21, 2020                          EISNER, LLP

By:   */s/ Christopher Frost*
CHRISTOPHER FROST
Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp., Corey Lee; David Anderson; and Joseph Lupica