Joseph W. Cotchett (SBN 36324)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGURD MURPHY and KEITH UEHARA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs<br><br>    v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>    Defendants. | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-04049-EJD<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Hearing Date: 9:00 am**<br><br>**Hearing Time: October 15, 2020**<br><br>**Judge: Hon. Edward J. Davila** |
| **This Document Also Relates To:**<br>**No. 5:20-cv-03639-EJD**<br><br>DANIEL HIGHTOWER, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs<br><br>    v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>    Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on October 15, 2020 at 9:00 am, or as soon thereafter as this matter may be heard, before the Honorable Edward J. Davila of the United States District Court, Northern District of California, Courtroom 4, 280 South 1st Street 5th Floor, San Jose, CA 95113, Cotchett, Pitre & McCarthy, LLP ("CPM") will move and hereby do move the Court for an order appointing it to serve as Interim Lead Counsel for the Proposed Indirect Purchaser Plaintiff Classes.

   This motion is brought under Federal Rule of Civil Procedure ("Rule") 23(g). CPM satisfies all of the criteria under Rule 23(g) as well as the following criteria: (1) extensive knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this action in a timely manner.

   The grounds for this motion are that this complex antitrust action will benefit from the appointment of experienced antitrust class action and trial lawyers who will take personal responsibility for leading and directing this litigation. CPM is well-qualified for appointment due to its extensive experience in antitrust class action litigation and trial experience, including leadership roles in many of the major antitrust class action cases in the Northern District of California, including *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal.) (appointed sole lead counsel for the indirect class), *In re Resistors Antitrust Litigation*, Case No. 3:15-cv-03820-JD (N.D. Cal.) (appointed sole lead counsel for the indirect class), *In re Lithium Ion Batteries (Batteries) Antitrust Litigation*, Case No. 4:13-md-02420-YGR (N.D. Cal.) (appointed lead counsel of the indirect class, along with two other firms), *In re Transpacific Passenger Air Transportation Antitrust Litigation*, Case No. 3:07-cv-05634-CRB (N.D. Cal.) (appointed co-lead counsel), *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 4:07-cv-05944-JST (N.D. Cal.) (appointed to the steering committee), *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Case No. M:02-cv-01486-PHJ (N.D. Cal.) (appointed to the leadership structure), *In re Dynamic Random Access Memory* (*DRAM II*) *Antitrust Litigation*, Case No. 4:18-cv-03805-JSW (N.D. Cal.) (appointed co-lead counsel for the direct purchaser

class), *In re Static Random Access (SRAM) Memory Antitrust Litigation*, Case No. 4:07-md-01819-CW (N.D. Cal.) (appointed sole lead counsel for the direct purchaser class), *In re Optical Disk Drive (ODD) Antitrust Litigation*, Case No. 3:10-md-02143-RS (N.D. Cal.) (appointed to the steering committee), *In re International Air Transportation Surcharge Antitrust Litigation*, Case No. 3:06-md-01793-CRB (N.D. Cal.) (appointed co-lead counsel), and *In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.) (appointed co-lead counsel, along with Susman Godfrey). In addition to these cases, as outlined in more detail in the Memorandum of Points and Authorities, CPM has also been appointed to lead major antitrust class actions in federal courts throughout the country. As Interim Lead Counsel, CPM will bring significant antitrust experience, dedicate themselves to actively prosecuting this case, and organize and build relationships with the other plaintiffs' counsel, if necessary. CPM will also ensure that work is performed efficiently.[1]

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Adam J. Zapala, and any additional argument and evidence the Court may consider at the hearing. Further, counsel for plaintiffs in *Hightower v. Celestron Acquisition, LLC*, et al., No. 5:20-cv-03639-EJD have informed counsel for the *Murphy* Plaintiffs that they do not oppose the filing of this motion

Dated: July 21, 2020                    Respectfully submitted,


                                        /s/ *Adam J. Zapala*
                                        Joseph W. Cotchett
                                        Adam J. Zapala
                                        Elizabeth T. Castillo
                                        Tamarah P. Prevost

