Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

**[Additional Counsel Listed on Signature Page]**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGURD MURPHY and KEITH UEHARA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, *et al.*<br><br>Defendants. | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-04049-EJD<br>Case No. 5:20-cv-04823-EJD<br>Case No. 5:20-cv-04860-EJD<br><br>**AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Hearing Date: 9:00 am**<br><br>**Hearing Time: October 15, 2020**<br><br>**Judge: Hon. Edward J. Davila** |
| DANIEL HIGHTOWER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v. | |

**PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, SUSMAN GODFREY, AND LIEFF CABRASER HEIMANN & BERNSTEIN INTERIM CO-LEAD COUNSEL FOR IPPs; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD**

1  CELESTRON ACQUISITION, LLC, *et al.*

2       Defendants.

3

4  SARA DAY BREWER and THIEN NGO, on behalf of themselves and all others similarly situated,

5

6       Plaintiffs

7  v.

   CELESTRON ACQUISITION, LLC, *et al.*

8       Defendants.

9

10 NORMAN GOLDBLATT, individually and on behalf of all others similarly situated,

11

12      Plaintiff

13 v.

   DAR TSON "DAVID" SHEN, *et al.*

14      Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2020 at 9:00 am, or as soon thereafter as this matter may be heard, before the Honorable Edward J. Davila of the United States District Court, Northern District of California, Courtroom 4, 280 South 1st Street 5th Floor, San Jose, CA 95113, Cotchett, Pitre & McCarthy, LLP ("CPM"), Susman Godfrey LLP ("Susman Godfrey"), and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") (together, "Moving Firms") will move and hereby do move the Court for an order appointing them to serve as Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs").[1]

This motion is brought under Federal Rule of Civil Procedure ("Rule") 23(g). The Moving Firms satisfy all of the criteria under Rule 23(g). They have: (1) extensive knowledge and experience in prosecuting complex litigation, including class actions; (2) the willingness and ability to commit to a time-consuming process; (3) the ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this litigation in a timely manner.

This litigation will benefit from the appointment of experienced antitrust class action and trial lawyers who will take personal responsibility for leading and directing this litigation. The Moving Firms are well-qualified for appointment due to their extensive experience in antitrust class action litigation and trial experience, including leadership roles in many of the major antitrust class action cases in the Northern District of California, as outlined in more detail in the accompanying Memorandum of Points and Authorities. The Moving Firms have also been appointed to lead major antitrust class actions in federal courts throughout the country. As Interim Co-Lead Counsel, the Moving Firms will bring significant antitrust experience, dedicate themselves to actively prosecuting this case, and organize and build relationships with the other

---

[1] Prior to filing this Amended Motion, CPM filed a motion to serve as lead counsel for the IPPs. *See Murphy, et al. v. Celestron, et al.*, Case 5:20-cv-04049-EJD, ECF No. 16. After the filing of that motion, however, the Moving Firms met and conferred and determined that the IPPs' interests would best be served by a three-firm co-lead structure for the IPPs, as proposed herein. BraunHagey & Borden LLP, the firm that litigated the underlying action *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No 5:16-cv-06370-EJD (N.D. Cal. Nov. 1, 2016), also filed a direct purchaser class action and an indirect purchaser class action. CPM has met and conferred with BraunHagey and it does not oppose this Amended Motion or the proposed leadership structure for the indirect purchaser plaintiffs.

plaintiffs' counsel, if necessary. The Moving Firms will also ensure that work is performed efficiently.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Adam J. Zapala of Cotchett, Pitre & McCarthy, LLP, Kalpana Srinivasan of Susman Godfrey LLP, and Lin Y. Chan of Lieff, Cabraser, Heimann & Bernstein LLP, and any additional argument and evidence the Court may consider at the hearing.

Dated: July 31, 2020                         Respectfully submitted,


                                             /s/ *Adam J. Zapala*
                                             Adam J. Zapala
                                             Elizabeth T. Castillo
                                             Tamarah P. Prevost
                                             Reid W. Gaa
                                             **COTCHETT PITRE & McCARTHY, LLP**
                                             840 Malcolm Road, Suite 200
                                             Burlingame, CA 94010
                                             Tel: (650) 697-6000
                                             Fax: (650) 697-0577
                                             azapala@cpmlegal.com
                                             ecastillo@cpmlegal.com
                                             tprevost@cpmlegal.com
                                             rgaa@cpmlegal.com

