1  CHRISTOPHER FROST (SBN 200336)
   cfrost@eisnerlaw.com
2  AMBER HENRY (SBN 247624)
   ahenry@eisnerlaw.com
3  ASHLEE LIN (SBN 275267)
   alin@eisnerlaw.com
4  ROSIE COLE (SBN 322185)
   rcole@eisnerlaw.com
5  EISNER, LLP
   9601 Wilshire Blvd., 7th Floor
6  Beverly Hills, California 90210
   Telephone:  (310) 855-3200
7  Facsimile:  (310) 855-3201

8  Attorneys for Defendants Celestron Acquisition,
   LLC; SW Technology Corp; Corey Lee; David
9  Anderson; and Joseph Lupica

10

11                    UNITED STATES DISTRICT COURT

12         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13

14  DANIEL HIGHTOWER., and those similarly        Case No. 5:20-cv-03639-EJD
    situated,
15                                                *The Honorable Judge Edward Davila*
                Plaintiff,
16                                                **NOTICE OF MOTION AND MOTION OF**
         vs.                                      **DEFENDANTS CELESTRON**
17                                                **ACQUISITION, LLC; SW**
    CELESTRON ACQUISITION, LLC, SYNTA             **TECHNOLOGY CORP.; COREY LEE,**
18  CANADA INT'L ENTERPRISES LTD.,                **DAVE ANDERSON AND JOSEPH**
    SKYWATCHER USA, SKY-WATCHER                   **LUPICA TO DISMISS FIRST AMENDED**
19  CANADA, SW TECHNOLOGY CORP.,                  **COMPLAINT PURSUANT TO FED. R.**
    OLIVON MANUFACTURING CO. LTD.,                **CIV. P. 12(b)(6); MEMORANDUM OF**
20  OLIVON USA, LLC, COREY LEE, SYLVIA            **POINTS AND AUTHORITIES**
    SHEN, JEAN SHEN, JOSEPH LUPICA,
21  DAVE ANDERSON, LAURENCE HUEN,                 *Filed concurrently with Request for Judicial*
    and DOES 1-50,                                *Notice*
22
                Defendants.
23                                                Hrng. Date:    October 22, 2020
                                                  Hrng. Time:    9:00 a.m.
24                                                Ctrm.:         4 (5th Floor)

25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 22, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Edward Davila, Courtroom 4, located on the 5th floor in the United States District Court, San Jose Courthouse, Defendants Celestron Acquisition, LLC, SW Technology Corp., Corey Lee, Dave Anderson and Joseph Lupica ("Defendants") will and hereby do move this Court to dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is made because Plaintiff cannot state claims on which relief can be granted:

1.    Plaintiff's claims against all Defendants are time barred under the relevant statutes of limitations;

2.    Plaintiff cannot state claims against the individual defendants;

3.    Plaintiff cannot state any claims against SW Technology Corp.;

4.    Plaintiff cannot state claims under Sherman Act Section 1 against any Defendant;

5.    Plaintiff cannot state claims under Sherman Act Section 2 against any Defendant;

6.    Plaintiff cannot state claims under Clayton Act Section 7 against any Defendant; and

7.    Plaintiff cannot state claims against any Defendant under California law, or alternatively, this Court should decline to exercise jurisdiction over those claims.

This Motion follows the parties' unsuccessful meet and confer efforts on June 25, 2020, and the Defendants subsequent Motion to Dismiss filed on June 30, 2020 (ECF No. 15), which Plaintiff did not oppose, but instead elected to amend his complaint and file the FAC (ECF No. 31.)  This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, all of the pleadings, files, and records in this proceeding, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

EISNER, LLP

762791

2

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1  DATED: August 4, 2020                          EISNER, LLP

2

3                                          By:      /s/ Christopher Frost

4                                                 CHRISTOPHER FROST
                                                  Attorneys for Defendants Celestron Acquisition,
5                                                 LLC; SW Technology Corp.; Corey Lee; Dave
                                                  Anderson; and Joseph Lupica
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

762791

EISNER, LLP

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1

2
# <u>TABLE OF CONTENTS</u>

3    MEMORANDUM OF POINTS AND AUTHORITIES ................................................8

4    1.    INTRODUCTION.................................................................................................8

5    2.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND..................................10

6    3.    PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF
        LIMITATIONS ................................................................................................11

7

8    4.    PLAINTIFF CANNOT STATE VALID ANTITRUST CLAIMS ....................................15

        4.1    Plaintiff Does Not Plead Sufficient Facts Sufficient To State Any Claims
9              Against Lee, Anderson, or Lupica ............................................................15

10       4.2    Plaintiff Does Not Plead Facts Sufficient To State Any Claims Against SW
               Technology Corp. ................................................................................16
11
         4.3    Plaintiff's First Cause of Action under Section § 1 of the Sherman Act Fails
12              To State A Claim upon which Relief May Be Granted..............................17

13       4.4    Plaintiff Cannot State A Claim Under Sherman Act Section 2 Because the
               FAC Fails to Allege Unilateral Actions By Defendants ............................18
14
         4.5    Plaintiff Fails To State A Claim Under Section 7 of the Clayton Act ....................21
15
         4.6    This Court Should Decline Jurisdiction Over Plaintiff's State Law Claims...........23
16
     5.    CONCLUSION ................................................................................................23

17

18

19

20

21

22

23

24

25

26

27

28

EISNER, LLP

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Acri v. Varian Assocs., Inc.*,
    114 F.3d 999 (9th Cir. 1997) (en banc)..................................................................23

