CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
AMBER HENRY (SBN 247624)
ahenry@eisnerlaw.com
ASHLEE LIN (SBN 275267)
alin@eisnerlaw.com
ROSIE COLE (SBN 322185)
rcole@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp; Corey Lee; David Anderson; and Joseph Lupica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DANIEL HIGHTOWER., and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CELESTRON ACQUISITION, LLC, SYNTA CANADA INT'L ENTERPRISES LTD., SKYWATCHER USA, SKY-WATCHER CANADA, SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, COREY LEE, SYLVIA SHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>Defendants. | Case No. 5:20-cv-03639-EJD<br><br>*The Honorable Judge Edward Davila*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF DEFENDANTS CELESTRON ACQUISITION, LLC; SW TECHNOLOGY CORP.; COREY LEE, DAVE ANDERSON AND JOSEPH LUPICA TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed concurrently with Notice of Motion and Motion*<br><br>Hrng. Date: October 22, 2020<br>Hrng. Time: 9:00 a.m.<br>Ctrm.: 4 (5th Floor) |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Evid. 452, 453, and in support of their Motion to Dismiss the First Amended Complaint, Defendants Celestron Acquisition, LLC, SW Technology Corp., Corey Lee, Dave Anderson and Joseph Lupica ("Defendants") will and hereby do request this Court take judicial notice of the following exhibits:

- **Ex. 1**: November 23, 2015 draft complaint and accompanying cover letter from Braunhagey & Borden.
- **Ex. 2**: Complaint filed in Optronic Technology v. Ningbo Sunny, et. al., N.D. Cal. Case No. 5:16-cv-06370-EJD) (the "Orion Lawsuit").

The Court can take judicial notice of Exhibit 1 because it is not reasonably subject to dispute, and the settlement discussions surrounding that draft were made public in Orion's complaint in the Orion Lawsuit. *Funk v. Bank of Hawaii*, No. 20-CV-01378-BLF, 2020 WL 2494530 (N.D. Cal. May 14, 2020) ("The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record.") Additionally, because the documents are on Braunhagey & Borden letterhead and pleading caption, they "cannot reasonably be questioned" by Plaintiffs or their counsel Braunhagey & Borden. *See* Fed. R. Evid. 201(b). Settlement privilege does not preclude consideration of the document because it is not being provided to demonstrate liability, but rather for the permissible purpose of demonstrating undue delay in bringing these claims. *See Matsushita v. Mediatek*, No. C-05-3148 MMC, 2007 WL 963975 at *2–5 (N.D. Cal. March 30, 2007).

The Court can take judicial notice of Exhibit 2 because it is a matter of public record. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 452(d) ("Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States.") Public records, including judgments and other court documents, are proper subjects of judicial notice. *See*, *e.g.*, *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

For these reasons, Defendants request that the Court take judicial notice of Exhibits 1 and 2.

DATED:  August 4, 2020					EISNER, LLP


							By:	  */s/ Christopher Frost*
								CHRISTOPHER FROST
								Attorneys for Celestron Acquisition, LLC; SW Technology Corp.; Corey Lee; David Anderson; and Joseph Lupica