1 | Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2 | 2440 West El Camino Real, Suite 100
Mountain View, CA 94040
3 | Telephone: 650-784-4040
Facsimile: 650-784-4041
4 | *ASheanin@RobinsKaplan.com*

5 | Hollis Salzman
Kellie Lerner
6 | Adam C. Mendel
**ROBINS KAPLAN LLP**
7 | 399 Park Avenue, Suite 3600
New York, NY 10022
8 | Telephone: 212-980-7400
Facsimile: 212-980-7499
9 | *HSalzman@RobinsKaplan.com*
*KLerner@RobinsKaplan.com*
10 | *AMendel@RobinsKaplan.com*

11 | *Counsel for Plaintiff James Kaufman*
*and the Proposed Classes*

12 |

13 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
14 | **SAN JOSE DIVISION**

15 | DANIEL HIGHTOWER, on behalf of
16 | himself and all others similarly situated,

17 | Plaintiffs,

18 | v.

19 | CELESTRON ACQUISITION, LLC, *et al.*

20 | Defendants.

Case No. 5:20-cv-3639-EJD
Case No. 5:20-cv-4049-EJD
Case No. 5:20-cv-4823-EJD
Case No. 5:20-cv-4860-EJD
Case No. 5:20-cv-5285-EJD
Case No. 5:20-cv-5400-EJD

**MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: October 15, 2020
Time: 9:00 am
Location: Courtroom 4
Judge: Edward J. Davila

SIGURD MURPHY and KEITH
UEHARA, on behalf of themselves and all
others similarly situated,

     Plaintiffs,

            v.

CELESTRON ACQUISITION, LLC, *et al.*

     Defendants.

---

SARA DAY BREWER and THIEN NGO,
on behalf of themselves and all others
similarly situated,

     Plaintiffs,

            v.

CELESTRON ACQUISITION, LLC, *et al.*

     Defendants.

---

NORMAN GOLDBLATT, individually and
on behalf of all others similarly situated,

     Plaintiff,

            v.

DAR TSON "DAVID" SHEN, *et al.*

     Defendants.

---

JAMES KAUFMAN, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

CELESTRON ACQUISITION, LLC, *et al.*

     Defendants.

AUSTIN GRIFFITH and TIMOTHY McQUAID, on behalf of themselves and all others similarly situated,

     Plaintiffs,

          v.

DAR TSON "DAVID" SHEN, *et al.*

     Defendants.

# I.     INTRODUCTION

Plaintiff James Kaufman respectfully asks the Court to appoint Robins Kaplan LLP as interim lead or co-lead counsel for the proposed class of indirect purchasers of consumer telescopes. Robins Kaplan is "best able to represent the interests of the class" under Federal Rule of Civil Procedure 23(g)(2), because the firm has: (1) extensive knowledge and experience in antitrust class actions brought by indirect purchasers, including those brought in this District; (2) the resources, bandwidth and commitment to prioritize the prosecution of this case; and (3) strong collaboration skills to work collegially with other plaintiffs' firms and defense counsel to move this case toward an efficient resolution. Robins Kaplan seeks appointment as sole lead counsel to maximize efficiency, but also has a track record of successfully working with other law firms should the Court prefer a co-lead structure.

# II.     LEGAL STANDARD

Rule 23(g)(1) outlines the considerations pertinent to the appointment of lead counsel at class certification and applies equally to the appointment of interim lead counsel at the outset of the case. *See, e.g.*, *Four In One Co. v. SK Foods, L.P.*, 08-cv-03017 MCE, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009). Courts must consider: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). These factors solidly support Robins Kaplan's application to serve as interim lead or co-lead counsel on behalf of the proposed indirect purchaser plaintiff class.

# III.     ARGUMENT

## A.     The Court Should Appoint Robins Kaplan Interim Lead or Co-Lead Counsel for Indirect Purchaser Plaintiffs

Robins Kaplan is best suited to lead the proposed indirect purchaser plaintiff classes. Robins Kaplan has an extensive record of litigating antitrust class actions on behalf of indirect purchasers in multistate damages cases against foreign defendants, with extraordinary results. The firm and its attorneys have led many of the major antitrust cases in this District including *In re Lithium Ion*

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

1

*Batteries Antitrust Litigation*, MDL No. 2420 (YGR) (N.D. Cal.), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (SI) (N.D. Cal.), and *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819 (CW) (N.D. Cal.).

