*[Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>This Document Relates to:<br>*Indirect Purchaser Actions*<br><br>Lead Case No. 5:20-cv-03639-EJD<br><br>*Consolidated Case Nos.*<br>*5:20-cv-04049-EJD*<br>*5:20-cv-04823-EJD*<br>*5:20-cv-04860-EJD*<br>*5:20-cv-05285-EJD*<br>*5:20-cv-05400-EJD* | No. 5:20-cv-03639-EJD<br><br>**OPPOSITION TO MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS**<br><br>Date: October 15, 2020<br>Time: 9:00 a.m.<br>Location: Courtroom 4<br>Judge: Edward J. Davila |

## I. INTRODUCTION

Indirect Purchaser Plaintiffs Sigurd Murphy, Keith Uehara, Sara Day Brewer, Thien Ngo, Norman Goldblatt, Austin Griffith, and Timothy McQuaid ("Plaintiffs") respectfully submit that they have proposed the strongest and most effective leadership structure to represent the proposed class. Plaintiffs request that Cotchett, Pitre & McCarthy, LLP ("CPM"), Susman Godfrey L.L.P. ("SG"), and Lieff Cabraser Heiman & Bernstein, LLP ("LCHB") (collectively, "Moving Firms") jointly be appointed by the Court as Interim Co-Lead Class Counsel to represent the class of indirect purchasers of telescopes. Plaintiffs believe that the combined skill, experience and resources of the Moving Firms will best meet the challenges of managing and prosecuting this complex litigation and that they will do so in a cost-effective and efficient manner.

First, the Moving Firms and their California-based counsel are nationally-recognized for their excellence as antitrust lawyers. As their leadership application makes clear, each of the Moving Firms has experience in litigating indirect purchaser actions and a demonstrated history of success for the classes they have represented.

Second, the Moving Firms all have substantial presences in California, with CPM and LCHB having offices in the Bay Area, thus obviating any concerns about efficiency expressed in Robins Kaplan's application.

Third, the Moving Firms have already proposed case management protocols governing case staffing to ensure the avoidance of any unnecessary work and proposed leadership whose diversity will materially advance the interests of the putative class.

Finally, the Moving Firms represent a broad swath of clients from states permitting indirect purchasers to recover damages involving antitrust claims, including California (the largest indirect purchaser repealer state), Hawaii, Florida, Iowa, Massachusetts, Michigan, Mississippi, Missouri, New Hampshire, New York, and Utah. The Moving Firms have been retained by clients residing in the largest indirect purchaser states with the most commerce and thus are best positioned to represent the class.

Robins Kaplan, by contrast, currently represents a single, indirect purchaser from North Carolina. *See Kaufman v. Celestron Acquisition, LLC et al.*, 20-cv-05285, ECF No 1 ("*Kaufman*

Complaint") ¶ 8; *see also In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918 (N.D. Cal. 2015) (holding that in order to have standing to sue for damages, the plaintiffs were required to include purchasers in each state that permits indirect purchaser recovery); *In re Resistors Antitrust Litig.*, No. 15-cv-03820-JD, ECF No. 384 (N.D. Cal. Jan. 22, 2018) (holding the same).

## II.   ARGUMENT

### A.   Moving Firms Represent the Broadest Scope of Indirect Purchaser Plaintiffs.

The Moving Firms seek to represent a geographically-disperse class comprised of purchasers residing in the *Illinois Brick*-repealer states asserting claims under California law, or in the alternative, to represent separate damages classes for class members residing in states that enable indirect purchasers to sue for damages under the laws of those states. *See Murphy* Compl. ¶ 141, ECF No. 1; *see also Brewer* Compl. ¶ 137, ECF No. 1; *Goldblatt* Compl. ¶ 99, ECF No. 1; *Griffith* Compl. ¶ 100, ECF No. 1. Given the plaintiffs they collectively represent, Moving Firms are best positioned to do so. Moving Firms currently represent *fifteen plaintiffs from eleven repealer states* who are prepared to pursue class claims either under California law or under the antitrust laws of where they purchased their telescope. Of these, five are California residents (Sigurd Murphy, Thien Ngo, Norman Goldblatt, and two others who have not yet filed cases). The other plaintiffs include residents of Hawaii (Keith Uehara), Iowa, Michigan (Sarah Day Brewer), Florida (Austin Griffith), Massachusetts (Timothy McQuaid), Mississippi, Missouri, New Hampshire, New York, and Utah.[1] Moving Firms anticipate representing plaintiffs from the remaining repealer states. The indirect purchaser class will plainly be best served by representative plaintiffs hailing from as many states that permit indirect purchaser claims as possible. Robins Kaplan also seeks to represent a class of residents from repealer states based on California law, but its sole named plaintiff is a North Carolina resident. *Kaufman* Compl. ¶ 8, ECF No. 1.

---

[1] The Moving Firms' clients from Iowa, Mississippi, Missouri, New Hampshire, New York, and Utah have not yet filed their own complaints but anticipate doing so shortly—either as part of the consolidated amended complaint or separately. Joint Decl. ¶¶ 4-6.

### B. Moving Firms' Proposed Structure Presents the Strongest and Most Effective Way to Manage the Case.

#### 1. Three Firms Are Appropriate Given the Complexities of the Case.

The Moving Firms' structure will ensure this case is effectively and efficiently litigated. Contrary to the assertion of the competing application appointing three firms as co-lead counsel is neither inefficient nor unusual. *See* Pls.' Reply in Supp. of Am. Mot. to Appoint CPM, LCHB, & SG Interim Co-Lead Counsel for Indirect Purchaser Pls. ("Reply ISO Am. Mot.") at 4 (Aug. 11, 2020), ECF No. 47 (citing cases in which multiple firms have been appointed co-lead counsel). Indeed, a three-firm structure is commonly utilized in significant antitrust cases, including many actions in which the Robins Kaplan firm has been involved. CPM and SG serve as lead counsel *with Robins Kaplan* in *In re Automotive Parts Antitrust Litigation*, as part of a three-firm co-lead structure. In many other cases, Robins Kaplan also serves as part of a three-way co-lead structure, and it does not appear to balk at three-firm structures in other cases, at least where they are part of the appointed group. *See, e.g.*, *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-00850-JAG, (E.D. Va. Dec. 26, 2018) ("*Doors*"), ECF No. 8 (three-firm leadership structure); *In re Local TV Advertising Antitrust Litig.*, MDL No. 2867, No. 18-cv-6785 (N.D. Ill. 2019) (four-firm leadership structure); *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-02626-HES-JRK (M.D. Fla. Oct. 7, 2015), ECF No. 116 (three-firm leadership structure).

The *Doors* case is particularly instructive. There, the class action case followed on the heels of a competitor action, just like this litigation. Unlike this case, there are only two defendants in *Doors*, both of which are based in the United States. Robins Kaplan is nevertheless part of a three-firm co-lead counsel structure that was approved in *Doors*.

As noted in Moving Firms' Reply to the Amended Motion, this case currently involves eleven named defendants, ten co-conspirators, and may require discovery in at least four different countries, conducted in two different languages, at least 34 indirect purchaser states, and economic analysis that will require a showing of overcharge and pass-through to indirect purchasers. *See* Reply ISO Am. Mot. at 1-2.

Moreover, all three firms Moving Firms have substantial experience leading class actions, including numerous antitrust cases. Am. Mot. at 4-10. All three firms have worked together well in the past, using each other's shared experience to make well-reasoned litigation strategy decisions. Am. Mot. at 6-7, 12. This three-firm structure is appropriate to meet the needs of this litigation.[2] *See e.g. Moehlr v. The Nat'l Ass'n of Realtors*, No. 1:19-cv-01610 (N.D. Ill) (appointing three firms); *In re Local TV Advertising Antitrust Litig.*, MDL No. 2867, Case No. 18-cv-6785 (N.D. Ill.) (four co-leads); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 1:06-md-01775-BMC (E.D.N.Y.) (four co-leads); *In re Juul Labs, Inc., Marketing, Sales Practices, & Prods. Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal.) (appointing four co-leads and a Plaintiff Steering Committee).

### 2. Moving Firms Are Located in California.

All three Moving Firms and their proposed lead counsel are located in California, with LCHB and CPM having offices located within this District. All of the attorneys at the Moving Firms who will be part of the trial team are California-based lawyers. The proposed class will therefore gain efficiency through minimal travel and other costs because lead counsel are located in the place where this case is to be litigated. By contrast, two of the three Robins Kaplan attorneys are based in New York. *See* Mot. to Appoint Robins Kaplan at 7-8 (Aug. 12, 2020), ECF No. 51.

In addition to two of the three Moving Firms' offices in this District, two of them—CPM and SG—also have offices in the Central District of California, where certain Defendants argue "many of the potential witnesses, including Defendant Celestron and its employees and representatives" may be found (ECF No. 16 at 5). Thus, Moving Firms are well-situated to

---

[2] Defendants' Statement of Non-Opposition to Motion to Appoint Robins Kaplan LLP as Interim Lead or Co-Lead Counsel for Indirect Purchaser Plaintiffs (Aug. 26, 2020), ECF No. 67, arguing for the appointment of only one firm as Interim Lead or Co-Lead Counsel should be given no weight for the reasons stated in Moving Firms' Reply in Support of Amended Motion. Reply ISO Am. Mot. at 3.

litigate this action in this District while also conducting discovery of Defendants and witnesses in the Central District, if necessary.

Finally, if any work requires a presence in New York, the Moving Firms each have offices and antitrust attorneys there.

### 3. Moving Firms Propose Efficiency Protocols That Will Eliminate Any Excessive Billing.

As noted in their Amended Motion, Moving Firms commit to efficiency protocols that limit the number of attorneys who may bill for certain types of work and capping hourly rates for document review. Am. Mot. at 11-12. These protocols derive in part from those used in other cases in which the Moving Firms have been involved, for example the efficiency protocol entered in *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-2420-YGR, ECF No. 202, attached herewith as Exhibit A. As Moving Firms noted in their Reply, a three-firm co-lead structure does not promote unnecessary work because fee awards in antitrust cases are typically based on the percentage-of-the-fund method. Thus, any unnecessary hours devoted to the case will be a loss borne by the Plaintiffs' lawyers. *See e.g.*, *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) ("[I]n the common fund case, if a percentage-of-the-fund calculation controls, inefficiently expended hours only serve to reduce the per hour compensation of the attorney expending them."); *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979–80 (7th Cir. 2003) ("If consumer class counsel invested too many hours, dallied when preparing the settlement, or otherwise ran the meter, the loss falls on counsel themselves . . . .").

### 4. Moving Firms' Diversity Will Advance the Prosecution of the Case.

Moving Firms propose a leadership structure that reflects the diversity of the class and the bar and in a way that will materially advance the interests of the Class. Lin Chan, the attorney who will take primary responsibility on behalf of LCHB, is fluent in Chinese. Her language skills will be particularly advantageous because it will enable Plaintiffs' attorneys to better understand the cultural and linguistic context of documents uncovered during discovery and to understand deposition responses in real time, as translators often do not understand specialized terms and the nuances that often require additional clarification.

Kalpana Srinivasan is the first woman to serve as a Managing Partner at SG, and she will share primary responsibility in this action along with Michael Gervais, who is the first partner of color at SG to have clerked for a Justice of the United States Supreme Court, the Hon. Stephen Breyer.  Other attorneys working on this matter include Marc Seltzer, who has many years of experience in successfully litigating antitrust cases, including at trial.

Elizabeth Tran Castillo, one of two CPM partners who will share primary responsibility for this action, is a first-generation immigrant from Vietnam, a first-generation lawyer, and has extensive experience litigating against Asian corporations and deposing their executives abroad.

### C. Moving Firms Have Likewise Devoted Significant Time and Resources into Investigation of the Action.

Moving Firms performed a thorough investigation of the anticompetitive conduct in the telescopes industry and reviewed and analyzed the filings in the underlying action, *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd. et al.,* No. 5:16-cv-06370-EJD-VKD (N.D. Cal.), before filing their complaints.  Moving Firms all filed their complaints before the *Kaufman* Complaint.  CPM filed its class action complaint on behalf of Messrs. Murphy and Uehara 44 days before the *Kaufman* Complaint.  During that period of more than five weeks, Moving Firms began general case discussions with BraunHagey—which represents Optronic Techs., Inc., and the direct purchaser plaintiffs ("DPPs")—and Eisner, LLP, which represents Celestron and SW Technology.

### III. CONCLUSION

The Moving Firms have presented compelling reasons to appoint them and their attorneys as interim co-lead counsel.  They have the experience, the skills, the resources, and a demonstrated ability to work together efficiently and collaboratively.  For the foregoing reasons, Moving Firms respectfully request appointment as interim co-lead counsel.

DATED: August 26, 2020         Respectfully submitted,

/s/ *Adam J. Zapala*
Adam J. Zapala
Elizabeth T. Castillo
ecastillo@cpmlegal.com
Tamarah P. Prevost
tprevost@cpmlegal.com
Reid W. Gaa
rgaa@cpmlegal.com
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Plaintiffs Sigurd Murphy and Keith Uehara*

/s/ *Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
ksrinivasan@susmangodfrey.com
Marc M. Seltzer (Bar No. 54534)
mseltzer@susmangodfrey.com
Steven Sklaver (Bar No.237612)
ssklaver@susmangodfrey.com
Michael Gervais (Bar No. 330731)
mgervais@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100

*Attorneys for Plaintiffs Sara Day Brewer and Thien Ngo*

/s/ *Lin Y. Chan*
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiffs Norman Goldblatt, Austin Griffith, and Timothy McQuaid*

**ATTESTATION OF FILING**

I, Lin Y. Chan, hereby attest, pursuant to Northern District of California, Local Rule 5-1(i)(3) that concurrence to the filing of this document has been obtained from each signatory hereto.

*/s/ Lin Y. Chan*