Aaron M. Sheanin (SBN 214472)
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: 650-784-4040
Facsimile: 650-784-4041
*ASheanin@RobinsKaplan.com*

Hollis Salzman
Kellie Lerner
Adam C. Mendel
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: 212-980-7400
Facsimile: 212-980-7499
*HSalzman@RobinsKaplan.com*
*KLerner@RobinsKaplan.com*
*AMendel@RobinsKaplan.com*

*Counsel for Plaintiff James Kaufman and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-3639-EJD <br><br> **REPLY IN SUPPORT OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | Date: October 15, 2020 <br> Time: 9:00 am <br> Location: Courtroom 4 <br> Judge: Edward J. Davila |

## I.  INTRODUCTION

Plaintiff James Kaufman submits that Robins Kaplan LLP satisfies all considerations of Rule 23(g)(1) and is best able to represent the interests of the IPP class. The firm's qualifications are unsurpassed. It has exceptional experience litigating indirect purchaser cases, maintains a long-standing presence in California, has devoted substantial resources to investigating these claims, and is working collaboratively with all other counsel to advance this case. The Court should appoint Robins Kaplan as interim lead class counsel by itself or with no more than one other co-lead firm.

The Cotchett, Susman, and Lieff firms have not demonstrated why the *Telescopes* litigation, with its comparatively modest size and scope, requires three co-lead counsel firms. Case law does not support them. Courts in this District regularly appoint no more than two co-lead counsel for this type of case. With good reason. A structure that requires three firms to make any strategic litigation decision will result in overstaffing and duplicative work that will not benefit the class. Case management protocols cannot alleviate this inefficiency. A streamlined structure can.

## II.  ARGUMENT

### A.  Appointing Robins Kaplan is in the Best Interests of the IPP Class.

As described in Plaintiff Kaufman's motion, Robins Kaplan is eminently qualified to lead the IPP case. The firm has more than 80 years of litigation and trial experience; has served in leadership roles in some of the most complex antitrust litigation in the country including *Automotive Parts* (co-lead counsel for indirect purchasers), *Payment Card Interchange Fee* (co-lead counsel), and *Air Cargo* (co-lead counsel); and has antitrust recoveries in excess of $15 billion. In this District, Robins Kaplan presently serves as co-lead counsel for indirect end-user plaintiffs in *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*.

Robins Kaplan is a litigation powerhouse of 250 lawyers that has had a substantial California presence for twenty-five years. Over thirty lawyers are in the firm's Bay Area and Los Angeles offices, including the Robins Kaplan's National Trial Chair. The firm is more than capable of handling litigation in California. Robins Kaplan's antitrust practitioners here and in New York and Minneapolis are also experienced in conducting foreign language discovery against defendants located in Asia, and have had extraordinary success litigating against foreign defendants on behalf

REPLY IN SUPP. OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM
LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS
Case No. 5:20-cv-3639-EJD

1

of indirect purchasers. Robins Kaplan is well-positioned to bring its experience and resources to bear in this era where travel is limited and attorneys can litigate cases from anywhere in the country.

Robins Kaplan has devoted substantial time and resources to investigating this case through its detailed review of the *Orion Litigation*, analysis by the firm's experienced antitrust litigators and in-house economists, and evaluation of public filings and disclosures. The competing applicants' assertion that Plaintiff Kaufman filed his complaint too late lacks merit. The *Kaufman*, *Brewer*, *Goldblatt*, and *Griffith* actions all were filed within two and one-half weeks of each other, and the Court did not organize these cases until after all were on file. Notably, Robins Kaplan took the initiative to draft the Joint Case Management Statement, solicited and coordinated edits from plaintiff and defense counsel, and filed the statement. If Plaintiff Kaufman was somehow "late," that has not inhibited his counsel from working cooperatively with all parties to advance the case.

That each of the Cotchett, Susman, and Lieff firms represents two or three plaintiffs who have filed cases, while Robins Kaplan represents one is of little moment. Indirect purchaser cases generally require representation from all *Illinois Brick*-repealer states. Robins Kaplan anticipates that IPPs who filed their own actions, as well as others, will serve as plaintiffs in the forthcoming consolidated complaint. This will ensure broad representation for the class, irrespective of which firm or firms serve as lead counsel. If appointed, Robins Kaplan will continue working collegially with all IPP counsel for the benefit of the proposed class.

Finally, Robins Kaplan's team will encompass racial and gender diversity, including the Co-Chair of the firm's Diversity Committee. If appointed, Robins Kaplan will provide meaningful leadership roles for team members from historically underrepresented groups.

**B.    Appointing Three Co-Lead Counsel Firms Is Unwarranted.**

Certain cases are better off with three co-lead counsel firms, but this is not one of them. This case only involves two defendant families and a relatively modest market with a limited set of products. IPPs have a head start on liability from the evidence and jury verdict in the *Orion Litigation*. The Cotchett, Susman, and Lieff firms know as much. The Cotchett firm—which serves as sole lead counsel for indirect purchasers in the far more expansive *In re Capacitors Antitrust Litigation*, Case No. 14-cv-03264-JD (N.D. Cal.) (Donato, J.), ECF No. 319—initially

REPLY IN SUPP. OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM
LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS
Case No. 5:20-cv-3639-EJD

2

argued that it should have been appointed as sole lead counsel here. That firm altered its position to avoid the likelihood of a leadership contest once the Susman and Lieff firms filed cases. No efficiencies are gained by appointing three co-lead firms here. If appointing one firm served the best interests of the class a month ago, surely it still does now.

The only Northern District case upon which the competing applicants rely, *In re JUUL Labs*, MDL No. 2913 (N.D. Cal.), does not support them. The extraordinary complexity of that expansive MDL warranted appointment of four co-lead counsel and a steering committee. It includes over 340 cases, names more than 50 defendants, involves putative class actions and personal injury cases, requires coordination with at least ten cases filed by State Attorneys General across the country, and proceeds side-by-side with parallel regulatory investigations into JUUL's marketing practices by Congress and two federal agencies. Sheanin Reply Decl., Ex. A at 2, 11-12. Litigation challenging a conspiracy to fix prices and monopolize the telescope market just does not compare.

Perhaps recognizing the dearth of Northern District authorities supporting the appointment of more than two co-leads for a case of this comparatively limited scope, the competing applicants turn to orders from other districts. Those cases are distinguishable too.

- The appointment of Robins Kaplan as co-lead counsel along with the Cotchett and Susman firms was appropriate in *Automotive Parts*, MDL No. 2311 (E.D. Mich.), because that unprecedented MDL encompassed 41 separate actions against more than 160 defendants each involving different auto parts, anticompetitive agreements, conspirators, and timelines with conspiracies over three decades. Sheanin Reply Decl., Exs. B & C.

- In *Air Cargo*, MDL No. 1775, 240 F.R.D. 56 (E.D.N.Y. 2006), the court appointed four co-lead firms, one from each of the applicant groups. One of the largest private antitrust cases before *Automotive Parts*, that MDL asserted claims against nearly every major airline and involved three dozen defendants across six continents. Sheanin Reply Decl., Exs. D & E.

- In *Local TV Advertising*, MDL No. 2867 (N.D. Ill.) (Dkt. No. 170), a case against four defendant families, the court appointed only *one* firm as lead counsel along with one liaison counsel and two steering committee member firms. Sheanin Reply Decl., Ex. F.

- Robins Kaplan and two other co-lead counsel firms were best able to represent the interests

REPLY IN SUPP. OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM
LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS
Case No. 5:20-cv-3639-EJD

3

of the class in *Disposable Contact Lens*, MDL No. 2626 (M.D. Fla.), again in light of the complexity of the case. That litigation encompassed the entire disposable contact lens industry in the United States, involved 54 class action complaints, asserted horizontal and vertical antitrust claims against five defendant families, and implicated tens of thousands of non-party eye doctors as potential co-conspirators. Sheanin Reply Decl., Ex. G.

- *Interior Molded Doors*, No. 18-cv-00850-JAG (E.D. Va.), involved full private ordering of counsel, as recognized by § 21.272 of the MANUAL FOR COMPLEX LITIGATION (4th ed.). Unlike here, that case benefits from the resources of three co-lead firms, because it takes place on the Eastern District of Virginia's "rocket docket." Sheanin Reply Decl., Ex. H.

- The court appointed three co-lead counsel firms in *Moehlr v. The National Association of Realtors*, No. 1:19-cv-01610 (N.D. Ill.), an antitrust action alleging that the four largest national real estate brokers and the National Association of Realtors conspired to inflate buyer broker real estate commissions across the United States including for listings on Multiple Listing Services in twenty local markets. Sheanin Reply Decl., Exs. I.

Simply put, the weight of authority cited by all movants supports the appointment of a sole lead or co-lead interim class counsel to represent IPPs in a case of this relatively limited size.[1]

### C. Case Management Protocols Will Not Eliminate the Inefficiency Generated by Three Co-Lead Counsel Firms.

While courts routinely adopt case management protocols that are effective at limiting unnecessary work by supporting firms,[2] the protocol that the competing applicants propose will do

---

[1] *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal.) (Illston, J.), ECF No. 224; *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 3:19-md-02918-MMC (N.D. Cal.) (Chesney, J.), ECF No. 127; *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 3:07-cv-05634-CRB (N.D. Cal.) (Breyer, J.), ECF No. 130; *In re Dynamic Random Access Memory (DRAM II) Antitrust Litig.*, No. 4:18-cv-03805-JSW (N.D. Cal.) (White, J.), ECF No. 99; *In re California Gasoline Spot Market Antitrust Litig.*, No. 3:20-cv-03131-JSC (N.D. Cal.) (Corley, J.), ECF No. 167; *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820-JD (N.D. Cal.) (Whyte, J.), ECF No. 89; *In re Inductors Antitrust Litig.*, No. 18-cv-198-EJD (Davila, J.), ECF No. 124.

[2] Robins Kaplan has asked the courts in *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, MDL No. 2918 (N.D. Cal.), ECF No. 127, and *In re Wells Fargo Collateral Protection Insurance Litigation*, MDL No. 2797 (C.D. Cal.), ECF No. 54, to adopt similar case management protocols. Those orders are primarily effective at precluding supporting counsel from performing

REPLY IN SUPP. OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM
LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS
Case No. 5:20-cv-3639-EJD

4

little to minimize the inefficiency inherent in having three co-lead counsel firms litigate a case of this size.  The primary inefficiency in such a structure is that it requires consensus among three firms to make any strategic litigation decision.  Implementing regular lodestar and expense reports, capping hourly rates for document reviewers, eliminating "read and review" time, and even limiting the number of attorneys attending a deposition—all proposed by the competing applicants—fail to address the costly, unproductive delay engendered when three sets of lawyers are needed to make every single strategy call.  *See* Advisory Cmte. Note to Rule 23(g)(2) (2003 amendments) ("[T]he court should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure.").  Again, while cases of a certain magnitude benefit from the appointment of three co-lead counsel firms, this one will not.

Although fee awards in antitrust class actions are typically based on a percentage-of-the-fund method, courts regularly perform a lodestar cross-check to determine their reasonableness.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 & n.5 (9th Cir. 2002).  Duplicative work performed by three co-lead counsel firms tends to inflate the overall lodestar and may skew the apparent reasonableness of the cross-check.  The Court can avoid the possibility of incentivizing duplicative work by appointing Robins Kaplan and, at most, one additional co-lead firm.

### III.   CONCLUSION

Robins Kaplan is best able to represent the interests of the IPP class.  Plaintiff James Kaufman respectfully requests that this Court appoint Robins Kaplan as lead or co-lead interim class counsel.

DATED: September 1, 2020          */s/ Aaron M. Sheanin*
                                  Aaron M. Sheanin
                                  **ROBINS KAPLAN LLP**
                                  2440 West El Camino Real, Suite 100
                                  Mountain View, CA 94040
                                  Telephone: 650-784-4040
                                  Facsimile: 650-784-4041
                                  *ASheanin@RobinsKaplan.com*

---

work unless specifically assigned by co-lead counsel.

Hollis Salzman
Kellie Lerner
Adam C. Mendel
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: 212-980-7400
Facsimile: 212-980-7499
*HSalzman@RobinsKaplan.com*
*KLerner@RobinsKaplan.com*
*AMendel@RobinsKaplan.com*

K. Craig Wildfang
Thomas Undlin
Ryan W. Marth
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
*KCWildfang@RobinsKaplan.com*
*TUndlin@RobinsKaplan.com*
*RMarth@RobinsKaplan.com*

*Counsel for Plaintiff James Kaufman and the Proposed Classes*

REPLY IN SUPP. OF MOTION TO APPOINT ROBINS KAPLAN LLP AS INTERIM
LEAD OR CO-LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS
Case No. 5:20-cv-3639-EJD

6

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Aaron M. Sheanin*
Aaron M. Sheanin