1  Eric B. Fastiff (SBN 182260)
   efastiff@lchb.com
2  Lin Y. Chan (SBN 255027)
   lchan@lchb.com
3  Reilly T. Stoler (SBN 310761)
   rstoler@lchb.com
4  LIEFF CABRASER HEIMANN &
   BERNSTEIN LLP
5  275 Battery Street, 29th Floor
   San Francisco, California 94111
6  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
7
   *Counsel for Plaintiffs Michael Price, Deborah Lemar, Vincent Catanzaro,*
8  *David Dick, Brian Murphy, and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Price et al. v. Shen, et al.*,<br>Case No. 5:20-cv-06216 | Case No. 5:20-cv-03639-EJD<br><br>**NOTICE OF RELATED CASE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12** |

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  **PLEASE TAKE NOTICE** that pursuant to Civil Local Rule 3-12 and this Court's Order

3  dated August 17, 2020 (Dkt. No. 55), Plaintiffs Michael Price, Deborah Lemar, Vincent

4  Catanzaro, David Dick, and Brian Murphy by and through their attorneys, hereby submit this

5  Notice of Related Case and the Administrative Motion to Consider Whether Cases Should Be

6  Related, Pursuant to Civil L.R. 3-12.

7  **I.   BACKGROUND**

8  On June 1, 2020, *Hightower v. Celestron Acquisition, LLC et al*, Case No. 20-cv-03639-

9  EJD ("*Hightower* Action") was filed in this Court.  Dkt. No. 1.  Subsequently, the following

10  related actions were filed: *Sigurd Murphy et al. v. Celestron Acquisition, LLC, et al.*, Case No.

11  5:20-cv-04049-LB (*Murphy* Action); *Brewer, et al. v. Celestron Acquisition, LLC, et al.*, Case

12  No. 5:20-cv-04823-EJD (*Brewer* Action); *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-EJD

13  (*Goldblatt* Action); *Kaufman v. Celestron Acquisition, LLC, et al.*, Case No. 3:20-cv-05285-EJD

14  (*Kaufman* Action); and *Griffith et al. v. Shen, et al.*, Case No. 5:20-cv-05400 (*Griffith* Action)

15  On June 30, 2020, this Court found that the *Spectrum* and *Murphy* Actions are related to

16  the *Hightower* Action and should be reassigned.  *See* Related Case Order (June 30, 2020), ECF

17  No. 17.  On July 29, 2020, this Court found the *Brewer* and *Goldblatt* Actions are related to the

18  *Hightower* Action and should be reassigned.  *See* Orders Granting Motion to Relate Case (July

19  29, 2020), ECF Nos. 36, 37.  On August 10, 2020, this Court found that the *Kaufman* Action

20  related to the *Hightower* Action and should be reassigned.  Dkt. No. 46.  On August 12, 2020, this

21  Court found that the *Griffith* Action related to the *Hightower* Action and should be reassigned.

22  Dkt. No. 49.

23  On August 17, 2020, the Court consolidated all of these related actions under the caption

24  *In re Telescopes Antitrust Litigation*.  *See* Dkt. No. 55.  On September 2, 2020, Plaintiffs filed an

25  antitrust action in this Court entitled *Price et al. v. Shen, et al.*, Case No. 5:20-cv-06216 ("*Price*

26  Action"), containing similar allegations and causes of action regarding the same co-conspirators

27  as those set forth in the consolidated actions.

28

## II. LEGAL STANDARD

Under Civil Local Rule 3-12, an action is related to another when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Whenever a party knows or believes that an action may be related to an action which is pending in the Northern District, that party "must promptly file in the earliest-filed case" an Administrative Motion to Consider Whether Cases Should be Related." Civil L.R. 3-12(b). That motion must include the title and case number of each apparently related case, and a brief statement of the relationship of the actions. Civil L.R. 3-12(a).

## III. *PRICE* RELATES TO THE *HIGHTOWER* ACTION

Here, like the previously-related cases, the *Price* Action sets forth similar allegations and causes of action regarding the same co-conspirators as those set forth in the *Hightower* Action. Specifically, the *Price* Action involves the same or substantially similar claims that the same co-conspirators engaged in price fixing, market allocation, and other anticompetitive activity with the purpose and effect of monopolizing the consumer telescope manufacturing and distribution markets. In addition, the *Price* Action asserts claims for violations of Sections 1 and 2 of the Sherman Act; Section 7 of the Clayton Act; violations of the state antitrust laws of Arizona, California, Connecticut, the District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin; violations of the state consumer protection laws of Arkansas, California, the District of Columbia, Florida, Hawaii, Massachusetts, Missouri, Montana, New Mexico, New York, North Carolina, Rhode Island, South Carolina, Vermont; and an additional claim for the disgorgement of the profits through which the Defendants were unjustly enriched. The *Hightower* Action and other actions consolidated in *In re Telescopes Antitrust Litigation* asserts similar claims for violations of Sections 1 and 2 of the Sherman Act as well as the state antitrust and consumer protection laws of California.

As set forth in Local Rule 3-12(a)(2), it appears likely that there will be an unduly burdensome duplication of labor and expenses or the possibility of conflicting results if the cases are conducted before different judges.  Therefore, it will be more efficient for all cases to proceed before the same judge so that these analyses and determinations are made by one Court.

## IV.     CONCLUSION

Because this action satisfies the criteria of Local Rule 3-12(b), Plaintiffs Michael Price, Deborah Lemar, Vincent Catanzaro, David Dick, and Brian Murphy respectfully requests the *Price* Action be deemed related to the *Hightower* Action and that it be assigned to the Honorable Edward J. Davila.

Dated:  September 2, 2020                            Respectfully submitted,

By:       /s/ *Lin Y. Chan*

Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Plaintiffs Michael Price, Deborah Lemar, Vincent Catanzaro, David Dick, Brian Murphy, and the Proposed Class*