Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Dan Drachler (*pro hac vice*)
ddrachler@zsz.com
ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue, Suite 1030
Seattle, Washington 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9636

Robert S. Schachter (*pro hac vice*)
rschachter@zsz.com
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue, 32nd Floor
New York, New York 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969

*Counsel for Plaintiffs Philip Moore, Robert Welsh, Herbert Nelson, John Goerger, and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Moore et al. v. Celestron Acquisition, LLC, et al.*,<br>Case No. 5:20-cv-06435 | Case No. 5:20-cv-03639-EJD<br><br>**NOTICE OF RELATED CASE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rule 3-12 and this Court's Order dated August 17, 2020 (Dkt. No. 55), Philip Moore, Robert Welsh, Herbert Nelson, and John Goerger by and through their attorneys, hereby submit this Notice of Related Case and Administrative Motion to Consider Whether Cases Should Be Related, Pursuant to Civil L.R. 3-12.

**I.    BACKGROUND**

On June 1, 2020, *Hightower v. Celestron Acquisition, LLC et al*, Case No. 20-cv-03639-EJD ("*Hightower* Action") was filed in this Court. Dkt. No. 1. Subsequently, the following related actions were filed: *Sigurd Murphy et al. v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-04049-LB (*Murphy* Action); *Brewer, et al. v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-04823-EJD (*Brewer* Action); *Goldblatt v. Shen et al.*, Case No. 3:20-cv-04860-EJD (*Goldblatt* Action); *Kaufman v. Celestron Acquisition, LLC, et al.*, Case No. 3:20-cv-05285-EJD (*Kaufman* Action); *Griffith et al. v. Shen, et al.*, Case No. 5:20-cv-05400 (*Griffith* Action); and *Price et al. v. Shen et al.*, Case No. 3:20-cv-06216 ("*Price* Action").

On June 30, 2020, this Court found that the *Spectrum* and *Murphy* Actions are related to the *Hightower* Action and should be reassigned. *See* Related Case Order (June 30, 2020), ECF No. 17. On July 29, 2020, this Court found the *Brewer* and *Goldblatt* Actions are related to the *Hightower* Action and should be reassigned. *See* Orders Granting Motion to Relate Case (July 29, 2020), ECF Nos. 36, 37. On August 10, 2020, this Court found that the *Kaufman* Action related to the *Hightower* Action and should be reassigned. Dkt. No. 46. On August 12, 2020, this Court found that the *Griffith* Action related to the *Hightower* Action and should be reassigned. Dkt. No. 49.

On August 17, 2020, the Court consolidated all of these related actions under the caption *In re Telescopes Antitrust Litigation*. *See* Dkt. No. 55.

On September 11, 2020, this Court found that the *Price* Action related to the *Hightower* Action and should be reassigned. Dkt. No. 83. On September 14, 2020, Plaintiffs filed an antitrust action in this Court ("*Moore* Action"), containing similar allegations and causes of

1 action regarding the same co-conspirators as those set forth in the consolidated actions. *Moore et al. v. Celestron Acquisition, LLC, et al.*, Case No. 5:20-cv-06435 (N.D. Cal), ECF No. 1.

## II. LEGAL STANDARD

Under Civil Local Rule 3-12, an action is related to another when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Whenever a party knows or believes that an action may be related to an action which is pending in the Northern District, that party "must promptly file in the earliest-filed case" an Administrative Motion to Consider Whether Cases Should be Related." Civil L.R. 3-12(b). That motion must include the title and case number of each apparently related case, and a brief statement of the relationship of the actions. Civil L.R. 3-12(a).

## III. *MOORE* RELATES TO THE *IN RE TELESCOPES ANTITRUST LITIGATION*

Here, like the previously-related cases, the *Moore* Action sets forth similar allegations and causes of action regarding the same co-conspirators as those set forth in the *Hightower* Action. Specifically, the *Moore* Action involves the same or substantially similar allegations as the *Hightower* Action: that the same co-conspirators engaged in price fixing, market allocation, and other anticompetitive activity with the purpose and effect of monopolizing the consumer telescope manufacturing and distribution markets. In addition, the *Moore* Action asserts claims for violations of Sections 1 and 2 of the Sherman Act; Section 7 of the Clayton Act; violations of the state antitrust laws of Arizona, California, Connecticut, the District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin; violations of the state consumer protection laws of Arkansas, California, the District of Columbia, Florida, Hawaii, Massachusetts, Missouri, Montana, New Mexico, New York, North Carolina, Rhode Island, South Carolina, Vermont; and an additional claim for the disgorgement of the profits through which the Defendants were unjustly enriched. Each of the Actions consolidated in *In re Telescopes Antitrust Litigation*

1 asserts similar claims for violations of Sections 1 and 2 of the Sherman Act as well as the state antitrust and consumer protection laws of California.

As set forth in Local Rule 3-12(a)(2), it appears likely that there will be an unduly burdensome duplication of labor and expenses or the possibility of conflicting results if the cases are conducted before different judges. Therefore, it will be more efficient for all cases to proceed before the same judge so that these analyses and determinations are made by one Court.

**IV. CONCLUSION**

Because this action satisfies the criteria of Local Rule 3-12(b), Plaintiffs Philip Moore, Robert Welsh, Herbert Nelson, and John Goerger respectfully request the *Moore* Action be deemed related to the *In re Telescopes Antitrust Litigation* consolidated action and that it be assigned to the Honorable Edward J. Davila.

Dated: September 14, 2020

Respectfully submitted,

By:     /s/ *Lin Y. Chan*

Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Dan Drachler (*pro hac vice*)
ddrachler@zsz.com
ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue, Suite 1030
Seattle, Washington 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9636

Robert S. Schachter (*pro hac vice*)
rschachter@zsz.com
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue, 32nd Floor
New York, New York 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969

*Counsel for Plaintiffs Philip Moore, Robert Welsh, Herbert Nelson, John Goerger, and the Proposed Class*