| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | CHRISTOPHER FROST (SBN 200336)<br>cfrost@eisnerlaw.com<br>AMBER HENRY (SBN 247624)<br>ahenry@eisnerlaw.com<br>ASHLEE LIN (SBN 275267)<br>alin@eisnerlaw.com<br>AMY ROSE COLE (SBN 322185)<br>rcole@eisnerlaw.com<br>EISNER, LLP<br>9601 Wilshire Blvd., 7th Floor<br>Beverly Hills, California 90210<br>Telephone:  (310) 855-3200<br>Facsimile:  (310) 855-3201 |
| 8<br>9 | Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp; Corey Lee; David Anderson; and Joseph Lupica |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 5:20-cv-03639-EJD (consolidated)<br>Case No. 5:20-cv-03642-EJD<br><br>*The Hon. Edward J. Davila*<br><br>**OPPOSITION TO DIRECT AND INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**<br><br>Date:     December 10, 2020<br>Time:    9:00 a.m.<br>Crtrm.:   4 |

## I. INTRODUCTION

In bringing their Motion for Alternative Service, the IPPs and DPPs bear the burden of demonstrating that "the facts and circumstances of the present case necessitate the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). For this reason, this Court routinely denies alternative service motions where the moving parties have made insufficient efforts to effect traditional service. *See, e.g., Evony, LLC v. Aeria Games & Entm't, Inc.*, 2012 WL 12843210, at *10 (N.D. Cal. Sept. 28, 2012); *Tevra Brands LLC v. Bayer Healthcare LLC*, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020).

Here, the Motion concedes that the IPPs and DPPs made ***not a single attempt*** to serve the subject foreign defendants by traditional means. This is despite the fact that defense counsel for Defendants telegraphed at the September 17 hearing that they would be opposing this Motion on the basis that the IPPs and DPPs failed and refused to attempt traditional service before seeking alternative relief from the Court. For this reason alone, the Motion should be denied. *See, e.g., Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 258 (N.D. Cal. 2018) (denying motion for alternative service because plaintiff "has made no attempt to locate the Additional Defendants at all").

The Motion rests almost entirely on the unsubstantiated claim that traditional service will likely take a year or more. However, the IPPs and DPPs present no evidence to support that claim, which is rightly disregarded. On the contrary, the subject foreign defendants are located primarily in Canada or China[1], and, according to the Hague Convention itself, the current average time for service through the Hague Convention in Canada is only two to six weeks, and only three to four months in China. (*See* HCCH, Canada – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last accessed Oct. 9, 2020) and HCCH, China - Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=243 (last accessed Oct. 9, 2020).)

In other words, given the six months that will have elapsed from the filing of the initial IPP and DPP actions until the time of the hearing on this Motion, the IPPs and DPPs could have

---

[1] No defendants named in the DPP action are located in China.

effectuated traditional service twice over on the Chinese defendants and four or more times over on the Canadian defendants. It is unclear whether the IPPs and DPPs refused to attempt traditional service because they are simply looking for a less expensive alternative after telling this Court they would self-fund this litigation, or for some other undisclosed reason. But the simple fact is that, while the IPPs and DPPs claim that Defendants are the ones seeking delay, the only delay being caused here is by the refusal of the IPPs and DPPs to even attempt traditional service.

To be clear, Defendants do not object to alternative service ***at the appropriate time and on the appropriate showing***. If the IPPs and DPPs attempt service through the Hague Convention, and service is not accomplished within a reasonable timeframe, Defendants will not oppose a renewed motion for alternative service. Until that time, however, the IPPs and DPPs should not be seeking "alternative" help from the Court before they actually attempt service according to the traditional methods already available to them.

As explained more fully below, the Motion for Alternative Service should be denied without prejudice.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs Make No Attempt to Serve Foreign Defendants

On June 1, 2020, the first (*Hightower*) IPP action was filed, naming several of the unserved foreign defendants. That same day, the (*Spectrum Scientifics*) DPP action was filed, also naming several of the unserved foreign defendants. Since then, eight additional, now consolidated IPP actions have been filed, each of them naming various unserved foreign defendants: *Murphy et al. v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-04049 (filed on June 17, 2020); *Brewer et al. v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-04823 (filed on July 17, 2020); *Goldblatt v. Shen et al.*, No. 5:20-cv-04860 (filed on July 20, 2020); *Griffith et al. v. Shen et al.*, No. 5:20-cv-05400 (filed on August 4, 2020); *Kaufman v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-05285 (filed on July 31, 2020); *Moore et al. v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-06435, filed on September 14, 2020); *Price et al. v. Shen et al.*, No. 5:20-cv-06216 (filed on September 2, 2020); and *Riley v. Celestron Acquisition, LLC et al.*, No. 5:20-cv-06527 (filed on September 17, 2020.)

The Motion concedes that none of the Plaintiffs attempted service on any of the foreign defendants by traditional means: through the Hague Convention, letters rogatory, or otherwise. (*See* Mot. at 3.)

### B. The Unserved Foreign Defendants

The IPPs and DPPs seek alternative service on a total of eleven foreign defendants. Out of these eleven defendants, the majority are located in Canada. According to the Hague Convention itself, the current average time for performance of service through the Hague Convention in Canada *is only two to six weeks*, depending on the province. (*See* HCCH, Canada – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last accessed Oct. 9, 2020).) A small number of the unserved defendants are located in China. Even in China, the time for execution of a service request is only three to four months. (*See* HCCH, China – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=243 (last accessed Oct. 9, 2020).) Only one of the unserved foreign defendants is located in a country that is not a signatory to the Hague Convention: Synta Taiwan.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Procedure 4(f) governs service of process on "an individual . . . not within any judicial district of the United States." Rule 4(f) contains three subdivisions, each of which authorizes different manners of serving someone outside the United States. Rule 4(f)(1) permits service "by any internationally agreed means . . . such as those authorized by the Hague Convention on Service." Rule 4(f)(2) lists several alternative means of service that are permissible "if an international agreement allows but does not specify other means," such as letters rogatory. Rule 4(f)(3)—the basis of the Motion—allows service "by other means not prohibited by international agreement, as the court orders." Notably, "the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)." *Tevra*, 2020 WL 3432700, at *3.

Whether to allow alternative service under Rule 4(f)(3) is left to "the sound discretion of the district court." *Rio Props.*, 284 F.3d 1007 at 1016. While a party seeking authorization to serve under Rule 4(f)(3) "need not have attempted every permissible means of service of process before petitioning the court for alternative relief", the party must "demonstrate that the facts and circumstances of the present case *necessitated the district court's intervention*." *Id.* (emphasis added).

### B. Plaintiffs Have Made No Showing that Alternative Service Is Necessary Or Appropriate

The IPPs and DPPs made no attempt whatsoever to serve these foreign defendants prior to filing their Motion. They have not even offered any reason as to why they made no service attempt over the last four months (more than six months by the time of the hearing on the Motion). Accordingly, the IPPs and DPPs fall far short of demonstrating that the Court's intervention is necessary to effectuate service on the foreign defendants.

Indeed, courts in this district routinely deny motions for alternative service where the plaintiff has made insufficient effort to serve a foreign defendant. For example, in *Evony*, Evony had made a prior unsuccessful service attempt, but the court found that Evony had not made a sufficient showing that alternative service was necessary:

> Evony has failed to detail the efforts it has made to serve Feng Investment other than the invalid attempt to serve Feng Investment discussed above. Evony has not shown that despite using due diligence to ascertain Feng Investment's whereabouts, Feng Investment has remained elusive. Nor has Evony demonstrated that, despite its best efforts, it has no options left to obtain service, and therefore needs the Court's assistance. In fact, Evony's argument in support of its request for alternative service *does not identify the specific actions it has taken to locate Feng Investment* or the actions of Feng Investment that justify a finding that Feng Investment is "an elusive international defendant, striving to evade service of process." In light of Evony's showing, the Court is not convinced of the necessity of its intervention.

2012 WL 12843210, at *10 (emphasis added). In *Tevra*, the plaintiff actually made multiple attempts at service through the Hague Convention, and the court still concluded that alternative service was not appropriate (even in light of the Covid-19 pandemic):

> [A]ll delays up until Tevra's third submission to the Central Authority on March 9, 2020, were due to Tevra;s (or Tevra's

> vendor's) errors and not evidence of delay by the Central Authority. In short, the Court finds that because the German Central Authority has only been in possession of complete service packets since March 2020, an order for alternative service under Rule 4(f)(3) is premature at this time. Trial in this case is more than a year away, leaving more than enough time for Tevra to serve the German Defendants and litigate its case.
>
> These are certainly unprecedented times as the hardships of COVID-19 weigh heavily on all facets of life. But where a plaintiff fails to show that "service through the Convention would be unsuccessful or result in unreasonable burden or delay," simply citing COVID-19 as an obstacle is not sufficient to bypass the requirements of the Hague Convention.

2020 WL 3432700, at *5.  Here, the IPPs and DPPs have made even less of an effort to effectuate service than the plaintiffs in *Evony* or *Teva*—they have made no effort and their Motion should be denied.  *See also Keck,* 330 F.R.D. 255 at 258 (denying plaintiff's motion for alternative service because "she has made no attempt to locate the Additional Defendants at all").

The closest the Motion comes to explaining the IPPs and DPPs failure to even attempt service is the conclusory statement that "[p]erfecting service under the Hague Convention can be expensive, time-consuming and ineffective."  (Mot. at 5.)  However, the IPPs and DPPs offer no evidence whatsoever for this statement.  They simply cite in a footnote two outdated cases from other states that suggest that service processing times under the Hague Convention in China could take as long as 18 months.  (Mot. at 5 n.7.)  First, only a few of the eleven foreign defendants that are the subject of the Motion are located in China.  The majority of the foreign defendants are located in Canada, with current processing times of ***only two to six weeks***.  (*See supra*, Section II.B.)  Even in China, the Hague Convention estimates that current processing times are only ***three to four months***.  (*Id.*)  Accordingly, had the IPPs and DPPs attempted service when this case was fist filed, both the Canadian and Chinese defendants may very well have been served by now.[2]  Regardless, "a plaintiff's request to use Rule 4(f)(3) because 'it will be much faster. . .by itself is not sufficient justification for the Court to authorize service by alternative method.'"  *Keck*, 330

---

[2] The remaining foreign defendant is located in Taiwan.  Had the IPPs and DPPs sought service via a letter rogatory at the beginning of this case, that process could have been well underway also.

F.R.D. at 259 (quoting *Jimena v. UBS AG Bank*, No. CV-F-07-367, 2010 WL 2465333, at *10 (E.D. Cal. June 10, 2010)).

Given that the IPPs and DPPs have made *no* showing that they cannot effectuate service through the Hague Convention or letters rogatory, they have failed to meet their burden to show that alternative service is necessary.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Motion for Order Authorizing Alternative Service be denied without prejudice.

DATED: October 13, 2020               EISNER, LLP

By: _____
CHRISTOPHER FROST
Attorneys for Defendants Celestron Acquisition, LLC; SW Technology Corp; Corey Lee; David Anderson; and Joseph Lupica