1  CHRISTOPHER FROST (SBN 200336)
   cfrost@eisnerlaw.com
2  AMBER HENRY (SBN 247624)
   ahenry@eisnerlaw.com
3  ASHLEE LIN (SBN 275267)
   alin@eisnerlaw.com
4  AMY ROSE COLE (SBN 322185)
   rcole@eisnerlaw.com
5  EISNER, LLP
   9601 Wilshire Blvd., 7th Floor
6  Beverly Hills, California 90210
   Telephone:  (310) 855-3200
7  Facsimile:  (310) 855-3201

8  Attorneys for Defendants Celestron Acquisition,
   LLC; SW Technology Corp; Olivon USA, LLC;
9  Corey Lee; Dave Anderson; and Joseph Lupica

10

                    UNITED STATES DISTRICT COURT
11
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
12

13  IN RE: TELESCOPES ANTITRUST          Case No. 5:20-cv-03639-EJD (consolidated)
    LITIGATION
14                                        *The Hon. Edward J. Davila*

15                                        **NOTICE OF MOTION AND MOTION OF
                                          CELESTRON ACQUISITION, LLC, SW
16  THIS DOCUMENT RELATES TO:            TECHNOLOGY CORPORATION,
                                          OLIVON USA, LLC, DAVE ANDERSON,
17  INDIRECT PURCHASER ACTIONS           AND JOSEPH LUPICA TO STRIKE
                                          ALLEGATIONS OF THE
18                                        CONSOLIDATED CLASS ACTION
                                          COMPLAINT**
19
                                          Date:      February 18, 2021
20                                        Time:      9:00 a.m.
                                          Crtrm.:    4 (5th Floor)
21
                                          Trial Date:            none set
22

23

24

25

26

27

28

EISNER, LLP    767208                                    Case No. 5:20-cv-03639-EJD

           MOTION TO STRIKE IPP CONSOLIDATED COMPLAINT

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2021, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, in Courtroom 4 on the 5th floor of the above-captioned court located at 280 South 1st Street, San Jose, California 95113, Defendants Celestron Acquisition, LLC, SW Technology Corporation, Olivon USA, LLC, Dave Anderson, and Joseph Lupica will and hereby do move this Court to strike the following allegations of the Consolidated Class Action Complaint:

- From Paragraph 4 (Class Period definition): "from and including January 1, 2005";
- From Paragraph 161 (Nationwide Injunctive Class definition): ""from and including January 1, 2005";
- From Paragraph 162 (Damages Class definition): "from and including January 1, 2005";
- From Paragraph 180 (State Damages Class definition): "from and including January 1, 2010";
- Paragraphs 2–3;
- From Paragraph 4: "As a direct result of the anticompetitive and unlawful conduct alleged and proved in the *Orion* Action";
- Paragraphs 106–08; and
- From Paragraph 125: "In the *Orion* Action, the jury found that Ningbo Sunny and Synta conspired to acquire Meade."

Concerning the allegations alleging a class period extending back to January 1, 2005, these allegations are immaterial, impertinent, and—at best—time-barred. First, Plaintiffs allege no anticompetitive or otherwise actionable conduct prior to 2013. Second, the sole event that Plaintiffs do allege occurred in 2005—the acquisition of Celestron—was highly publicized. Thus, to the extent Plaintiffs allege that transaction itself is somehow actionable, the statute of limitations on any "misconduct" in connection with that transaction would have expired in 2009. As for the allegations concerning *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.,* No. 5:16-

1    cv-06370-EJD-VKD (N.D. Cal.) (the "*Orion* Action"), these allegations are immaterial,

2    impertinent, and prejudicial. Defendants were not parties to that action, so those findings cannot

3    be used or considered against them. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979).

4         This Motion is based on this Notice of Motion, the attached Memorandum of Points and

5    Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which

6    the Court may take judicial notice, and any argument or evidence that may be presented to or

7    considered by the Court prior to its ruling.

8

9    DATED: November 16, 2020               Respectfully submitted,

10                                          EISNER, LLP

11

12
                                    By:    */s/ Christopher Frost*
13                                         CHRISTOPHER FROST
                                           Attorneys for Defendants Celestron Acquisition,
14                                         LLC; SW Technology Corp; Olivon USA, LLC;
                                           Dave Anderson; and Joseph Lupica
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.    INTRODUCTION.........................................................................................................1

II.   SPECIFIC PROVISIONS REQUESTED TO BE STRICKEN ............................................1

III.  LEGAL STANDARD ...................................................................................................2

IV.  THE COURT SHOULD STRIKE ALLEGATIONS OF A CLASS PERIOD
INCLUDING 2005 TO 2012 ......................................................................................2

    A.    Plaintiffs Allege No Actionable Misconduct, Let Alone Injury, For the
Time Period of 2005 to 2012................................................................................3

    B.    The Statute of Limitations Already Expired on the Alleged 2005 Conduct ..............4

V.   PLAINTIFFS' ALLEGATIONS REGARDING THE *ORION* ACTION AND
VERDICT SHOULD BE STRICKEN.............................................................................6

VI.  CONCLUSION ..........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Drenchkahn v. Costco Wholesale Corp.*,
    No. 2:08-cv-014080-FMC-JWJX, 2008 WL 11336775 (N.D. Cal. May 15,
    2008)................................................................................................................................2

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) .........................................................................................2

*Garrison v. Oracle Corp.*,
    159 F. Supp. 3d 1044 (N.D. Cal. 2016) ...........................................................................5

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ...........................................................................................2

*LeDuc v. Kentucky Central Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992) ...............................................................................2, 7

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979) .........................................................................................................6

*Ramirez v. Baxter Credit Union*,
    No., No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) .................2, 5

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................................2

*Sidney-Vinstein v. A.H. Robbins Co.*,
    697 F.2d 880 (9th Cir. 1983).............................................................................................2

**Federal Statutes**

Cartwright Act...........................................................................................................................5

Clayton Act ...............................................................................................................................4

Clayton Act § 7 .........................................................................................................................5

Federal Rule of Civil Procedure 12(f)......................................................................................2

767208

Case No. 5:20-cv-03639-EJD

MOTION TO STRIKE IPP CONSOLIDATED COMPLAINT

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3         Concurrently with this Motion to Strike, Defendants have filed a Motion to Dismiss the

4 Consolidated Complaint (the "Complaint") in this litigation.    Defendants request the Court

5 consider that Motion first.    To the extent the Court does not grant that Motion in its entirety

6 (without leave to amend), Defendants request the Court grant this Motion and strike portions of

7 the Complaint that include (i) allegations asserting the class period from 2005 to 2012, and (ii)

8 allegations concerning the jury verdict in the *Orion* Action.

9         Concerning the former, Plaintiffs have not alleged, and cannot allege, that ***any*** misconduct

10 occurred during that time period, let alone allege any misconduct that justifies extending the class

11 back 15 years.    With regard to the *Orion* Action, the verdict or findings from that litigation are

12 irrelevant and inadmissible against Defendants, as none were parties to that litigation.    The only

13 reason to include these allegations is to unfairly prejudice Defendants, and confuse the record.

14 **II.    SPECIFIC PROVISIONS REQUESTED TO BE STRICKEN**

15      • From Paragraph 4 (Class Period definition): "from and including January 1, 2005";

16      • From Paragraph 161 (Nationwide Injunctive Class definition): ""from and including

17         January 1, 2005";

18      • From Paragraph 162 (Damages Class definition): "from and including January 1,

19         2005";

20      • From Paragraph 180 (State Damages Class definition): "from and including January 1,

21         2005";

22      • Paragraphs 2–3;

23      • From Paragraph 4: "As a direct result of the anticompetitive and unlawful conduct

24         alleged and proved in the *Orion* Action";

25      • Paragraphs 106–08; and

26      • From Paragraph 125: "In the *Orion* Action*,* the jury found that Ningbo Sunny and

27         Synta conspired to acquire Meade."

28

EISNER, LLP    767208                          1                 Case No. 5:20-cv-03639-EJD

1    **III.    LEGAL STANDARD**

2        Federal Rule of Civil Procedure 12(f) allows a court to strike any portion of a complaint

3    that is "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Allegations are

4    immaterial or impertinent if they have no bearing on the controversy or are not relevant to the

5    issues involved in the action and could not be admitted as evidence.  *Fantasy, Inc. v. Fogerty*, 984

6    F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  A motion to strike

7    may be granted where "it is clear that the matter to be stricken could have no possible bearing on

8    the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820,

9    830 (N.D. Cal. 1992) (citation omitted).  Motions to strike are meant "to avoid the expenditure of

10    time and money that must arise from litigating spurious issues by dispensing with those issues

11    prior to trial."  *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citations

12    omitted).

13    **IV.    THE COURT SHOULD STRIKE ALLEGATIONS OF A CLASS PERIOD**

14            **INCLUDING 2005 TO 2012**

15        Allegations concerning an unsupportable class period are appropriate subjects of a motion

16    to strike.  *See, e.g.*, *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at

17    *8 (N.D. Cal. Mar. 21, 2017) (granting motion to strike allegations which implied a class period

18    beyond the applicable statute of limitations); *Drenchkahn v. Costco Wholesale Corp.*, No. 2:08-

19    cv-014080-FMC-JWJX, 2008 WL 11336775, at *5 (C.D. Cal. May 15, 2008) (same).  Further,

20    class allegations may be stricken before discovery is completed.    "Where the complaint

21    demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move

22    to strike class allegations prior to discovery."  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990

23    (N.D. Cal. 2009) (citation omitted).  *See also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th

24    Cir. 1975) ("The propriety of a class action cannot be determined in some cases without

25    discovery" and "[w]here the necessary factual issues may be resolved without discovery, it is not

26    required.").

27        This Court should strike the allegations of a class period extending back to January 1, 2005

28    for two reasons.  First, Plaintiffs allege no anticompetitive or otherwise actionable conduct prior to

1  2013.   Second, the sole event that Plaintiffs do allege occurred in 2005—the acquisition of

2  Celestron—was a highly publicized transaction.   Plaintiffs do not allege further misconduct, or

3  any fraudulent concealment, until 2013, so even if the acquisition itself was somehow wrongful,

4  the statute on that "misconduct" would have expired in 2009.   Plaintiffs should not be allowed to

5  prejudice Defendants by requiring they produce information and respond to claims going back to

6  2005, on a class period that is simply not actionable.

7          **A.**        **Plaintiffs Allege No Actionable Misconduct, Let Alone Injury, For the Time**

8                       **Period of 2005 to 2012**

9          Despite alleging a putative class period dating back to January 1, ***2005***, Plaintiffs allege ***no***

10  anticompetitive or otherwise wrongful conduct that occurred prior to Ningbo Sunny's acquisition

11  of Meade in ***2013***.   (*See* Compl. ¶ 113 *et seq*.)   The only pre-2013 conduct that Plaintiffs reference

12  is Synta's 2005 acquisition of Celestron: "[I]n 2005 Synta acquired Celestron as a wholly-owned

13  subsidiary."   (*Id.* ¶ 105.)   But Plaintiffs allege no facts that even suggest that Synta's acquisition of

14  Celestron in and of itself was wrongful.   At most, in a 101-page Complaint, Plaintiffs only make

15  two conclusory assertions that even suggest wrongful conduct in the pre-2013 time period: (1)

16  "Antitrust concerns in the telescope market are not new; indeed, they arose in 2005, when Synta

17  acquired Celestron, the largest distributor of telescopes in the United States at the time and a rival

18  of Meade, another telescope distributor."; and (2) "In 2005, Synta acquired Celestron as a wholly-

19  owned subsidiary. Celestron became the dominant higher-end telescope distributor in the United

20  States though [sic] Defendants and Co-Conspirators' efforts."   (Compl. ¶¶ 109, 152.)   However,

21  Plaintiffs make no allegations whatsoever in support of these vague conclusions.   And every other

22  factual allegation (including every documents cited in the Complaint) concerns purported

23  misconduct in or after 2013.

24          Indeed, Plaintiffs' own admissions confirm that the 2005 acquisition was not actionable,

25  and that they have no basis for any actionable claims prior to 2013.   For instance, Plaintiffs

26  concede that Defendants did not have sufficient market control to cause antitrust harm until after

27  the Meade acquisition:

28

1

2

3

4

> In 2005, Synta acquired Celestron as a wholly-owned subsidiary. Celestron became the dominant higher-end telescope distributor in the United States though [sic] Defendants and Co-Conspirators' efforts. ***Subsequently, Ningbo Sunny acquired Meade with Synta's help and became the dominant lower-end telescope distributor in the United States***.

(Compl. ¶ 152 (emphasis added).)

5

6

7

8

> Additionally, when Ningbo Sunny acquired Meade with the help of Synta, Defendants and Co-Conspirators removed a competitor and independent supplier from the telescope market—Meade. Neither Celestron nor Meade have seriously competed ***since Ningbo Sunny's acquisition of Meade*** or exercised their manufacturing capabilities to diversify the supply of telescopes.

9 | (*Id.* ¶ 156 (emphasis added).

10        Moreover, Plaintiffs concede that "[c]onsumer choice has. . . been restrained due to

11 | Ningbo Sunny's [2013] acquisition of Meade. . . ."  (*Id.* ¶ 188.) Plaintiffs make no allegation of

12 | earlier restraints on consumer choice.

13        Plaintiffs also concede that the 2013 "acquisition of Meade prevented companies that are

14 | trying to compete against Defendants, such as Jinghua, from obtaining a potential manufacturing

15 | facility and important intellectual property that would have increased competition." (*Id.* ¶ 188.)

16 | Plaintiffs do not allege that any pre-2013 actions of Defendants prevented or limited competition.

17        Plaintiffs also concede that high barriers to entry did not exist in 2005: "As evidence of

18 | the high barriers to entry, no new, significant telescope manufacturers have entered the market in

19 | at least a decade." (*Id.* ¶ 148.)

20        Plaintiffs further concede that the only basis for the Clayton Act claim is "Ningbo Sunny's

21 | [2013] acquisition of Meade and Synta's facilitation thereof." (*Id.* ¶ 247.)   Likewise, Plaintiffs' state

22 | damages claims are based on Defendants' entering "into an unlawful agreement in restraint of

23 | trade." (*Id.* ¶¶ 257–81).  No such agreement is alleged until at least 2013.

24        Because Plaintiffs have failed to allege any actionable conduct prior to 2013 as a matter of

25 | law, the Court should strike any allegations concerning a class period from 2005 to 2012.

26        **B.        The Statute of Limitations Already Expired on the Alleged 2005 Conduct**

27        Even if Plaintiffs had alleged actionable conduct prior to 2013, the statute of limitations on

28 | that alleged conduct would have expired.  As explained above, Plaintiffs allege that the class

1    period should run from 2005, but only allege one act from 2005-2012: the acquisition of

2    Celestron.  In other words, Plaintiffs allege that the Celestron acquisition occurred in 2005, but do

3    not allege any further conduct whatsoever until the 2013 acquisition of Meade.  Plaintiffs likewise

4    do not allege that any fraudulent concealment, which would purportedly toll any statute of

5    limitations, occurred before 2013.  Indeed, the fraudulent concealment allegations all relate to the

6    2013 Meade acquisition.  (*See* Compl. ¶ 208 (alleged misrepresentation to the FTC regarding the

7    Meade acquisition); ¶ 210 (alleged misrepresentations in "filing disclosures with the SEC relating

8    to the Meade transaction").

9         Accepting for purposes of this Motion that the pleadings are accurate—that antitrust

10    misconduct and injury occurred in 2005 but no purported concealment occurred until 2013—the

11    statute of limitations expired in 2009, four years after the acquisition of Celestron, for Plaintiffs'

12    federal claims.  *See Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1062–63 (N.D. Cal. 2016)

13    (violations of Sherman Action §§ 1, 2; Clayton Act § 7; and the Cartwright Act; are all subject to a

14    four-year statute of limitations).   Similarly, the statute of limitations on Plaintiffs' state law claims

15    expired anywhere from two to six years after the Celestron acquisition—all before the Meade

16    acquisition.  (*See* Section VI of Defendants' Motion to Dismiss, filed concurrently herewith,

17    listing the statute of limitations for each state law claim).

18         Plaintiffs know they cannot allege any concealment in 2005 because the purported antitrust

19    activity from that time period—the Celestron acquisition—was notoriously public.  It was

20    contemporaneously discussed in the press, and even identified in disclosures to the SEC.  (*See*

21    Request for Judicial Notice, Exs. 3–5, 6 at p. 14/99.)  Plaintiffs cannot claim that representations

22    in FTC and SEC filings were sufficient to constitute affirmative representations to Plaintiffs in

23    2013 for purposes of fraudulent concealment (*see* Compl. ¶¶ 208, 210), but not sufficient to put

24    them on notice of the alleged conduct in 2005.

25         Because any claims arising out of this 15 year-old transaction are unquestionably barred by

26    the applicable statute of limitations, this Motion is appropriately granted, and the class period of

27    2005-2012 stricken.  *See, e.g.*, *Ramirez*, 2017 WL 1064991, at *8 (granting motion to strike

28    because "proposed class period dating back to August 15, 2010 for a cause of action with a one-

EISNER, LLP

767208

5

Case No. 5:20-cv-03639-EJD

MOTION TO STRIKE IPP CONSOLIDATED COMPLAINT

1   year limitations period is facially invalid, absent any allegations which would extend the one-year

2   period by discovery, equitable tolling or otherwise").

3          Refusing to strike the allegations at this stage will substantially prejudice Defendants.

4   Defendants will be required to collect and produce thousands (if not tens or hundreds of

5   thousands) of records concerning sales and customers (among other topics) relating to eight years

6   of transactions that are not relevant to the salient time period that is truly at issue in this litigation.

7   This will require hundreds of thousands of dollars of time and countless hours of precious

8   resources for no discernible reason or benefit.  (Plaintiffs have collectively already served more

9   than 200 Requests for Production demanding, among other records, every communication, every

10  customer, and every sale and purchase since 2005.)   Under the circumstances, striking the 2005-

11  2012 is not only appropriate, but critical and urgent.

12  **V.      PLAINTIFFS' ALLEGATIONS REGARDING THE *ORION* ACTION AND**

13  **        VERDICT SHOULD BE STRICKEN**

14         Throughout the Complaint, Plaintiffs also gratuitously and improperly reference the *Orion*

15  Action and its verdict as alleged "proof" of Defendants' misconduct.  For example, Plaintiffs

16  allege: "The defendants' antitrust liability has been proven by a preponderance of the evidence."

17  (Compl. ¶ 108.)   Plaintiffs further allege that "[t]he jury in the *Orion* Action reached various

18  findings of antitrust liability by defendants."  (*Id.* ¶ 106.)  Plaintiffs even allege that "In the *Orion*

19  Action, the jury found that Ningbo Sunny and Synta conspired to acquire Meade."  (*Id.* ¶ 125.)

20         As Plaintiffs know, however, any findings in the *Orion* Action ***are not binding on***

21  ***Defendants***.[1]  *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327–28 (1979) (it is a violation of

22  due process for a judgment to be binding on a litigant who was not a party and therefore had no

23  chance to be heard). Because these findings are not binding on Defendants, they are impertinent

24

25  ──────────────────────

26  [1] Indeed, this is something that this Court already recognized at the September 3, 2020

27  proceedings in this case.  (Hr'g Tr. at 14:2–9, Sept. 3, 2020, ECF No. 8,)

28

1  and immaterial and serve only to prejudice to Defendants.[2]  They should therefore be stricken.

2  *See, e.g., LeDuc* , 814 F. Supp. at 830 (motions to strike may be granted if "it is clear that the

3  matter to be stricken could have no possible bearing on the subject matter of the litigation.").

4  **VI.    CONCLUSION**

5          For the foregoing reasons, Defendants respectfully request that the Court grant their

6  Motion to Strike Allegations of the Consolidated Class Action Complaint.

7

8  DATED:  November 16, 2020                    Respectfully submitted,

9                                               EISNER, LLP

10

11                                   By:    */s/ Christopher Frost*

12                                          CHRISTOPHER FROST
                                            Attorneys for Defendants Celestron Acquisition,
13                                          LLC; SW Technology Corp; Olivon USA, LLC;
                                            Dave Anderson; and Joseph Lupica
14

15

16

17

18

19

20

21

22

23

24  [2] Industry trades have already picked up on these allegations and reported on them, underscoring

25  the prejudicial nature of them.  *Celestron, Synta, Ningbo Sunny Consumer Telescope Antirust*

26  *Class Action,* Class Actions Reporter, available at:  https://classactionsreporter.com/celestron-

27  synta-ningbo-sunny-consumer-telescope-antitrust-class-action/ (last accessed Nov. 9, 2020).

28