1  CHRISTOPHER FROST (SBN 200336)
   cfrost@eisnerlaw.com
2  AMBER HENRY (SBN 247624)
   ahenry@eisnerlaw.com
3  ASHLEE N. LIN (SBN 275267)
   alin@eisnerlaw.com
4  AMY ROSE COLE (SBN 322185)
   rcole@eisnerlaw.com
5  EISNER, LLP
   9601 Wilshire Blvd., 7th Floor
6  Beverly Hills, California 90210
   Telephone:  (310) 855-3200
7  Facsimile:  (310) 855-3201

8  Attorneys for Defendants Celestron Acquisition,
   LLC; SW Technology Corp; Olivon USA, LLC;
9  Corey Lee; Dave Anderson; and Joseph Lupica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 5:20-cv-03639-EJD (consolidated)<br><br>*The Hon. Edward J. Davila*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF (1) MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT AND (2) TO STRIKE ALLEGATIONS OF THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:    February 18, 2021<br>Time:   9:00 a.m.<br>Crtrm.:  4 (5th Floor)<br><br>Trial Date:           none set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Evid. 452, 453, and in support of their (1) Motion to Dismiss the Consolidated Class Action Complaint and (2) Motion to Strike Allegations of the Consolidated Class Action Complaint, Defendants Celestron Acquisition, LLC, SW Technology Corp., Olivon USA, LLC, Dave Anderson and Joseph Lupica ("Defendants") will and hereby do request this Court take judicial notice of the following exhibits:

- **Exhibit 1**: November 23, 2015 draft complaint and accompanying cover letter from BraunHagey & Borden.
- **Exhibit 2**: Complaint filed in *Optronic Technology v. Ningbo Sunny, et. al.*, N.D. Cal. Case No. 5:16-cv-06370-EJD) (the "*Orion* Action").
- **Exhibit 3**: "Telescope Manufacturer Acquired," LA Times, Apr. 7, 2005, available at https://www.latimes.com/archives/la-xpm-2005-apr-07-fi-celestron7-story.html (last accessed Nov. 10, 2020).
- **Exhibit 4**: "SW Technology buys Celestron," Astronomy.com, Apr. 6, 2005, available at https://astronomy.com/news/2005/04/sw-technology-buys-celestron (last accessed Nov. 10, 2020).
- **Exhibit 5**: "Celestron under New Ownership," NexStar Resource Site, Apr. 6, 2005, available at https://www.nexstarsite.com/OddsNEnds/SyntaOwnership.htm (last accessed Nov. 10, 2020).
- **Exhibit 6**: Form 10-K for the Fiscal Year Ended February 28, 2006, Meade Instruments Corp., available at https://www.sec.gov/Archives/edgar/data/1032067/000095013406022215/a25455e10vk.htm (last accessed Nov. 11, 2020).

The Court can take judicial notice of Exhibit 1 because it is not reasonably subject to dispute, and the settlement discussions surrounding that draft were made public in Orion's complaint in the *Orion* Action. *Funk v. Bank of Hawaii*, No. 20-CV-01378-BLF, 2020 WL 2494530 (N.D. Cal. May 14, 2020) ("The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record.") Additionally, because the documents

are on BraunHagey & Borden letterhead and pleading caption, they "cannot reasonably be questioned" by Plaintiffs or their counsel BraunHagey & Borden. *See* Fed. R. Evid. 201(b). Federal Rule of Evidence 403 does not preclude consideration of the document because it is not being provided to demonstrate liability, but rather for the permissible purpose of demonstrating undue delay in bringing these claims. *See* Fed. R. Evid. 403(b); *see also Matsushita v. Mediatek*, No. C-05-3148 MMC, 2007 WL 963975 at *2–5 (N.D. Cal. March 30, 2007).

The Court can take judicial notice of Exhibit 2 because it is a matter of public record. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 452(d) ("Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States.") Public records, including judgments and other court documents, are proper subjects of judicial notice. *See*, *e.g.*, *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

The Court can take judicial notice of Exhibits 3–5 because they are not being offered for the truth of the contents therein, but as an indication of what information was publicly available at the time. Indeed, courts may take judicial notice of publications "as an indication of what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of various newspapers, magazines, and books). *See also Brodsky v. Yahoo! Inc.*, 630 F.Supp.2d 1104, 1111–12 (N.D. Cal. 2009) ("The Court also grants Defendants' request [for judicial notice] as to Exhibits 31 through 47, Yahoo! Press releases, news articles, analyst reports, and third party press releases to which the SAC refers, but not for the truth of their contents.").

The Court can take judicial notice of Exhibit 6 because it is a public filing with the SEC, which is properly the subject of judicial notice. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) ("Defendants contend that the court is authorized to take judicial notice of documents filed with the SEC. The court agrees that judicial notice of such documents is proper.")

1    For these reasons, Defendants request that the Court take judicial notice of Exhibits 1
2 through 6.

4 DATED: November 16, 2020             Respectfully submitted,

           EISNER, LLP


           By:  */s/ Christopher Frost*
                CHRISTOPHER FROST
                Attorneys for Defendants Celestron Acquisition,
                LLC; SW Technology Corp; Olivon USA, LLC;
                Dave Anderson; and Joseph Lupica