**[Counsel Listed on Signature Page]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **IN RE TELESCOPES ANTITRUST LITIGATION** | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-03642-EJD |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | **CASE MANAGEMENT SCHEDULE AND DISCOVERY PLAN**<br><br>Judge: Hon. Edward J. Davila |

## I. INTRODUCTION

Pursuant to the Order Granting Plaintiffs' Amended Motion to Appoint Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs at 3, No. 5:20-cv-03639 (Sept. 18, 2020), ECF No. 95, and the Order Appointing Lead Counsel ¶ 6, No. 5:20-cv-03642 (Sept. 18, 2020), ECF No. 49, Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs") and Defendants Celestron Acquisition, LLC, SW Technology Corporation, Corey Lee, David Anderson, and Joseph Lupica (collectively, "Defendants") propose the following case management schedule for the above-captioned actions ("Actions"). The parties have also engaged in multiple conferences pursuant to Federal Rule of Civil Procedure ("Rule") 26(f) since October 7, 2020 and propose the following discovery plan for the Actions.

## II. PROPOSED CASE MANAGEMENT SCHEDULE

### A. Plaintiffs' Position

Plaintiffs propose the following case management schedule through the close of expert discovery:

| Event | Date |
|---|---|
| Deadline to serve initial disclosures | Monday, November 23, 2020 |
| Status Conference | Thursday, January 14, 2021 |
| Hearing on motion to dismiss and motion to strike | Thursday, February 18, 2021 |
| Status Conference | Thursday, March 18, 2021 |
| Status Conference | Thursday, May 13, 2021 |
| Deadline to substantially complete document productions | Wednesday, September 1, 2021 |
| Status Conference | Thursday, September 16, 2021 |
| Status Conference | Thursday, January 13, 2022 |
| Deadline to amend pleadings | Tuesday, March 15, 2022 |
| Trial Setting Conference | Thursday, April 21, 2022 (per Standing Order) |

Case Management Schedule and Discovery Plan; Case Nos. 5:20-cv-03639-EJD; 5:20-cv-03642-EJD                                1

| | |
|---|---|
| Close of Fact Discovery | Monday, May 23, 2022, except that additional fact discovery may be conducted during the two-month period following the Court's ruling on class certification |
| Class certification | When Plaintiff is prepared to file its motion for class certification, Plaintiff will confer with Defendant and the parties shall jointly submit a briefing schedule to the Court |
| Deadline for rebuttal expert disclosures | Monday, July 11, 2022, except that certain experts may be disclosed two months after the Court's ruling on class certification |
| Status Conference | Thursday, July 21, 2022 |
| Deadline for rebuttal expert disclosures | Wednesday, September 7, 2022, except that certain experts may be disclosed four months after the Court's ruling on class certification |
| Status conference | Thursday, September 15, 2022 |
| Close of expert discovery | Tuesday, October 4, 2022, except that certain expert discovery may be conducted during the five-month period following the Court's ruling on class certification in relation to experts disclosed after the Court's ruling on class certification |
| Deadline for dispositive motions and *Daubert* motions | Tuesday, October 18, 2022 |

Plaintiffs believe it is important to have a case management schedule through dispositive motions and Daubert motions given the Court ordered the parties to submit a schedule pursuant to the orders referenced above. A schedule will also help to secure "the just, speedy, and inexpensive determination" of these complex Actions pursuant to Rule 1. Courts regularly establish schedules early on in antitrust cases—even in those involving more parties than here. *See*, *e.g.*, Scheduling Order, *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD (Nov. 13, 2014), ECF No. 342 (establishing schedule for first consolidated complaint through summary judgment). The parties can always move the Court to modify the schedule if the circumstances warrant it. Defendants' proposal would have the Actions proceed without a schedule until resolution of service of process and motions to dismiss or "mid to late next year" (*see supra*). In other words, the parties would have nothing on calendar after the motion to dismiss and motion to strike hearing on February 18, 2021.

/ / /

**Case Management Schedule and Discovery Plan; Case Nos. 5:20-cv-03639-EJD; 5:20-cv-03642-EJD**                                                                                   **2**

B. **Defendants' Position**

Defendants do not believe it is appropriate to set a schedule, especially this aggressive of a schedule, before all parties have been served, have answered, and the case is fully "at issue." Even if the Court is inclined to set a schedule now, the schedule proposed by Plaintiffs is overly-aggressive for a class action of this magnitude, for several reasons:

1. **Not All Parties Have Even Been Served, Let Alone Rule 12 Motions Filed or Determined**

Defendants believe it is premature to discuss a case schedule—certainly one that sets discovery and other deadlines—before the matter is "at issue," or at least before all parties have appeared and can be heard with respect to the proposed schedule. Here, not all defendants have been served. As explained in the Defendants' Opposition to the Motion for Order Authorizing Alternative Service (ECF No. 104), this is largely a function of the fact that Plaintiffs have not previously even attempted service on the foreign defendants. Plaintiffs' Motion for Order Authorizing Alternative Service is set to be heard on December 10, 2020. (*See* ECF No. 99.) Even if the Motion is granted (which should not be assumed), it is likely that further defendants will challenge personal jurisdiction and/or file Rule 12(b)(6) motions to dismiss. Assuming those motions would be due in January based on "service" in December, it is unlikely that those motions would be heard and resolved before March or April 2021. (For example, the Motions to Dismiss and Motions to Strike filed by the Defendants are not set to be heard until February 18, 2021, approximately four months after filing.) Moreover, class and merits discovery are not appropriate on parties challenging personal jurisdiction. Even if all jurisdictional and other Rule 12 motions were denied in their entirety (which should not be assumed), this means the matter would not be fully at issue until mid to late next year. To suggest that the parties can substantially complete document productions by September 2021, for instance, is therefore unreasonable. Defendants suggest that the Court wait until all parties have appeared, and Rule 12 motions resolved, before setting a full schedule.

/ / /

### 2. Plaintiffs' Proposed Schedule Is Still Overly-Optimistic, And The Court Should Not Set Discovery Deadlines Or Pre-Trial Deadlines Until A Ruling On the Class Certification Motions

Even if all parties had appeared, Plaintiffs' proposed schedule is still overly-optimistic. This is a substantial litigation with claimed damages of hundreds of millions of dollars. The continued viability of Defendants' businesses are at issue. And Plaintiffs have named individual defendants as well, who could be financially decimated by an adverse judgment. Defendants should have the opportunity to fully defend themselves. The proposed schedule does not allow for that.

Plaintiffs also conflate class and merits discovery. Although Defendants are not wed to a formal distinction between the two, Defendants do not agree with Plaintiffs' proposal to set dates for the close of merits fact and expert discovery at this time, when there is no date for a class certification hearing. The amount of discovery needed after the class certification hearing will largely depend on what happens at that hearing (and when that hearing even happens). At most, Defendants would request the Court set only status conference dates, and then consider pre-certification-hearing deadlines after the date of the class certification hearing is negotiated and set. Alternatively, the deadlines for fact and expert discovery should be set at least 12 months later than proposed by Plaintiffs.

### III. PROPOSED DISCOVERY PLAN

**A.** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties agree to exchange initial disclosures and expert disclosures in accordance with the Proposed Case Management Schedule, *supra*. The parties will propose a date for the exchange of pretrial disclosures later but at least 30 days before trial pursuant to Rule 26(a)(3). The parties do not propose any changes to the form or requirement for disclosures under Rule 26(a).

/ / /

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

**1.    The subjects on which discovery may be needed**

**a.    Plaintiffs' Statement**

Plaintiffs identify at least the following subjects on which they will need discovery:

1. The identity of the participants of the alleged conspiracy and Defendants' corporate organization;

2. Defendants' compliance policies regarding federal and state antitrust laws;

3. The acts carried out by Defendants and their co-conspirators in furtherance of the conspiracy;

4. The duration of the alleged conspiracy;

5. Whether the market for telescopes in the United States is the relevant market;

6. Whether the United States constitutes the relevant geographic market;

7. Whether Defendants possess market or monopoly power in the telescope market;

8. Whether Defendants and their competitors agreed or combined to restrain competition and exclude competitors from the telescope market;

9. Whether Defendants entered into concerted refusals to deal to foreclose competition and exclude competitors from the telescope market;

10. Whether Defendants unjustly enriched themselves to the detriment of the Plaintiffs;

11. Whether the conduct of Defendants and their co-conspirators caused injury to Plaintiffs;

12. The effect of the alleged conspiracy on the prices of telescopes sold in the United States;

13. Whether Plaintiffs had any reason to know or suspect the conspiracy or any means to discover the conspiracy;

14. Whether Defendants and their co-conspirators fraudulently concealed the conspiracy's existence from Plaintiffs;

15. The appropriate injunctive and related equitable relief; and

16. The appropriate class-wide measure of damages.

### b.   Defendants' Statement

In addition to the topics above, Defendants believe discovery is required on, among other topics:

1. Class certification standards and whether Plaintiffs can meet those standards;

2. The identity of the purported class members;

3. Plaintiffs' timing and delay in bringing these claims;

4. The bases (or lack thereof) for Plaintiffs' claims;

5. Alternate sources and pricing for telescopes and components;

6. Optronic Technologies, Inc.'s ("Orion's") involvement (and alleged lack thereof) in this lawsuit;

7. The reasons behind the filing of these lawsuits;

8. Fair competition practices by Defendants;

9. Alternate reasons for DPP Plaintiffs' alleged financial harm;

10. The financial position and purchasing practices of Plaintiffs; and

11. Plaintiffs' purchasing decisions.

### 2.   When discovery should be completed

See Section I, *supra*.

### 3.   Whether discovery should be conducted in phases or be limited to or focused on particular issues

As indicated in the Joint Case Management Statement, the parties have different views on whether discovery should be conducted in phases. *See, e.g.*, Joint Case Management Statement at 13, No. 5:20-cv-03639 (Aug. 24, 2020), ECF No. 66.

### a.   Plaintiffs' Statement

Plaintiffs propose that "class" and "merits" discovery proceed together. The bifurcation of discovery fails to promote judicial economy because it causes disputes regarding whether

requested discovery is class- or merits-based. Bifurcation also tends to result in the duplication of effort and expense for the parties. For example, when discovery has been bifurcated, a defendant may seek to limit a witness's deposition to class issues, thereby necessitating a second deposition of that witness later in the litigation to address merits issues.

District courts around the country have observed that "bifurcated discovery 'belies the principles of judicial economy.'" *See*, *e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172 (D.D.C. 2009) (quoting *In re Plastics Additives Antitrust Litig.*, No. Civ.A. 03–2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004)). Other district courts have echoed this concern as well. *See*, *e.g.*, *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990); *In re Hamilton Bancorp, Inc. Secs. Litig.*, No. 01CV0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002).

The Federal Judicial Center, in its Manual for Complex Litigation, observed:

> [I]nformation about the nature of the claims on the merits and the proof they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.

*Manual for Complex Litigation* (*Fourth*) § 21.14 (2004).

Additionally, the leading treatise on class action litigation explains:

> If such an order bifurcating discovery is signed, the defense then [often] objects to all of the discovery demands claiming all are "merits discovery." As a result, additional motions, hearings and delay disrupt the flow of information. Eventually, the court will have to order discovery or modify the original order separating "merits" from "class issues." Alternatively, the court can immerse itself in the discovery process and rule on each demand, declaring it "merits" or "class issues" discovery. In any event, the expected economies of discovery bifurcation are rarely achieved.

*Newberg on Class Actions* § 9:44 n.4 (4th ed. 2012).

Discovery limited by bifurcation is not supported by the Federal Rules of Civil Procedure, which "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Bifurcation of discovery unnecessarily delays proceedings and the ultimate resolution of an action. A party wishing to limit the scope of discovery, or control its sequence, has the burden to show "good cause" for such an order. Fed. R. Civ. P. 26(c)(1).

Plaintiffs oppose Defendants' proposal to bifurcate class and merits discovery as inefficient and inappropriate because discovery pertaining to class and merits issues routinely overlaps in antitrust litigation and can be expected to do so here.

### b.       Defendants' Statement

In the spirit of accommodation and compromise, Defendants agree that a formal distinction between class certification and merits discovery is not required. However, Defendants do believe that additional merits-only discovery will be necessary after the hearing on class certification, and will be somewhat dependent on what happens at that hearing. Additionally, Defendants do not believe discovery is appropriate on any parties challenging personal jurisdiction until after the jurisdictional challenges are decided. Finally, Defendants are moving to strike the class period prior to 2013. If that motion is granted, Defendants do not believe discovery going back to 2005 is appropriate.

**C.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties will specifically address disclosure, discovery, or preservation of electronically stored information in one or more of the stipulated orders referenced in Section F, *infra*.

**D.    Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties will specifically address claims of privilege and claims of protection as trial-preparation materials in one or more of the stipulated orders referenced in Section F, *infra*.

E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The parties will specifically address what changes should be made in the limitations on discovery in one or more of the stipulated orders referenced in Section F, *infra*.

F. **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties are working in good faith to see if they can stipulate to orders concerning:

1. Stipulated Order Governing the Production and Exchange of Confidential Information;

2. Stipulated Order Regarding the Production of Electronically Stored Information and Hard Copy Documents;

3. Stipulated Order Regarding Discovery Limits;

4. Stipulated Order Regarding Discoverability of Certain Expert Materials and Communications; and

5. Any other stipulated orders that the parties deem appropriate.

Dated: November 18, 2020

*/s/ Adam J. Zapala*
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com

**Case Management Schedule and Discovery Plan; Case Nos. 5:20-cv-03639-EJD; 5:20-cv-03642-EJD**                                                                                                                     9

mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

*/s/ Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

*/s/ Ronald J. Fisher*
J. Noah Hagey
Matthew Borden
Ronald J. Fisher
Gunnar Martz
Athul K. Acharya
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210
Fax: (415) 276-1808
hagey@braunhagey.com
borden@braunhagey.com
fisher@braunhagey.com
martz@braunhagey.com
acharya@braunhagey.com

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

*/s/ Christopher Frost*
Christopher Frost (SBN 200336)
cfrost@eisnerlaw.com
Amber Henry (SBN 247624)
ahenry@eisnerlaw.com
Ashlee N. Lin (SBN 275267)
alin@eisnerlaw.com
Rosie Cole (SBN 322185)
rcole@eisnerlaw.com
**EISNER, LLP**
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

*Attorneys for Defendants Celestron Acquisition, LLC, SW Technology Corp., Corey Lee, David Anderson, and Joseph Lupica*

**ATTORNEY ATTESTATION**

I, Adam J. Zapala, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

/s/ <i>Adam J. Zapala</i><br>Adam J. Zapala