UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-03642-EJD |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All Actions | ORDER GRANTING DIRECT AND INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE |

Before the Court is Direct and Indirect Purchaser Plaintiffs' (collectively, "Plaintiffs") Motion for Order Authorizing Alternative Service. Dkt. No. 99 ("Motion"). Having considered all the papers and pleadings on file, the Court had determined that the matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Defendants Celestron Acquisition, LLC, SW Technology Corp, Corey Lee, David Anderson, and Joseph Lupica oppose the Motion on the grounds that Plaintiffs have made no effort to effectuate service through the Hague Convention or letters rogatory and have therefore failed to show that alternative service is necessary. *See* Dkt. No. 104. The Court finds that it is not necessary for Plaintiffs' to have attempted service through the Hague Convention or letters rogatory before seeking an order authorizing alternative service from the Court. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("[W]e disapprove of the statements in *Graval* which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed."); *Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013, at *4 (N.D. Cal. June 19, 2020) ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) and the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means.").

Defendants do not otherwise contest that the service methods proposed in Plaintiffs' Motion are sufficient to put the Foreign Defendants on notice of these actions pursuant to Rule 4 of the Federal Rules of Civil Procedure. Therefore, good cause appearing, the Court HEREBY GRANTS the Motion as stated below.

The underserved Foreign Defendants comprise three China-based Defendants: Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., and Ningbo Sunny Electronic Co. Ltd.; one Taiwan-based Defendant: Synta Technology Corp. of Taiwan; and eight Canada-based Defendants: Olivon Manufacturing Co. Ltd., Pacific Telescope Corp., Synta Canada International Enterprises Ltd., David Shen, Sylvia Shen, Jack Chen, Jean Shen, and Laurence Huen.

The Court orders Plaintiffs to serve the unserved Foreign Defendants through the following methods, each of which are authorized by Federal Rule of Civil Procedure 4(e) and 4(f)(3):

- **Suzhou Synta Optical Technology Co., Ltd. ("Suzhou"):** Suzhou is a Synta-affiliated Chinese entity. Plaintiffs shall serve Suzhou (1) through Eisner, LLP ("Eisner"), counsel for its U.S-based affiliates, Celestron Acquisition, LLC ("Celestron") and SW Technology Corp. ("SW"); (2) through its already-served and close U.S. affiliates, Celestron and SW; (3) by email to a well-known and established Suzhou-affiliated email address, syntadavid@163.com; and (4) by certified mail to Attn: David Shen, Suzhou Synta Optical Technology Co., Ltd., No. 65 Yushan Road, New District, Suzhou, China 215011.

- **Nantong Schmidt Opto-Electrical Technology Co. Ltd. ("Nantong"):** Nantong is a Synta-affiliated Chinese entity. Plaintiffs shall serve Nantong (1) through Eisner, counsel for its U.S-based affiliates, Celestron and SW; (2) through its already-served and close U.S. affiliates, Celestron and SW; (3) by email to a well-known and established Nantong-affiliated email address, syntadavid@163.com; and (4) by certified mail to Attn: David Shen, Nantong Schmidt Opto-Electrical Technology Co., Ltd., No. 399 West Zhongshan Rd., Rugoa City, Jiangsu, China.

- **Synta Technology Corp. of Taiwan ("Synta Taiwan")**: Synta Taiwan is a Synta-affiliated Taiwanese entity. Plaintiffs shall serve Synta Taiwan (1) through Eisner, counsel for its U.S-based affiliates, Celestron and SW; (2) through its already-served and close U.S. affiliates, Celestron and SW; (3) by email to a well-known and established Synta Taiwan-affiliated email address, syntadavid@163.com; and (4) by certified mail to Attn: David Shen, Synta Technology Corp. of Taiwan, No. 89 Lane 4, Chia An W. Road, Lung-Tan, Taoyuan, 32546, Taiwan R.O.C.

- **Olivon Manufacturing Co. Ltd., Pacific Telescope Corp., Synta Canada International Enterprises Ltd., David Shen, Sylvia Shen, Jack Chen, Jean Shen, and Laurence Huen:** These Defendants are all Synta-affiliated, Canada-based entities and individuals. Plaintiffs shall serve them (1) through Eisner, counsel for their U.S-based

affiliates, Celestron and SW; (2) their already-served and close U.S. affiliates, Celestron and SW; (3) by email to well-known and established email addresses, info@olivonmanufacturing.com, support@skywatcherusa.com, and shentakuo1@gmail.com; and (4) by certified mail to the following addresses: 11880 Hammersmith Way, Richmond, BC V7A 5C8, Canada and 7531 Lucas Road, Richmond, BC V6Y1G1, Canada.

- **Ningbo Sunny Electronic Co. Ltd. ("Ningbo Sunny"):** Ningbo Sunny is a Chinese entity affiliated with Co-Conspirator Meade Instruments Corp. ("Meade"). Plaintiffs shall serve Ningbo Sunny (1) through Sunny's appellate counsel, Greenberg Traurig, LLP; (2) through its wholly-owned and controlled U.S. subsidiary, Meade; (3) by email to a well-known and established Ningbo Sunny-affiliated email address, nbsunny@vip.sina.com; and (4) by certified mail to Attn: Peter Ni, Ningbo Sunny Electronic Co., Ltd., No. 199 Anshan Road, Yuyao, Zhejiang, China 315400.

For good cause shown, **IT IS SO ORDERED.**

Dated: __December 2, 2020__

The Hon. Edward J. Davila
United States District Judge