UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03639-EJD   (VKD)<br>Case No. 20-cv-03642-EJD   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE COORDINATION OF DEPOSITIONS**<br><br>Re: No. 20-cv-03639, Dkt. Nos. 161<br>    No. 20-cv-03642, Dkt. Nos. 151 |

In these related cases,[1] the parties ask the Court to resolve a dispute concerning whether and to what extent the parties must coordinate regarding the depositions of Sylvia and Jean Shen. *Hightower v. Celestron Acquisition, LLC*, No. 20-cv-03639, Dkt. Nos. 161 (N.D. Cal. Apr. 5, 2021); *Spectrum Scientifics LLC v. Celestron Acquisition, LLC*, No. 20-cv-03642, Dkt. Nos. 151 (N.D. Cal. Apr. 5, 2021). For the reasons explained below, the Court will require the parties to coordinate regarding these depositions.

I.   **BACKGROUND**

Sylvia and Jean Shen are sisters of David Shen, who owns and controls several related

---

[1] The Court has ordered the relation and consolidation of the following indirect purchaser plaintiff ("IPP") cases under *Hightower v. Celestron Acquisition, LLC*, No. 20-cv-03639 (N.D. Cal.): *Murphy v. Celestron Acquisition, LLC*, No. 20-cv-04049 (N.D. Cal.); *Brewer v. Celestron Acquisition, LLC*, No. 20-cv-04823 (N.D. Cal.); *Goldblatt v. Shen*, No. 20-cv-04860 (N.D. Cal.); *Kaufman v. Celestron Acquisition, LLC*, No. 20-cv-05285 (N.D. Cal.); *Griffith v. Shen*, No. 20-cv-05400 (N.D. Cal.); *Price v. Shen*, No. 20-cv-06216 (N.D. Cal.); *Moore v. Celestron Acquisition, LLC*, No. 20-cv-06435 (N.D. Cal.); *Riley v. Celestron Acquisition, LLC*, No. 20-cv-06527 (N.D. Cal.). Dkt. Nos. 55, 56, 98, 103. The Court did not consolidate these IPP actions with the direct purchaser plaintiffs' ("DPPs") action, *Spectrum Scientifics LLC v. Celestron Acquisition, LLC*, No. 20-cv-03642 (N.D. Cal.), but rather ordered that the consolidated IPP actions and *Spectrum Scientifics* "are to proceed on a coordinated basis going forward 'to secure the just, speedy, and inexpensive determination of every action and proceeding' pursuant to Rule 1." Dkt. No. 55 ¶ 3.

1  companies that the parties refer to as the "Synta" entities. Several Synta entities are named

2  defendants in this litigation, as is David Shen. Sylvia and Jean Shen are named defendants in the

3  Direct Purchaser Plaintiffs' ("DPPs") action but are not parties in the Indirect Purchaser Plaintiffs'

4  ("IPPs") action. *See Spectrum Scientifics*, No. 20-3642, Dkt. No. 54 (N.D. Cal. Oct. 19, 2020);

5  *Hightower*, No. 20-3639, Dkt. No. 113 (N.D. Cal. Nov. 6, 2020). In both actions, Sylvia and Jean

6  Shen are alleged to have conspired together with others to fix prices, divide the telescope market,

7  and engage in other anti-competitive activities.

8  Sylvia and Jean Shen reside in Canada. Dkt. No. 161 at 4. They have moved to dismiss

9  and to strike the operative complaints in the DPPs' action, and those motions are pending.

10  *Spectrum Scientifics*, No. 20-3642, Dkt. Nos. 96, 97, 98 (N.D. Cal. Jan. 20, 2021).

11  The DPPs wish to take the Shens' depositions now. The IPPs also wish to take the Shens'

12  depositions, but only after relevant documents have been produced. Defendants do not object to

13  producing the Shens for deposition at some point; however, they object to producing them for

14  separate depositions by the DPPs and the IPPs, and they object to the timing of the depositions.

## II. DISCUSSION

16  The parties' dispute raises a number of issues, among them: (1) whether DPPs (or IPPs)

17  are entitled to take the Shens' depositions whenever they wish and without regard to the interests

18  of other parties in the related cases or other case management considerations; (2) whether

19  deposition discovery of the Shens should be delayed pending resolution of their pending motions

20  to dismiss; and (3) whether deposition discovery of the Shens should be delayed until COVID19-

21  related travel restrictions are eased so that defense counsel may travel to Canada to defend the

22  depositions in person with the Shens. The Court addresses each of these issues.

### A. Timing of Depositions

24  DPPs assert that they are entitled to take the Shens' depositions at any time because Rule

25  26 of the Federal Rules of Civil Procedure provides that methods of discovery may be used in any

26  sequence and because discovery by one party does not require any other party to delay its

27  discovery. Fed. R. Civ. P. 26(d)(3)(A), (B). While DPPs are correct that the Federal Rules do not

28  *require* that discovery occur in a particular order or that one party's discovery must be contingent

2

1    on another party's discovery, this argument overlooks other obligations DPPs have under the

2    Rules, including the obligation to use the authorized discovery procedures to secure the just,

3    speedy, and inexpensive determination of the action, and to confer with other parties on a

4    discovery plan. *See* Fed. R. Civ. P. 1, 26(f); *see also Russell v. Maman*, No. 18-cv-06691-RS

5    (AGT), 2020 WL 5943844, at *4 (N.D. Cal. Oct. 7, 2020) ("There is no legal precedent giving a

6    party the right to demand discovery in a certain order . . . . The Federal Rules of Civil Procedure

7    do not permit a party to make unilateral decisions regarding the sequence and timing of

8    depositions during discovery."). DPPs also ignore the Court's authority to manage discovery and

9    to require coordination in the interest of justice. *See* Fed. R. Civ. P. 26(d)(3); Fed. R. Civ. P.

10   26(b)(2)(c) and advisory committee's note to 1993 amendment ("The revisions in Rule 26(b)(2)

11   are intended to provide the court with broader discretion to impose additional restrictions on the

12   scope and extent of discovery . . . . The revision also dispels any doubt as to the power of the

13   court to impose limitations on the length of depositions under Rule 30 or on the number of

14   requests for admission under Rule 36."); *Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998)

15   (describing trial court's broad discretion to dictate the timing sequence of discovery and limit the

16   time, place, and manner of discovery).

17   With respect to the Shens' depositions, DPPs' portion of the joint submission contains no

18   explanation regarding what information DPPs hope to obtain from the Shens or how their

19   depositions are relevant and proportional to the needs of the case. When pressed for an

20   explanation at the hearing, DPPs responded that Sylvia Shen is a decisionmaker for defendant

21   Celestron Acquisition, LLC and is expected to have information about the acts constituting the

22   alleged conspiracy, and that Jean Shen is expected to at least have knowledge of the alleged

23   conspiracy. *Hightower*, No. 20-3639, Dkt. 167 at 13:6–16:8. IPPs also want to take the Shens'

24   depositions, and it appears from the discussion at the hearing that DPPs and IPPs intend to cover

25   substantially the same subject matter with these two witnesses. *See id.* at 16:15–17:19. Although

26   DPPs say their interests in the Shens' depositions conflicts with IPPs' interests, the only conflict

27   appears to be a disagreement regarding when the depositions should be taken. As to the question

28   of timing, DPPs' portion of the joint submission contains no explanation for why immediate

3

depositions of the Shens are required. At the hearing, DPPs argued with respect to Sylvia Shen as follows:

> [I]t would be very important to take her deposition right now. And when the documents come in, they will confirm whether or not she's been telling the truth or not. And so we don't need the documents to take her deposition. And sometimes taking a witness's deposition under these circumstances is an advantageous strategy.

*Id.* at 13:23–14:4.

DPPs appear to contend that they are entitled to the Shens' testimony based on the witnesses' unrefreshed recollections of events that happened years ago. The Court infers that DPPs hope or expect to obtain deposition testimony that may be used for impeachment purposes at trial, and that they will lose the opportunity to obtain such testimony if the witnesses have occasion to refresh their recollections by reviewing relevant documents in advance of their depositions. If this is indeed DPPs' justification for seeking the Shens' depositions now, DPPs have not provided an adequate justification for their demand. *See Malek v. Green*, No. 17-cv-0263-BLF (VKD), 2018 WL 4026989 (N.D. Cal. Aug. 23, 2018).

The Court does not suggest that a particular showing must always be made as a prerequisite for taking a witness's deposition before production of documents. However, in these related and coordinated cases, where another set of plaintiffs wishes to take depositions of the same witnesses covering the same subject matter, DPPs do not have an absolute right to notice and take these depositions without at least attempting to coordinate with other parties regarding the timing of the depositions. Rather, the Court will require the parties to coordinate regarding the taking of the Shens' depositions, as they must all other depositions where more than one party seeks testimony of the same witness.

### B. Pending Motion to Dismiss

Sylvia and Jean Shen have moved to dismiss under Rule 12(b)(6) and to strike the operative complaint in the DPP action. *Spectrum Scientifics*, No. 20-cv-03642, Dkt. Nos. 96, 97, 98 (N.D. Cal. Jan. 20, 2021). Those motions are pending. Defendants suggest that depositions should proceed only after the presiding judge decides the pending motions. DPPs object.

The Court agrees with DPPs that no discovery should be delayed due to the pendency of

these motions.

## C.     COVID19-Related Constraints

Defendants suggest that the Shens' depositions should be delayed until COVID19-related travel restrictions are lifted to permit defense counsel to travel to Canada to defend the depositions in person. DPPs object.

The Court appreciates the difficulties parties and counsel experience in taking and defending depositions during the pandemic. However, because it is not possible to predict when restrictions will be lifted (or reinstated), depositions cannot simply be delayed until a time when in-person depositions or defense of depositions will be feasible. Rather, the parties should endeavor to agree in advance on procedures for conducting depositions via videoconference so that discovery may proceed, taking into account COVID19-related constraints.

## III.    CONCLUSION

For the reasons stated above, the Court denies DPPs' demand that Sylvia and Jean Shen be ordered to sit for depositions within 14 days. The parties must coordinate with respect to these depositions as with other discovery.

**IT IS SO ORDERED.**

Dated: April 20, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge