UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03639-EJD (VKD)<br>Re: Dkt. No. 171<br><br>Case No. 20-cv-03642-EJD (VKD)<br>Re: Dkt. No. 166<br><br>**ORDER RE DISCOVERY PLAN DISPUTE** |
|---|---|

At the Court's direction, the parties in these related cases have conferred regarding a discovery plan. They report that they agree upon almost all provisions of a proposed plan and ask the Court to resolve only one dispute concerning the location of depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).

The Direct Purchaser Plaintiffs' ("DPPs") and the Indirect Purchaser Plaintiffs' ("IPPs") (collectively, "plaintiffs") propose that the parties should conduct all Rule 30(b)(6) depositions in the Northern District of California. Defendants propose that the location of Rule 30(b)(6) depositions and individual depositions should be determined on a case-by-case basis at the time each deposition is noticed. The parties frame their respective proposals as follows:

| Plaintiffs | Subject to re-taxing any costs and expenses, depositions of a corporation pursuant to Federal Rule Civil Procedure 30(b)(6) will presumptively take place in the Northern District of California. The parties should consider whether the United States, including but not limited to the Northern District of California, is the most efficient and inexpensive location for the deposition of non-30(b)(6) foreign residence witnesses. |
|---|---|
| Defendants | No less than 21 days before a deposition, the parties will meet and |

|   | confer regarding the location of the deposition, and whether such deposition will take place remotely or in person. |
|---|---|

Dkt. No. 171.[1]

Defendants are correct that ordinarily a deposition of a corporation or other entity should be taken at its principal place of business. *See* Fed. R. Civ. P. 26(c)(1); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005). On the other hand, plaintiffs—including corporate or other entities—must generally make themselves available for deposition in the forum district. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-3078-JSC, 2015 WL 13423886. at *1 (N.D. Cal. Aug. 11, 2015). However, the Court may, in its discretion, require depositions to proceed in a different location, considering the convenience of the parties and counsel, the convenience of the persons to be deposed, the likelihood of discovery disputes arising that would require resolution by the forum court, the burden and expense associated with a particular deposition location, and other factors. *See id.* at *2; *S.E.C. v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014).

With respect to Rule 30(b)(6) depositions of the *parties*, the Court agrees with plaintiffs that selecting a default or presumptive location for such depositions in advance will serve the interests of fairness and efficiency. From the record before the Court, it appears that at least some corporate parties have their principal places of business outside of the United States, including two defendant corporations with principal places of business in China where (the Court is informed) it may be difficult, if not impossible, to obtain deposition testimony. *See* Dkt. No. 171 at 3. Moreover, given the number of counsel likely to attend each such deposition, the Court expects that it will be more cost-effective to have the Rule 30(b)(6) designee(s) travel to the Northern District of California rather than having all counsel travel to a party's principal place of business outside of this district. While the Court hopes and expects that the parties will have few deposition-related discovery disputes, the sheer number of depositions contemplated in the parties' discovery plan suggests that there may be some disputes that will require resolution by this Court, and this also weighs in favor of having the depositions proceed in this forum. Accordingly, with

---

[1] All docket citations are to the parties' joint submission in Case No. 20-cv-3639.

respect to *party deponents*, Rule 30(b)(6) depositions should presumptively take place in the Northern District of California. This remains only a presumption, however, subject to rebuttal and modification based on the particular circumstances presented.[2] The noticing or deposing party or parties shall be responsible for payment of reasonable travel and lodging expenses for any Rule 30(b)(6) designees who must travel to the Northern District of California for purposes of the deposition.

With respect to Rule 30(b)(6) depositions of *non-parties* who are not presently before the Court and who may not be within the Court's jurisdiction, the Court does not believe it is appropriate to declare in advance a presumptive location for such depositions.

With respect to depositions of parties and witnesses who are not Rule 30(b)(6) designees, the Court agrees that the parties should confer regarding the most convenient and cost-effective means and location for conducting the depositions, including having the deponents travel to the United States, and in particular to the Northern District of California (where plaintiffs' counsel are located) or the Central District of California (where defendants' counsel are located), or conducting the depositions by remote means.

The Court requests that the parties re-file their discovery plan as a proposed order, reflecting the Court's resolution of their dispute concerning the location of Rule 30(b)(6) depositions. The proposed order must be filed no later than **May 10, 2021**.

**IT IS SO ORDERED.**

Dated: May 4, 2021

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] *See, e.g.*, *Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the S. District of Iowa*, 482 U.S. 522, 546 (1987) (cautioning district courts to "exercise special vigilance" to protect foreign litigants from abusive discovery practices).