# EXHIBIT 1

CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
AMBER HENRY (SBN 247624)
ahenry@eisnerlaw.com
ASHLEE LIN (SBN 275267)
alin@eisnerlaw.com
ROSIE COLE (SBN 322185)
rcole@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Celestron Acquisition, LLC;
David Shen; Sylvia Shen; Jack Chen; Jean Shen;
Suzhou Synta Optical Technology Co., Ltd.;
Nantong Schmidt Opto-Electrical Technology Co. Ltd.;
Synta Technology Corp.; SW Technology Corporation;
Synta Canada International Enterprises Ltd.;
Olivon Manufacturing Group Ltd.
(incorrectly named as Olivon Manufacturing Co. Ltd.);
Joseph Lupica; Corey Lee; Dave Anderson;
Laurence Huen; and Pacific Telescope Corp.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Consolidated Case No. 5:20-cv-03639-EJD<br><br>*The Hon. Edward J. Davila*<br><br>**DEFENDANT SYNTA TECHNOLOGY CORP. OF TAIWAN'S RESPONSES AND OBJECTIONS TO INDIRECT AND DIRECT PURCHASER PLAINTIFFS' FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Trial Date:            none set |

780555.1

1

Case No. 5:20-cv-03639-EJD

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26 and 30, Defendant Synta Technology Corp. of Taiwan ("Responding Party" or "Synta Technology") hereby objects and responds to Indirect and Direct Purchaser Plaintiffs' Notice of Deposition and Request for Production of Documents ("Notice"), as follows:

## OBJECTION TO LOCATION

Responding Party objects to the Notice to the extent it purports to require the "in-person deposition(s) of the designated representative(s) of [Synta Technology]" in the Northern District of California. Pursuant to the Court's order, dated May 5, 2021, "Rule 30(b)(6) depositions should presumptively take place in the Northern District of California. ***This remains only a presumption, however, subject to rebuttal and modification based on the particular circumstances presented***. The noticing or deposing party or parties shall be responsible for payment of reasonable travel and lodging expenses for any Rule 30(b)(6) designees who must travel to the Northern District of California for purposes of the deposition." (*Hightower v. Celestron Acquisition, LLC, et. al.*, ECF No. 172 at p. 2-3 (emphasis added).) Responding Party is willing to further meet and confer regarding the location of the deposition and whether they will take place in-person, including because of Covid-19, but to the extent any Rule 30(b)(6) designees must travel to the Northern District of California for purposes of the deposition, Responding Party expects that Plaintiffs will pay for all reasonable travel and lodging expenses, as required by the Court's order. (*See id.*)

## OBJECTION TO TIME LIMITATIONS

Responding Party further objects to the Notice to the extent it seeks a deposition beyond the time limits previously agreed to by Responding Party, i.e. 3.5 hours for any witness that does not require translation and 7 hours for any witness requiring translation.

## GENERAL OBJECTIONS

The following general objections are incorporated into and made part of the response to each topic:

1. Responding Party objects to the Notice to the extent that it attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or by the Local

780555.1

EISNER, LLP

2

Case No. 5:20-cv-03639-EJD

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

1  Rules of the United States District Court for the Northern District of California.

2      2.    Responding Party objects to the Notice to the extent that it requests Responding

3  Party to produce a 30(b)(6) witness to testify on matters that are not specifically known to

4  Responding Party or with respect to material that is outside the possession of Responding Party.

5      3.    Responding Party objects to the Notice to the extent that it seeks testimony

6  disclosing or reflecting information protected by the attorney-client privilege or work product

7  immunity.  Responding Party also objects to the extent that the Notice seeks information otherwise

8  protected or privileged by applicable laws or statutes.

9      4.    Responding Party objects to the Notice to the extent that the Topics listed are

10  vague, ambiguous, overly broad, not proportional to the needs of the case, not relevant to any

11  claim or defense asserted in this litigation, and/or are unduly burdensome.

12      5.    Responding Party objects to each Topic to the extent that it calls for information

13  that is confidential or proprietary to a third party.  Each such topic is overly broad, unduly

14  burdensome, oppressive, and seeks to impose obligations beyond that which are required by the

15  Federal Rules of Civil Procedure.

16      6.    Responding Party further objects to the Notice to the extent it seeks information not

17  related to the issue of document preservation in this case.

18      7.    Responding Party further objects to the Notice to the extent it seeks information not

19  in the possession, custody, or control of Responding Party.

20      8.    Responding Party objects to the Notice to the extent it purports to require the

21  production of documents outside the scope of the requests, including after the deposition.

22      9.    Any testimony offered by Responding Party in response to the Rule 30(b)(6)

23  Notice is specifically without waiver of these and other objections, and Responding Party reserves

24  its right to object further at or after the deposition.

**OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

**DEPOSITION TOPIC NO. 1:**

Synta Technology's policies, procedures, guidelines, and practices (including any changes over time) concerning the deletion, backup, and preservation of documents, implemented prior to

1 the Orion Litigation.

2 **RESPONSE TO DEPOSITION TOPIC NO. 1:**

3   Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic on the grounds that the Orion Litigation is not relevant to the issue of document preservation in this case. Responding Party further objects to this Topic as unduly burdensome and overbroad in scope and time as it seeks testimony regarding a time period that preceded Responding Party's notice of this litigation by nearly six years. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

   Subject to the foregoing objections, Responding Party will provide a witness to testify regarding Responding Party's policies, procedures, guidelines, and practices (including any changes over time) concerning the deletion, backup, and preservation of documents, in place at the time of the document deletion.

**DEPOSITION TOPIC NO. 2:**

   The manner and extent to which Synta Technology preserved documents in anticipation of the Orion Litigation or any other litigation. This includes identification of all individuals involved in the preservation, the date preservation began, confirmation as to whether or not a litigation hold was issued, the contents and recipients of such a litigation hold, and what, if anything, was communicated regarding preservation after the 2016 Settlement.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

   Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic on the grounds that the Orion Litigation or any litigation other than the present litigation is not relevant to the issue of document preservation in this case. Responding Party further objects to this Topic as unduly burdensome and grossly

1  overbroad in scope and time as it seeks testimony regarding document preservation in anticipation
2  of an unrelated litigation that Responding Party settled nearly six years ago, and "any other
3  litigation," regardless of time period or subject matter. Responding Party further objects to this
4  Topic on the grounds that the phrase "any other litigation" is vague and ambiguous to the point it
5  is entirely unclear as to what information the Topic seeks to elicit. Responding Party further
6  objects to this Topic to the extent it seeks information that is no longer in the custody, control, or
7  possession of Responding Party.

8  Subject to the foregoing objections, Responding Party will provide a witness to testify
9  regarding the manner and extent to which Synta Technology preserved documents in anticipation
10 of the present litigation.

11 **DEPOSITION TOPIC NO. 3:**

12 The decision to destroy Synta Technology's documents. This includes identification of all
13 individuals involved in making the decision, all reasoning considered (whether in favor of or
14 against) the decision, the date the decision was first considered, the date the decision was
15 ultimately made, the decision-making process (i.e., at the direction of an individual, the subject of
16 a board meeting, etc.), and any potential litigation claims Synta Technology was aware of at the
17 time the decision was made. Destruction includes the removal of Synta Technology's documents
18 from Synta Technology's possession, custody, or control.

19 **RESPONSE TO DEPOSITION TOPIC NO. 3:**

20 Responding Party objects to this Topic for the reasons stated in its General Objections,
21 which are incorporated by reference as though fully set forth herein. Responding Party further
22 objects to this Topic to the extent it seeks attorney-client communications or attorney work
23 product. Responding Party further objects to this Topic to the extent it assumes facts regarding
24 Responding Party's "destruction" of documents, rather than "deletion" of documents in the
25 ordinary course of winding down its business. Responding Party further objects to this Topic on
26 the grounds that the phrase "the decision to destroy Synta Technology's documents" is vague and
27 ambiguous. Responding Party further objects to this Topic on the grounds that any potential
28 litigation other than the present litigation is not relevant to the issue of document preservation in

EISNER, LLP

780555.1                                    5                      Case No. 5:20-cv-03639-EJD
**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

this case. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 4:**

The process by which Synta Technology's documents were destroyed. This includes identification of all individuals involved in the destruction, the means by which each of those individuals destroyed such documents, the date the destruction began, the date the destruction was completed, and whether any effort was made to record or otherwise copy the contents of the documents prior to destruction.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic to the extent it assumes facts regarding Responding Party's "destruction" of documents, rather than "deletion" of documents in the ordinary course of winding down its business. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 5:**

At or near the time of their destruction, the specific locations and sources of documents in the possession, custody, or control of Synta Technology, the respective identity of the users of these sources of documents, the custodian of the documents, and the present status of these sources of documents.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

Responding Party objects to this Topic for the reasons stated in its General Objections,

which are incorporated by reference as though fully set forth herein.  Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product.  Responding Party further objects to this Topic to the extent it assumes facts regarding Responding Party's "destruction" of documents, rather than "deletion" of documents in the ordinary course of winding down its business.  Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 6:**

To the extent not addressed in prior topics, the date Synta Technology's counsel in this case was first informed of Suzhou Synta's document destruction.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein.  Responding Party further objects to this Topic on the grounds that it seeks information not relevant to the issue of document preservation in this case.  Responding Party further objects to this Topic on the grounds that it seeks attorney-client communications or attorney work product.  Responding Party further objects to this Topic to the extent it assumes facts regarding Responding Party's "destruction" of documents, rather than "deletion" of documents in the ordinary course of winding down its business.  Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, and based on the parties' agreement after meeting and conferring, Responding Party will provide a witness to provide the date Suzhou Synta's counsel in this case was first informed of Suzhou Synta's document deletion.  Responding Party will not provide a witness to testify regarding any follow up questions or any other issues related to this topic, based on the objections set forth herein.

780555.1

EISNER, LLP

7

Case No. 5:20-cv-03639-EJD

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED  NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**DEPOSITION TOPIC NO. 7:**

The efforts that have been undertaken since this case began to gather information regarding Synta Technology's document destruction. This includes identification of all individuals involved in those efforts and the timeframe in which these efforts have been undertaken.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic on the grounds that it seeks information not relevant to the issue of document preservation in this case. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic to the extent it assumes facts regarding Responding Party's "destruction" of documents, rather than "deletion" of documents in the ordinary course of winding down its business. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding the efforts that have been undertaken since this case began to gather information regarding Synta Technology's document preservation.

**DEPOSITION TOPIC NO. 8:**

The decision to discontinue Synta Technology's business operations including but not limited to the specific date[s] that operations ceased, the specific date[s] that the decision was made to cease operations, and whether and to what extent operations completely ceased.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic on the grounds that the decision to discontinue Synta Technology's business is not relevant to the issue of document preservation in this case and Responding Party has already agreed to provide a witness to testify regarding the

EISNER, LLP

780555.1                                8                         Case No. 5:20-cv-03639-EJD

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

decision to delete documents. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding Synta Technology's discontinuance of business operations.

**DEPOSITION TOPIC NO. 9:**

Since the decision to destroy Synta Technology's documents was made, Synta Technology's status as a legal entity.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it assumes facts regarding Responding Party's "destruction" of documents, rather than "deletion" of documents in the ordinary course of winding down its business. Responding Party further objects to this Topic on the grounds that the phrase "status as a legal entity" is vague and ambiguous. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 10:**

The decision to permit any Synta Technology employee or former employee to take or remove Synta Technology's documents from Synta Technology's possession, custody, or control.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic on the grounds that the phrase "the decision to permit any Synta Technology employee or former employee to take or remove Synta Technology's documents" is vague and ambiguous. Responding Party further objects to this

1 Topic to the extent it seeks information that is no longer in the custody, control, or possession of
2 Responding Party.
3     Subject to the foregoing objections, Responding Party will provide a witness to testify
4 regarding this Topic.

**DEPOSITION TOPIC NO. 11:**

Synta Technology's understanding of the Orion Litigation and other litigation that could have arisen from the facts underlying the Orion Litigation.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein. Responding Party further objects to this Topic on the grounds that the Orion Litigation is not relevant to the issue of document preservation in this case. Responding Party further objects to this Topic as unduly burdensome and grossly overbroad in scope and time as it seeks testimony regarding Responding Party's "understanding" of unrelated litigation that Responding Party settled nearly six years ago, and "other litigation," regardless of time period or definitive subject matter. Responding Party further objects to this Topic on the grounds that the phrases "understanding" and "other litigation" are vague and ambiguous to the point it is entirely unclear as to what information the Topic seeks to elicit. Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product. Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Responding Party will not provide a witness regarding this Topic.

**DEPOSITION TOPIC NO. 12:**

The identity and role of individuals employed by Synta Technology, and the extent to which they were involved in the decision to destroy documents or cease operations, or in the execution of those decisions.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

Responding Party objects to this Topic for the reasons stated in its General Objections,

which are incorporated by reference as though fully set forth herein.  Responding Party further objects to this Topic on the grounds that it seeks information not relevant to the issue of document preservation in this case.  Responding Party further objects to this Topic as unduly burdensome and overbroad in scope considering the "extent to which" "individuals employed by Synta Technology" "were involved in the decision to destroy documents or cease operations, or in the execution of those decisions" goes beyond the limited subject matter of Responding Party's deposition.  Responding Party further objects to this Topic on the grounds that the phrase "involved in the decision to destroy documents or cease operations, or in the execution of those decisions" is vague and ambiguous.  Responding Party further objects to this Topic to the extent it seeks attorney-client communications or attorney work product.  Responding Party further objects to this Topic to the extent it seeks information that is no longer in the custody, control, or possession of Responding Party.

Subject to the foregoing objections, Responding Party will provide a witness to testify regarding the identity and role of individuals employed by Synta Technology that were involved in the decision to delete documents, or in the execution of those decisions.

**DEPOSITION TOPIC NO. 13:**

The whereabouts of Joyce Huang at present and in the year following the destruction of Synta Technology's documents.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

Responding Party objects to this Topic for the reasons stated in its General Objections, which are incorporated by reference as though fully set forth herein.  Responding Party further objects to this Topic on the grounds that it seeks information not relevant to the issue of document preservation in this case.  Responding Party further objects to this Topic as grossly overbroad in scope, especially because it is entirely irrelevant to the limited subject matter of Responding Party's deposition.  Responding Party further objects to this Topic on the grounds that the phrase "whereabouts" is vague and ambiguous.  Responding Party further objects to this Topic to the extent it seeks information no longer in the custody, control, or possession of Responding Party.

Responding Party will not provide a witness regarding this Topic.

EISNER, LLP

780555.1

11

Case No. 5:20-cv-03639-EJD

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents that relate to Topic 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates by reference its objections and responses to Topic 1.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 1, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that relate to Topic 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates by reference its objections and responses to Topic 2.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 2, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that relate to Topic 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates by reference its objections and responses to Topic 3.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 3, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that relate to Topic 4.

EISNER, LLP

780555.1

12

Case No. 5:20-cv-03639-EJD

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates by reference its objections and responses to Topic 4.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 4, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that relate to Topic 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates by reference its objections and responses to Topic 5.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 5, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to Topic 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates by reference its objections and responses to Topic 6. Responding Party will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to Topic 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates by reference its objections and responses to Topic 7.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 7, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

780555.1   13   Case No. 5:20-cv-03639-EJD

EISNER, LLP

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate to Topic 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates by reference its objections and responses to Topic 8.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 8, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that relate to Topic 9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates by reference its objections and responses to Topic 9.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 9, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to Topic 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates by reference its objections and responses to Topic 10.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 10, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that relate to Topic 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates by reference its objections and responses to Topic 11.

780555.1    14    Case No. 5:20-cv-03639-EJD

EISNER, LLP

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Responding Party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that relate to Topic 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates by reference its objections and responses to Topic 12.

Subject to the foregoing objections, Responding Party will produce non-privileged documents that relate to Topic 12, as limited by Responding Party in its responses and objections to the corresponding Topic above, that are located after a reasonably diligent search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that relate to Topic 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates by reference its objections and responses to Topic 13. Responding Party will not produce documents in response to this Request

DATED: August 9, 2021                EISNER, LLP

By: _/s/ Christopher Frost_
CHRISTOPHER FROST
Attorneys for Celestron Acquisition, LLC; David Shen; Sylvia Shen; Jack Chen; Jean Shen; Suzhou Synta Optical Technology Co., Ltd.; Nantong Schmidt Opto-Electrical Technology Co. Ltd.; Synta Technology Corp.; SW Technology Corporation; Synta Canada International Enterprises Ltd.; Olivon Manufacturing Group Ltd. (incorrectly named as Olivon Manufacturing Co. Ltd.); Joseph Lupica; Corey Lee; Dave Anderson; Laurence Huen; and Pacific Telescope Corp.

780555.1                15                Case No. 5:20-cv-03639-EJD

DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

### In Re: Telescopes Antitrust Litigation
### Case No. 5:20-cv-03639-EJD

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9601 Wilshire Blvd., 7th Floor, Beverly Hills, California 90210.

On August 9, 2021, I served true copies of the following document(s) described as **DEFENDANT SYNTA TECHNOLOGY CORP. OF TAIWAN'S RESPONSES AND OBJECTIONS TO INDIRECT AND DIRECT PURCHASER PLAINTIFFS' NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mnogales@eisnerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 9, 2021, at Beverly Hills, California.

Marisela Nogales

---

780555.1

1

Case No. 5:20-cv-03639-EJD

EISNER, LLP

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

# SERVICE LIST
## In Re: Telescopes Antitrust Litigation
## Case No. 5:20-cv-03639-EJD

| | |
|---|---|
| Kalpana Srinivasan<br>Michael Gervais<br>Marc M. Seltzer<br>Steven Sklaver<br>Alejandra Salinas<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067-6029<br>ksrinivasan@susmangodfrey.com<br>mgervais@susmangodfrey.com<br>mseltzer@susmangodfrey.com<br>ssklaver@susmangodfrey.com<br>asalinas@susmangodfrey.com | Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs |
| Lin Yee Chan<br>Eric B. Fastiff<br>Jalle H. Dafa<br>Jon B. Fougner<br>Brian Toxel<br>Catherine P. Humphreville<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>lchan@lchb.com<br>efastiff@lchb.com<br>jdafa@lchb.com<br>jfougner@lchb.com<br>btroxel@lchb.com<br>chumphreville@lchb.com | Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs |
| Adam J. Zapala<br>Elizabeth T. Castillo<br>Tamarah P. Prevost<br>Reid W. Gaa<br>**COTCHETT PITRE & MCCARTHY LLP**<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>azapala@cpmlegal.com<br>ecastillo@cpmlegal.com<br>tprevost@cpmlegal.com<br>rgaa@cpmlegal.com | Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs |

EISNER, LLP

780555.1                                2                          Case No. 5:20-cv-03639-EJD

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

| | | |
|---|---|---|
| 1 | Matthew Brooks Borden<br>Athul Karinja Acharya | Attorney for Representative Plaintiffs,<br>Spectrum Scientifics, LLC and Radio City, Inc. |
| 2 | Ronald James Fisher | |
| 3 | Jonas Noah Hagey<br>Gunnar Karl Martz | |
| 4 | Alan Fu<br>Katie Kushnir | |
| 5 | Hunter Thompson<br>**BRAUNHAGEY & BORDEN LLP** | |
| 6 | 351 California Street, 10th Floor<br>San Francisco, CA 94104 | |
| 7 | borden@braunhagey.com<br>acharya@braunhagey.com | |
| 8 | fisher@braunhagey.com<br>hagey@braunhagey.com | |
| 9 | martz@braunhagey.com<br>fu@braunhagey.com | |
| 10 | kushnir@braunhagey.com<br>thomson@braunhagey.com | |

EISNER, LLP

780555.1     3     Case No. 5:20-cv-03639-EJD

**DEFENDANT SYNTA TECHNOLOGY'S RESPONSES AND OBJECTIONS IPP AND DPP FIRST AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**