UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 20-cv-03639-EJD (VKD)

**ORDER RE JANUARY 4, 2022 DISCOVERY DISPUTE RE SUBPOENA TO ORANGE COUNTY TELESCOPE**

Re: Dkt. No. 227

The Indirect Purchaser Plaintiffs' ("IPPs") and non-party Orange County Telescope, Inc. ("OCT") dispute whether and to what extent OCT must produce documents and information in response to the IPPs' subpoena to OCT. IPPs seek production of a broad range of "transactional data" reflecting OCT's purchase and sale telescopes and telescope products. OCT objects that the requested scope of production is overly broad and unduly burdensome. The Court held a hearing on the matter on January 25, 2022. Dkt. No. 232.

IPPs have articulated a reasonable basis for seeking transactional data reflecting OCT's purchases of telescopes and telescope products from "Defendants" and "Co-Conspirators"[1] and sales of such telescopes and telescope products to IPPs from January 1, 2003 through the present. However, as a non-party, OCT is entitled to protection from undue burden and expense in responding to IPPs' subpoena. *See* Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). Having considered the parties' joint submission and the arguments presented at the hearing, the Court orders as follows:

1. OCT's obligation to produce responsive transactional data shall be limited to:

---

[1] *See* Dkt. No. 227-2, Attach. A, definitions of "Defendants" and "Co-Conspirators."

   a. data that is readily accessible in electronic form, such as by querying and/or exporting data from a database or other electronic system or repository;
   b. telescopes and telescope products sold by Defendants or Co-Conspirators identified in the subpoena; and
   c. the earliest date data is readily accessible in electronic form if that date is later than January 1, 2003.

2. The parties shall confer regarding whether OCT maintains data corresponding to the data fields in Requests Nos. 2 and 3, and whether such data is (a) readily accessible in electronic form, and (b) reasonably necessary for IPPs to obtain from OCT, given the purpose for which IPPs seek discovery of OCT—i.e., to obtain information sufficient to permit IPPs to assess whether any supracompetitive overcharges resulting from the challenged conduct of Defendants and Co-Conspirators passed to the direct purchasers and then to the indirect purchasers. *See* Dkt. No. 227 at 3.

3. By **February 15, 2022**, the parties shall file a joint report advising the Court of the status of their discussions about OCT's production of transactional data, any agreements reached on the scope and timing of such production, and any disagreements that remain.

**IT IS SO ORDERED.**

Dated: January 25, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge