February 15, 2022

**VIA ECF**
The Honorable Virginia K. DeMarchi
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    **Joint Report Regarding Subpoena to Orange County Telescope**
              *In re Telescopes Antitrust Litig. (All Indirect Purchaser Actions)*,
              **No. 5:20-cv-03639-EJD-VKD (N.D. Cal.)**

Your Honor,

      Pursuant to your January 25, 2022 order ("Order"), Indirect Purchaser Plaintiffs ("IPPs") and non-party, Orange County Telescope, Inc. ("OCT") respectfully submit this joint report advising the Court of the status of their discussions regarding OCT's production of transactional data, any agreements reached on the scope and timing of such production, and any disagreements that remain (ECF No. 235).

      The Order directed OCT to produce the following to IPPs:

a. data that is readily accessible in electronic form, such as by querying and/or exporting data from a database or other electronic system or repository;

b. telescopes and telescope products sold by Defendants or Co-Conspirators identified in the subpoena; and

c. the earliest date data is readily accessible in electronic form if that date is later than January 1, 2003. Order at 1-2.

## IPPS' POSITION

      Since the January 25 hearing on the matter, the parties have exchanged emails regarding whether OCT maintains transactional data corresponding to the data fields in Requests Nos. 2 (seeking electronic purchase data) and 3 (seeking electronic sales data).

      On February 8, concerning **OCT's purchase data**, OCT indicated that it does not maintain structured data regarding its purchases of telescope and telescope products. OCT represents that it "does all its ordering and inventory by using a hard count method by hand" and "would have to manually go through its email records of orders placed and incoming notifications of orders received to retrieve the information requested in the subpoena."

      On February 8, concerning **OCT's sales data**, OCT stated that it "keeps written receipts of customers purchases" and then "takes those monetary totals only and puts them into a

spreadsheet for bookkeeping." IPPs followed up with OCT regarding this spreadsheet. On February 11, OCT provided the following data fields for this spreadsheet (but not the actual data):

1. Date
2. INV#
3. First
4. Last
5. Street
6. City
7. State
8. Zip
9. Sub
10. Tax
11. Shipping
12. Total
13. Sale
14. Resale
15. Out of State
16. Deposits
17. Repair
18. Pymt Type
19. Email
20. Refund
21. Concerns

Concerning the **date range of OCT's sales data**, OCT indicated "the electronic financial data goes back to April 2017, but the handwritten records that would need to be reviewed, analyzed, and correlated to the electronic entries are only kept for three years."

Assuming that OCT's representations regarding its purchase and sales data are true, complete, and accurate, OCT's data set is likely inadequate to be part of a pass-through analysis. IPPs will not be able to assess whether any supracompetitive overcharges resulting from Defendants and Co-Conspirators' conduct passed to direct purchasers like OCT and then to the IPP class because (1) OCT does not maintain structured purchase data, (2) while OCT has maintains some structured sales data, such data lacks product information based on a review of the above-referenced data fields, and (3) there is no electronic method of "linking" products sold by OCT to products purchased by it to determine a pass-through rate.

While IPPs find it difficult to believe that OCT's purchase and sales data is not more comprehensive and readily accessible in electronic form—particularly since OCT has not denied purchasing and selling over $3 million of telescopes and telescope products from the Synta Defendants, including Celestron Acquisition, LLC, from FY2013 through FY2021—IPPs presume that OCT is the most knowledgeable about its own ESI and is not misrepresenting or withholding material information.

Hon. Virginia K. DeMarchi<br>
February 15, 2022<br>
Page 3

IPPs request that the Court order OCT to provide a declaration attesting to the representations it has made regarding its purchase and sales data. Upon receiving such a declaration, IPPs will agree not seek to enforce OCT's compliance with the January 25, 2022 Order. IPPs reserve all rights to do so, however, should they uncover information that questions the truthfulness, completeness, or accuracy of OCT's representations.

### **OCT'S POSITION**

OCT objects that the complete language of the Court's Orders and the e-mail communications among counsel speak for themselves, and objects to the extent that IPPs' position mischaracterizes, omits, and/or presents out of context relevant language. All rights, remedies, and positions in that regard are reserved. That said, since doing so will apparently resolve the outstanding issues, OCT has no objection to providing a Declaration consistent with the representations made by counsel in e-mail correspondence with IPPs' counsel.

Dated: February 15, 2022                Respectfully Submitted,

*/s/ Elizabeth T. Castillo*
Adam J. Zapala
Elizabeth T. Castillo
James G.B. Dallal
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Lin Y. Chan
Eric B. Fastiff
Reilly T. Stoler
Jon Fougner
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
lchan@lchb.com
efastiff@lchb.com
rstoler@lchb.com
jfougner@lchb.com

Hon. Virginia K. DeMarchi
February 15, 2022
Page 4

Kalpana Srinivasan
Marc M. Seltzer
Steven Sklaver
Michael Gervais
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
asalinas@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs*

*/s/ Damian D. Capozzola*
The Law Offices of Damian D. Capozzola
Web: www.ddclaw.com
E-Mail: ddc@ddclaw.com
Tel.: 213 533 4112
Fax: 213 223 2014
Cell: 213 448 2709

Downtown Los Angeles:
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

South Bay:
609 Deep Valley Drive, Ste. 310
Rolling Hills Estates, CA 90274

*Counsel for Orange County Telescope, Inc.*

Hon. Virginia K. DeMarchi<br>
February 15, 2022<br>
Page 5

## FILING ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Elizabeth T. Castillo, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Elizabeth T. Castillo*

Elizabeth T. Castillo
Cotchett, Pitre & McCarthy, LLP