UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE TELESCOPES ANTITRUST LITIGATION | **ORDER RE MARCH 21, 2022 DISCOVERY DISPUTE RE PLAINTIFFS' INTERROGATORY TO SYNTA DEFENDANTS**<br>Case No. 20-cv-03639-EJD (VKD)<br>Re: Dkt. No. 247<br><br>Case No. 20-cv-03642-EJD (VKD)<br>Re: Dkt. No. 199 |
|---|---|

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively "Plaintiffs") and Defendants ask the Court to resolve their dispute concerning the sufficiency of defendants Synta Technology Corp. and Suzhou Synta Optical Technology Co. Ltd.'s ("Synta defendants") response to Plaintiffs' Interrogatory No. 1. The Court finds this dispute suitable for resolution without oral argument. Civil. L.R. 7-1(b).[1]

As explained below, the Court will require the Synta defendants to respond in part to the disputed interrogatory.

I.     **BACKGROUND**

At issue is Plaintiffs' Interrogatory No. 1 to the Synta defendants, which asks:

> Describe in detail the decision to discontinue Your business operations and destroy Your records. Include in Your description (a) the identity of all individuals involved in reaching the decision, (b) the reasoning behind the decision, (c) the specific date that the decision was made, (d) the specific date Your business operations ceased, and (e) the specific date the records were destroyed.

---

[1] For convenience, all citations are to Case No. 20-3639.

1    Dkt. No. 247, Exs. 1 and 2. The Synta defendants do not object to providing some information

2    concerning their decision to destroy or discard their business records; they object that this

3    interrogatory seeks information that is duplicative of information the Synta defendants have

4    already agreed to provide via deposition testimony, and that it exceeds the scope of relevant

5    discovery. Dkt. No. 247 at 8-10.

**II.   DISCUSSION**

The Court first considers the scope of relevant discovery and then considers whether the discovery sought is improper because it is duplicative.

**A.   Scope of Relevant Discovery**

In its prior order concerning the Synta defendants' depositions (Dkt. No. 201), the Court concluded that Plaintiffs may obtain discovery of the reasons the Synta defendants decided to destroy or discard their business records and whether, at the time the records were discarded or destroyed, the Synta defendants anticipated further litigation as to which those records would be relevant. *See* Dkt. No. 201 at 4. In that decision, the Court also concluded there was no justification for discovery of the Synta defendants' document preservation practices before the date of Plaintiffs' demand letter to the Synta defendants. *Id.* Here, the Synta defendants say they also do not object to disclosing when their business operations ceased and when the records were discarded or destroyed. Dkt. No. 247 at 10. However, they do object to Plaintiffs' discovery of who made the decision to cease business operations, when that decision was made, and the reasons underlying that decision. *Id.*

The Court reaffirms its prior decision regarding the scope of relevant discovery here and accepts the Synta defendants' representations about the additional information they do not object to disclosing. In addition, the Synta defendants should disclose not only when and why the records were discarded or destroyed, but who made the decision to take those actions.

Regarding the disputed discovery concerning the decision to cease business operations, it is not clear from the parties' joint submission whether that decision was taken before or after the Synta defendants received Plaintiffs' demand letter. If the decision was taken before receipt of the demand letter, the Court agrees with the Synta defendants that the reasons for the decision and

1  who made it are not relevant. However, the Synta defendants have expressly linked the decision
2  to discard or destroy business records with their decision to cease business operations. *See id.* at 8
3  ("Synta Taiwan and Suzhou Synta do not object to providing information concerning the
4  discarding of business records—a process that, as Plaintiffs will learn, occurred during the normal
5  closure of two businesses when no litigation was anticipated or pending."). Consequently, if the
6  decision to cease business operations was taken after receipt of the demand letter, then the reasons
7  for the decision and who made it may be relevant. For this reason, at a minimum, Plaintiffs should
8  be permitted to learn whether the decision to cease business operations was made before or after
9  receipt of the demand letter.

### B.  Whether Interrogatory No. 1 Is Duplicative and Disproportionate

The Synta defendants argue that because Interrogatory No. 1 seeks much of the same information Plaintiffs may obtain by deposition, requiring the Synta defendants to answer the interrogatory and provide deposition testimony is unduly burdensome and disproportionate to the needs of the case. Dkt. No. 247 at 9. Plaintiffs are correct that there is no per se prohibition on using different discovery tools—document requests, interrogatories, depositions, requests for admissions—to inquire about the same subject matter. *See id.* at 2-3. But whether a particular interrogatory is unnecessarily duplicative and burdensome of other discovery, and therefore disproportionate to the needs of the case, is a fact-specific judgment that the Court must make.

While it is true that Interrogatory No. 1 seeks information that is at least partly duplicative of the information the Synta defendants can be expected to provide in deposition, the Synta defendants have not shown that answering this interrogatory (when limited to relevant subject matter, as discussed above) imposes any additional burden beyond the burden they must undertake to prepare their corporate designees deposition. In these circumstances, the Court concludes that Interrogatory No. 1 is not disproportionate to the needs of the case.

### III.  CONCLUSION

For the reasons explained above, the Synta defendants must respond to Interrogatory No. 1, but the response is limited to providing the following information:

   a)  the reasons the Synta defendants decided to destroy or discard their business

1                 records,

    b) the identity of the individuals who made the decision to destroy or discard the business records,

    c) the date that the decision to destroy or discard the business records was made,

    d) the date the records were destroyed or discarded,

    e) the date the Synta defendants' business operations ceased, and

    f) whether the decision to cease business operations was made before or after the Synta defendants received Plaintiffs' demand letter.

If the decision to cease business operations was made after the Synta defendants received Plaintiffs' demand letter, the Synta defendants' response must also include the following information:

    g) the identity of the individuals who made the decision to cease business operations,

    h) when that decision to cease business operations was made, and

    i) the reasons the Synta defendants decided to cease business operations.

The Synta defendants' response to Interrogatory No. 1 must be served no later than **June 8, 2022**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Dated: May 25, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge