**[Counsel Listed on Signature Page]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **IN RE TELESCOPES ANTITRUST LITIGATION** | Case No. 5:20-cv-03639-EJD |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Indirect Purchaser Actions** | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF SCHEDULING ORDER** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................1

    A. Defendants Concede that a Scheduling Order Is Workable .................................1

    B. Plaintiffs' Proposed Schedule Is Preferable to No Schedule and Defendants' Proposed Schedule ................................................................................3

    C. The Court Should Not Delay Entry of a Scheduling Order .................................5

        1. Time Is of the Essence ...............................................................................6

        2. A Ruling on the Third Motion to Dismiss Will Not Affect the Scheduling Order ......................................................................................6

    D. Defendants' Statements Attempting to Justify the Pace of Discovery Are Irrelevant and Unsupported ..........................................................................7

III. **CONCLUSION** ................................................................................................................**8**

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD                 i

## I. INTRODUCTION

Although Defendants oppose Plaintiffs' Motion for Entry of a Scheduling Order ("Mot."), they do not dispute that a case schedule is workable and, in fact, they even propose an alternative case schedule. Defs.' Opp. to Pls.' Mot. for Entry of Scheduling Order ("Opp.") at 2-3. Notably, Defendants do not cite any authority in support of their position that the absence of a Scheduling Order is preferable to having such an Order in place. This is unsurprising because Rule 16 contemplates that a court "must issue the scheduling order as soon as practicable . . . ." Fed. R. Civ. P. 16(b)(2). Plaintiffs therefore respectfully submit that the Court should enter a Scheduling Order to streamline discovery and permit efficient planning for future litigation events, including the exchange of expert reports and the filing of class certification. Meanwhile, as Defendants have objected to Plaintiffs' request that the Court resolve the Motion without oral argument (ECF No. 271-1), Plaintiffs confirm that they reserved January 19, 2023 at 9:00 a.m. for a hearing on the Motion but request the Court rule on the papers given the time sensitivity of the requested relief.[1]

## II. ARGUMENT

### A. Defendants Concede that a Scheduling Order Is Workable

Defendants' Opposition concedes the parties can work with a Scheduling Order that the Court enters now—even before resolution of Defendants' pending third motion to dismiss. *See*, *generally*, Opp. at 2 ("[I]f a schedule is to be entered now, . . . any such schedule should account for the contingency that leave to amend could be granted, and also a more realistic view of how

---

[1] Regarding Defendants' suggestion that the Court should not enter a Scheduling Order in the Indirect Purchaser Actions because the Direct Purchaser Plaintiffs ("DPPs") have not moved for such relief in the Direct Purchaser Actions (Opp. at 1, 7-8), Plaintiffs note that the DPPs did not file any notice or response indicating that they joined Defendants' Opposition or opposed the relief requested in Plaintiffs' Motion. Further, the logical extension of Defendants' position is that a Scheduling Order should *never* be entered unless DPPs seek one, which is not the standard.

much discovery work remains."). Indeed, Defendants do not argue that a Scheduling Order is unworkable; rather, their Opposition brief is directed entirely at the specific case schedule proposed by Plaintiffs. *See*, *e.g.*, Opp. at 2-3 ("To be clear, Defendants are not offended by the idea of setting a schedule . . . the following schedule could work if necessary [setting forth Defendants' proposed schedule]").

Rule 16 instructs courts to issue a scheduling order "as soon as practicable" to encourage careful pretrial management. Mot. at 3. Given that the parties do not dispute that a Scheduling Order is workable at the current stage of litigation—over two years after Plaintiffs filed the initial complaint and over one year after the Court largely denied Defendants' motion to dismiss—the Court should enter such an Order to help "secure the just, speedy, and inexpensive determination" of this Action pursuant to Rule 1. *Id.* Plaintiffs provide a comparison of the parties' competing proposed schedules as follows for ease of reference:

| Event | Plaintiffs' Proposed Date (*see* Mot. at 5-6) | Defendants' Proposed Date (*see* Opp. at 3) |
|---|---|---|
| Deadline to substantially complete document productions | February 15, 2022 (per Court's Order) | Same |
| Status conference | Thursday, September 1, 2022 (10:00 a.m.) | Thursday, November 3, 2022 (9:00 a.m.) (same date as the Motion to Dismiss) |
| Deadline to amend pleadings | Friday, September 9, 2022 | Monday, December 5, 2022 |
| Trial setting conference | Thursday, October 13, 2022 (10:00 a.m.) | No date proposed |
| Status conference | Thursday, January 12, 2023 (10:00 a.m.) | Thursday, March 16, 2023 (10:00 a.m.) (to be reset to the same day as further Motion to Dismiss is filed) |
| Status conference | Thursday, March 16, 2023 (10:00 a.m.) | Friday, September 15, 2023 (10:00 a.m.) |
| Close of fact discovery | Friday, May 26, 2023 | Monday, January 8, 2024 |
| Deadline to serve expert reports on all issues on which a party has the burden of proof | Friday, June 30, 2023 | Monday, March 25, 2024 |

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD                                        2

| | | |
|---|---|---|
| Deadline to serve opposing expert reports | Monday, August 14, 2023 | Monday, May 13, 2024 |
| Deadline for rebuttal expert reports | Thursday, September 28, 2023 | Monday, June 24, 2024 |
| Deadline for expert witness depositions and close of expert discovery | Friday, October 13, 2023 | Monday, August 5, 2024 |
| Motions for class certification/*Daubert* motions | Friday, October 20, 2023 | Monday, October 24, 2024 |
| Oppositions to motions for class certification/*Daubert* motions | Friday, November 17, 2023 | Monday, November 18, 2024 |
| Replies in support of motions for class certification/*Daubert* motions | Friday, December 22, 2023 | Monday, December 16, 2024 |
| Class certification hearing | To be set by the Court | To be set by the Court |
| Deadline for dispositive motions | Thursday, February 8, 2024[2] | No date proposed |
| Oppositions to summary judgment motions | Thursday, March 7, 2024 | No date proposed |
| Replies in support of summary judgment motions | Thursday, April 4, 2024 | No date proposed |
| Pretrial conference and trial | To be set by the Court | No date proposed |

**B.    Plaintiffs' Proposed Schedule Is Preferable to No Schedule and Defendants' Proposed Schedule**

While both proposed schedules add a structure and timeline for the Action's disposition, Plaintiffs' proposed schedule is more appropriate. Defendants argue that Plaintiffs' proposed schedule is "unworkable" for three main reasons: (1) depositions have not begun; (2) the parties are still negotiating certain issues Plaintiffs have raised with Defendants' document productions; and (3) Defendants intend to file motions to compel the return of certain inadvertently produced

---

[2] Plaintiffs reserve the right to alter this date if the Court has not provided guidance on Plaintiffs' pending motion for class certification.

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD                                    3

materials.[3] Opp. at 9-10. Defendants ignore that a Scheduling Order can help to streamline these matters and that these matters need not precede the entry of such an Order; indeed, federal courts regularly account for such contingencies in issuing Rule 16 scheduling orders. Under Plaintiffs' proposal, the parties would have nine and a half months to conduct depositions, address Defendants' production issues, and resolve Defendants' motion to compel. Defendants have not explained at all why such a length of time is insufficient. In contrast, the absence of a Scheduling Order will not facilitate resolution of the matters raised by Defendants and may serve the counterproductive purpose of incentivizing further delay. Plaintiffs' proposed schedule presents an appropriate framework for disposition of the case (Mot. at 3-8) and is preferable to the current state: the parties conducting discovery and proceeding without a Scheduling Order.

Defendants also suggest that Plaintiffs' proposed schedule is unworkable because it fails to account for the fact that the Court may grant Defendants' third motion to dismiss with leave to amend and the fact that the parties still need to conduct significant discovery. Opp. at 2, 8-10. This ignores that courts routinely enter scheduling orders before pleadings are settled. Indeed, in the underlying *Orion* action, this Court entered scheduling orders in the years before the final motion to dismiss was decided. *Compare* Stipulation & Order Modifying Case Scheduling Orders, *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD (N.D. Cal. May 8, 2018), ECF No. 81, *with Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2019 WL 1429631 (N.D. Cal. Mar. 29, 2019). Large antitrust class actions are no exception to the rule. For example, in *Broiler Chickens*, the court entered a scheduling order nine

---

[3] Defendants also state their intent to file a motion to disqualify counsel in the Direct Purchaser Actions but have not yet done so. Opp. at 6, 9. Plaintiffs note that there does not appear to be any extant mandate from the Court on any of the matters Defendants have raised as the potential basis for such a motion. In any event, this motion, even if filed, need not affect the Indirect Purchaser Actions and, if anything, would at most support entry of separate Scheduling Orders for the Indirect Purchaser Actions and Direct Purchaser Actions.

months before the deadline to amend pleadings. Case Management Order No. 1 at 2, *In re: Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033-RJS-SPS (E.D. Okla. Apr. 13, 2020), ECF No. 312 (Ex. 1). Plaintiffs cite this order (Mot. at 7 n.5 & Ex. 1), but Defendants have no answer to it.

Moreover, Defendants' proposed schedule does not account for the fact that their schedule inexplicably adds seven and a half months to Plaintiffs' proposed fact discovery deadline, nine months to Plaintiffs' proposed expert report deadline, and a year to Plaintiffs' proposed class certification motion deadline.[4] Indeed, Defendants propose almost all the same events and in the same sequence as Plaintiffs, though with deadlines far later in time. Their Opposition is bereft of any argument as to why Plaintiffs' proposed schedule, sequencing, and spacing is unworkable, other than conclusory assertions that that is the case. Plaintiffs' proposed schedule is preferable to Defendants' because Plaintiffs' schedule enables a speedier and therefore less expensive resolution of the Action.

### C. The Court Should Not Delay Entry of a Scheduling Order

Although Defendants concede that a Scheduling Order is workable now, Defendants urge the Court not to enter such an Order until the hearing on the third motion to dismiss on November 3, 2022. *See* Opp. at 1 ("Given the November hearing date on the Motion to Dismiss—which is only three months away—there is no urgency to set a schedule before that time, or prejudice

---

[4] For example, to account for an order granting the motion to dismiss with leave to amend, Defendants' proposed schedule could have (but did not) include an event-triggering date (*e.g.*, the fact discovery deadline shall be one year from final resolution of motion to dismiss), and to account for the significant discovery in the Action, Defendants' proposed schedule could have (but did not) include near-term discovery deadlines (*e.g.*, the parties shall reach agreement on or submit all document production issues to the Court six months before the fact discovery deadline).

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD    5

associated with waiting those few months to set the schedule."). The Court should not delay entry of a Scheduling Order for the reasons set forth below.

### 1.     Time Is of the Essence

First, Defendants assume the Court will rule on the third motion to dismiss at the hearing on November 3. Opp. at 1. They ignore the possibility that the Court will take the matter under submission and rule on it sometime after the hearing. Under this scenario, the parties will have to continue litigating without a case schedule in the interim. Defendants also incorrectly assume the lack of urgency associated with, and lack of prejudice resulting from, the parties continuing to litigate the Action without a Scheduling Order. Given the decade-plus span of the conduct period,[5] this Action would benefit from early case management and discovery planning. Conducting discovery against the backdrop of a Scheduling Order mitigates the possibility of fading memories, loss of records, key witnesses becoming unavailable (who between the start of discovery and the start of fact witness depositions, may leave Defendants' employment or otherwise place themselves beyond the Court's subpoena power), and needless delay impairing Plaintiffs' ability to prosecute their claims as well as Defendants' ability to defend themselves.

### 2.     A Ruling on the Third Motion to Dismiss Will Not Affect the Scheduling Order

Second, Defendants would have the parties litigate this Action without a Scheduling Order until the Court rules on the third motion to dismiss—at the earliest. *See* Opp. at 8-9 ("It will be more practical to adopt a more tailored schedule upon the Court's ruling on Defendants' Motions to Dismiss in November."). In practice, however, this ruling will have no effect on whether the Action will progress. The Court has already upheld Plaintiffs' claims based on post-2012 conduct. Mot. at 1. Consequently, there is no question that the case will proceed.

---

[5] The Court has already upheld Plaintiffs' claims based on post-2012 conduct (ECF No. 177). Plaintiffs' allegations regarding the alleged conspiracy for the 2005 to 2012 time period are the subject of Defendants' third motion to dismiss (ECF No. 261).

Furthermore, discovery has already been underway for over a year, and Defendants have produced pre-2013 documents as part of that discovery. *Id.* A ruling in favor of Plaintiffs or Defendants will not materially expand the scope or length of discovery as a result.

Similarly, if the Court grants Defendants' third motion to dismiss with leave to amend, "failure and disputes" over the case schedule will not necessarily ensue as Defendants forewarn. Opp. at 8. The parties would simply negotiate a condensed briefing schedule, if necessary, that allows the Court to rule on any further motion to dismiss and the parties to complete discovery before the fact discovery deadline. Moreover, the Court is always empowered to modify a Scheduling Order "for good cause" under Rule 16, which is what most courts do when unforeseen circumstances arise (as they often do) in significant class actions. Mot. at 5. The Manual for Complex Litigation acknowledges, "Developments in the litigation may call for subsequent modification of a scheduling order entered early in the litigation." *Manual for Complex Litig. Fourth,* § 11.22 (2004). The possibility that the Court may grant the motion to dismiss with leave to amend should therefore not preclude entry of a Scheduling Order.

### D. Defendants' Statements Attempting to Justify the Pace of Discovery Are Irrelevant and Unsupported

Plaintiffs' Motion provides three examples of Defendants' dilatory conduct in the last year to support Plaintiffs' position that this Action would benefit from the entry of a Scheduling Order. Mot. at 4-5. In response, Defendants devote half their Opposition to defending their discovery conduct and detailing their discovery work. *See* Opp. at 5-8, 10-12 (*e.g.*, "the case is actually moving along expeditiously, given the size of the case and dramatic amount of discovery."; "To be clear, Defendants never intentionally delayed the discovery schedule."). Defendants' statements attempting to justify the glacial pace of discovery in the Action to date have no bearing on the more salient question of whether the Court should enter a Scheduling Order at this time. No matter their excuses for prior delays, Defendants fail to respond to Plaintiffs' position that the entry of a Scheduling Order can only help to avoid or limit the discovery delays that all parties recognize have occurred in this litigation thus far.

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD                           7

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the that the Court enter a Scheduling Order at its early convenience because the parties will benefit from structured pretrial management.

Dated: August 16, 2022

Respectfully Submitted,

/s/ *Adam J. Zapala*
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
James G.B. Dallal (SBN 277826)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

/s/ *Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No. 237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
Jon B. Fougner (SBN 314097)
jfougner@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

**ATTORNEY ATTESTATION**

I, Adam J. Zapala, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

*/s/ Adam J. Zapala*
Adam J. Zapala

Plaintiffs' Reply in Support of Motion for Entry of Scheduling Order,
Case No. 5:20-cv-03639-EJD                          9