# EXHIBIT 1



CHRISTOPHER FROST
424.407.1119 direct
chris@wgfcounsel.com

ASHLEY MORRIS
424.407.4122 direct
ashley@wgfcounsel.com

September 27, 2022

VIA ELECTRONIC MAIL

Matthew Borden
Noah Hagey
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
borden@braunhagey.com
hagey@braunhagey.com

Subject: Defendants' Clawback Demand of March 16, 2022

Mr. Borden:

On March 17, 2022, my office advised your firm of "sensitive and privileged documents" that were inadvertently produced due to you and IPP counsel due to a vendor error. We advised you that the inadvertent production contained both attorney-client privileged communications (which is substantially more than twelve [12] documents as suggested in your March 31, 2022 correspondence) as well as, among other things, personal medical and financial information that is afforded substantial privacy protection under California law. On this basis, consistent with prevailing legal authorities and the applicable protective order, we demanded you "delete all versions and copies of the documents identified in the attached spreadsheet." We further advised that Defendants would "reproduce all relevant, responsive, nonprivileged documents from this set once we have been able to properly review them[.]"

IPP counsel followed the appropriate protocols, as noted by their correspondence on March 18, 2022, but your office has refused. Instead, you set an arbitrary deadline of March 30, 2022 for the review of 51,000 unique documents, a 13-day timeframe that we informed you was not manageable. Nevertheless, you wrote to us and informed us that you are now actively reviewing the documents we demanded be destroyed and have had your vendor segregate only a small number of documents contained within the inadvertently produced files.

Your actions are in direct contradiction to prevailing authorities. Regarding inadvertent production, according to Rule 26(b)(5)(B), "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. **After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has**…."

The Rule does not contemplate the further review your firm has taken upon itself, nor does it allow anyone acting on your behalf, including your ESI vendor (your agent) to access those records on your behalf for any reason whatsoever. The Rule also does not allow for opposing counsel to determine which documents give rise to other "protections" which may also be grounds for withholding records.

Given that you have helped yourself to my clients' privileged and sensitive, nonresponsive data, we require you provide us with the following information:

Given the admissions set forth in your March 31 correspondence, we also require that you:

1. Identify which review platform/ESI vendor your office utilizes for document review in this matter;

2. Provide audit logs from your ESI vendor that identify the following information relative to the Batch numbers DEFS Production 008; DEFS Production 013; DEFS Production 014; DEFS Production 015; DEFS Production 017; and DEFS Production 018:

    - Audit ID
    - Timestamp
    - Object Name
    - Action
    - Object Type
    - Execution Time (ms)
    - Object ArtifactID
    - User Name
    - Field

These fields are available in most ESI platforms and our vendor is available to coordinate with your vendor to export the requested information.

3. Provide a certification from your ESI vendor that the inadvertent production has been deleted from their system; and

4. Make available for deposition any and all attorneys or other persons who have accessed the subject documents at any time since receipt of the March 17, 2022 notification of the inadvertent production.

Alternatively, we look forward to meeting and conferring forthwith on these issues. If

required, we will seek urgent Court relief therefore your urgent attention to this matter is expected and appreciated.

All rights and remedies are expressly reserved.

Regards,

Ashley Morris
WEINBERG GONSER FROST LLP