# EXHIBIT 2



CHRISTOPHER FROST
424.407.1119 direct
chris@wgfcounsel.com

ASHLEY MORRIS
424.407.4122 direct
ashley@wgfcounsel.com

September 27, 2022

<u>VIA ELECTRONIC MAIL</u>

Matthew Borden
Noah Hagey
Ronald Fisher
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
borden@braunhagey.com
hagey@braunhagey.com
fisher@braunhagey.com
Subject: Direct Purchaser Plaintiffs' Privilege Log

Mr. Borden:

We have reviewed the privilege log submitted on behalf of the Direct Purchaser Plaintiffs. Please advise of your availability to meet and confer concerning deficiencies in the privilege log. More specifically:

- Many of the entries do not include attorneys. *See, e.g.,* PRIV_DPP00049, 141, and 149. Please provide the factual basis on which you believe these emails are privileged.

- Many of the attachments are not, in and of themselves, privileged. *See, e.g.,* PRIV_DPP00004, 5, 14-23, 28-31, 35-44, 54-57, 61-70, 73-74, 80, 86, 90-91, 98-107, 109-117, 122, 128-137, 154-162, 184-192, 198-200, 208-209, 213, and 215-224. Taking the same position that Plaintiffs have taken with respect to Defendants' privilege log, documents that are not inherently privileged do not become privileged simply because they are shared with an attorney. The same standard must apply to all parties to this litigation. This is particularly true given that many of the attachments are press releases (PRIV_DPP00054-57, 61-70, 128-137, and 215-224) or other publicly-available documents. (PRIV_DPP00109-117, 154-162, 184-192, and 198-200).

- For the attachments, none of the remaining fields are completed, including, for instance, to, from, and date fields. Again, borrowing the same standard that Plaintiffs are requiring of Defendants, these fields must be completed.

The entries in your log raise two additional issues. First, the earliest entry is dated in 2008, but your litigation claims purport to reach back to 2005. Additionally, the attachments identified above are nowhere else to be found in your production. Both these issues raise

substantial concerns regarding the veracity of your collection and production.  In light of this, please provide us the following information:

- The manner in which documents were preserved and collected;

- What was the manner of preservation of email accounts;

- What custodians did you search;

- What other people were employed by your client from 2005-the present who were not included as custodians, and why not;

- What were the parameters by which documents were searched (search terms, and by client or by counsel);

- Were any documents reviewed for relevance or responsiveness; and

- How far back in time do the client files extend?  If not to 2005, what was the reason for the loss of files;

Please provide answers to these questions or, alternatively, a time we can meet and confer over the course of the next week.

All rights and remedies are expressly reserved.

Regards,

Christopher Frost
of WEINBERG GONSER FROST, LLP