1
2
3
4                  UNITED STATES DISTRICT COURT
5                NORTHERN DISTRICT OF CALIFORNIA
6                       SAN JOSE DIVISION
7

8    IN RE TELESCOPES ANTITRUST          **ORDER RE OCTOBER 28, 2022**
     LITIGATION                          **DISCOVERY DISPUTE RE**
9                                        **DEFENDANTS' PRIVILEGE CLAIMS**

10                                       Case No. 20-cv-03639-EJD (VKD)
                                         Re: Dkt. Nos. 287, 288
11

12                                       Case No. 20-cv-03642-EJD (VKD)
                                         Re: Dkt. Nos. 267, 268
13

14

15        Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs")

16   (collectively "Plaintiffs") and Defendants ask the Court to resolve their disputes concerning

17   documents Defendants have withheld as privileged and the sufficiency of Defendants' privilege

18   log.  Dkt. Nos. 287, 288.[1]  The Court finds these disputes suitable for resolution without oral

19   argument.  Civil. L.R. 7-1(b).

20        For the reasons explained below, the Court grants in part and denies in part the relief

21   Plaintiffs seek and orders further proceedings described in detail below.

22   **I.       BACKGROUND**

23        Defendants' privilege log includes over 1,000 entries.  *See* Dkt. Nos. 287-1, 288-1.

24   Plaintiffs appear to challenge more than half of these entries as insufficient to support Defendants'

25   assertions of attorney-client privilege or attorney work product protection.  *Id.*[2]  They ask the

26

27   [1] For convenience, all citations are to Case No. 20-3639 unless otherwise noted.

28   [2] Plaintiffs' privilege log entries are not uniquely and consecutively numbered, but repeat numbers
     across multiple privilege or "clawback" logs, the Court has not made a precise count of the total

---

United States District Court
Northern District of California

1    Court to order Defendants to produce all of the challenged documents or, for some entries, to

2    produce the documents for *in camera* review.  Defendants argue that their privilege log entries are

3    sufficient, and they oppose Plaintiffs' challenges to specific categories of documents withheld as

4    privileged.

5    **II.    LEGAL STANDARD**

6              Federal common law generally governs claims of privilege.  "But in a civil case, state law

7    governs privilege regarding a claim or defense for which state law supplies the rule of decision."

8    Fed. R. Evid. 501.  In these related cases, subject matter jurisdiction is premised on federal

9    question jurisdiction (28 U.S.C. §§ 1331, 1337) for claims based on the federal antitrust laws,

10   supplemental jurisdiction (28 U.S.C. § 1367) for claims based on state law, and (with respect to

11   IPPs' complaint) jurisdiction under the Class Action Fairness Act (28 U.S.C. § 1332(d)).  *See* No.

12   20-3639, Dkt. No. 251; No. 20-3642, Dkt. No. 188.  Where an action asserts both federal and state

13   law claims, and the evidence at issue relates to both, federal privilege law applies.  *Wilcox v.*

14   *Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014).  No party contends that Defendants' disputed privilege

15   claims concern documents relevant only to claims or defenses arising under state law.

16   Accordingly, federal law governs Defendants' assertions of privilege.

17             "The attorney-client privilege protects confidential communications between attorneys

18   and clients, which are made for the purpose of giving legal advice."  *United States v. Sanmina*

19   *Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  The privilege extends to a client's confidential

20   disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in

21   response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations

22   and quotations omitted).  "Because it impedes full and free discovery of the truth, the attorney-

23   client privilege is strictly construed."  *Id.* (citations and quotations omitted).  In the Ninth Circuit,

24   whether information is protected by the attorney-client privilege is determined using an eight-part

25   test:

26                  (1) Where legal advice of any kind is sought (2) from a professional
                    legal adviser in his capacity as such, (3) the communications relating
27

28   ───────────────
     number of entries or the number of challenges.

United States District Court
Northern District of California

1

> to that purpose, (4) made in confidence (5) by the client, (6) are at his
> instance permanently protected (7) from disclosure by himself or by
> the legal adviser, (8) unless the protection be waived.

2

3    *Sanmina*, 968 F.3d at 1116.  Where a communication has more than one purpose, it may be

4    protected as privileged if the primary purpose of the communication is to give or receive legal

5    advice, as opposed to business or some other non-legal advice.  *In re Grand Jury*, 23 F.4th 1088,

6    1092-94 (9th Cir. 2021) (describing and adopting the "primary purpose" test for dual-purpose

7    communications), *cert. granted sub nom. In re Jury*, No. 21-1397, 2022 WL 4651237 (U.S. Oct. 3,

8    2022).

9         The attorney work product doctrine protects from discovery materials that are prepared by

10   or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3).  The

11   doctrine provides qualified protection against discovery of the legal strategies and mental

12   impressions of a party's counsel.  *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v.*

13   *United States*, 449 U.S. 383, 390–91 (1981).  It does not protect facts from disclosure unless

14   disclosure of those facts would inherently reveal an attorney's strategies or mental

15   impressions.  *See, e.g.*, *O'Toole v. City of Antioch*, No. 11 CV 01502 PJH MEJ, 2015 WL

16   1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB,

17   2012 WL 2327191, at *4–5 (N.D. Cal. June 18, 2012).

18        A party claiming that a document or information is privileged or protected from disclosure

19   has the burden to establish that the privilege or protection applies.  *See United States v. Martin*,

20   278 F.3d 988, 999–1000 (9th Cir. 2002).  In particular, a party asserting privilege or work product

21   protection must "describe the nature of the documents . . . in a manner that, without revealing

22   information itself privileged or protected, will enable other parties to assess the claim." Fed. R.

23   Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of*

24   *Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005).  The Ninth Circuit has held a party meets its burden

25   by providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of

26   the document, (c) all persons or entities shown on the document to have received or sent the

27   document, (d) all persons or entities known to have been furnished the document or informed of

28   its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury*

United States District Court
Northern District of California

3

*Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas,* 889 F.2d 885, 888 n.3 (9th Cir. 1989)).  However, a party may substantiate a claim of privilege by other means.  *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").  The Advisory Committee Note to Rule 26 provides useful guidance about how a party should assert a claim of privilege or protection:

> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.  Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies.  Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.
>
> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.  Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.  A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden.

Fed. R. Civ. P. 26, Advisory Committee Note to 1980 amendment.

## III.   DISCUSSION

Plaintiffs challenge Defendants' privilege claims on several grounds.  First, Plaintiffs say that many of Defendants' privilege log entries are insufficiently descriptive to support a claim of privilege.  Dkt. No. 288 at 2-4.  Second, Plaintiffs say Defendants should be required to produce any document reflecting a communication disclosed to a third party.  Dkt. No. 287 at 2-3.  Third, Plaintiffs say that Defendants have improperly withheld responsive documents on the basis of a non-existent "tax privilege."  *Id.* at 3-4.  Fourth, Plaintiffs say Defendants should not be permitted to clawback privileged documents because they failed to satisfy all requirements of Rule 502(b) of the Federal Rules of Evidence.  *Id.* at 4-5.  Fifth, Plaintiffs say Defendants have improperly

1    withheld nonprivileged documents attached to privileged communications.  *Id.* at 5.

2         The Court first addresses the parties' arguments regarding the sufficiency of Defendants'

3    privilege log, and then discusses Plaintiffs' challenges to specific categories of withheld

4    documents.

5         **A.    Sufficiency of Defendants' Privilege Log Entries**

6         Plaintiffs argue that many of Defendants' privilege log entries do not identify the author or

7    recipient of the allegedly privileged communication, fail to properly identify the attorneys

8    involved and the clients they represent, and contain only conclusory descriptions that do not

9    enable other parties or the Court to assess its privilege assertions.  Dkt. No. 288 at 2-4.

10   Defendants respond that if an entry is missing an author or recipient, the document listed either

11   has no recipient or is an attachment to an email that immediately precedes it in the log.  *Id.* at 5.

12   Defendants insist that they have already fully complied with their obligation to identify all

13   attorneys and the clients involved in the privileged communications they have logged.  *Id.*

14   Finally, Defendants say that they should not be required to provide more detailed descriptions of

15   the documents withheld, particularly those that clearly reflect communications with outside

16   litigation counsel.  *Id.* at 5-6.

17        With respect to the question of whether Defendants have properly identified (or accounted

18   for the absence of) an author or recipient, Defendants' explanations for the disputed entries seem

19   plausible.  However, it is difficult to tell for any given entry in the privilege log whether it refers to

20   a set of notes with no recipient or to a standalone document or to an attachment to some other

21   document.  Defendants do not explain how Plaintiffs are to know what is being represented based

22   on the log itself.  *See, e.g.,* Dkt. No. 288-1 at ECF 6 (Priv Log 1, Entries #178-180); *id.* at ECF 24

23   (Priv Log 3, Entry #41).  Defendants should amend their privilege log to make clear "the nature of

24   the document," such as a memo or attachment to an email, and "all persons or entities shown on

25   the document to have received or sent the document."  *In re Grand Jury Investigation*, 974 F.2d at

26   1071.

27        With respect to the question of whether Defendants have identified the attorneys and

28   clients involved in the privileged communications, Plaintiffs argue that Defendants' privilege log

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    entries are "plainly" deficient, but they point to no particular entries that suffer from this defect.

2    The Court is not going to do Plaintiffs' work for them.  Suffice it to say that for each privilege

3    claim, the privilege log should disclose the attorney and client involved in the communication.

4    *See In re Grand Jury Investigation*, 974 F.2d at 1071.  The indication of the attorney-client

5    relationship need not be set out in each privilege log entry but may be explained in a separate

6    document—e.g., Attorney A represents Client B, whose representatives are C, D, and E or

7    personnel with the email domain xyz.com.

8         With respect to the question of whether Defendants have adequately described the subject

9    matter of the disputed privilege log entries, the Court is not persuaded that Defendants' entries are

10   insufficient.  For most of the disputed entries, Defendants have provided the subject line of each

11   email communication in addition to a short description of the subject of the document in the

12   "privilege description" column of the log.  The Ninth Circuit does not necessarily require a

13   description of the subject matter of the document.  *See In re Grand Jury Investigation*, 974 F.2d at

14   1071 (privilege log that included information on the subject matter of each document exceeded

15   what was required).  Plaintiffs do not identify any specific entries for which a more detailed

16   description of the subject matter of the allegedly privileged communication is necessary for them

17   to assess Defendants' claim of privilege.  The Court will not require Defendants to supplement

18   their log to include additional information regarding subject matter at this time.

19        **B.    Third Party Communications**

20        Plaintiffs have identified numerous privilege log entries that appear to indicate that an

21   allegedly privileged communication was sent to a person or entity who is a third party outside the

22   attorney-client relationship.  Dkt. No. 287 at 2.  Defendants argue that the "third parties" are in

23   fact employees or representatives of defendants, an attorney representing one or more defendants,

24   a family member of a defendant, or consultants of some sort.  *Id.* at 5-6.  Plaintiffs' portion of the

25   joint submission does not address Defendants' explanations about the roles of the purported third

26   parties

27        Ordinarily, a voluntary disclosure of privileged material to a third party destroys the

28   privilege.  *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012).  However, there

are exceptions, such as when a third party's participation is necessary to facilitate effective communication between attorney and client, or when the third party is assisting the attorney in providing legal advice to the client.  *See, e.g., In re Lidoderm Antitrust Litig.,* No. 14-MD-02521-WHO, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015) (collecting authority).

Where the privilege log entry clearly reflects that the purported third party is the client, an employee of the client, and/or an attorney representing the client, Defendants have made at least a *prima facie* showing that the privilege has not been waived by virtue of disclosure to a third party. However, it is not clear from the parties' joint submission whether the other roles Defendants identify—e.g., family member, tax or financial consultant, non-employee technical staff or technical consultant—are necessarily within the attorney-client relationship, and Defendants' privilege log entries do not provide an adequate basis for this assessment.  Accordingly, the Court will order further proceedings regarding this category of disputed entries, as set forth below.

### C.    Tax Documents

Plaintiffs argue that Defendants have improperly withheld from production documents relating to taxes or tax returns, some of which are labeled "tax privilege" on Defendants' privilege log.  Dkt. No. 287 at 3-4.  Defendants do not dispute that there is no privilege that protects tax returns from discovery, but they argue that the tax documents logged as privileged are not responsive to any of Plaintiffs' document requests, and even if they were, such documents are not discoverable unless Plaintiffs show a compelling need for their production.  *Id.* at 6-7.

As the parties agree that no privilege protects the disputed tax documents from production, Defendants must remove these documents from their privilege log and may not withhold them as privileged.  To the extent there is a dispute regarding whether the tax documents are responsive to Plaintiffs' documents requests or whether there is some other reason they should not be produced, the parties must confer on this point and if they continue to disagree, they must submit this dispute to the Court using the expedited dispute resolution procedures.

### D.    Clawback Documents

Plaintiffs argue that Defendants should not be permitted to clawback and withhold from production allegedly privileged and work product documents that were inadvertently produced.

United States District Court
Northern District of California

7

1   Plaintiffs do not dispute that the production of these documents was inadvertent, but they say that

2   Defendants have failed to show that they took reasonable steps to prevent the disclosure and to

3   rectify the error.  Dkt. No. 287 at 4.  Defendants respond that they have already provided a

4   declaration attesting to the reasonable steps they took to prevent disclosure and correct the

5   inadvertent production promptly upon learning of it.  *Id.* at 7 (citing No. 20-3642, Dkt. No. 245,

6   declaration).  Plaintiffs' portion of the joint submission does not address Defendants' reference to

7   this declaration.

8          As the parties have not proposed, and the Court has not entered, an order pursuant to Rule

9   502(d) of the Federal Rules of Evidence, Rule 502(b) provides the rule of decision here:

10                 [T]he disclosure does not operate as a waiver in a federal . . .
                   proceeding if:
11                 (1) the disclosure is inadvertent;
                   (2) the holder of the privilege or protection took reasonable steps to
12                 prevent disclosure; and
                   (3) the holder promptly took reasonable steps to rectify the error
13                 . . . .

14   Fed. R. Evid. 502(b).  Rule 502(b) does not require a producing party to engage generally in a

15   post-production review to determine whether any privileged documents or information have been

16   produced by mistake.  *See AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 866 (N.D. Cal.

17   2019).  However, "the rule does require the producing party to follow up on any obvious

18   indications that a protected communication or information has been produced inadvertently."  Fed.

19   R. Evid. 502, Advisory Committee Notes, explanatory note revised 11/28/2007, subsection (b).

20          As they explain in the joint submission and in Mr. Frost's prior declaration, Defendants

21   took steps to screen for privileged materials and immediately asked to clawback the documents

22   that had been produced without being screened once they learned of the mistaken production.  *See*

23   Dkt. No. 287 at 7; No. 20-3642, Dkt. No. 245-1 ¶¶ 4-6.  Plaintiffs do not explain why this showing

24   is insufficient under Rule 502(b).  For this reason, the relief they request is denied.

25          **E.     Attachments**

26          Plaintiffs argue that Defendants have improperly withheld documents attached to

27   privileged communications where the attachments themselves are not privileged.  Dkt. No. 287 at

28   5.  Defendants respond that many of the attachments are themselves privileged because they

United States District Court
Northern District of California

8

1    reflect attorney work product and litigation strategy, were exchanged among clients at the request

2    of counsel, and that others were sent to counsel for the purpose of seeking legal advice.  *Id.* at 8.

3    Again, Plaintiffs' portion of the joint submission does not address Defendants' arguments about

4    specific privilege log entries.

5         While Plaintiffs are correct that documents are not privileged merely because they are

6    provided to counsel, Plaintiffs' failure to engage with Defendants' arguments on specific privilege

7    log entries makes it difficult for the Court to resolve using the expedited dispute resolution

8    procedures.  At the same time, Plaintiffs' privilege log entries are insufficient in most cases to

9    demonstrate that the attachments are indeed privileged or work product.  Accordingly, the Court

10   will order further proceedings regarding this category of disputed entries, as set forth below.

### IV.    CONCLUSION

12        Defendants must serve an amended privilege log (or logs) that complies with the Court's

13   direction in sections III.A and C above by **December 20, 2022**.  If Defendants elect to make other

14   changes to their privilege log, they shall inform Plaintiffs of the other changes.

15        With respect to the disputed Third Party Communications and Attachments addressed in

16   sections III.B and E above, the Court concludes that these matters should be briefed as a regularly

17   noticed motion under Civil Local Rule 7-2, supported by declarations and other evidence as

18   necessary.  *See, e.g., United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal.

19   2002) (relying on briefing, declarations, and *in camera* review of challenged documents); *Klein v.*

20   *Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096 (N.D. Cal. Mar. 11, 2022)

21   (same).  Unless the parties agree otherwise, Plaintiffs will be the moving party.[3]  In connection

22   with such briefing, Plaintiffs must first select no more than 20 entries from each of the two

23   disputed privilege log categories (i.e., Third Party Communications and Attachments) for a total of

24   no more than 40 entries from among those entries previously identified as within these disputed

25   categories.  Plaintiffs shall communicate this selection to Defendants no later than **December 13,**

26   **2022**.  After making this communication, Plaintiffs may file a regularly noticed motion

27

28   _____

     [3] The Court expects to receive a single motion filed jointly on behalf of IPPs and DPPs.

challenging Defendants' privilege claims as to the selected entries.  If Defendants oppose Plaintiffs' motion as to any of the selected entries, they must submit for *in camera* review the documents corresponding to the disputed entries at the time they file their opposition to the motion.  After the Court decides Plaintiffs' motion it will consider whether any further proceedings are necessary to address any remaining disputes regarding Defendants' privilege claims.

Except as set forth above, the Court denies Plaintiffs' remaining requests for relief.

**IT IS SO ORDERED.**

Dated: November 29, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge