Kalpana Srinivasan (SBN 237460)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Lin Y. Chan (SBN 255027)
LIEF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
COTCHETT PITRE MCCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | **Case Nos. 5:20-cv-03639-EJD, 5:20-cv-03642-EJD** |
| This Document Relates to:<br><br>All Actions | **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF IMPROPERLY WITHHELD DOCUMENTS**<br><br>**FILED UNDER SEAL**<br><br>Magistrate Judge: Hon. Virginia K. DeMarchi<br>Hearing Date and Time: Oral Argument Not Requested |

**Notice of Motion**

Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs") respectfully move this Court for entry of an order under Rules 37 and 45 of the Federal Rules of Civil Procedure compelling Defendants Synta Technology Corp. ("Synta Taiwan"), Suzhou Synta Optical Technology Co., Ltd. ("Suzhou Synta"), Celestron Acquisition, LLC, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Nantong Schmidt Opto-Electrical Technology Co. Ltd., SW Technology Corporation, Synta Canada International Enterprises Ltd., Olivon Manufacturing Group Ltd., Joe Lupica, Corey Lee, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp. (collectively, "Defendants") to produce documents improperly withheld as attorney-client privileged. A hearing has not been requested for this Motion. The grounds for this Motion are set forth in the Memorandum of Points and Authorities below and the accompanying Declaration of Alejandra C. Salinas ("Salinas Decl.").

**Issues to be Decided**

Whether Defendants should be compelled to produce (1) communications with third-parties improperly withheld as attorney-client privileged and/or work product ("Third-Party Communications") and (2) attachments to attorney-client emails improperly withheld as attorney-client privileged ("Attachments"). Illustrative examples of the Defendants' privilege log entries that correspond to Third-Party Communications and Attachments are highlighted in Exhibit 1.

**Memorandum of Points and Authorities**

**I.      Background**

On October 28, 2022, Plaintiffs filed the Joint Discovery Letter Brief re Improperly Withheld Documents in Defendants' Privilege Log ("Letter Brief"), ECF No. 287, Ex. 2. In the Letter Brief, Plaintiffs requested that Defendants be compelled to produce four categories of improperly withheld documents: (1) "[t]hird-party communications and documents withheld on the basis of attorney-client privilege," (2) "[c]ommunications and documents withheld on the basis of 'tax privilege,'" (3) "[c]ommunications and documents subject to Defendants' clawback demands,"

1    and (4) "[a]ttachments to attorney-client emails withheld on the basis of attorney-client privilege."
2    *Id.*
3        Plaintiffs requested this relief after more than ten months of efforts to resolve the parties'
4    dispute about whether these categories of withheld documents should be produced. Salinas Decl.
5    ¶ 4-12; *see, e.g.*, Exs. 2-9. IPPs' efforts included conferring with Defendants by Zoom on at least
6    five occasions about the withheld documents, sending Defendants at least ten unanswered follow
7    up emails for information related to the withheld documents, and waiting for over a month for
8    Defendants to insert their response position in the Letter Brief. Salinas Decl. ¶ 4.
9        On November 29, 2022, the Court partially granted IPPs' requested relief. In the Order Re
10   October 28, 2022 Discovery Dispute Re Defendants' Privilege Claims ("Order"), ECF No. 297, the
11   Court held:

> With respect to the disputed Third Party Communications and Attachments addressed in sections III.B and E above, the Court concludes that these matters should be briefed as a regularly noticed motion under Civil Local Rule 7-2, supported by declarations and other evidence as necessary. *See, e.g.*, *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) (relying on briefing, declarations, and in camera review of challenged documents); *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096 (N.D. Cal. Mar. 11, 2022) (same).
> Unless the parties agree otherwise, Plaintiffs will be the moving party. In connection with such briefing, Plaintiffs must first select no more than 20 entries from each of the two disputed privilege log categories (i.e., Third Party Communications and Attachments) for a total of no more than 40 entries from among those entries previously identified as within these disputed categories. Plaintiffs shall communicate this selection to Defendants no later than December 13, 2022. After making this communication, Plaintiffs may file a regularly noticed motion.

21   Order at 9.
22       On December 13, 2022, IPPs communicated Plaintiffs' representative entry selections to
23   Defendants by email in accordance with the Order. Salinas Decl. ¶ 3; Ex. 1. The IPPs' email stated:
24   "Pursuant to the Court's order, attached is a revised annotated challenge list. Please let us know by
25   EOD Thursday whether Defendants intend to withdraw their privilege claim for any of the
26   challenged entries. If not, Plaintiffs will proceed to file a motion with the court challenging these
27   entries in accordance with the Court's order." Ex. 1. Defendants did not respond. Salinas Decl. ¶ 3.
28   Given this delay, Plaintiffs bring this motion to compel the production of improperly withheld

Third-Party Communications and Attachments to impose a deadline and create a clear timeframe for resolution of these issues. Plaintiffs remain willing to meet and confer after filing this motion if Defendants believe it would be constructive to do so.

## II. Legal Standard

### A. Attorney-Client Privilege

"The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications." *In re Grand Jury Investigation* (*United States v. The Corporation*), 974 F.2d 1068, 1070 (9th Cir. 1992). "To meet this burden, a party must demonstrate that its documents [or communications] adhere to the essential elements of the attorney-client privilege adopted by this court." *Id.* "The eight essential elements necessary to assert an attorney-client privilege are: (1) legal advice of any kind was sought, (2) the legal advice was sought from a professional legal adviser in his capacity as an advisor, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at the client's instance, (7) permanently protected (7) from disclosure by the client or by the legal advisor, (8) unless the protection is waived." *Garcia v. City of El Centro*, 214 F.R.D. 587, 590 (S.D. Cal. 2003).

"A cursory review of the case law demonstrates that attorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc*., 402 F. Supp. 3d 855, 865 (N.D. Cal. 2019). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009).

### B. Work Product Doctrine

Like the attorney-client privilege, "[t]he party seeking to invoke the work product doctrine bears the burden of establishing all the requisite elements, and any doubts regarding its application must be resolved against the party asserting the protection." *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012), *aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).

"[A]ny documents listed on the privilege log as protected by the work product doctrine must be accompanied by a declaration supporting the work product claim." *NetCurrents Info. Servs., Inc. v. Dow Jones & Co., Inc.*, No. CV 07-4027-JFW(RCX), 2008 WL 11338879, at *4 (C.D. Cal. June 11, 2008). "The work product doctrine is to be narrowly construed as 'its application can derogate from the search for the truth.'" *United States v. 22.80 Acres of Land,* 107 F.R.D. 20, 22 (N.D. Cal. 1985).

III.   **Argument**

   A. **Defendants' Third-Party Communications Should Be Produced**

Defendants have improperly withheld communications with eleven third parties as "attorney-client communication" and "attorney work product." According to public information and documents produced by Defendants, eight of these third parties are outside financial consultants:

- ████████████████████████████████████████████████████████
- ████████████████████████████████████████████████████████
- ████████████████████████████████████████████████████████
- ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████
████
████████████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████



1   The three remaining third parties are family members of the Defendants that were not
2   employed by any of the Defendant entities at the time in which they were involved in the allegedly
3   privileged communications:

4   - ███████████████████████████████
5   - ██████████████████████████████████████████████████████
6   - ███████████████████████████████████████

7   Defendants' communications with these outside financial consultants and family members
8   are not protected by attorney-client or work product privilege. "An express waiver occurs when a
9   party discloses privileged information to a third party who is not bound by the privilege, or
10  otherwise shows disregard for the privilege by making the information public." *Bittaker v.*
11  *Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). To prevent waiver, "the attorney and/or client must
12  have enlisted the third party in order to facilitate *comprehension* by the lawyer of communications
13  or information from the client." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1071
14  (emphasis added). Here, Defendants have repeatedly refused to explain, let alone, provide evidence,
15  that the attorney-client privilege or work product protection applies to *any* of their communications
16  with any of these third parties. Accordingly, Defendants should be required to produce these
17  documents.

18  **B. Defendants' Attachments Should Be Produced**

19  Defendants have also improperly withheld email attachments as attorney-client privileged.
20  It is well-established that documents "cannot become privileged by merely attaching them to a
21  communication with the attorney." *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*,
22  85 F. Supp. 3d 1074, 1088 (N.D. Cal. 2015). Yet here, Defendants repeatedly seek to assert just
23  that in their privilege log.

24  Because such an assertion, without more, is insufficient to extend the privilege to the
25  attached documents, Plaintiffs respectfully request this Court order Defendants to produce all
26  attachments Defendants seek to withhold as privileged. *See Sidibe v. Sutter Health*, No. 12-CV-
27  04854-LB, 2018 WL 783808, at *5 (N.D. Cal. Feb. 7, 2018).

28  **IV. Conclusion**

For the foregoing reasons, this Court should compel Defendants' production of the Third-Party Communications and Attachments.

Dated: March 1, 2023

Respectfully Submitted,

 /s/ *Alejandra C. Salinas*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (*pro hac vice*)
Texas SBN 24102452
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
asalinas@susmangodfrey.com

/s/ *Lin Y. Chan*
Lin Y. Chan (SBN 255027)
Eric B. Fastiff (SBN 182260)
Reilly T. Stoler (SBN 310761)
Devin X. Williams (SBN 347577)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
lchan@lchb.com
efastiff@lchb.com
rstoler@lchb.com
dwilliams@lchb.com

|   |   |
|---|---|
| | */s/ Adam J. Zapala* |
| | Adam J. Zapala (SBN 245748) |
| | Elizabeth T. Castillo (SBN 280502) |
| | James G. Dallal (SBN 277826) |
| | **COTCHETT, PITRE & McCARTHY, LLP** |
| | 840 Malcolm Road |
| | Burlingame, CA 94010 |
| | Telephone: (650) 697-6000 |
| | Facsimile: (650) 697-0577 |
| | azapala@cpmlegal.com |
| | ecastillo@cpmlegal.com |
| | jdallal@cpmlegal.com |

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*


*/s/ Matthew Borden*
Matthew Borden (SBN 214323)
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210
Fax: (415) 276-1808
borden@braunhagey.com

*Interim Lead Counsel for Proposed Class of Direct Purchaser Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Alejandra C. Salinas*
Alejandra C. Salinas