UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03639-EJD   (VKD)<br><br>**ORDER RE MARCH 1, 2023 DISCOVERY DISPUTE RE LEVENHUK SUBPOENA**<br><br>Re: Dkt. No. 307 |

Indirect Purchaser Plaintiffs ("IPPs") and Defendants ask the Court to resolve their dispute concerning IPPs' document subpoena to non-party Levenhuk Inc. ("Levenhuk"). Dkt. No. 307. Defendants ask the Court to issue a protective order barring IPPs from obtaining documents concerning non-U.S. sales of telescopes and telescope-related accessories. *Id.* at 1. The Court finds this dispute suitable for resolution without oral argument. Civil. L.R. 7-1(b).

For the reasons explained below, the Court denies Defendants' request for a protective order.

I.  **BACKGROUND**

In early February 2023, IPPs served a subpoena on non-party Levenhuk asking for documents regarding Levenhuk purchases and sales of telescopes and telescope-related accessories, as well as contact information for potential class members. *See* Dkt. No. 307-1. According to IPPs, Levenhuk is headquartered in Tampa, Florida, and the subpoena specifies a location in Tampa for the production of documents. *Id.* According to Defendants, Levenhuk is based in Russia. *Id.* at 2, 3.

In any event, IPPs say that Levenhuk purchased telescopes from defendant Nantong

Schmidt, labeled them as its own, and resold them under its own label to IPPs. *Id.* at 2, 6. They argue that the subpoena seeks information relevant to IPPs' analysis of "overcharge pass-through" from Defendants to consumers. *Id.* at 2. Defendants respond that virtually all of defendant Nantong Schmidt's telescope sales to Levenhuk were shipped to a Levenhuk entity in Russia, and therefore represent foreign sales that are not relevant to the allegations in the operative complaint, which are limited to domestic activity. *Id.* at 2.

## II.     LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure permits a party to obtain documents from a non-party by serving a subpoena on the non-party, with prior notice to all other parties. Fed. R. Civ. P. 45(a)(3), (a)(4). The scope of permissible discovery of non-parties under Rule 45 is generally commensurate with the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45 Advisory Comm. Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A party whose interests are affected by a non-party subpoena must move to quash or modify the subpoena in the district where compliance is required in order to protect those interests, or the affected party may move for a protective order in the district court where the action is pending. *See* Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(c). However, as a general matter, a party has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party. *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (party may only move to quash subpoena where the party is seeking to protect a personal interest or right); *Wells*

*Fargo and Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 WL 6115612 at *2 (N.D. Cal. Dec. 10, 2012) (party may seek a protective order regarding subpoena if it believes its own interest is jeopardized); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. Apr. 2022 update) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

### III. DISCUSSION

Defendants ask for a protective order barring IPPs' discovery from Levenhuk on the ground that the subpoena seeks discovery that is irrelevant, overbroad, and disproportionate to the needs of the case. *See* Dkt. No. 307 at 2-4. However, Defendants have not identified any personal right or privilege that is implicated by IPPs' document subpoena, which principally seeks transactional information relating to Levenhuk's purchase and sale of telescopes and telescope-related accessories. Defendants do not contend that the subpoena calls for Levenhuk to produce information that is Defendants' privileged or private information.

The cases on which Defendants rely are inapposite, as they all involve a party's challenge to a non-party subpoena where the party's own personal rights or interests were at stake. *See*, *e.g.*, *Singletary v. Sterling Transport Co., Inc.,* 289 F.R.D. 237 (E.D. Va. 2012) (party possessed a personal right in private information contained in his employment records held by former employers); *Springbook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679 (N.D. Cal. 1988) (party had an interest in objecting to adverse party's use of non-party subpoena to exceed the scope of discovery permitted by a court order extending discovery); *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG(DMR), 2016 WL 787924 (N.D. Cal. Feb. 29, 2016) (defendants had personal interest in attorney-client privileged and private information subpoenaed from their communication service provider, ISP, law firm, and bank). Conversely, Defendants have not shown they have standing to object to IPPs' subpoena to Levenhuk on any ground.[1]

To the extent Defendants suggest that IPPs seek discovery in violation of a prior Court

---

[1] No party suggests that Levenhuk objects to producing documents responsive to the subpoena.

order limiting discovery of international customers, *see* Dkt. No. 307 at 3, the Court finds no such violation. The Court's prior discovery order was directed to Plaintiffs' discovery of Defendants' own non-U.S. customers. *See* No. 20-3642, Dkt. No. 84 at 5-6. In resolving that dispute, the Court stated: "The Court does not believe it has an adequate legal and factual record to resolve the parties' dispute concerning RFP No. 92 [requesting disclosure of all Celestron customers outside the U.S. since 2005], and denies plaintiffs' request for relief without prejudice on that basis." *Id.* at 6. If, as Defendants contend, the evidence IPPs obtain from Levenhuk is not relevant because it concerns exclusively international transactions, Defendants will have an opportunity to object to the use or admissibility of such evidence on the merits.

## IV.  CONCLUSION

Defendants' request for a protective order is denied.

**IT IS SO ORDERED.**

Dated: March 7, 2023

*[signature]*

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4