CHRISTOPHER FROST (SBN 200336)
chris@wgfcounsel.com
ASHLEY MORRIS (SBN 225455)
ashley@wgfcounsel.com
JOHN MAATTA (SBN 83683)
john@wgfcounsel.com
WEINBERG GONSER FROST LLP
10866 Wilshire Boulevard, PH1650
Los Angeles, California 90024
Telephone: (424) 239-2850
Facsimile: (424) 238-3060

Attorneys for Defendants,
Dave Anderson; Celestron Acquisition, LLC;
Joe Lupica; Nantong Schmidt Opto-Electrical
Technology Co. Ltd.; Olivon Manufacturing
Co. Ltd.; Olivon USA; Pacific Telescope
Corp.; David Shen; Suzhou Synta Optical
Technology Co., Ltd.; SW Technology
Corporation; Synta Canada International
Enterprises Ltd.; Synta Technology Corp.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:20-cv-03639-EJD<br>Case No. 5:20-cv-03642-EJD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 304]**<br><br>*Hon. Virginia K. DeMarchi* |

1    Defendants respectfully submit this response to Plaintiffs' administrative motion to consider
2  whether another party's materials should be filed under seal (ECF NO. 304) (the "Motion").
3    Plaintiffs filed this Motion to seal Exhibit Nos. 10-19 of the Motion to Compel, which Plaintiffs
4  claim were designated by Defendants as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
5  Plaintiffs claim that they took no position on whether these exhibits and references satisfy the
6  requirements for sealing and that Defendants, as the Designating Parties, bear responsibility to establish
7  that all of the designated material is sealable.
8    However, Plaintiffs have failed to serve the *unredacted* Exhibit Nos. 10-19 of the Motion to the
9  Defendants.  Defendants are crippled by the significant lack of information and are unable to fully
10 respond to Plaintiffs' Motion in detail.  Defendants maintain the position that documents designated by
11 Defendants as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain confidential,
12 but without seeing the actual exhibits, the Defendants are unable to respond to Plaintiffs' Motion.
13   On March 1, 2023, Plaintiffs filed the underlying Motion to Compel. The Motion to Compel
14 contains approximately two (2) pages of redacted information in a six (6)-page Motion to Compel
15 (excluding the caption page and signature pages).  Simultaneously filed with the Motion to Compel was
16 this Administrative Motion to Seal. There was no service copy of the unredacted Motion to Compel and
17 exhibits provided to Defendants.  On March 13, 2023, Defendants' counsel emailed Plaintiffs' counsel
18 requesting copies of the unredacted Motion to Compel and the unredacted exhibits.  In a showing of
19 pure gamesmanship, Plaintiffs ignored the request until after close of business on the day Defendants'
20 Opposition was due, and even then, Defendants did not receive the unredacted Motion and the
21 unredacted exhibits at the time Defendants filed this Opposition and the supporting documents.  (*See*
22 Declaration of Weixuan Cai, paragraphs 3-9, which was filed concurrently with the Opposition to
23 Motion to Compel and the Response to this Motion.)
24   This Motion to Seal should be stricken given that Plaintiffs' underlying Motion to Compel, to
25 which the Exhibit Nos. 10-19 are attached, should be withdrawn.  Plaintiffs failed to notice a hearing
26 for the motion to compel in accordance with the Court's Order on November 29, 2022.  This Court
27 ordered that certain issues in the Motion to Compel be briefed as a regularly noticed motion under Civil
28

Local Rule 7-2. (ECF No. 297, 9:15-17.) Local rules require the Plaintiffs to serve a notice of motion to compel and provide a hearing date and time on the caption page. Plaintiffs failed to do so, and the Motion to Compel should be stricken for this procedural defect alone. Plaintiffs also failed to serve the unredacted Motion to Compel and the unredacted supporting exhibits. There is also no declaration of counsel, Ms. Alejandra Salinas, that was filed and served with the Motion to Compel, even though the Motion to Compel references such a declaration. For these reasons, Defendants are crippled by the lack of information disclosed in the Motion and the Motion to Compel.

To the extent this Court is inclined not to withdraw the Motion to Compel and this Motion, Defendants request that this Court order Plaintiff serve the unredacted Motion and unredacted Exhibit Nos. 10-19, and give Defendants sufficient opportunity to respond to the Motion to Compel and this Motion in detail.

DATED: March 15, 2023                           WEINBERG GONSER FROST, LLP

                                                By:   /s/ *Christopher Frost*
                                                      CHRISTOPHER FROST
                                                      Attorney for Defendants