1    **[Counsel Listed on Next Page]**

2

3

4

5

6

7

8

9

10

11                      **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

14   IN RE TELESCOPES ANTITRUST                   Case No. 5:20-cv-03639-EJD
     LITIGATION
15                                                 Case No. 5:20-cv-03642-EJD
     This Document Relates to:
16                                                 **JOINT REPORT RE SCHEDULING**
     All Actions.                                  **OUTSTANDING DEPOSITIONS**
17

18                                                 **Trial Date:**     None Set

19

20

21

22

23

24

25

26

27

28

JOINT REPORT RE SCHEDULING OUTSTANDING DEPOSITIONS

J. Noah Hagey, Esq. (SBN: 262331)
Matthew Borden, Esq. (SBN: 214323)
Ellen V. Leonida, Esq. (SBN: 184194)
Ronald J. Fisher, Esq. (SBN: 298660)
Ellis E. Herington, Esq. (SBN: 343085)
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
hagey@braunhagey.com
borden@braunhagey.com
leonida@braunhagey.com
fisher@braunhagey.com
herington@braunhagey.com

*Interim Lead Counsel for Direct Purchaser
Plaintiffs*

Christopher L. Frost (SBN 200336)
John Maatta (SBN 83683)
Joshua S. Stambaugh (SBN 233834)
FROST LLP
10960 Wilshire Boulevard, Suite 1260
Los Angeles, California 90024
Telephone: (424) 254-0441
chris@frostllp.com
john@frostllp.com
josh@frostllp.com

SHAUNA A. IZADI (admitted *pro hac vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Rd, Suite 900
Dallas, Texas 75240

*Attorneys for Defendants*

Adam J. Zapala (Bar No. 245748)
Elizabeth T. Castillo (Bar No. 280502)
James G. Dallal (Bar No. 277826)
COTCHETT PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (pro hac vice)
Texas SBN 24102452
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
asalinas@susmangodfrey.com

Lin Y. Chan (SBN 255027)
Eric B. Fastiff (SBN 182260)
Devin X. Williams (SBN 347577)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
lchan@lchb.com
efastiff@lchb.com
dwilliams@lchb.com

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs*

The undersigned parties respectfully submit this joint report in response to the Court's August 1, 2023 Order Re Deposition Scheduling. (Case No. 20-cv-03642, ECF No. 463; Case No. 20-cv-3639, ECF No. 361.)

## **JOINT STATEMENT**

On August 7, 2023, Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs," and together with DPPs, the "Plaintiffs") as ordered served their Rule 30(b)(6) deposition notices identifying topics.

On August 9, 2023, the Defendants as ordered served objections and responses identifying one or more Rule 30(b)(6) designees for each Defendant subject to a Rule 30(b)(6) notice. DPPs' topic 16 and IPPs' topics 12, 13, and 14 remain the subject of continued meet and confer efforts.

On August 11, 2023, Plaintiffs as ordered served on Defendants a list of the forthcoming depositions alongside estimated numbers of hours for each witness to testify. The requests were as follows:

| Witness | Time Request[1] |
|---|---|
| Corey Lee | 18 hours (7 hours 30(b)(6)) |
| Alan Hale | 13 hours (2 hours 30(b)(6)) |
| Dagong Shen | 7 hours |
| Dong Yongxue | 7 hours |
| David Shen | 11 hours |
| Jean Shen | 14 hours (7 hours 30(b)(6)) |
| Laurence Huen | 25 hours (14 hours 30(b)(6)) |
| Jack Chen | 11 hours |

[1] This table shows presently operative requests. The version that Plaintiffs served included two witnesses who are former employees not controlled by Defendants, so Plaintiffs anticipate negotiating dates and deposition length with the former employees' separate counsel. The version Plaintiffs sent also inadvertently listed 11-hour requests for Dagong Shen and Dong Yongxue. Plaintiffs have since clarified these will be 7-hour depositions, as shown above. The times shown do not account for double time for non-English language depositions.

| Witness | Time Request[1] |
|---|---|
| Sylvia Shen | 18 hours (7 hours 30(b)(6)) |
| David Anderson | 11 hours |
| Joe Lupica | 11 hours |
| Michael Sun | 18 hours (7 hours 30(b)(6)) |
| Rick Ayres | 11 hours (4 hours 30(b)(6)) |
| Amir Cannon | 3 hours 30(b)(6) |
| Ben Hauck | 9 hours (2 hours 30(b)(6)) |
| Lance Lucero | 7 hours |
| Min Ma | 7 hours |
| Claudia Pearson | 7 hours |
| Paul Roth | 3 hours 30(b)(6) |

The Court had further ordered, "By August 14, 2023, each party producing a witness for deposition must identify the dates on which that witness is available for deposition."

The parties had previously negotiated and Plaintiffs have issued deposition notices for the following deposition dates already on calendar:

- Dagong Shen: September 11 and 13.
- Dong Yongxue: September 15 and 18.
- David Shen: September 20, 22 and 25.
- Jean Shen: October 2 and 3.
- Laurence Huen: October 6, 9, and 10.
- Jack Chen: October 12, 13, and 16.
- Sylvia Shen: October 19, 20, and 23.

As of this writing, Defendants have also identified the following potential examination dates for the following witnesses:[2]

- Rick Ayres: November 1, 2, or 3.
- Amir Cannon: November 1, 2, or 3.
- Paul Roth: November 1, 2, or 3.
- Lance Lucero: November 6, 7, or 8.
- Claudia Pearson: November 7, 8, or 9.
- Alan Hale: November 9, 10, or 13.
- Min Ma: November 13, 14, or 15.
- David Anderson: Any two days between November 15 and 17.
- Ben Hauck: Any two days the week of December 4.

Defendants have informed Plaintiffs' counsel that they will provide dates for the following witnesses on August 17:

- Joe Lupica
- Michael Sun
- Laurence Huen (30(b)(6) testimony)
- Corey Lee (30(b)(6) testimony)
- David Shen (30(b)(6) testimony)
- Jean Shen (30(b)(6) testimony)
- Sylvia Shen (30(b)(6) testimony)

## **PLAINTIFFS' STATEMENT**

Plaintiffs do not understand Defendants' submission of five pages of argument on an unripe dispute in response to the Court's Order directing the parties to file a "joint report regarding the status of their efforts to schedule the outstanding depositions."

---

[2] DPPs are amenable to agreeing to these dates in the spirit of compromise and progress, but do not presume that Judge Davila will extend the discovery cutoff in the IPP action and do not intend to suggest that the Court should or must do so. IPPs are of the view that a further modest extension to the discovery cutoff in the IPP action, presently set for October 2, 202,3 is necessary and moreover already contemplated in the agreed deposition dates already scheduled out to October 23.

There is time remaining until the first Rule 30(b)(6) deposition, and Plaintiffs anticipate resolving their disputes over the four contested topics via the Court's regular discovery letter briefing mechanism. Indeed, DPPs have already initiated that process with respect to DPP topic 16, and the parties will be meeting and conferring on that issue (among others) tomorrow.

### DEFENDANTS' STATEMENT

DPPs' topic No. 16 demands testimony regarding: "Compliance with U.S., U.K., EU, California, Hong Kong, Taiwan, and the People's Republic of China antitrust laws and regulations, and court orders." As set forth in Defendants' objections and responses to the DPPs' 30(b)(6) deposition notices, it is Defendants' position that this topic is woefully overbroad, unduly burdensome, calls for legal conclusions and expert testimony, and is not the proper subject of a 30(b)(6) deposition. Corporate representative deposition topics have been found "inappropriate" and "prohibited" when they require the witness to draw legal conclusions. *See Jenkins v. Rotobec, Inc.,* No. 1:09CV150HSO-JMR, 2010 WL 11527364, at *2 (S.D. Miss. July 6, 2010) ("The Court finds that the questions presented required the witness to draw legal conclusions which were inappropriate."); *Firefighters' Ret. Sys. v. Citco Group Ltd.,* No. CV 13-373-SDD-EWD, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018), *aff'd,* No. CV 13-373-SDD-EWD, 2018 WL 5993471 (M.D. La. Nov. 14, 2018) ("It is also generally prohibited for a lay witness to interpret statutes and to give legal opinions.") (collecting cases). Moreover, Rule 30(b)(6) does not require an organization "to go out and obtain knowledge which it apparently never had in the first place." *See, West v. Jewelry Innovations, Inc.,* 5:07-cv-01812, No. 9 (N.D. Cal. Apr. 19, 2007).  Thus, this topic is improper for a 30(b)(6) deponent. *See In re Teon Maria, LLC*, No. CIV.A. 12-2272, 2013 WL 5507286, at *4 (E.D. La. Sept. 30, 2013) (sustaining objection to 30(b)(6) topics that would "require the witness to testify on legal conclusions.").

The IPPs' topic No. 13 demands testimony regarding: "Your organizational structure regarding the assembly, inventory, distribution, and sale of Your Product Lines. This Topic includes the identity of all Officers and their general responsibilities." Defendants objected on the grounds that this topic is compound, and it seeks two separate and distinct topics (in addition to the numerous other subtopics listed by IPPs ***totaling over 50 subtopics***) disguised as a "singular topic"

1  in an effort to circumvent the Court's Order limiting the number of topics to twenty (20). It is

2  Defendants' position that this topic seeks information more appropriate as an interrogatory, as it

3  requires Defendants to educate a lay witness on various subparts that require multi-faceted

4  analyses, and would be practically impossible to educate any one person, or even multiple persons,

5  to testify on each of the topics at a granular level. *See Niagara Mohawk Power Corp. v. Stone &*

6  *Webster Engineering Corp.,* 125 F.R.D. 578, 593 (N.D.N.Y. 1989) (recognizing viability of

7  interrogatories as an alternative discovery method to a 30(b)(6) deposition). Defendants also

8  objected on the grounds that this topic is grossly overly broad and contains non-particularized

9  matters of examination.  As the court observed in the *Mattel* decision, upholding an order quashing

10  a Rule 30(b)(6) deposition notice, the topics were "way too broad" and "no attempt had been made

11  to try and tailor the information request to the immediate needs of the case." *Mattel Inc. v. Walking*

12  *Mountain Productions,* 353 F.3d 792, 813-814 (9th Cir. 2003).  This topic is so broad that it

13  essentially requests that a Rule 30(b)(6) witness testify on "all aspects of plaintiff's business."

14  *Precision Dose, Inc. v. USA,* 2014 U.S. Dist. LEXIS25762 (N.D. Ill. 2014).

15      IPPs' topic No. 13 demands testimony regarding: "Your relationship with Suppliers of

16  Telescope Components and Telescope Products of Your Product Lines. This Topic includes the

17  identity of all Suppliers. For each Supplier: (i) the location of the Supplier's headquarters; (ii) the

18  names of any Product Lines manufactured, assembled, distributed, or sold by the Supplier to You;

19  (iii) a brief explanation of the service and/or products the Supplier provided to You for each of

20  those Product Lines and the purpose for which You acquired each of those Product Lines, including

21  without limitation whether each of those Product Lines was acquired for resale and, if so, whether

22  and under what terms and conditions it was resold, including the price, and to whom it was sold

23  and where; (iv) the date the Supplier commenced and ceased manufacturing, assembling,

24  distribution, or sales for each of those Product Lines; (v) all locations where You paid for, received,

25  or took possession of any of those Product Lines; (vi) all locations where the Supplier shipped or

26  delivered any of those Product Lines; (vii) all locations where You and the Supplier negotiated the

27  price or another purchase term for any of those Product Lines; (viii) the full English and Chinese

28  names of at least one Employee and one Person affiliated with the Supplier that was involved in

1   those negotiations; and (ix) whether there are any Agreements between You and the Customer."

2   Defendants objected to this topic on the grounds that it is compound, and it seeks no less than nine

3   separate and distinct topics (in addition to the numerous other subtopics listed by IPPs **totaling over**

4   **50 subtopics**) disguised as a "singular topic" in an effort to circumvent the Court's Order limiting

5   the number of topics to twenty (20). Defendants further objected to this topic on the grounds that it

6   seeks information more appropriate as an interrogatory, as it requires Responding Party to educate

7   a lay witness on various subparts that require multi-faceted analyses, and would be practically

8   impossible to educate any one persons to testify on each of the topics at a granular level. "[W]hen

9   the proposed deposition topics are complex and highly technical, or involve legal issues that

10  require the assistance of an attorney, the interrogatory is the preferred device." *HV Cat. Canyon,*

11  2016 U.S. Dist. LEXIS 200353 at *18 (citing *Memory Integrity, LLC v. Intel Corp.,* 308 F.R.D.

12  660, 661 (D. Or. 2015); *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125

13  F.R.D. 578, 593 (N.D.N.Y. 1989) (recognizing viability of interrogatories as an alternative

14  discovery method to a 30(b)(6) deposition). Defendants also objected on the grounds that this

15  Topic is grossly overly broad and contains non-particularized matters of examination.  As the court

16  observed in the *Mattel* decision, upholding an order quashing a Rule 30(b)(6) deposition notice, the

17  topics were "way too broad" and "no attempt had been made to try and tailor the information

18  request to the immediate needs of the case." *Mattel Inc. v. Walking Mountain Productions,* 353

19  F.3d 792, 813-814 (9th Cir. 2003).  This topic is so broad that it essentially requests that a Rule

20  30(b)(6) witness testify on "all aspects of plaintiff's business." *Precision Dose, Inc. v. USA,* 2014

21  U.S. Dist. LEXIS25762 (N.D. Ill. 2014). Defendants further objected on the grounds that a

22  30(b)(6) deposition is not meant to substitute for deposing individuals with actual knowledge, and

23  in fact presumes that the party seeking the deposition does not know which of the individuals

24  within the organization have knowledge of facts "that are clearly known to persons in the

25  organization." Fed. R. Civ. Proc., R. 30, Advisory Comment.   As such, this topic is beyond the

26  permissible scope allowed by Rule 30(b)(6).

27       IPPs' topic No. 14 demands testimony regarding: "Your relationship with Customers of

28  Your Product Lines. This Topic includes the identity of all Customers. For each Customer: (i) the

location of the Customer's headquarters; (ii) the names of any Product Lines you Sold to the Customer, (iii) the date You commenced and ceased sales of each of those Product Lines to the Customer; (iv) all locations where You or someone on Your behalf shipped or delivered any of those Product Lines to the Customer; (v) all locations where the Customer paid for, received, or took possession of any of those Product Lines; (vi) all locations where You and the Customer negotiated the price or another sale term for any of those Product Lines; (vii) the full English and Chinese names of at least one Employee and one Person affiliated with the Customer that was involved in those negotiations, and (viii) whether there are any Agreements between You and the Customer. This topic includes whether You sold Product Lines to entities other than Celestron or Optronic Technologies, Inc. a/k/a Orion during the Relevant Time Period and, if so, how data reflecting those sales was kept and/or reflected in financial statements. This topic also includes what types of contracts You have with Your customers. This topic includes: (i) the duration (short or long term) and the mode of pricing (fixed price cost-plus, etc.); and (ii) what portion of Your sales are conducted through contracts." Defendants objected to this topic, which consists of no less than ten subtopics, on the grounds that this topic is compound, and it seeks ten separate and distinct topics (in addition to the numerous other subtopics listed by IPPs ***totaling over 50 subtopics***) disguised as a "singular topic" in an effort to circumvent the Court's Order limiting the number of topics to twenty (20). Defendants further objected on the grounds that this Topic seeks information more appropriate as an interrogatory, as it requires Defendants to educate a lay witness on various subparts that require multi-faceted analyses, and would be practically impossible to educate any one persons to testify on each of the topics at a granular level. "[W]hen the proposed deposition topics are complex and highly technical, or involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device." *HV Cat. Canyon,* 2016 U.S. Dist. LEXIS 200353 at *18 (citing *Memory Integrity, LLC v. Intel Corp.,* 308 F.R.D. 660, 661 (D. Or. 2015); *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578, 593 (N.D.N.Y. 1989) (recognizing viability of interrogatories as an alternative discovery method to a 30(b)(6) deposition). Responding Party further objects on the grounds that this Topic is grossly overly broad and contains non-particularized matters of examination.  As the court observed in the

1   *Mattel* decision, upholding an order quashing a Rule 30(b)(6) deposition notice, the topics were

2   "way too broad" and "no attempt had been made to try and tailor the information request to the

3   immediate needs of the case." *Mattel Inc. v. Walking Mountain Productions,* 353 F.3d 792, 813-

4   814 (9th Cir. 2003).  This Topic is so broad that it essentially requests that a Rule 30(b)(6) witness

5   testify on "all aspects of plaintiff's business." *Precision Dose, Inc. v. USA,* 2014 U.S. Dist.

6   LEXIS25762 (N.D. Ill. 2014). Defendants further objected on the grounds that a  30(b)(6)

7   deposition is not meant to substitute for deposing individuals with actual knowledge, and in fact

8   presumes that the party seeking the deposition does not know which of the individuals within the

9   organization have knowledge of facts "that are clearly known to persons in the organization." Fed.

10  R. Civ. Proc., R. 30, Advisory Comment.   As such, this topic is beyond the permissible scope

11  allowed by Rule 30(b)(6).

12  Dated:  August 16, 2023                              Respectfully submitted,

13                                                                    BRAUNHAGEY & BORDEN LLP

14
                                                                      By: */s/ Ronald J. Fisher*
15                                                                    Ronald J. Fisher

16                                                                    *Interim Lead Counsel for Direct Purchaser*
17                                                                    *Plaintiffs*

18
                                                                      COTCHETT PITRE & McCARTHY, LLP
19
20                                                                    By: */s/ Adam J. Zapala*
                                                                      Adam J. Zapala
21
                                                                      SUSMAN GODFREY LLP
22
23                                                                    By: */s/ Kalpana Srinivasan*
                                                                      Kalpana Srinivasan
24
                                                                      LIEFF CABRASER HEIMANN &
25                                                                    BERNSTEIN LLP

26                                                                    By: */s/ Lin Y. Chan*
                                                                      Lin Y. Chan
27

28

1

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs*

2

3

FROST LLP

4

By: */s/ Chris Frost*
Christopher Frost

5

6

IZADI LEGAL GROUP, PLLC

7

By: */s/ Shauna Izadi*
Shauna Izadi (admitted *pro hac vice*)

8

9

*Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT REPORT RE SCHEDULING OUTSTANDING DEPOSITIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Counsel for Indirect Purchaser Plaintiffs hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for Direct Purchaser Plaintiffs and Defendants.

Dated:  August 16, 2023

Respectfully submitted,

COTCHETT, PITRE & McCARTHY, LLP

By: */s/ James G. Dallal*
James G. Dallal

*Attorneys for Indirect Purchaser Plaintiffs*