---

[1] Prior to filing this Motion, additional proposed indirect purchaser class actions were recently filed by the law firm of Susman Godfrey LLP (*Brewer et al. v. Celestron Acquisition, LLC et al.*, Case No. 5:20-cv-04823-SVK), and the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), (*Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-LB). CPM has worked effectively and efficiently on a number of cases with both Susman Godfrey and LCHB, including cases where the firms have been appointed co-lead counsel. *See In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.), ECF No. 31; *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.), ECF No. 65; *In re Lithium Ion Batteries (Batteries) Antitrust Litigation*, Case No. 4:13-md-02420-YGR, ECF No. 194.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reid W. Gaa
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUE TO BE PRESENTED..................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................1

    I.      INTRODUCTION ........................................................................1

    II.     LEGAL STANDARD....................................................................1

    III.    ARGUMENT ..............................................................................2

          A.     CPM Thoroughly Investigated the Misconduct Alleged in this Action and Has Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i))....................................................................3

          B.     Knowledge and Experience in Prosecuting Complex Litigation (Fed. R. Civ. P. 23(g)(1)(A)(ii)..................................................4

               1.     CPM's Substantial Experience in Prior Indirect Purchaser Price-Fixing Cases ........................................4

               2.     CPM Has Substantial Experience in Litigating and Trying Complex Class Actions........................................6

                    a.     CPM and Its Attorneys Handle Complex Litigation Efficiently and Effectively.................................6

                    b.     CPM Regularly Takes Cases to Trial................................7

          C.     CPM Has Substantial Experience in Antitrust Law, Particularly Within this District (Fed. R. Civ. P. 23(g)(1)(A)(iii)) .............................8

          D.     CPM is Willing and Able to Commit Resources to Represent the Indirect Purchaser Plaintiffs (Fed. R. Civ. P. 23(g)(1)(A)(iv))..................9

          E.     Ability to Work Cooperatively With Others............................................10

          F.     Fees, Time, and Cost Controls ................................................10

    IV.    CONCLUSION............................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Automotive Parts Antitrust Litigation,*
  Case No. 2:12-md-02311-SFC (E.D. Mich.) ................................................................4, 7, 8, 9

*Brewer et al. v. Celestron Acquisition, LLC et al.,*
  Case No. 5:20-cv-04823-SVK (N.D. Cal.) ................................................................3

*In re Broiler Chicken Antitrust Litigation,*
  Case No. 1:16-cv-08637-TMD (N.D. Ill.) ................................................................4

*In re Capacitors Antitrust Litigation,*
  Case No. 3:14-cv-03264-JD (N.D. Cal.) ................................................................*passim*

*In re Cathode Ray Tube (CRT) Antitrust Litigation,*
  4:07-cv-05944-JST (N.D. Cal.) ................................................................5

*Coleman v. Gen. Motors Acceptance Corp.,*
  220 F.R.D. 64 (M.D. Tenn. 2004) ................................................................2

*County of Santa Clara et al. v. Atlantic Richfield, et al.,*
  137 Cal.App.4th 292 (2006) ................................................................8

*County of Santa Clara et al. v. Atlantic Richfield, et al.,*
  161 Cal.App.4th 1140 (2008) ................................................................7

*County of Santa Clara et al. v. Atlantic Richfield, et al.,*
  50 Cal.4th 35 (2010) ................................................................7

*In re Domestic Airline Travel Antitrust Litigation,*
  Case No. 1:15-mc-01404-CKK (D. D.C.) ................................................................5, 7

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,*
  Case No. 4:02-md-01486-PJH (N.D. Cal.) ................................................................5

*In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation,*
  Case No. 4:18-cv-03805-JSW (N.D. Cal.) ................................................................5

*In re Generic Pharmaceuticals Pricing Antitrust Litigation,*
  2:16-md-02724-CMR (E.D. Pa.) ................................................................5

*Goldblatt v. Shen et al.,*
  Case No. 3:20-cv-04860-LB (N.D. Cal.) ................................................................3

*Hightower v. Celestron Acquisition, LLC, et al.,*
  Case No. 5:20-cv-03639-EJD (N.D. Cal.) ................................................................3, 4

*In re International Air Transportation Surcharge Antitrust Litigation*,
   Case No. 3:06-md-01793-CRB (N.D. Cal.)..................................................................5, 8

*In re Lenovo Adware Litig.*,
   Case No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015) ...............................2

*Levitte v. Google, Inc.*,
   Nos. C 08-03369, 2009 WL 482252 (N.D. Cal. Feb. 25, 2009)...............................................1

*In re Lithium Ion Batteries Antitrust Litigation*,
   Case No. 4:13-md-02420-YGR (N.D. Cal.) .....................................................................4, 8, 9

*Massoyan v. HL Leasing, Inc.*,
   Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.) ..............................................................7

*In re Methionine Antitrust Litigation*,
   Case No. 3:00-md-01311-CRB (N.D. Cal.)............................................................................4

*Millman v. Brinkley*,
   Case No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004) ..........4

*In re Optical Disk Drive (ODD) Antitrust Litigation*,
   3:10-md-02143-RS (N.D. Cal.) .............................................................................................5

*Paraggua v. LinkedIn Corp.*,
   Case No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012)...........2

*In re Parking Heaters Antitrust Litigation*,
   Case No. 1:15-mc-00940-JG (E.D.N.Y.)...............................................................................5

*Precision Associates v. Panalpina*,
   Case No. 1:08-cv-00042-BMCJG (E.D.N.Y.) ....................................................................5, 6

*In re Qualcomm Antitrust Litigation*,
   Case No. 5:17-md-02773-LHK (N.D. Cal.) ...........................................................................6

*In re Resistors Antitrust Litigation*,
   Case No. 3:15-cv-03820-JD (N.D. Cal.)........................................................................*passim*

*Spectrum Scientifics LLC, et al. v. Celestron Acquisition, LLC, et al.*,
   Case No. 5:20-cv-03642-EJD (N.D. Cal.) .............................................................................3

*In re Static Random Access Memory (SRAM) Antitrust Litigation*,
   Case No. 4:07-md-01819-CW (N.D. Cal.) .............................................................................5

*In re Transpacific Passenger Air Transportation Antitrust Litigation*,
   3:07-cv-05634-CRB (N.D. Cal.)......................................................................................5, 7, 9

*In re Vehicle Carrier Service Antitrust Litigation*,
   Case No. 2:13-cv-3306-ES (D. N.J.) .....................................................................................5

*In re Vizio Inc. Consumer Privacy Litigation,*
  Case No. 16-md-02693-JLS (C.D. Cal.)....................................................................7

**Rules**

Federal Rules of Civil Procedure
  Rule 23(g)(1)(A)(i) ...................................................................................................3
  Rule 23(g)(1)(A)(i)-(iv) ...........................................................................................2
  Rule 23(g)(1)(A)(ii) ..................................................................................................4
  Rule 23(g)(1)(A)(iii) .................................................................................................8
  Rule 23(g)(1)(A)(iv) .................................................................................................9
  Rule 23(g) ........................................................................................................1, 2, 10
  Rule 23(g)(1)(A) .......................................................................................................2
  Rule 23(g)(1)(B) ........................................................................................................2
  Rule 23(g)(3)..............................................................................................................1
  Rule 42(a)...................................................................................................................3

**Other Authorities**

Manual for Complex Litig. (4th ed. 2004)
  § 10.221.....................................................................................................................1
  § 21.11.......................................................................................................................1

**STATEMENT OF ISSUE TO BE PRESENTED**

Should the Court appoint Cotchett, Pitre & McCarthy, LLP ("CPM") as Interim Lead Counsel ("Lead Counsel") for the Proposed Indirect Purchaser Plaintiff Classes ("IPP Classes")?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

CPM hereby files this motion to serve Lead Counsel for the IPP Classes. According to the Manual for Complex Litigation, the primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litig. § 10.221 (4th ed. 2004) ("Manual").

As demonstrated herein, CPM is one of the nation's leading plaintiffs' law firms practicing complex litigation for the last several decades and has recovered substantial damages and settlements for injured plaintiffs. *See* Declaration of Adam J. Zapala ("Zapala Decl."), Exhibit A ("CPM Bio"). CPM has successfully litigated myriad complex cases, including cases in fields as varied as antitrust, securities, environmental, privacy, mass tort, consumer and complex business litigation, among other practice areas. Most critically, CPM has extensive experience litigating the types of claims asserted in this case and has the resources necessary to vigorously prosecute this Action and protect the interests of the Classes. Furthermore, CPM's lawyers satisfy the factors outlined in Federal Rule of Civil Procedure ("Rule") 23(g) and are thus well situated to serve as Lead Counsel for the IPP Classes.

## II.    LEGAL STANDARD

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11. "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment

of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, Case No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-6 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). In considering a motion to appoint interim lead counsel, a court must determine who will best represent the interests of the class and who is best able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). To make this determination, courts look to the factors outlined in Rule 23(g)(1)(A). *See In re Lenovo Adware Litig.*, Case No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) ("[T]he factors in [Rule 23(g)(1)(A)] are those a court must consider in appointing lead counsel, rather than interim lead counsel. However, courts have held that these same factors apply in . . . the selection of interim lead counsel.").

Rule 23(g)(1)(A) sets forth four considerations for the appointment of interim lead counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv). Importantly, no single factor is determinative; all factors must be weighed to determine who can best represent the class. Advisory Committee Notes (2003 Amendments). Additionally, the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### III.   ARGUMENT

As provided below, each Rule 23(g) factor supports the appointment of CPM as Lead Counsel for the IPP Classes. CPM has an extensive history of litigating and trying complex cases in courts throughout the United States. CPM has taken numerous cases to trial, and its attorneys are widely recognized for their trial and complex litigation experience. CPM has served as lead

---

counsel in indirect purchaser antitrust class actions brought pursuant to the various state antitrust statutes, as well as in direct purchaser antitrust class actions brought pursuant to the Sherman Act. CPM's extensive experience litigating indirect purchaser price-fixing cases will benefit the IPP Classes here and strongly supports CPM's appointment as Lead Counsel.

### A.    CPM Thoroughly Investigated the Misconduct Alleged in this Action and Has Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i))

To date, CPM has devoted substantial resources—both in time and money—to investigate the allegations in the class action complaint on behalf of consumers and will continue devote all necessary resources going forward to successfully pursue this matter on behalf of the Classes.

Before filing, CPM researched the underlying conduct that gave rise to Indirect Purchaser Plaintiffs' claims, the nature of the consumer telescope industry, and the injuries and damages alleged to have been caused by Defendants' and their co-conspirators' conduct. CPM also thoroughly reviewed publicly available information related to the various corporate families and business entities to determine that the claims therein are susceptible to class treatment. This knowledge assisted CPM in forming their investigation and complaint. Zapala Decl. ¶ 5.

Furthermore, CPM has actively engaged with plaintiffs' counsel in the *Hightower v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-03639-EJD ("*Hightower*"), *Spectrum Scientifics LLC, et al. v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-03642-EJD ("*Spectrum*"), *Brewer et al. v. Celestron Acquisition, LLC et al.*, Case No. 5:20-cv-04823-SVK ("*Brewer*"), and *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-LB ("*Goldblatt*") to organize these matters and ensure they are efficiently litigated from the outset.[2] CPM has also had discussions with defense counsel in this matter to achieve the same goals of organization and efficiency. Moreover, CPM has invested time and resources moving to intervene in the related

---

[2] Like *Brewer*, *Goldblatt* was recently filed in this District on July 20, 2020. Case No. 3:20-cv-04860-LB, ECF No. 1. As explained in more detail in Indirect Purchaser Plaintiffs Sigurd Murphy and Keith Uehara Motion to Consolidate Actions Pursuant to Rule 42(a) and Motion to Coordinate, Case No. 5:20-cv-04049-EJD, ECF No. 15, *Goldblatt* also involves questions of law and fact common to the *Hightower*, *Spectrum*, and *Brewer* matters, as well as to the present action.

*Hightower* Action and opposing the pending motions to dismiss and transfer. Case No. 5:20-cv-03639-EJD, ECF Nos. 15, 16. Accordingly, CPM has taken a lead role in organizing and coordinating these actions during its earliest stages.

**B.    Knowledge and Experience in Prosecuting Complex Litigation (Fed. R. Civ. P. 23(g)(1)(A)(ii)**

In selecting lead counsel:

> [T]he "guiding principle" is who will best serve the interest of the plaintiffs. The criteria for selecting counsel include factors such as experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged.

*Millman v. Brinkley*, Case No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004) (citations omitted). Each of these factors weighs in favor of appointing CPM as Lead Counsel for the IPP Classes.

**1.    CPM's Substantial Experience in Prior Indirect Purchaser Price-Fixing Cases**

As one of the foremost firms engaged in indirect purchaser antitrust litigation in the United States, CPM has served as lead counsel in a vast number of such cases across the country, including: *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal.) ("*Capacitors*") (serving as sole lead counsel for the indirect purchasers and recovering over $80 million); *In re Resistors Antitrust Litigation*, Case No. 3:15-cv-03820-JD (N.D. Cal.) ("*Resistors*") (serving as sole lead counsel for the indirect purchasers and recovering $33.4 million); *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-02420-YGR (N.D. Cal.) (serving as co-lead counsel for indirect purchasers and recovering $113 million) ("*Batteries*"); *In re Methionine Antitrust Litigation*, Case No. 3:00-md-01311-CRB (N.D. Cal.) (serving as co-lead counsel and recovering $107 million); *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.) ("*Auto Parts*") (serving as co-lead counsel for the end-payor plaintiffs, along with Susman Godfrey, and recovering over $1.2 billion); *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637-TMD (N.D. Ill.) (serving as co-lead class counsel for a class of indirect commercial food preparers, such as

restaurants); and *In re Vehicle Carrier Service Antitrust Litigation*, (MDL No. 2471) (D. N.J.) (serving as co-lead counsel). Zapala Decl. ¶¶ 8-14.

In addition to the actions where its served as lead counsel, CPM has served in leadership positions in other indirect purchaser actions as well, including: *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 2:16-md-02724-CMR (E.D. Pa.) (serving on plaintiffs' steering committee) and *In re Parking Heaters Antitrust Litigation,* Case No. 1:15-mc-00940-JG (E.D.N.Y.) (serving as liaison counsel). Zapala Decl. ¶¶ 28-29. This extensive experience in indirect purchaser actions renders CPM well-qualified to serve as interim lead counsel here, particularly in light of the meaningful recoveries obtained on behalf of those classes.

Furthermore, CPM has ample experience serving in leadership positions in direct purchaser actions, in this District as well as others, from which it can draw upon to litigate this matter. Such actions include: *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-cv-05634-CRB (N.D. Cal.) ("*Transpacific*") (serving as co-lead counsel and recovering approximately $148 million); *In re Dynamic Random Access Memory* (*DRAM II*) *Antitrust Litigation*, Case No. 4:18-cv-03805-JSW (N.D. Cal.) (serving as co-lead counsel); *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. 4:07-md-01819-CW (N.D. Cal.) (severing as sole lead counsel and recovering $77 million); *In re International Air Transportation Surcharge Antitrust Litigation*, Case No. 3:06-md-01793-CRB (N.D. Cal.) (serving as co-lead counsel and recovering over $204 million); *Precision Associates v. Panalpina*, Case No. 1:08-cv-00042-BMCJG (E.D.N.Y.) ("*Freight Forwarders*") (serving as lead counsel and recovering approximately $450 million); *In re Domestic Airline Travel Antitrust Litigation*, Case No. 1:15-mc-01404-CKK (MDL No. 2656) (D. D.C.) ("*Domestic Air*") (serving as lead counsel and thus far recovering $60 million); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 4:07-cv-05944-JST (N.D. Cal.) (serving on Executive Committee and recovering over $212 million); *In re Optical Disk Drive (ODD) Antitrust Litigation*, 3:10-md-02143-RS (N.D. Cal.) (serving on Executive Committee and recovering $74.75 million); and *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Case No. 4:02-md-01486-PJH (N.D. Cal.) (serving as chair of Discovery Committee). Zapala Decl. ¶¶ 16-21, 25-27.

In addition to the foregoing, CPM has further relevant antitrust experience in this District, as CPM was appointed by Judge Lucy H. Koh, along with Susman Godfrey, to be co-lead counsel in the large monopoly class action *In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.) ("*Qualcomm*"). Zapala Decl. ¶ 23. The claims in *Qualcomm* are also on behalf of indirect purchasers.

This vast array of experience has afforded CPM unsurpassed expertise in antitrust actions. Moreover, CPM has amassed insight into the nuances of managing complex cases, particularly those with foreign defendants. It has successfully addressed arguments and issues likely to be raised in motions to dismiss, conducted extensive discovery of defendant entities, including foreign defendants, successfully moved for class certification utilizing econometric and statistical techniques to measure antitrust impact, and negotiated large recoveries for injured plaintiffs. Consequently, CPM can efficiently and effectively manage this complex action and are thus well-situated to serve as Lead Counsel.

## 2. CPM Has Substantial Experience in Litigating and Trying Complex Class Actions

As noted, CPM has substantial experience litigating and trying class actions and other complex cases, having been repeatedly acknowledged by courts for the efficient and effective manner in which it handles cases. *The National Law Journal* has also reported that the firm and its members are regarded by both plaintiff and defense attorneys as some of the foremost trial lawyers in the nation. Zapala Decl. ¶ 31. CPM has offices in the San Francisco Bay Area, Los Angeles Area and New York, but the attorneys that will handle this case are located in its offices in Burlingame, California.

### a. CPM and Its Attorneys Handle Complex Litigation Efficiently and Effectively

CPM Partner Adam J. Zapala has extensive experience leading highly complex antitrust and other actions before federal courts across the country. The *Daily Journal* named Mr. Zapala as one of the top antitrust attorneys in California. He has had primary responsibility for prosecuting highly complex class action antitrust cases, such as *Capacitors*, *Resistors*, *Freight*

*Forwarders*, *Domestic Air*, *Transpacific*, and others. Mr. Zapala has also served as lead counsel in other types of cases, including the cutting edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, Case No. 16-md-02693-JLS (C.D. Cal.), recovering $17 million for the class as well as attaining groundbreaking injunctive relief and significant business practice changes. Mr. Zapala has been named to Super Lawyers Northern California Rising Stars list for 2014-2016 and as a Super Lawyer from 2018 to 2020. Zapala Decl. ¶ 34.

CPM Partner Elizabeth T. Castillo is extensively involved in *Auto Parts*, *Transpacific*, *Capacitors*, *Resistors*, and *Domestic Air*. Ms. Castillo received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement by a Young Lawyer Award in 2016 and, along with Mr. Zapala, the Outstanding Antitrust Litigation Achievement in Private Law Award in 2019 for their work in *Auto Parts*. Zapala Decl. ¶ 38. Ms. Castillo has also been named to the Super Lawyers Northern California Rising Stars List each year from 2015 to 2020. Zapala Decl. ¶ 37.

CPM attorneys Tamarah P. Prevost, Alexander Barnett, James Dallal, and Reid Gaa are experienced lawyers who have each worked on complex cases and will be available for work on this case as well. Zapala Decl. ¶¶ 39-42, Ex. A.

### b. CPM Regularly Takes Cases to Trial

While CPM works to resolve cases efficiently before trial, if it cannot reach a settlement that is in the best interests of the Classes, it has not (and will not) hesitate to bring the case to trial. In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.), unable to obtain an acceptable settlement for the class, CPM tried a Ponzi scheme case to a jury verdict of $151.7 million. Additionally, CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court. *See Lead Paint*, Santa Clara Sup. Ct, Case No. 1-00-CV-788657. The *Lead Paint* verdict was the result of 13 years of hard-fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See, e.g., County of Santa Clara et al. v. Atlantic Richfield, et al.*, 50 Cal.4th 35 (2010); *County of*

*Santa Clara et al. v. Atlantic Richfield, et al.*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara et al. v. Atlantic Richfield*, *et al.*, 137 Cal.App.4th 292 (2006). Zapala Decl. ¶ 32.

As demonstrated, CPM will pursue a case to the extent necessary to achieve the optimal outcome for its client. CPM is not deterred by the length or potential difficulty of a given matter, zealously representing its clients to secure a just resolution. As Lead Counsel, CPM will bring this same dedication and tenacity to its representation of the proposed IPP Classes.

**C.    CPM Has Substantial Experience in Antitrust Law, Particularly Within this District (Fed. R. Civ. P. 23(g)(1)(A)(iii))**

CPM has extensive experience in litigating antitrust cases. CPM has a national reputation for excellence and success in complex antitrust litigation. CPM has been at the forefront of antitrust enforcement, successfully leading the prosecution of antitrust cases in markets including consumer electronics, air transportation, cargo and logistics, energy and natural gas, financial markets, automobiles, and office equipment. The firm's extensive experience includes cases in this District and other courts, including the Eastern District of Michigan, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the District of New Jersey, the District of Delaware, and California state courts, among others.

Experience in the antitrust actions described *supra* at § III.B.1, has afforded CPM considerable knowledge and insight into antitrust law and the issues that commonly arise in such cases. In litigating cases like *Capacitors*, *Resistors*, *Batteries*, and *Auto Parts*, CPM has faced a number of nuanced antitrust issues, including the unique challenge of conducting discovery against foreign defendants. Critically, many of these cases have been in this District, providing CPM with a robust understanding of the forum's practices and expectations of those litigating before it.

CPM has also encountered the novel issue of reconciling the laws of the United States with those of a foreign country. In 2008, CPM finalized a settlement of over $204 million in *In re International Air Transportation Surcharge Antitrust Litigation*, an MDL class action challenging the price-fixing of air passenger ticket between the U.S. and the U.K. where CPM served as co-lead counsel. Zapala Decl. ¶ 19. This case involved the intersection of U.S. and

U.K. antitrust law and gives CPM unique insight in how to address and resolve the complex issues presented by foreign defendants. Many of CPM's cases involve, like this one, Defendants from Asia. *See Capacitors*, *Resistors*, *Batteries*, *Auto Parts*, *Transpacific*.

### D.    CPM is Willing and Able to Commit Resources to Represent the Indirect Purchaser Plaintiffs (Fed. R. Civ. P. 23(g)(1)(A)(iv))

CPM also has the resources and experience to litigate complex cases of this magnitude and, as history demonstrates, are committed to expending the time, energy and financial resources necessary to lead this litigation in the best interests of the Indirect Purchaser Plaintiffs. As described *supra* at § III.B, CPM has achieved meaningful and substantial results in large, complex cases. To obtain such outcomes necessarily required CPM to invest considerable time and money in the case—a prospect that has never posed an obstacle to CPM's vigorous representation. For example, CPM's representation of municipalities across California in the highly complex public nuisance litigation against the lead paint industry in *Lead Paint* required 19 years of dedicated and zealous litigation. In *Auto Parts*, CPM served as co-lead counsel for end-payor plaintiffs in a consolidated litigation that ultimately evolved to include 41 separate cases, 73 defendant groups, and hundreds of automotive parts. And *Transpacific*, which was initially filed in 2007, was only resolved shortly before trial in 2019 after nearly 12 years of litigation and multiple trips to the Ninth Circuit.

Furthermore, CPM has sufficient attorneys and other professionals to staff this case, and has successfully managed complex, resource-intensive cases in the past. CPM's attorneys and paralegal resources will ensure that the case will be staffed appropriately and efficiently so that senior attorneys are not performing junior attorney work, junior attorneys will work at their level and will not spend too much time on a task, and no attorneys will do any paralegal work. In successfully prosecuting class actions, CPM routinely advances the costs of litigation and has demonstrated an ability and willingness to dedicate its substantial resources to vigorously prosecute the claims of proposed class members. As reflected by the extensive time and funds it has already committed to this case, CPM is prepared to continue to commit the resources

necessary to effectively and vigorously prosecute this case to a successful conclusion. CPM does not use litigation funders for any of its cases.

### E.    Ability to Work Cooperatively With Others

CPM has the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers already in this action, the Direct Purchaser Plaintiffs' action, and defense counsel in this case. CPM understands that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one.  As noted, CPM has been in contact, and coordinated, with the other firms filing indirect purchaser cases, including BraunHagey & Borden, Susman Godfrey, and LCHB.

### F.    Fees, Time, and Cost Controls

CPM is committed to litigating the case efficiently and economically and their lawyers intend to use their experience and background in similar cases to streamline the litigation. CPM is well-versed in using case management strategies to focus litigation. If appointed, CPM intends to implement a timekeeping and cost reporting protocol that will require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide monthly reports for review by Interim Lead Counsel for the Indirect Purchaser Plaintiff Classes. Finally, CPM is headquartered in this District and as such the Classes will not have to pay for the time and expense to fly lawyers in for hearings, depositions and meetings. Furthermore, because CPM regularly practices in this District, its attorneys are fully familiar with the Local Rules and practices of this Court.

## IV.    CONCLUSION

For the foregoing reasons, Cotchett, Pitre & McCarthy, LLP meets the criteria set forth in Rule 23(g) and respectfully request appointment as Interim Lead Counsel for the Indirect Purchaser Plaintiff Classes in this litigation.

Dated: July 21, 2020                  Respectfully Submitted:

                                      /s/ *Adam J. Zapala*
                                      Joseph W. Cotchett
                                      Adam J. Zapala

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Elizabeth T. Castillo
Tamarah P. Prevost
Reid W. Gaa
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*