                                             *Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

                                             /s/ *Kalpana Srinivasan*
                                             Kalpana Srinivasan (Bar No. 237460)
                                             Marc M. Seltzer (Bar No. 54534)
                                             Steven Sklaver (Bar No.237612)
                                             Michael Gervais (Bar No. 330731)
                                             **SUSMAN GODFREY L.L.P.**
                                             1900 Avenue of the Stars, Ste. 1400
                                             Los Angeles, CA 90067
                                             Phone: 310-789-3100
                                             ksrinivasan@susmangodfrey.com
                                             mseltzer@susmangodfrey.com
                                             ssklaver@susmangodfrey.com
                                             mgervais@susmangodfrey.com


                                             *Attorneys for Plaintiffs Sara Day Brewer and Thien Ngo*

                                             /s/ *Lin Y. Chan*
                                             Eric B. Fastiff (SBN 182260)

efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008


*Attorney for Plaintiff Norman Goldblatt*

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUE TO BE PRESENTED........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................1

I.     INTRODUCTION ..........................................................................................1

II.    LEGAL STANDARD .....................................................................................1

III.   ARGUMENT ...................................................................................................3

     A.    The Moving Firms Thoroughly Investigated the Misconduct Alleged in this Action and Have Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i))..........................................................................................3

     B.    The Moving Firms Have the Class Action Experience and Antitrust Knowledge to Successfully Prosecute this Case (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii))...........................................................................4

         1.    Unmatched Experience in Antitrust Cartel Cases...........................4

         2.    Experienced Lead Counsel Who Work Together for Efficient Results ..............................................................................................7

         3.    The Moving Firms Regularly Take Cases to Trial ..........................9

         4.    Ability to Conduct Discovery in Chinese .....................................10

     C.    The Moving Firms Will Commit Ample Resources to Prosecute this Action Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv))................................10

     D.    Ability to Work Cooperatively With Others.............................................12

IV.   CONCLUSION................................................................................................12

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*In re Automotive Parts Antitrust Litigation*,
   MDL No. 2311 (E.D. Mich.) ...........................................................................5

5

*In re Broiler Chicken Antitrust Litigation*,
6     Case No. 1:16-cv-08637-TMD (N.D. Ill.) ........................................................6

7

*In re California Bail Bond Antitrust Litigation*,
   No. 3:19-cv-00717-JST (N.D. Cal.) (Tigar, J.)..................................................5

8

*In re Capacitors Antitrust Litigation*,
9     No. 3:14-CV-03264 (N.D. Cal.) (Donato, J.) .................................................5, 7

10

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
11    MDL No. 1917 (N.D. Cal.) (Tigar, J.)...............................................................5

12

*Coleman v. Gen. Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004) .....................................................................2

13

*County of Santa Clara et al. v. Atlantic Richfield, et al.*,
14    137 Cal. App. 4th 292 (2006) ............................................................................9

15

*County of Santa Clara et al. v. Atlantic Richfield, et al.*,
16    161 Cal. App. 4th 1140 (2008) ..........................................................................9

17

*County of Santa Clara et al. v. Atlantic Richfield, et al.*,
   50 Cal. 4th 35 (2010) ........................................................................................9

18

*In re Domestic Airline Travel Antitrust Litigation*,
19    No. 1:15-mc-01404-CKK (D.D.C.) .................................................................6, 7

20

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
21    Case No. 4:02-md-01486-PJH (N.D. Cal.) ........................................................5

22

*In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation*,
   Case No. 4:18-cv-03805-JSW (N.D. Cal.) .........................................................5

23

*Green Mountain Glass LLC et al. v. Saint-Gobain Containers Inc.*,
24    Case No. 14-cv-00392 (D. Del.) ........................................................................9

25

*Haley Paint Co. v. E.I. Dupont De Nemours & Co. et al.*,
26    No. 10-cv-00318-RDB (D. Md.)........................................................................5

27

*In re High-Tech Employee Antitrust Litigation*,
   No. 11 CV 2509 (N.D. Cal.) ..............................................................................5

28

PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, SUSMAN GODFREY, AND LIEFF CABRASER HEIMANN & BERNSTEIN INTERIM CO-LEAD COUNSEL FOR IPPs; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD

ii

*In re International Air Transportation Surcharge Antitrust Litigation*,
  No. 3:06-md-01793-CRB (N.D. Cal.) ...................................................................6

*In re Lenovo Adware Litig.*,
  Case No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015) .................2

*Levitte v. Google, Inc.*,
  Nos. C 08-03369, 2009 WL 482252 (N.D. Cal. Feb. 25, 2009)..............................1

*In re Lithium Ion Batteries Antitrust Litigation*,
  MDL No. 2420 (N.D. Cal.)................................................................................4, 8

*Massoyan v. HL Leasing, Inc.*,
  Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.) ..............................................9

*In re Methionine Antitrust Litigation*,
  No. 3:00-md-01311-CRB (N.D. Cal.) ...................................................................5

*In re Optical Disk Drive Products Antitrust Litigation*,
  MDL No. 2143 (N.D. Cal.).....................................................................................5

*Paraggua v. LinkedIn Corp.*,
  No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012)...................2

*In re Qualcomm Antitrust Litigation*,
  Case No. 5:17-md-02773-LHK (N.D. Cal.) ........................................................4, 7

*In re: Railway Industry Employee No-Poach Antitrust Employee No-Poach Antitrust Litigation*,
  MDL No. 2850 (W.D. Pa.) .....................................................................................6

*In re Resistors Antitrust Litigation*,
  No. 3:15-cv-03820-JD (N.D. Cal.) ....................................................................5, 7

*In re Restasis Antitrust Litigation*,
  MDL No. 2819 (E.D.N.Y.) ....................................................................................6

*In re Static Random Access Memory (SRAM) Antitrust Litigation*,
  Case No. 4:07-md-01819-CW (N.D. Cal.) ............................................................5

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
  MDL No. 1827 (N.D. Cal.).....................................................................................5

*In re Transpacific Passenger Air Transportation Antitrust Litigation*,
  3:07-cv-05634-CRB (N.D. Cal.) ......................................................................6, 7

*In re Universal Service Fund Telephone Billing Practices Litig.*,
  619 F.3d 1188 (10th Cir. 2010) ..........................................................................10

*In re Vizio Inc. Consumer Privacy Litigation*,
    Case No. 16-md-02693-JLS (C.D. Cal.).................................................................7

**Other Authorities**

Manual for Complex Litig. § 21.11 (4th ed. 2004).......................................................2

**Rules**

Federal Rules of Civil Procedure
    Rule 23(g) ................................................................................................1, 3, 12
    Rule 23(g)(1)(A) ...............................................................................................2
    Rule 23(g)(1)(A)(i) ...........................................................................................3
    Rule 23(g)(1)(A)(i)-(iv) .....................................................................................3
    Rule 23(g)(1)(A)(ii) and (iii) .............................................................................4
    Rule 23(g)(1)(A)(iv) ........................................................................................10
    Rule 23(g)(1)(B) ...............................................................................................3
    Rule 23(g)(3)......................................................................................................1
    Rule 42(a).........................................................................................................4

**PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, SUSMAN GODFREY, AND LIEFF CABRASER HEIMANN & BERNSTEIN INTERIM CO-LEAD COUNSEL FOR IPPs; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD**

iv

**STATEMENT OF ISSUE TO BE PRESENTED**

Should the Court appoint Cotchett, Pitre & McCarthy, LLP ("CPM"), Susman Godfrey LLP ("Susman Godfrey"), and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") (together, "Moving Firms") Interim Co-Lead ("Co-Lead Counsel") for the Indirect Purchaser Plaintiffs ("IPPs")?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Moving Firms hereby jointly move for appointment as Interim Co-Lead Counsel for the IPPs in this litigation, who allege defendants engaged in a conspiracy to fix prices, allocate the market, and engage in other anticompetitive activity with the purpose and effect of elevating prices to supracompetitive levels in the consumer telescope manufacturing and distribution markets. By setting forth a framework to allow the Moving Firms to apply their collective expertise in complex antitrust class actions, the proposed leadership structure will promote the efficient and effective prosecution of this action.

As demonstrated herein, the Moving Firms bring unmatched experience litigating and leading complex antitrust cases, particularly indirect purchaser antitrust claims such as those asserted in this case, and have the resources necessary to vigorously prosecute this Action and protect the interests of indirect purchasers. *See* Declaration of Adam J. Zapala ("Zapala Decl."), Exhibit A ("CPM Resume"); Declaration of Kalpana Srinivasan ("Srinivasan Decl."), Exhibit A ("Susman Profile"); Declaration of Lin Y. Chan ("Chan Decl."), Exhibit A ("LCHB Resume"). The Moving Firms' lawyers also satisfy the factors outlined in Federal Rule of Civil Procedure ("Rule") 23(g). Therefore, the Moving Firms respectfully request the Court appoint the Moving Firms as Co-Lead Counsel, as together they can ensure the best outcome for the IPPs.

## II.   LEGAL STANDARD

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb.

25, 2009). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig. § 21.11 (4th ed. 2004). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-6 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). In considering a motion to appoint interim lead counsel, a court must determine who will best represent the interests of the class and who is best able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). To make this determination, courts look to the factors outlined in Rule 23(g)(1)(A). *See In re Lenovo Adware Litig.*, Case No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) ("[T]he factors in [Rule 23(g)(1)(A)] are those a court must consider in appointing lead counsel, rather than interim lead counsel. However, courts have held that these same factors apply in . . . the selection of interim lead counsel.").

Rule 23(g)(1)(A) sets forth four considerations for the appointment of interim lead counsel:

(i)      the work counsel has done in identifying or investigating potential claims in the action;

(ii)     counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)     the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv). Importantly, no single factor is determinative; all factors must be weighed to determine who can best represent the class. Advisory Committee Notes (2003

Amendments). Additionally, the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## III.   ARGUMENT

As provided below, each Rule 23(g) factor supports the appointment of the Moving Firms as Interim Co-Lead Counsel for the IPPs. The Moving Firms have an extensive history of litigating and trying complex class cases, including indirect purchaser antitrust cases, in courts throughout the United States. The Moving Firms have also taken numerous cases to trial, and their attorneys are widely recognized for their trial and complex litigation experience. Consequently, the Moving Firms have expansive knowledge of complex, antitrust actions on which they can rely to achieve the best possible results for the IPPs.

> **A.    The Moving Firms Thoroughly Investigated the Misconduct Alleged in this Action and Have Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i))**

To date, the Moving Firms have devoted substantial resources—both in time and money—to investigate the allegations in the class action complaints filed on behalf of consumers and will continue devote all necessary resources going forward to successfully pursue this matter on behalf of the IPPs. Before filing, the Moving Firms researched the underlying conduct that gave rise to Indirect Purchaser Plaintiffs' claims, the nature of the consumer telescope industry, and the injuries and damages alleged to have been caused by defendants' and their co-conspirators' conduct.  The Moving Firms thoroughly reviewed publicly available information related to the various corporate families and business entities, including international trade statistics, to determine that the claims therein are susceptible to class treatment. This knowledge assisted the Moving Firms in conducting their investigations and preparing the complaints they filed on behalf of IPPs. Zapala Decl. ¶ 5; Srinivasan Decl. ¶ 4; Chan Decl. ¶ 14.

Prior to filing this motion, CPM engaged with plaintiffs' counsel in the *Hightower v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-03639-EJD ("*Hightower*"), *Spectrum Scientics LLC et al. v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-03642-EJD ("*Spectrum*"), *Brewer et al. v. Celestron Acquisition, LLC et al.*, Case No. 5:20-cv-04823-EJD

---

**PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD**                3

("*Brewer*"), and *Goldblatt v. Shen et al.*, Case No. 5:20-cv-04860-EJD ("*Goldblatt*") in an effort to organize these cases and ensure they are efficiently litigated from the outset.[2] Based on these early discussions the Moving Firms have determined that the IPPs would be best served by the leadership structure proposed herein. Furthermore, CPM held discussions with defense counsel in this matter to achieve similar goals of organization and efficiency. Additionally, CPM has moved to intervene in the related *Hightower* Action and opposed the pending motions to dismiss and transfer. Case No. 5:20-cv-03639-EJD, ECF Nos. 15, 16.

Accordingly, the Moving Firms have taken a lead role in organizing and coordinating these actions during their earliest stages.

### B. The Moving Firms Have the Class Action Experience and Antitrust Knowledge to Successfully Prosecute this Case (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii))

The Moving Firms bring unparalleled experience handling complex class actions and knowledge of antitrust law as set forth in Federal Rule of Civil Procedure 23(g)(1)(A)(ii) and (iii).

#### 1.      Unmatched Experience in Antitrust Cartel Cases

The Moving Firms have litigated nearly every major antitrust class action brought in this District and courts elsewhere around the country over the past 15 years.  These actions include, but are not limited to:

- *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.) (Gonzalez Rogers, J.) ("*Batteries*"), where CPM and LCHB serve as Interim Co-Lead Class Counsel for indirect purchasers and Susman Godfrey serves on the executive committee, recovering over $113 million for indirect purchaser class members;

- *In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.) (Koh, J.) ("*Qualcomm*"), where CPM and Susman Godfrey served as Co-Lead Counsel for indirect purchasers;

---

[2] *Brewer* and *Goldblatt* were recently filed in this District on July 20, 2020. Case No. 5:20-cv-04823-EJD, ECF No. 1; Case No. 5:20-cv-04860-EJD, ECF No. 1. As explained in more detail in Indirect Purchaser Plaintiffs Sigurd Murphy and Keith Uehara Motion to Consolidate Actions Pursuant to Rule 42(a) and Motion to Coordinate, Case No. 5:20-cv-04049-EJD, ECF No. 15, *Goldblatt* and *Brewer* involves questions of law and fact common to the present action, as well as the *Hightower* and *Spectrum* actions.

- *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), where CPM and Susman Godfrey served as Co-Lead Counsel for end-payor plaintiffs, securing over $1.2 billion in settlements, the largest indirect purchaser recovery in history;

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (Illston, J.), where Lieff Cabraser served as Co-Lead Class Counsel representing direct purchasers, recovering over $470 million and a jury verdict against Toshiba (and Susman Godfrey represented opt out plaintiff T-Mobile);

- *In re Capacitors Antitrust Litigation*, No. 3:14-CV-03264 (N.D. Cal.) (Donato, J.) ("*Capacitors*"), where CPM serves as lead counsel and LCHB and Susman Godfrey serve on an informal steering committee for indirect purchasers, helping achieve $80 million in settlements;

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Case No. 4:02-md-01486-PJH (N.D. Cal.) (Hamilton, J.), where CPM served as chair of Discovery Committee;

- *In re Dynamic Random Access Memory* (*DRAM II*) *Antitrust Litigation*, Case No. 4:18-cv-03805-JSW (N.D. Cal.) (White, J.), where CPM serves as co-lead counsel;

- *In re Static Random Access Memory (SRAM) Antitrust Litigation*, No. 4:07-md-01819-CW (N.D. Cal.) (Wilken, J.), where CPM served as sole lead counsel and recovering $77 million;

- *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143 (N.D. Cal.) (Seeborg, J.), where CPM and LCHB serve on the Executive Committee, recovering substantial settlements for the direct purchasers;

- *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (Tigar, J.), where CPM served on Executive Committee and recovered over $212 million, Lieff Cabraser represented direct purchasers, helping secure $127 million in settlements, and Susman Godfrey represented opt-out Circuit City;

- *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD (N.D. Cal.) (Donato, J.) ("*Resistors*"), where CPM serves as lead counsel for the indirect purchasers and recovering $33.4 million;

- *In re High-Tech Employee Antitrust Litigation*, No. 11 CV 2509 (N.D. Cal.) (Koh, J.), where LCHB served as co-lead class counsel in a consolidated class action charging that high technology companies violated antitrust laws by conspiring to suppress the pay of technical workers and secured a $435 million recovery, the largest recovery of any antitrust action in the employment context;

- *In re California Bail Bond Antitrust Litigation*, No. 3:19-cv-00717-JST (N.D. Cal.) (Tigar, J.), where LCHB serves as interim lead class counsel for California bail bond purchasers alleging a conspiracy among sureties and bail agents to inflate bail bond prices;

- *In re Methionine Antitrust Litigation*, No. 3:00-md-01311-CRB (N.D. Cal.) (Breyer, J.), where CPM served as co-lead counsel and recovering $107 million;

- *Haley Paint Co. v. E.I. Dupont De Nemours & Co. et al.*, No. 10-cv-00318-RDB (D.

PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD

5

Md.), where LCHB served as co-lead counsel for direct purchasers of titanium dioxide alleging that chemical manufacturers participated in a global cartel to fix titanium dioxide prices and secured settlements totally $163 million on the eve of trial;

- *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-cv-05634-CRB (N.D. Cal.) (Breyer, J.) ("*Transpacific*"), where CPM served as co-lead counsel and recovered approximately $148 million;

- *In re: Railway Industry Employee No-Poach Antitrust Employee No-Poach Antitrust Litigation*, MDL No. 2850 (W.D. Pa.), where LCHB served as co-lead counsel in an action alleging that rail equipment companies entered into unlawful agreements not to compete for each other's employees and achieved $48.95 million in settlements on behalf of the class;

- *In re Domestic Airline Travel Antitrust Litigation*, No. 1:15-mc-01404-CKK (MDL No. 2656) (D.D.C.) ("*Domestic Air*"), where CPM serves as co-lead counsel along with LCHB on the Executive Committee and achieved $60 million in settlements on behalf of consumers in ongoing litigation;

- *In re Restasis Antitrust Litigation*, MDL No. 2819 (E.D.N.Y.), where LCHB serves as co-lead class counsel for indirect purchasers of Restasis, a dry-eye disease drug, alleging that Allergan engaged in an anticompetitive scheme to maintain its monopoly;

- *In re International Air Transportation Surcharge Antitrust Litigation*, No. 3:06-md-01793-CRB (N.D. Cal.) (Breyer, J.), where CPM served as co-lead counsel and recovered over $204 million; and

- *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637-TMD (N.D. Ill.), where CPM serves as co-lead class counsel for a class of indirect commercial food preparers, such as restaurants.

Zapala Decl. ¶¶ 8-14, 16-21, 25-27; Srinivasan Decl. ¶¶ 11-16; Chan Decl. ¶¶ 2-8.

CPM, Susman Godfrey, and LCHB have worked together in a number of other important cases and through these engagements have developed strong, collaborative relationships that will serve the IPPs well in this case. Additionally, the Moving Firms' experience in antitrust class actions will allow them to streamline discovery and economic analysis of defendants' alleged wrongdoing.  They have gained insight into the nuances of managing complex cases, particularly those with foreign defendants. They have successfully addressed arguments and issues likely to be raised in motions to dismiss, conducted extensive discovery, including foreign defendants, successfully moved for class certification utilizing econometric and statistical techniques to measure antitrust impact, and obtained large recoveries for injured plaintiffs. Consequently, the

Moving Firms can efficiently and effectively manage this complex action and are thus well-situated to serve as Co-Lead Counsel.

### 2.   Experienced Lead Counsel Who Work Together for Efficient Results

As the foregoing demonstrates, the Moving Firms have extensive experience in this type of complex litigation, as do the specific attorneys at each firm who will work on the case. CPM's Adam Zapala, Susman Godfrey's Kalpana Srinivasan, and LCHB's Lin Chan will be the lead attorneys from each Moving Firm who will work on the case.

CPM Partner **Adam J. Zapala** has extensive experience leading highly complex antitrust and other actions before federal courts across the country. The *Daily Journal* named Mr. Zapala as one of the top antitrust attorneys in California. He has had primary responsibility for prosecuting highly complex class action antitrust cases, such as *Capacitors*, *Resistors*, *Freight Forwarders*, *Domestic Air*, *Transpacific*, and others. Mr. Zapala has also served as lead counsel in other types of cases, including the cutting edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, Case No. 16-md-02693-JLS (C.D. Cal.), recovering $17 million for the class as well as attaining groundbreaking injunctive relief and significant business practice changes. Mr. Zapala has been named to Super Lawyers Northern California Rising Stars list for 2014-2016 and as a Super Lawyer from 2018 to 2020. Zapala Decl. ¶ 34.  Additional attorneys, including CPM Partner Elizabeth T. Castillo and CPM attorneys Tamarah P. Prevost, Alexander Barnett, James Dallal, and Reid Gaa, will assist in this litigation, and their experience in antitrust litigation is described more fully in the Zapala Declaration.  Zapala Decl. ¶¶ 37-43, Ex. A.

Susman Godfrey partner **Kalpana Srinivasan** is an experienced trial lawyer who has litigated complex and high-stakes cases, including in class actions, nationwide. She is the court-appointed co-lead plaintiffs' counsel in *Qualcomm* representing a certified class of hundreds of millions of consumers. In 2018, she won a $706.2 million jury verdict for client HouseCanary in a misappropriation of trade secret, fraud and breach of contract case, which is currently the subject of an appeal in the San Antonio state courts. She served as a co-lead counsel for Flo & Eddie (of the '70s musical group The Turtles) and a class of owners of pre-1972 sound recordings

1   in a class action against Sirius XM that settled in a deal valued up to $73 million for the class.

2   She also has experience defending class actions and successfully tried to verdict a case on behalf

3   of the Rawlings Company for misclassification claims brought by a class of workers. She has

4   been deemed a Titan of the Plaintiffs Bar by *Law360* and recognized by Benchmark Litigation

5   as its California Plaintiff Attorney of the Year and its California Trial Lawyer of the Year. She

6   has been named as one of the leading 500 lawyers in America by Lawdragon and the Trailblazer

7   Award by the South Asian Bar Association. Srinivasan Decl. ¶ 6, Ex. B. Additional attorneys,

8   including Marc M. Seltzer, Steven Sklaver, and Michael Gervais, will also assist in this litigation,

9   and their experience is set forth in their attached firm profiles. Srinivasan Decl ¶¶ 7-9, Exhs. C-

10  E.

11        LCHB partner **Lin Chan** has extensive experience litigating class action and antitrust

12  cases. In *Batteries*, for which Lieff Cabraser was appointed indirect purchaser Co-Lead Counsel,

13  Ms. Chan managed the day to day substantive and procedural work, conducting discovery,

14  drafting briefs, participating in and supervising the document analysis, working with experts,

15  arguing in court, and securing over $113 million for the class. In 2017, Ms. Chan shared the

16  American Antitrust Institute's award for "Outstanding Private Antitrust Achievement" and

17  "Outstanding Antitrust Litigation Achievement by a Young Lawyer" for her work *in Cipro Cases*

18  *I and* II, JCCP Nos. 4154 & 4220 (Cal. Sup. Ct.), which charged drug manufacturers with a

19  conspiracy to restrain competition in the sale of Bayer's blockbuster antibiotic Ciprofloxacin.

20  That 17-yer litigation, in which LCHB served as co-lead class counsel, resulted in settlements

21  totaling $399 million. She has been named to Super Lawyers Northern California Rising Stars

22  list from 2015 to 2018 and as a Super Lawyer from 2019 to 2020.  Ms. Chan's other work as

23  well as the background of LCHB Partner Eric B. Fastiff and LCHB attorney Jallé Dafa are

24  described more fully in the attached resume. Chan Decl. ¶¶ 9-13.

25

26

27

28

PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE &
McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM
CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-
04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD                                    8

### 3.     The Moving Firms Regularly Take Cases to Trial

All three Moving Firms have extensive experience trying complex cases and are willing and able to take this litigation to trial, if necessary.  Additional information about the Moving Firms' trial experience can be found in their respective firm resumes.

CPM.  In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.), unable to obtain an acceptable settlement for the class, CPM tried a Ponzi scheme case to a jury verdict of $151.7 million. Additionally, CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court. *See Lead Paint*, Santa Clara Sup. Ct, Case No. 1-00-CV-788657. The *Lead Paint* verdict was the result of 13-years of hard-fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See, e.g.*, *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 50 Cal. 4th 35 (2010); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 161 Cal. App. 4th 1140 (2008); *County of Santa Clara et al. v. Atlantic Richfield*, *et al.*, 137 Cal. App. 4th 292 (2006). Zapala Decl. ¶ 32.

Susman Godfrey.  For nearly 40 years, Susman Godfrey has been winning trials on both sides of the docket, with plaintiffs' verdicts totaling billions of dollars. Susman Godfrey's track record of success is reflected in its wide-recognition as one of the nation's leading trial firms, including being named as the number one litigation boutique law firm in the nation by Vault for the past nine years. Susman Godfrey seeks the best results for its clients, including prosecuting this case through trial, if necessary. In *Title Source Inc. v. HouseCanary Inc.*, 2016CI06300 (Bexar, Tex.), Susman Godfrey secured a jury verdict of $706.2 million for client HouseCanary in a hard-fought fraud, misappropriation of trade secret, and breach of contract case. In addition, Susman Godfrey secured a federal jury verdict of more than $50 million for client Green Mountain Glass, LLC in its patent infringement lawsuit against Ardagh Glass, Inc. *Green Mountain Glass LLC et al. v. Saint-Gobain Containers Inc.*, Case No. 14-cv-00392 (D. Del.).

Likewise, Susman Godfrey won a jury trial for a class of California residential telephone customers who were overcharged by AT&T. The Tenth Circuit upheld the verdict. *In re Universal Service Fund Telephone Billing Practices Litig.*, 619 F.3d 1188 (10th Cir. 2010). Srinivasan Decl. ¶ 17-20.

    LCHB.  LCHB is one of the few firms to successfully try a complex antitrust case to verdict within the last ten years.  In *LCDs*, LCHB served as co-lead class counsel in an antitrust case alleging that Japanese and Korean LCD manufacturers conspired to fix LCD prices.  After reaching settlements with all but one defendant totaling over $400 million, LCHB and its co-counsel tried the case against remaining defendant Toshiba.  Following a six-week trial, the jury found for the plaintiffs, eventually bringing total settlements to $470 million. Chan Decl. ¶¶ 4-8.

### 4.    Ability to Conduct Discovery in Chinese

    The Moving Firms anticipate that much of the discovery in this case will be conducted in Chinese.  The two defendant families, Synta and Sunny, are based in China.  It is likely that documentary evidence of the conspiracy will be written in Chinese, with depositions being conducted in Chinese.  The Moving Firms are uniquely well-situated to handle this high volume of foreign-language discovery. *First*, Lin Chan, who will take primary responsibility from LCHB, is fluent in Chinese. *Second*, all three Moving Firms maintain in-house attorneys experienced in reviewing and analyzing Chinese language documents. Rather than simply reading other people's summaries or coding forms, our in-house attorneys have experience in analyzing documents in their native languages, to piece together how the conspiracy operated and understand the economic impact. *Third*, all three Moving Firms have substantial experience leading cases involving extensive foreign language discovery.

### C.    The Moving Firms Will Commit Ample Resources to Prosecute this Action Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv))

    The Moving Firms have the resources needed to prosecute this action in the best interests of the proposed class.  *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).  Together, the firms are ably staffed with attorneys and support, employing more than 250 lawyers in ten offices across the United

States.[3] The Moving Firms routinely advance the costs of litigation and have never relied on outside litigation funders in class action litigation. They have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims, and will do so again here.

At the same time, Moving Firms are committed to litigating the case efficiently and economically and their lawyers intend to use their experience and background in similar cases to streamline the litigation. The Moving Firms are well-versed in using case management strategies to efficiently focus litigation. The Moving Firms commit to the following proposals:

- The case will be staffed appropriately so that senior attorneys are not performing junior attorney work, junior attorneys will work at their level and will not spend unnecessary time on a task, and no attorneys will do paralegal work;

- Implementation of a timekeeping and cost reporting protocol that will require all counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide quarterly reports for internal review;

- Attorneys with no active involvement in the case will not charge for reviewing routine correspondence;

- Only two attorneys, at most, will attend most fact depositions;

- Document review work performed by attorneys will be capped on the following basis: $350 per hour for English-language review and $450 per hour for foreign-language review.

- Lead Counsel will exercise appropriate billing judgment and eliminate time for "read and review" unless it is necessary for a particular project. Billing judgment will also be utilized for "attorney conferences" to ensure that excessive hours are not billed in meetings or teleconference calls; and

- In any attorneys' fee request, lead counsel will submit to the Court (1) billing records, including a breakdown of hours spent on specific tasks by each attorney or other professional; (2) each attorney's, paralegal's, and staff member's billing rates; (3) justifications for those billing rates; and (4) any other information the Court desires.

---

[3] Zwerling Schachter & Zwerling, LLP (ZSZ), together with LCHB, represents plaintiff Norman Goldblatt who is willing to serve as a class representative in the consolidated amended complaint. ZSZ is experienced in complex antitrust class actions. ZSZ's expertise will be a valuable asset to the proposed class, and Moving Firms propose that ZSZ be authorized to assist in representation of plaintiffs and the proposed class at the direction of Interim Co-Lead Counsel.

PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD

11

In addition to the foregoing, CPM and LCHB both have offices in this District, and as such the IPPs will not have to pay for the time and expense to travel for hearings, depositions, and meetings.

### D. Ability to Work Cooperatively With Others

The Moving Firms have the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers that may file similar actions, the Direct Purchaser Plaintiffs' action, and defense counsel in this case. The Moving Firms understand that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one. In fact, as evidenced by the present motion, the Moving Firms have already demonstrated a willingness to work cooperatively in litigating this matter. As noted, CPM originally sought appointment as sole lead counsel on July 21, 2020. *See Murphy, et al. v. Celestron, et al.*, Case 5:20-cv-04049-EJD, ECF No. 16. Following this, the Moving Firms met and conferred with one another and ultimately agreed the interests of the IPP were best served by the leadership structure described herein. Additionally, the Moving Firms have engaged with plaintiffs' counsel in the *Hightower* and *Spectrum* Actions, BraunHagey & Borden LLP, to ensure all pending actions proceed in a coordinated manner.

## IV. CONCLUSION

For the foregoing reasons, the Moving Firms meet the criteria set forth in Rule 23(g) and respectfully request appointment as Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs in this litigation.

**PLAINTIFFS' AMENDED NOTICE OF MOTION AND AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP INTERIM CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; Case No. 5:20-cv-03639-EJD; Case No. 5:20-cv-04049-EJD; Case No. 5:20-cv-04823-EJD; Case No. 5:20-cv-04860-EJD**                    12

Dated: July 31, 2020                    Respectfully Submitted:

/s/ *Adam J. Zapala*
Adam J. Zapala
Elizabeth T. Castillo
Tamarah P. Prevost
Reid W. Gaa
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

/s/ *Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorney for Plaintiff Norman Goldblatt*

1

**ATTESTATION OF FILING**

2

      I, Adam J. Zapala, hereby attest, pursuant to Northern District of California, Local Rule

3

5-1(i)(3) that concurrence to the filing of this document has been obtained from each signatory

4

hereto.

5

                */s/ Adam J. Zapala*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28