*Alaska Airlines, Inc. v. United Airlines, Inc.*,
    948 F.2d 536 (9th Cir. 1991)...........................................................................19

*Albrecht v. Lund*,
    845 F.2d 193 (9th Cir. 1988)..........................................................................24

*In re Animation Workers*,
    87 F. Supp. 3d 1195 (N.D. Cal. 2015) ............................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................15

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................15, 17, 18

*Bolden v. Colvin*,
    No. 14-cv-1380-BEN, 2015 WL 450522 (S.D. Cal. 2015).......................................11

*Broadcom Corp. v. Qualcomm Inc.*,
    501 F.3d 297 (3d Cir. 2007)..........................................................................23

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
    429 U.S. 477 (1977) ..............................................................................21, 22

*In re Century City Doctors Hosp.*,
    No. CC–09–1235–MkJaD, 2010 WL 6452903 (9th Cir. BAP Apr. 26, 1988).........................23

*Conmar v. Mitsui & Co.*,
    858 F.2d 499 (9th Cir. 1988)........................................................................12, 13

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014)..........................................................................20

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005) ..............................................................................23

*FTC v. Swish Marketing*,
    No. C 09–03814 RS, 2010 WL 653486 (ND Cal. Feb. 22, 2010) ..................................15

*Funk v. Bank of Hawaii*,
    No. 20-CV-01378-BLF, 2020 WL 2494530 (N.D. Cal. May 14, 2020)....................................13

EISNER, LLP

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

*Garrison v. Oracle Corp.*,
  159 F. Supp. 3d 1044 (N.D. Cal. 2016) ........................................................................11, 12

*Hexcel v. Ineos Polymers*,
  681 F.3d 1055 (9th Cir. 2012)............................................................................................12

*Image Tech. Servs., Inc. v. Eastman Kodak Co.*,
  125 F.3d 1195 (9th Cir. 1997).............................................................................................18

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
  No. C 07–5634 CRB, 2011 WL 1753738 (N.D. Cal. May 9, 2011)..........................................13

*Klingebiel v. Lockheed Aircraft Corp.*,
  372 F. Supp. 1086 (N.D. Cal. 1971) ....................................................................................11

*Lucas Auto. Engineering Co., Inc. v. Bridgestone/Firestone, Inc.*,
  140 F.3d 1228 (9th Cir. 2003)............................................................................................22

*Matsushita v. Mediatek*,
  No. C-05-3148 MMC, 2007 WL 963975 (N.D. Cal. March 30, 2007) ...............................14, 18

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996)..............................................................................................17

*Mitigation Tech. v. Pennartz*,
  No. ED CV 14-01954-AB, 2015 WL 12656936 (C.D. Cal. Mar. 13, 2015) ............................16

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
  795 F.3d 1124 (9th Cir. 2015)........................................................................................17, 18

*Parklane Hosiery v. Shore*,
  439 U.S. 322 (1979) ...........................................................................................................9

*Rebel Oil Co., Inc. v. Atl. Richfield, Co.*,
  51 F.3d 1421 (9th Cir. 1995)....................................................................................18, 20, 22

*United States v. Black*,
  482 F.3d 1035 (9th Cir. 2007)............................................................................................14

*United States v. Syufy Enters.*,
  903 F.2d 659 (9th Cir. 1990).............................................................................................20

**Federal Statutes**

28 U.S.C. § 1367(c)(3) ..........................................................................................................23

Clayton Act § 7 ............................................................................................................. passim

Sherman Act § 1 ........................................................................................................... passim

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

Sherman Act § 2 ..................................................................................................... passim

Fed. R. Evid. 201(b) ..........................................................................................................13

**State Statutes**

Cal. Bus. & Prof. Code § 16700.......................................................................................11

Cal. Bus. & Prof. Code § 17200.......................................................................................11

Cartwright Act.............................................................................................................11, 23

762791

4

EISNER, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    INTRODUCTION**

As set forth in Defendants' June 26, 2020 Motion to Dismiss ("Original MTD"), Plaintiff's original antitrust complaint was as dishonest as it was unmerited.  Plaintiff's First Amended Complaint ("FAC") fares no better.  Indeed, despite electing to file an amended complaint rather than oppose Defendants' Original MTD, Plaintiff added only five new paragraphs to the FAC, which neither address the vast majority of issues raised by the Original MTD nor defeat them.  Thus, the FAC should be dismissed, this time with prejudice.

Even if this action survives the pleading stages (it should not as set forth below), Defendants will show that this lawsuit is a transparent and frivolous effort by nonparty Optronic Technology ("Orion"), through its own counsel Braunhagey & Borden, to drive its competitor Celestron Acquisition and related entities and individuals from the consumer telescope market. The present action is one of two class action lawsuits Braunhagey & Borden filed in this same Court on the same day against these same parties, after Celestron spurned pre-litigation settlement demands by Orion.[1]  Of course, Orion cannot pursue this litigation in its name because of the release it signed with Celestron and related defendants nearly four years ago.  Orion negotiated that release after threatening litigation in 2015 based on the same baseless allegations the putative class asserts here, and using the same counsel.  Nonetheless, the class still claims that Defendants' alleged misconduct was "unknowable" before 2019.

Adding market insult to injury, Braunhagey & Borden cites to its own prior action on behalf of Orion against another market competitor, when it claims in the FAC that "a jury has already found that Celestron and its parent company conspired with their competitor Ningbo Sunny . . . to fix prices, divide the market. . . ."  (FAC ¶ 2.)  Plaintiff is referencing a different

---

[1] In March 2020 correspondence, Braunhagey & Borden founder Noah Hagey wrote that, if Celestron does not agree to a pre-litigation mediation, it would "force *Orion* and the class plaintiffs to pursue claims against all of you."

proceeding (*Optronic Technology v. Ningbo Sunny, et. al.*, N.D. Cal. Case No. 5:16-cv-06370-EJD) (the "Orion Lawsuit")—<u>a lawsuit to which Celestron was not even a party, and to which this Court has already ruled is **not** related to this case</u>.  Celestron's name is not mentioned in the jury verdict, and even if it had been, no such findings would be binding or admissible in these proceedings.  *Parklane Hosiery v. Shore,* 439 U.S. 322, 327–28 (1979) (it is a violation of due process for a judgment to be binding on a litigant who was not a party and therefore had no chance to be heard).  That did not stop Braunhagey & Borden from making the allegation "on behalf of the class" and bleeding the original Complaint to the press.

Who is behind these lawsuits is an issue that ought to be academic, as this and the related proposed class actions should be dismissed at the pleading stage.  Among other reasons, Plaintiff's claims are time-barred.  All Plaintiff's claims are subject to a four-year statute of limitations.  Yet every single allegedly wrongful act occurred more than four years ago.  The FAC admits as much.  For instance:

- Plaintiff alleges that Defendants illegally colluded to purchase Meade in 2013 (seven years prior to the Complaint's filing) (FAC ¶¶ 71 *et. seq.*);

- Plaintiff alleges that Defendants facilitated misrepresentations to the FTC in 2013 (*id.* ¶¶ 89 *et. seq.*);

- Plaintiff alleges that Defendants shared trade secrets, market allocation, and engaged in price fixing in 2013-2015 (*id.* ¶¶ 94 *et. seq.* and accompanying exhibits).

Plaintiff has not alleged any purported misconduct that occurred within the past four years, or that this conduct alone could form the basis for the alleged claims.  Indeed, many of these allegations mirror the same allegations in a draft complaint that Braunhagey & Borden circulated and threatened to file against Celestron and other defendants in November 2015, alleging the same misconduct—a fact that dooms Plaintiff's effort to claim fraudulent concealment as a basis to avoid the running of the limitations period.

Even on the merits, Plaintiff cannot state viable antitrust claims.  Plaintiff does not come close to alleging how Corey Lee, David Anderson, and Joseph Lupica (who left the employment

EISNER, LLP

762791

9

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

of Celestron more than seven years ago), can be personally liable for the claimed violations.[2] Likewise, Plaintiff makes no allegation of any wrongdoing by SW Technology Corp., which he concedes is merely a "holding company."   Additionally, Plaintiff cannot state valid antitrust claims, as identified below.

For these reasons, as explained more fully below, Defendants respectfully request the Court grant this Motion and dismiss all claims without leave to amend given Plaintiff's previous amendment.

## 2.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2016 Orion filed the Orion Lawsuit against its (and Celestron's) competitors Meade Instruments, Sunny Optics, and Ningbo Sunny Electronics.  The complaint— of which the Court can take judicial notice[3]—alleged largely the same causes of action that Plaintiff has alleged here, using the same counsel.   A full year earlier, in November 2015, Braunhagey & Borden had forwarded a draft of that lawsuit to, and naming, among others, Celestron, in an attempt to coerce a pre-litigation settlement.   Celestron, and other named defendants in this lawsuit, resolved (rather modestly) Orion's (however contrived) disputes, and the parties exchanged mutual releases.  (The settlement is not reasonably in dispute, as Orion cited to it numerous times in the complaint in the Orion Lawsuit.)

Despite the prior releases, Braunhagey & Borden and Orion resurfaced in late 2019, once again with a draft complaint, and once again threatening Celestron and the other named defendants here with further litigation if the parties did not agree to a further "significant" settlement.   In March 2020, Braunhagey & Borden wrote and threatened that the lawsuits would be on behalf of both Orion and putative class representatives, and that, if no settlement was reached, the defendants would face the same "fate" as the defendants in the Orion Lawsuit; namely, "Meade is

---

[2] Notably, of the now five related proposed class actions, only the Braunhagey & Borden firm has asserted claims against Celestron's current and former Chief Executive Officers.

[3] See Request for Judicial Notice filed concurrently herewith ("RJN"), Ex. 1.

EISNER, LLP

762791

10

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1    now in bankruptcy and will either be owned by Orion or sold for Orion's benefit; and the world's

2    largest telescope market, the United States, is now foreclosed to Ningbo Sunny."

3        Celestron and the other named defendants did not settle with Orion or the putative classes,

4    and Braunhagey & Borden filed this distributor class action, and a parallel consumer class action.

5    The Complaints (and now FACs) in these two putative class actions largely mirror the allegations

6    from the Orion Lawsuit (the litigation in which Celestron obtained a full release), and allege

7    largely the same purported conduct.  Despite having known about this alleged misconduct since at

8    least 2015, and having based three-plus years of prior, very public litigation on it, Braunhagey &

9    Borden has the audacity to suggest that Plaintiff could not have known before 2019 of the

10   allegedly-wrongful conduct (all of which the FAC here concedes occurred more than four years

11   ago).

12       Undeterred, Plaintiff charged forward with time-barred claims that do not state wrongful

13   conduct.  The Original MTD followed only for Plaintiff to amend his Complaint rather than

14   oppose the Original MTD on the merits.  However, given that the FAC does not (and cannot)

15   change the substance of any of Plaintiff's original allegations, Defendants were forced to bring

16   this Motion yet again.

17   ## 3.    PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS

18
19       A motion to dismiss is appropriately granted without leave to amend where the statute of

20   limitations has expired, and the running of the statute is apparent on the face of the pleading or its

21   accompanying exhibits.  *Klingebiel v. Lockheed Aircraft Corp.*, 372 F. Supp. 1086, 1087 & n.1

22   (N.D. Cal. 1971) (granting motion on statute of limitations grounds); *Bolden v. Colvin*, No. 14-cv-

23   1380-BEN, 2015 WL 450522, at *2 (S.D. Cal. 2015) (recommending granting motion).  Plaintiff

24   has alleged violations of Sherman Act Sections 1 and 2 (15 U.S.C. § 1, 2); Clayton Act § 7 (15

25   U.S.C. § 18); the Cartwright Act; and Cal. Bus. & Prof. Code §§ 16700, 17200.  All of these

26   claims are subject to a four-year statute of limitations.  *Garrison v. Oracle Corp.*, 159 F. Supp. 3d

27   1044, 1062 (N.D. Cal. 2016) (analyzing limitations period of these same claims).  The "default"

28

11

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

rule is that the claim accrues, and the statute begins to run, on the date of the misconduct.  *Id.* at 1066.

Here, the face of the FAC demonstrates that the statute of limitations had already run prior to the filing of the Complaint.  The FAC still shows that every single claimed wrongful act is alleged to have occurred more than four years ago, and therefore outside of the relevant statutes of limitations.  For instance:

- Plaintiff alleges that defendants illegally colluded to purchase Meade in 2013 (seven years prior to the Complaint's filing) (FAC ¶¶ 71 *et. seq.*);

- Plaintiff alleges that defendants facilitated misrepresentations to the FTC in 2013 (*id.* ¶¶ 89 *et. seq.*);

- Plaintiff alleges that defendants shared trade secrets, market allocation, and engaged in price fixing in 2013-2015 (*id.* ¶¶ 94 *et. seq.* and accompanying exhibits);

- Plaintiff alleges "[n]o new manufacturers of any significance have entered the market in at least the last 10 years." (*id.* ¶ 66);

- Plaintiff defines the class as anyone who purchased a telescope sold by Defendants from "2005 through such time as class notice is given." (*id.* ¶ 120); and

- Every exhibit to the FAC is dated more than four years ago.

Defendants raised this issue in the Original MTD, but Plaintiff on amendment still has not identified any allegedly-wrongful acts having occurred within the past four years.

Plaintiff's effort to salvage his time-barred claims by claiming fraudulent concealment— including the four additional paragraphs in the FAC (*see* ¶¶ 130–33)—is not resuscitative.  A plaintiff bears the burden of pleading and proving fraudulent concealment.  *Conmar v. Mitsui & Co.*, 858 F.2d 499, 502 (9th Cir. 1988).  To plead fraudulent concealment, the plaintiff must allege that: (1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have "actual or constructive knowledge of the facts giving rise to [his] claim" as a result of the defendant's affirmative acts; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to his claim.  *Hexcel v. Ineos Polymers*, 681 F.3d 1055, 1060 (9th Cir. 2012).  Allegations of fraudulent concealment must be pled with particularity. *Conmar*, 858 F.2d at 502.

EISNER, LLP

762791                                    12

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1  Plaintiff must allege specific factual allegations of fraudulent concealment to survive a motion to

2  dismiss. *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07–5634 CRB, 2011 WL

3  1753738, at *20–21 (N.D. Cal. May 9, 2011). "Conclusory statements are not enough." *Conmar*,

4  858 F.2d at 502.

5          Plaintiff cannot salvage his claims with bald allegations of concealment, even by repeating

6  them multiple times.  Here, despite the additional paragraphs, Plaintiff does not provide any

7  details of (i) any affirmative acts intended to mislead Plaintiff; (ii) the fact that Plaintiff does not

8  have actual or constructive knowledge; or (iii) any acts of diligence whatsoever to uncover the

9  alleged facts sooner.  Indeed, Plaintiff does not even try to plead (even baldly) the latter element

10  showing any diligent efforts. *See In re Animation Workers*, 87 F. Supp. 3d 1195, 1216 (N.D. Cal.

11  2015) (granting motion to dismiss on statute of limitations grounds because plaintiffs could not

12  show fraudulent concealment where "Plaintiffs offer no specific facts showing the "who, what,

13  where, when" of these alleged incomplete or materially false statements," and offered nothing

14  more than evidence of passively concealed information or how plaintiffs relied on that

15  information).

16          Any information of the alleged misconduct was available no later than 2015.  Plaintiff's

17  own counsel knew of the same alleged conduct no later than November 2015, and filed a

18  complaint based on that same alleged misconduct in November 2016.  The fact that counsel now

19  asserts that the information was not available at the same time that same counsel actually knew of

20  the alleged facts is a fiction this Court should not ignore or countenance.  A comparison of the

21  November 23, 2015 draft complaint (RJN, Ex. 1), the November 2016 complaint in the Orion

22  Lawsuit (RJN, Ex. 2)[4], and the Complaint in this action show that the causes of action are virtually

23  identical, and largely rely on the same alleged misconduct.[5]  For instance, all three allege Sherman

---

[4] The complaint in the Orion Lawsuit was superseded by a November 2017 amended complaint.

[5] The Court can take judicial notice of the draft complaint because it is not reasonably subject to dispute, and the settlement discussions surrounding that draft were made public in Orion's complaint in the Orion Lawsuit.  *Funk v. Bank of Hawaii*, No. 20-CV-01378-BLF, 2020 WL

762791

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

EISNER, LLP

Act, Clayton Act, and California Business & Professions Code violations arising from purported: (i) anticompetitive conduct relating to the acquisition of Meade (Ex. 1 ¶¶ 91 *et. seq.*; Ex. 2 ¶¶ 69 *et. seq*; Compl. ¶¶ 73 *et. seq.*); (ii) sharing of nonpublic, competitively-sensitive information (Ex. 1 ¶¶ 80 *et. seq.*; Ex. 2 ¶¶ 59 *et. seq*; Compl. ¶¶ 94 *et. seq.*); (iii) coordinating on "supracompetitive pricing" (Ex. 1 ¶¶ 88 *et. seq.*; Ex. 2 ¶¶ 66 *et. seq*; Compl. ¶¶ 56 *et. seq.*); (iv) fixing the prices of product (Ex. 1 ¶¶ 91 *et. seq.*; Ex. 2 ¶ 43; Compl. ¶¶ 69 *et. seq.*) and (v) harm to competition (Ex. 1 ¶¶ 119 *et. seq.*; Ex. 2 ¶¶ 88 *et. seq*; Compl. ¶¶ 109 *et. seq.*).

Any argument that knowledge of Braunhagey & Borden could not be imputed to Plaintiff misses the point.  The FAC alleges concealment of information.  If the information was sufficiently available for Orion and its counsel to obtain it, there is no legitimate basis for others in the same space to claim that they could not have obtained the same information.

Indeed, the allegations in the FAC concede that Plaintiff was on reasonable notice more than four years ago, irrespective of the earlier lawsuit, including, for instance, the allegation of the lack of new market competitors for 10 years (FAC ¶ 66); the FTC's blocking of the merger of Celestron and Meade in 1999 and 2002 (*id.* ¶ 72); and the bare fact that Plaintiff is in the space and would have known the purchasing price on products he would have been purchasing that he now claims were unavailable or anti-competitively priced.  The FAC admits as much: "For the last

---

2494530, at *2 (N.D. Cal. May 14, 2020) ("The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record."): *see also* Fed. R. Evid. 201(b) (The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")  Public records, including judgments and other court documents, are proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Settlement privilege does not preclude consideration of the document because it is not being provided to demonstrate liability, but rather for the permissible purpose of demonstrating undue delay in bringing these claims.  *See Matsushita v. Mediatek*, No. C-05-3148 MMC, 2007 WL 963975 at *2–5 (N.D. Cal. March 30, 2007).

762791

14

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

decade, Defendants and their cohorts have massively and illegally overcharged U.S. telescope distributors." (FAC ¶ 2.)

4.      **PLAINTIFF CANNOT STATE VALID ANTITRUST CLAIMS**

      4.1      **Plaintiff Does Not Plead Sufficient Facts Sufficient To State Any Claims Against Lee, Anderson, or Lupica**

Plaintiff alleges personal liability on the part of, among others, Celestron's current CEO Corey Lee, and former CEO's David Anderson and Joseph Lupica.  A person is not individually liable for antitrust violations just because they served as Chief Executive Officer at the time.  *FTC v. Swish Marketing*, No. C 09–03814 RS, 2010 WL 653486, at *5–6 (ND Cal. Feb. 22, 2010). Plaintiff is required to plead and prove that the individuals actively participated in the alleged misconduct, and that the evidence of the participation was not simply possible, but plausible.  *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

Plaintiff has not, and cannot, demonstrate a basis to hold Messrs. Lee, Anderson, and Lupica personally liable.  The allegation that each "participated in, planned, and carried out the conspiracy detailed below" (FAC ¶¶ 31–33) is a bare conclusion that is of no substantive import. Plaintiff admitted as much by adding four new paragraphs of allegations regarding concealment to the FAC to try and cure this defect.  (*See* FAC ¶¶ 130–33.)  However, these "new" allegations are merely repetitive of Plaintiff's other bare conclusions, and therefore they cannot and do not save Plaintiff's claims.    The further allegations against Corey Lee are especially scant.  Mr. Lee's name is mentioned a mere five times in the FAC—two of which are in the "Parties" paragraphs. The other references (FAC ¶¶ 97, 98, 134) are to a single 2015 email exchange concerning alleged

762791

15

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

exchanges of Orion order information during a time that Lee was not the CEO of Celestron.[6] Furthermore, the email exchange occurred more than four years ago and therefore outside the statute of limitations.  Moreover, the FAC's reference to the single email exchange does not allege or show what type of information was purportedly shared, let alone sufficiently show that it disclosed protected information or that anything wrongful occurred.  *See, e.g., Mitigation Tech. v. Pennartz*, No. ED CV 14-01954-AB, 2015 WL 12656936, at *6 (C.D. Cal. Mar. 13, 2015) ("The Court finds that MTI has failed to sufficiently identify the actual substance of putative trade secrets beyond generalized categories of customer, product, and pricing information. . . .  Even assuming the putative trade secrets were specific enough, MTI fails to establish that its customer list, quotations, pricing, and materials information actually constitute trade secrets.")  That is hardly enough to plead wrongful conduct on Lee's part.

The only allegations relating to Lupica and Anderson specifically are that they offered advice in the purchase of Meade by Ningbo Sunny, and Lupica eventually became Meade's CEO. There is nothing inherently or independently wrongful about this conduct, let alone that would state a "plausible" claim or subject them to personal liability.  Indeed, Plaintiff admits that Lupica has not worked for Celestron since the Meade acquisition in or around 2013—the statute of limitations against him expired long ago.[7]  (FAC ¶ 82.)

### 4.2    Plaintiff Does Not Plead Facts Sufficient To State Any Claims Against SW Technology Corp.

Plaintiff makes no effort to demonstrate any alleged misconduct by SW Technology Corp., and did not even try to cure this defect in the FAC.  Rather, Plaintiff acknowledges (that SW

---

[6] This is the reason Plaintiff references Lee in this section of the FAC as Celestron's "current CEO," because they know he was not the CEO at the time of the email exchange.

[7] The fact that Mr. Lupica wrote that they want to "dominate the telescope industry" (FAC, Ex. 17) is not sufficient to show that misconduct was "plausible," or necessarily even "possible." Indeed, this is the rightful approach that any competent CEO should want to take: making sure his company is best positioned to be the most successful in the industry.

EISNER, LLP

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

Technology Corp. was created in 2005 to acquire Celestron, and is now a mere "holding company." (FAC ¶ 22.) Plaintiff then makes the passing allegation that "[e]ach Defendant headquartered outside the United States relied upon its domestic agents, employees, and affiliates, and co-conspirators including without limitation Celestron, SW Technology, Sunny Optics, and Meade to help implement and conceal the anticompetitive activities alleged herein." (*Id.* ¶ 45.) After this bare allegation, Plaintiff then never mentions SW Technology again, let alone make any sort of effort to show how SW Technology specifically engaged in any wrongdoing whatsoever. This is insufficient, even for notice pleading; it does not meet even the basic standard of pleading "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal with prejudice).

**4.3    Plaintiff's First Cause of Action under Section § 1 of the Sherman Act Fails To State A Claim upon which Relief May Be Granted**

Sherman Act Section 1 provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. "A §1 claim requires: (1) a 'contract, combination or conspiracy among two or more persons or distinct business entities'; (2) which is intended to restrain or harm trade; (3) 'which actually injures competition'; and (4) harm to the plaintiff from the anticompetitive conduct." *name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, (9th Cir. 2015). But "[b]ecause § 1 . . . does not prohibit all unreasonable restraints of trade but only restraints effected by a contract, combination, or conspiracy, the crucial question is whether the challenged anticompetitive conduct stems from independent decision or from an agreement, tacit or express." *Twombly*, 550 U.S. at 553.

To satisfy the first element of a Section 1 claim, a complaint "must allege facts 'plausibly suggesting (not merely consistent with)' a conspiracy." *name.space*, 795 F.3d at 1129. "It is not enough merely to include conclusory allegations that certain actions were the result of a conspiracy; the plaintiff must allege facts that make the conclusion plausible." *Id.*

EISNER, LLP

762791

17

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

Here, the FAC alleges essentially that Defendants and non-party Ningbo Sunny had an agreement not to compete with each other and to divide the consumer telescope market. Moreover, they suggest that Defendants coordinated with and provided assistance to Ningbo Sunny in connection with its acquisition of Meade Corporation which, amongst other things, was a supplier to Defendants.  These allegations are categorically false.  But even assuming, for purposes of this Motion only, the truth of the allegation that the consumer telescope market was divided in the manner Plaintiff alleges, that does not equate to misconduct.  It is not unlawful for participants in the same market to choose to not directly compete. There may be a host of business and other economic reasons why rational companies would make that type of decision. *name.space*, 795 F.3d at 1130 (holding that an anticompetitive agreement cannot be inferred when factual allegations "just as easily suggest rational, legal business behavior). This "lawful parallel conduct fails to bespeak unlawful agreement." *Twombly*, 550 U.S. at 556; *see also Matsushita*, 475 U.S. at 597 n. 21 (1986) ("[C]onduct that is as consistent with permissible competition as with illegal conspiracy does not, without more, support even an inference of conspiracy.").

Similarly, with respect to Ningbo Sunny's acquisition of Meade Corporation, the FAC alleges that certain Defendants provided assistance and Ningbo Sunny requested that certain Defendants provide "financial support" to Ningbo Sunny in connection with such acquisition. While Plaintiff speculates about the existence of some illegal agreement, there are business and other economic reasons which are consistent with such factual assertions, including maintaining a healthy competitive environment and the fact that Ningbo Sunny was a supplier to Celestron.

### 4.4 Plaintiff Cannot State A Claim Under Sherman Act Section 2 Because the FAC Fails to Allege Unilateral Actions By Defendants

Sherman Act Section 2 prohibits monopolization or attempted monopolization of trade or commerce. 15 U.S.C. § 2. An attempt claim has four elements: "(1) a specific intent to control prices or destroy competition; (2) predatory or anticompetitive conduct directed at accomplishing that purpose; (3) a dangerous probability of achieving 'monopoly power,' and (4) causal antitrust injury." *Rebel Oil Co., Inc. v. Atl. Richfield, Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995). A monopoly claim has two elements, aside from antitrust injury: (1) defendant possessed monopoly power in

762791

18

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1    the relevant market and (2) defendant willfully acquired or maintained that power. *Image Tech.*

2    *Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997).

3    　　　While "[s]ection 1 [of the Sherman Act] deals with concerted activity," *see Alaska*

4    *Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 542 (9th Cir. 1991), "[s]ection 2, on the other

5    hand, concerns unilateral activity." *Id.*  The FAC devotes the vast majority of its allegations to a

6    purported "arrangement" or "conspiracy" between Defendants and non-party Ningbo Sunny (and

7    its affiliates) and to actions alleged to have been taken by Ningbo Sunny unilaterally.  However,

8    there is precious little, if any, allegations of *unilateral actions taken by Defendants* that are alleged

9    to have damaged Plaintiff or harmed competition.

10    　　　Thus, with respect to the Meade Corporation acquisition, while there are allegations of

11    communications between certain Defendants and certain Ningbo Sunny entities regarding Ningbo

12    Sunny's requests for putative "financial support" from Celestron in connection with the

13    acquisition (FAC ¶¶  75–79)—conduct that is not in and of itself wrongful—whatever alleged

14    harm to competition Plaintiff may allege results from the 2013 Meade acquisition cannot be

15    attributed to any "unilateral" action by Defendants.  Similarly, with respect to the allegation of

16    "supracompetitive" pricing, Plaintiff does not even attempt to allege that Defendants alone have

17    sufficient market power to unilaterally raise prices.  To the contrary, the FAC alleges that largely

18    through its acquisition of Meade Corporation, a large manufacturer and distributor, non-party

19    Ningbo Sunny exercises substantial control over the supply market for consumer telescopes.  (*see,*

20    *e.g.,* FAC ¶ 114.)  It is this control which is alleged to enable Ningbo Sunny (with Meade)—*not*

21    Defendants—to exercise power over pricing.

22    　　　Perhaps more fatal to Plaintiff's Section 2 claim is the fact that the FAC utterly fails to

23    allege that Defendants either have a monopoly in the market in which Plaintiff competes (the

24    "Distribution" market) or the "dangerous probability" of Defendants achieving such a monopoly.

25    To the contrary, the FAC simply alleges that non-party Ningbo Sunny and Defendants, in the

26    aggregate, control the distribution market without specifying Defendants' alleged share of the

27    market.  (FAC ¶¶ 51, 53, 115.)  That failure alone warrants dismissal of Plaintiff's claim under

28    Section 2 of the Sherman Act.

762791

EISNER, LLP

19

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

Even assuming that these allegations were sufficient to show Defendants' putative "dominance" of the distribution market (they are not), "[a] mere showing of substantial or even dominant market share alone cannot establish market power sufficient to carry out a predatory scheme." *Rebel Oil*, 51 F.3d at 1439. "The plaintiff must show that new rivals are barred from entering the market and show that existing competitors lack the capacity to expand their output to challenge the predator's high price." *Id.*

Entry barriers are "additional long-run costs that were not incurred by incumbent firms but must be incurred by new entrants" or "factors in the market that deter entry while permitting incumbent firms to earn monopoly returns." *Id.* "The main sources of entry barriers are: (1) legal license requirements; (2) control of an essential or superior resource; (3) entrenched buyer preferences for established brands; (4) capital market evaluations imposing higher capital costs on new entrants; and, in some situations, (5) economies of scale." *Id.* "Entry barriers pertain not to those already in the market, but to those who would enter but are prevented from doing so." *United States v. Syufy Enters.,* 903 F.2d 659, 671 n.21 (9th Cir. 1990).

Other than the conclusory allegations that (a) the consumer telescope business is a "high capital investment" business (FAC ¶ 64) and requires "key intellectual property" (*id.* ¶ 65), the FAC is virtually devoid of the types of specifics needed to support the plausibility of a Section 2 pleading. Missing are any supporting facts taking the allegations from possible to plausible; for instance, allegations regarding what the high capital investment costs are and what key intellectual property rights pose a significant barrier to entry.

Perhaps recognizing this pleading deficiency, Plaintiff attempts to speculate that non-party "Ningbo Sunny's plan to similarly dismantle Meade's manufacturing capabilities, and the failure of any replacement suppliers to emerge, demonstrates that the barriers to entry into the supply market, combined with Defendants' anticompetitive conduct, have effectively foreclosed competition at the supply level." (FAC ¶ 112.) Plaintiff's unsubstantiated speculation of the above "cause and effect" does not remedy this pleading deficiency. Absent from the FAC, for example, is any specifics regarding how long it takes to acquire or build a suitable factory. Without a better description of the purported entry barriers, the allegations are too conclusory to

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

1    be entitled to an assumption of truth. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751

2    F.3d 990, 996 (9th Cir. 2014) (holding that "to be entitled to the presumption of truth, allegations

3    in a complaint or counterclaim may not simply recite the elements of a cause of action").   The

4    FAC does not even allege any facts with respect to purported barriers to expansion in the

5    distribution markets by Plaintiff.   This failure together with the other pleading infirmities with

6    Plaintiff's Section 2 claim render such cause of action subject to dismissal.

7        **4.5    Plaintiff Fails To State A Claim Under Section 7 of the Clayton Act**

8        In his Second Cause of Action, Plaintiff alleges that Defendants are liable under Section 7

9    of the Clayton Act, which generally prohibits business combinations or acquisitions that adversely

10   decrease competition in the relevant market.   Since the Complaint fails to allege that Defendants

11   engaged in any business combination or acquisition, let alone an unlawful one, the Second Cause

12   of Action must be dismissed to the extent it is premised on Clayton Act liability.

13       Clayton Act Section 7 prohibits a corporation from acquiring the stock or assets of another

14   corporation "in any line of commerce" in which the effect "may be substantially to lessen

15   competition, or to tend to create a monopoly." 15 U.S.C. § 18.   When examining a Section 7

16   claim, the court must be mindful that "[e]very merger of two existing entities into one, whether

17   lawful or unlawful, has the potential for producing economic readjustments that adversely affect

18   some persons." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 487 (1977). "But

19   Congress has not condemned mergers on that account; it has condemned them only when they

20   may produce anticompetitive effects." Id.

21       Here, the FAC does not allege that Defendants engaged in a merger or acquisition of

22   another company.   At most, the FAC alleges conclusorily that, in 2013 (well outside applicable

23   statutes of limitations), Defendant Celestron "took equity" in Meade Corporation, a company

24   which was acquired by non-party Ningbo Sunny.   (FAC ¶ 87; *see also* ¶ 4.)   This is the only

25   allegation regarding any Defendant acquiring any stock or equity interest in Meade Corporation.

26   (It is also false.)  Rather, the FAC purports to allege that Defendants provided "assistance" to non-

27   party Ningbo Sunny in connection with its acquisition of Meade and makes a variety of allegations

28   regarding actions alleged to have been taken by Ningbo Sunny relating to such acquisition.  (*See,*

762791

*e.g.,* FAC ¶¶ 75–86.)  Nevertheless, given that Defendants did not acquire Meade Corporation, neither such acquisition nor Plaintiff's speculative allegation of some unspecified amount of equity that Defendant Celestron allegedly obtained can form the basis for a claim under Section 7.

Even assuming, *arguendo*, that the non-specific allegation that Celestron obtained equity in Meade Corporation as part of non-party Ningbo Sunny's acquisition of Meade was sufficient for Section 7 of the Clayton Act, and assuming also that Ningbo Sunny's purchase of Meade constituted unlawful conduct, Plaintiff has not described an injury flowing from Defendants' conduct that the antitrust laws were intended to prevent.[8]

The Supreme Court has recognized that even lawful mergers can produce adverse "economic readjustments," but those consequences do not make a merger unlawful. *Brunswick Corp.*, 429 U.S. at 487. Moreover, "[i]f the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se." *Rebel Oil*, 51 F.3d at 1433. "[L]oss incurred because of an unlawful acquisition that would also have been incurred had the acquisition been lawful is not antitrust injury because it does not flow from that which makes the defendant's conduct unlawful." *Lucas Auto. Engineering Co., Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1233 (9th Cir. 2003).

Here, Plaintiff alleges an injury stemming from the removal of Meade as a putative competitor in the distribution market, and from Ningbo Sunny's acquisition of Meade's intellectual property.  This conduct had, at best, a neutral effect on competition; Plaintiff must still compete with Meade, Ningbo Sunny, and Defendants as distributors in the market, even assuming (which assumption is not warranted) those entities are not competing with each other.  To the extent the acquisition had any negative effect on competition by increasing the market share of one competitor, this effect would have resulted whether Ningbo Sunny or another company

---

[8] Defendants note that in the Orion Lawsuit, this Court dismissed a claim under Section 7 of the Clayton Act based on Ningbo Sunny's acquisition of Meade Corporation based on the Plaintiff's lack of standing due to its failure to plead "antitrust injury."  (Orion Lawsuit, ECF No. 38, Sept. 28, 2017.)

EISNER, LLP

762791

22

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

purchased Meade, along with its assets. In short, Plaintiff describes only conduct that competitors, but not harm to competition itself. *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 308 (3d Cir. 2007). This sort of harm is not what the antitrust laws are designed to protect against. *Id.*

### 4.6    This Court Should Decline Jurisdiction Over Plaintiff's State Law Claims

Plaintiff makes no effort whatsoever to satisfy his pleading obligation for the California claims. Rather, for the Cartwright Act claim, Plaintiff alleges only that "the conduct alleged above violates the Cartwright Act." (FAC ¶ 155.) Likewise, for the Unfair Competition claim, Plaintiff merely alleges that "Defendants' conduct is an unfair business practice and violates state law." (*Id.* ¶ 151.) These allegations are so bare that they fail to satisfy any standard of notice pleading. Defendants do not and cannot know what specific conduct forms the basis for these claims.

Even if Plaintiff had stated proper California claims (he has not), this Court should decline to exercise jurisdiction over those claims. The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id.* However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Because Plaintiff cannot state valid federal claims, as explained above, the Court should decline supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

### 5.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss. Further, because the identified defects—such as statute of limitations problems—cannot be remediated, the dismissal should be without leave to amend. *See In re Century City Doctors Hosp.*, No. CC–09–1235–MkJaD, 2010 WL 6452903 (9th Cir. BAP Apr.

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC

26, 1988) ("In sum, because amendment of Plaintiffs' complaint would have been futile, the bankruptcy court did not err when it dismissed Plaintiffs' causes of action against the estate without leave to amend."); *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988) (district court properly denied leave to amend).


DATED:  August 4, 2020                          EISNER, LLP


                                By:      */s/ Christopher Frost*
                                     CHRISTOPHER FROST
                                     Attorneys for Celestron Acquisition, LLC; SW
                                     Technology Corp.; Corey Lee; David Anderson;
                                     and Joseph Lupica

EISNER, LLP

762791

24

NOTICE OF MOTION AND MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC, SW
TECHNOLOGY CORP., COREY LEE, DAVID ANDERSON AND JOSEPH LUPICA TO DISMISS FAC