Although the competing Rule 23(g) application asks the Court to appoint three firms as interim co-lead counsel, such a bloated structure will not serve the interests of the indirect purchaser class. Rather, streamlining the appointment to a single lead counsel firm, or at most two co-lead counsel firms, will generate efficiencies for the indirect purchaser class and the Court. Certain cases lend themselves to a larger leadership structure, such as *In re Lithium Ion Batteries*, MDL No. 2420 (N.D. Cal.) (Rogers, J.), ECF No. 194, where Judge Gonzalez Rogers appointed three firms as co-lead counsel to represent indirect purchaser plaintiffs, where there were nine families of corporate defendants participating in a multi-billion dollar market involving a wide-ranging number of components and finished products. Similarly, Judge Koh appointed three co-lead counsel in *In re Animation Workers Antitrust Litig.*, Case No. 5:14-cv-04062-LHK (N.D. Cal.) (Koh, J.), ECF No. 54, a case involving seven corporate defendant families alleged to have engaged in a broad conspiracy to fix and suppress employee compensation and restrict employee mobility in the digital animation industry.

By contrast, this case, while sizeable, is not so large as to require three co-leads. Here, indirect purchasers have sued only two families of corporate defendants who participate in the relatively narrow consumer telescope market. In light of the jury verdict in *Optronic Techs., Inc. v. Ningbo Sunny Electronic Co., Ltd. et al.*, No. 5:16-cv-06370-EJD-VKD (N.D. Cal.) ("*Orion Litigation*"), the liability of those defendants is not in question. Under these circumstances, the appointment of three co-lead counsel firms will not lead to greater efficiencies. Rather, it is an invitation to overstaffing and duplicative work that will not benefit the class. Indeed, in each the remaining Northern District cases cited in the reply brief for the competing applicants, the court appointed no more than two firms as co-lead counsel. *See* ECF No. 47 at 4-5. While this case will involve substantial factual development, discovery, and econometric analyses, Robins Kaplan is more than capable of managing this litigation in a focused and streamlined way, without overstaffing projects

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL  FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

2

1    or duplicating efforts.

2        **B.    Robins Kaplan Has Devoted Significant Time and Resources to Investigating the**
3        **Claims and Will Work Cooperatively with All Counsel**

4        Robins Kaplan engaged in a thorough pre-filing investigation and analysis of the conduct at

5    issue. This investigation included a detailed review of the *Orion Litigation* as well as analysis by

6    Robins Kaplan's in-house economists and attorneys with deep experience representing indirect

7    purchasers in antitrust cases. Robins Kaplan researched and evaluated the structure of the consumer

8    telescope industry and thoroughly reviewed Defendants' financial analyses, media and financial

9    disclosures, and other publicly available sources of information. This analysis was critical to Robins

10   Kaplan's determination that Plaintiff James Kaufman, like other members of the proposed indirect

11   purchaser class, has viable claims.

12       **C.    Robins Kaplan Has Extensive Knowledge and Experience Litigating Antitrust**
13       **Class Actions, Including Claims Brought By Indirect Purchasers**

14       Robins Kaplan brings over 80 years of litigation experience to its representation of corporate,

15   government, and individual parties on both sides of the courtroom and has obtained over $15 billion

16   in recoveries for its antitrust clients. Robins Kaplan is a firm of 250 attorneys in eight major cities

17   including in Silicon Valley, Los Angeles, Minneapolis, New York, Boston, and Naples (Florida).

18   Members of the firm hail from diverse backgrounds and include some the nation's leading

19   practitioners, such as a former Special Counsel to the Assistant Attorney General for Antitrust, U.S.

20   Department of Justice, the former Co-Chair of the antitrust practice of a nationally recognized

21   AmLaw 100 firm, two former U.S. Attorneys, and the past Dean and current President of the

22   International Academy of Trial Lawyers. *See* Decl. of Aaron M. Sheanin, Ex. A (Robins Kaplan

23   LLP's Antitrust Practice Group Resume).  The firm received the 2018 Elite Trial Lawyers award

24   in the antitrust category from the *National Law Journal*.

25       Robins Kaplan has litigated numerous major cases on behalf of victims of international price-

26   fixing conspiracies. Robins Kaplan serves as co-lead counsel on behalf of the end payer indirect

27   purchaser class in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), a

28   sprawling multidistrict litigation involving 41 separate component part class actions and over 150

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO
APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

3

1  defendants, many of whom are located abroad. Robins Kaplan has obtained $1.2 billion in

2  settlements for the class, one of the largest indirect purchaser recoveries in U.S. history, leading

3  Judge Marianne O. Battani, who presides over *Automotive Parts*, to refer to Robins Kaplan as "such

4  an impressive group." In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D.

5  Cal.), the firm obtained settlements on behalf of Best Buy against television parts manufacturers

6  Chunghwa Picture Tubes, Samsung, and others in multidistrict litigation alleging a conspiracy to

7  fix the prices of TV and computer monitor components.

8  Robins Kaplan has successfully litigated other complex antitrust class actions. In *In re*

9  *Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.),

10  Robins Kaplan pursued an innovative theory that Visa's and Mastercard's interchange fee structure

11  and rules are anticompetitive, resulting in overcharges to 10 million merchants. A $6.24 billion

12  settlement, which awaits final approval, is the largest known settlement of an antitrust class action

13  under the Sherman Act. In *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775

14  (E.D.N.Y.), the firm achieved more than $1.2 billion in settlements on behalf of purchasers of

15  airfreight shipping services from domestic and international carriers. Robins Kaplan attorneys

16  undertook a decade of intense trial preparation, including depositions in foreign countries and

17  review of 12 million pages of documents, before achieving the final settlements on the eve of trial.

18  These and other cases have provided Robins Kaplan with critical experience litigating issues

19  that are likely to arise here including: antitrust standing under *Associated General Contractors of*

20  *California v. California State Counsel of Carpenters*, 459 U.S. 519 (1983); jurisdictional questions

21  arising under the Foreign Trade Antitrust Improvements Act of 1982; satisfaction of the pleading

22  standards under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); conducting foreign language

23  discovery against defendants located in Asia; and satisfying class certification standards for multi-

24  state litigation under Rule 23(b)(3).

25  Robins Kaplan is always ready and able to take a case to trial. For example, in *In re TFT-*

26  *LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (SI) (N.D. Cal.), the firm obtained a multi-

27  million dollar unanimous jury verdict on behalf of indirect purchaser Best Buy against HannStar

28  Display for its participation in a global price-fixing conspiracy. As described by *Law360*, Robins

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

4

1    Kaplan became "the vanguard firm in the first successful battle with Big Tobacco," after obtaining

2    a $6.8 billion settlement following a fifteen-week trial in *State of Minnesota and Blue Cross & Blue*

3    *Shield of Minnesota v. Philip Morris Inc., et al.*, No. C1-94-8565 (Minn.). Similarly, in *Eolas*

4    *Technologies, Inc., et al., v. Microsoft Corp.*, No. 6:09-cv-446 (N.D. Ill.), Robins Kaplan obtained

5    a $520 million jury verdict against Microsoft for infringing a patent for web-browser technology.

6    As these successes and others indicate, Robins Kaplan is prepared for all stages of this complex

7    matter.

8         The quality of Robins Kaplan's legal work is reflected in its accolades as well as its results.

9    Last year, the American Antitrust Institute honored Robins Kaplan for "Outstanding Antitrust

10   Litigation Achievement in Private Law Practice" for its leadership of the end purchaser class in

11   *Automotive Parts*. *Chambers USA* has ranked Robins Kaplan in the first band nationally for its

12   plaintiffs' antitrust work each year since 2014, and stated that Robins Kaplan's Antitrust and Trade

13   Regulation Practice Group "[r]eceives widespread praise for its capabilities in all types of antitrust

14   matters but has achieved particularly significant success on behalf of plaintiff clients" and

15   "[d]emonstrates considerable trial experience."[1] Judges routinely praise the work of Robins

16   Kaplan's lawyers. Judge Brian Cogan, who presided over *Air Cargo*, stated that he "know[s] the

17   plaintiffs' counsel by experience. They are all top-end lawyers."

18        Robins Kaplan, if appointed, would leverage its position to advance diversity in the

19   profession by ensuring that members of historically underrepresented groups obtain meaningful

20   leadership roles in the litigation. The firm's commitment to diversity is regularly recognized.

21   Among other distinctions, Robins Kaplan earned a perfect score on the 2020 Human Rights

22   Campaign's Corporate Equality Index for the twelfth consecutive year, and it was awarded the 2019

23   ABA Martha Fay Africa Golden Hammer Award, the 2018 Leadership Council on Legal

24   Diversity's Compass Award and the 2016 Chamber USA's Most Inclusive Law Firm for LGBT

25   ――――――――――――――

26   [1] Other notable publications that have recently honored Robins Kaplan include *The Legal 500*,
     2019, recognizing the firm as one of the nation's leading firms for Antitrust: Civil Litigation/Class
     Actions; *BTI Litigation Outlook*, 2018, naming the firm to its Honor Roll of Most Feared Law
27   Firms; *Benchmark Litigation*, 2017, naming the firm a Top Ten Plaintiffs Firm; *Law360*, 2016,
     naming the firm to its inaugural list of Litigation Powerhouses; and *The National Law Journal*,
28   2016, naming the firm a finalist in its Elite Trial Lawyers report.

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO
APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

5

Lawyers. In 2019, nearly half of all associates hired by the firm were attorneys of color and half of all attorneys promoted to partner were from historically underrepresented groups.

### D. Robins Kaplan's Attorneys Have the Expertise to Prosecute this Class Action.

Robins Kaplan's attorneys who will be litigating this case have the knowledge and experience to represent the proposed classes of indirect purchaser plaintiffs, having served in leadership positions in numerous major antitrust cases, including those involving indirect purchasers. Aaron M. Sheanin and Kellie Lerner will have primary responsibility over this litigation.

Aaron M. Sheanin, an accomplished litigator with two decades of class action practice, is a partner in the firm's Silicon Valley office. He was named a "Top Antitrust Lawyer" by the *Daily Journal* in 2020, has been named a "California Super Lawyer" each year since 2014, and was nominated by the *Consumer Attorneys of California* as a finalist for "Consumer Attorney of the Year" in 2012. Mr. Sheanin has extensive experience in antitrust class actions involving price-fixing. Mr. Sheanin recently achieved a $432 million settlement as co-lead class counsel on behalf of plaintiffs impacted by Wells Fargo's practice of wrongfully charging borrowers for unnecessary and duplicative auto insurance, *In re Wells Fargo Collateral Protection Insurance Litigation*, MDL No. 2797 (C.D. Cal.), and currently serves as Interim Co-Lead Counsel on behalf of indirect purchaser end users in *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, MDL No. 2918 (N.D. Cal.).

Prior to joining Robins Kaplan, he served in leadership roles on behalf of plaintiff classes in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.) (co-lead counsel firm; $473 million in settlements), *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.) (co-lead counsel firm; settlements exceeding $139 million), *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (executive committee firm; settlements exceeding $212 million), and *In re Optical Disk Drive (ODD) Products Antitrust Litigation*, MDL No. 2143 (N.D. Cal.) (steering committee firm; nearly $75 million in settlements). In *TFT-LCD*, he represented a plaintiff class in trial against Toshiba, obtaining a jury verdict of $87 million before

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL  FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

6

trebling.[2] Mr. Sheanin also serves as an Advisor to the Executive Committee of the California Lawyers' Antitrust, UCL & Privacy Law Section, served on the Executive Committee for the Antitrust Section of the San Francisco Bar Association, and was recently appointed to the Board of Directors of Legal Aid at Work, a San Francisco-based nonprofit legal services organization that has been assisting low-income, working families for more than 100 years.

Kellie Lerner, Co-Chair of both Robins Kaplan's Antitrust & Trade Regulation Practice Group and its Diversity Committee, has almost two decades of experience prosecuting class actions in federal courts throughout the country. She has worked on a number of groundbreaking cases, including as a member of the trial team in *In re Abbott Labs Norvir Antitrust Litigation,* No. 04-cv-1511 (N.D. Cal.), where she helped secure a $10 million settlement that included payments to non-profit organizations serving individuals with HIV. Ms. Lerner currently serves as co-lead counsel in *In re Merck Mumps Vaccine Antitrust Litigation*, No. 12-cv-03555 (E.D. Pa.), a class action alleging Merck, the sole supplier of Measles-Mumps-Rubella vaccines, unlawfully excluded potential rival manufacturers from the market. Ms. Lerner was recently recognized as an "Antitrust and M&A Trailblazer" by *The National Law Journal*, one of the "Elite Women of the Plaintiff's Bar" by *The New York Law Journal*, as a "Notable Practitioner in Antitrust Law" by *Chambers USA*, as a "Future Star" by *Benchmark Litigation*, as a recipient of a "National Women in Law Award" by *Corporate Counsel* and *InsideCounsel*, and as a "Woman Worth Watching" in the 2015 *Profiles in Diversity Journal*. *The Legal 500 USA* has also recommended Ms. Lerner the last two years for her "superior intellect, determination and political savvy in getting the job done." Ms. Lerner also serves as the Chair of Diversity for the Antitrust Section of the New York State Bar Association, Co-Chair of the National Association of Women Lawyers' Litigation Affinity Group, and an Editor of Antitrust magazine.

---

[2] Mr. Sheanin has successfully litigated other antitrust class actions including *In re Credit Default Swaps Antitrust Litig.*, MDL No. 2476 (S.D.N.Y.) ($1.86 billion in settlements); *In re NCAA Grant-In-Aid Antitrust Litig.*, MDL No. 2541 (N.D. Cal.) ($208 million in settlements); *In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196 (N.D. Ohio) (over $443 million in settlements); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 1819 (N.D. Cal.) ($41 million in settlements); *In re Natural Gas Antitrust Cases*, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (Cal. Super. Ct., San Diego Cty.) ($159 million in settlements).

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

7

Mr. Sheanin and Ms. Lerner will be assisted by Adam C. Mendel, an associate who has worked extensively with Mr. Sheanin on behalf of indirect purchaser plaintiffs in *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-2918 (N.D. Cal.). Mr. Mendel also has experience defending antitrust class actions involving price-fixing allegations. *See In re SSA Bonds Antitrust Litigation*, No. 16-cv-3711 (S.D.N.Y.). Before joining Robins Kaplan, Mr. Mendel served as a judicial law clerk to the Hon. William T. Lawrence of the United States District Court for the Southern District of Indiana.

**E.    Robins Kaplan Will Devote the Resources Necessary to Prosecute the Case.**

Robins Kaplan has ample resources to litigate this action. Having successfully prosecuted contingent cases for decades, Robins Kaplan has demonstrated its willingness to dedicate the firm's substantial resources to advocating vigorously on behalf of plaintiff classes. The firm has experience litigating against price-fixing cartels that span the globe, and has done so while minimizing duplicative and non-productive attorney time. Among other things, the firm has overseen litigation involving translation of foreign language documents and testimony in prior component part cases against defendants in Asia and elsewhere. Robins Kaplan will bring its resources to bear on behalf of the indirect purchaser plaintiffs in this case.

Furthermore, Robins Kaplan has three distinct practice groups dedicated to providing significant litigation resources. First, Robins Kaplan has a committed team of in-house financial and economic consultants, comprised of CPAs, MBAs and PhD economists, who provide an efficient and cost-effective means to develop econometric measures of "but-for" pricing, market share, and damages—analyses that are usually performed by hired outside economic consultants. Second, Robins Kaplan has a dedicated E-discovery Practice Group whose sole mission is to develop strategic E-discovery plans customized to be cost-effective and efficient for the firm's cases. Finally, Robins Kaplan has a Trial Support and Multimedia/Graphics Department that provides various resources, including multimedia production, trial technology, and logistics support. Courtroom technology, presentation technology, hotel and war-room technology, and mock trial assistance are just a few of the firm's trial resources. Robins Kaplan is prepared to deploy all of these assets for the benefit of the indirect purchaser plaintiffs.

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   CONCLUSION

Robins Kaplan is the best choice to lead this case. Plaintiff respectfully requests that this Court enter an order appointing Robins Kaplan as lead interim class counsel for the proposed indirect purchaser plaintiffs.

DATED: August 12, 2020

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: 650-784-4040
Facsimile: 650-784-4041
*ASheanin@RobinsKaplan.com*

Hollis Salzman
Kellie Lerner
Adam C. Mendel
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: 212-980-7400
Facsimile: 212-980-7499
*HSalzman@RobinsKaplan.com*
*KLerner@RobinsKaplan.com*
*AMendel@RobinsKaplan.com*

K. Craig Wildfang
Thomas Undlin
Ryan W. Marth
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
*KCWildfang@RobinsKaplan.com*
*TUndlin@RobinsKaplan.com*
*RMarth@RobinsKaplan.com*

*Counsel for Plaintiff James Kaufman and the
Proposed Classes*

MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL  FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 5:20-cv-3639-EJD

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, I electronically filed the foregoing document entitled **MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS; OPPOSITION TO AMENDED MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP, SUSMAN GODFREY LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN, LLP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin