UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>Indirect Purchaser Actions | Case No. 5:20-cv-03639-EJD<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND ISSUING NOTICE |

WHEREAS, Interim Co-Lead Counsel and Plaintiffs Madeline Bekielewski,[1] Thomas Berta, Carey Briggs, Vincent Catanzaro, David Dick, Austin Griffith, Donnie Houston, Bentaro Huset, Greg Kendall, David Kerber, Deborah Lemar, Doug Lundy, John Maurice, Timothy McQuaid, Philip Moore, Brian Murphy, Herbert Nelson, Scott Plummer, Michael Price, David Quaglietta, Greg Ross, Ronald Troillett, Robert Welsh, Tony DiMambro, Jason Glydewell, Leon Greenberg, Michael Liskow, Sigurd Murphy, Jim Riley, Keith Uehara, Steven Zellers, Sarah Day Brewer, Thien Ngo, Jesse Smith, and Arthur Sines ("Plaintiffs") have applied for an order preliminarily approving the terms and conditions of the Settlement as set forth in the Settlement Agreement, which is attached as Exhibit A to the Declaration of Alejandra C. Salinas ("Salinas Declaration");

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this Court has considered the Settlement Agreement, the Motion for Preliminary Approval of Class Action Settlement and Issuance of Notice, and all papers filed in support of the Motion and the entire docket in this matter; and

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs and Lead Counsel are adequate representatives of the Settlement Class;

NOW THEREFORE, good cause appearing and pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

---

[1] Richard Bekielewski was an original class representative, but he passed away during the pendency of the litigation. His wife, Madeline Bekielewski, has taken over his estate and claims.

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

**Preliminary Certification of Settlement Class for Purpose of Settlement Only**

2. The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> all persons and entities in the Indirect Purchaser States[2] who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured.

3. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all directly purchased Telescopes from Defendants. The Settlement Class also excludes members who timely exercised their right to exclude themselves pursuant to the procedures described in the Notice.

4. Specifically, the Court preliminary approves the Settlement as set forth in the Settlement Agreement, including the releases contained therein, and the proposed plan of allocation and distribution described in Exhibit A to the Salinas Declaration, because the Court

---

[2] "Indirect Purchaser States" means Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

will likely be able to find that the Settlement is fair, reasonable and adequate after considering the Rule 23(e)(2)(A)–(D) factors and governing case law.

5. If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Defendants and Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

6. Interim Co-Lead Counsel, Cotchett, Pitre & McCarthy, LLP; Lieff Cabraser Heimann & Bernstein, LLP; and Susman Godfrey L.L.P., and the Plaintiffs are appointed as representatives and counsel of the Settlement Class.

### Notice to the Settlement Class

7. Interim Co-Lead Counsel has provided the Court with information sufficient to enable it to determine whether to give notice of the proposed settlement to the Class pursuant to Rule 23(e)(1)(A). The Court approves the Notice Plan and attendant documents and forms, which are attached to the Verita Declaration as Exhibits A-E, and finds that their dissemination substantially in the manner and form set forth in the Motion meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

8. By November 11, 2024 [no later than ten (10) days after the issuance of this Order], Defendants shall cause to be paid into the Escrow Account $1,000,000 to cover the administrative costs associated with Notice.

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND ISSUING NOTICE; Case No. 5:20-cv-03639-EJD    4
3046536.4

9. By November 1, 2025 [no later than twelve (12) months after the issuance of this Order], Defendants shall cause to be paid into the Escrow Account another $1,000,000 (for a total of $2,000,000).

10. By May 1, 2026 [no later than eighteen (18) months after the issuance of this Order] and as detailed in Paragraph 15 of the Settlement Agreement, Defendants shall pay the entire remaining Settlement funds into the Escrow Account.

11. Verita shall provide Notice consistent with the Notice Plan outlined in the Motion and Verita Declaration, and Notice shall be disseminated to Settlement Class Members by the Notice Date of December 13, 2024 [42 days after the issuance of this Order]. Verita is authorized to utilize funds from the Settlement Fund for these purposes.

## Settlement Administration

12. The Court appoints Verita Global, LLC as the notice and claims administrator. Verita shall supervise and administer the notice procedures, establish and operate the settlement website, administer the claims processes, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement. Funds required to pay Verita may be paid from the Settlement Fund as they become due as set forth in the Settlement Agreement.

13. Counsel may pay Verita up to $450,500 from the Settlement Fund to effectuate the notice plan and claims administration. Any notice and claims costs above $450,500 may only be paid from the Settlement Fund subject to further application and Court approval.

14. The Settlement Administrator shall act in compliance with the Amended Stipulated Protective Order, ECF No. 158, including, but not limited to, making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Defendants or Settlement Class Counsel in

connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the parties.

15. Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form starting on December 13, 2024 [Notice Date] and no later than May 20, 2025 [200 days from the Preliminary Approval Order and 158 days after the Notice Date]. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with the Settlement Agreement, subject to review and insight from Interim Co-Lead Counsel.

16. Settlement Class Members who wish to object to the Settlement must object in writing and: (1) clearly identify the case name and number; (2) your full name, current address, email address, and telephone number; (3) proof of membership in the settlement class; (4) the reasons why you object to the settlement, including any documents supporting your objection; (5) if you have retained an attorney, (a) the full name, current address, telephone number, and email address of your attorney; (b) the state bar(s) to which your attorney is admitted; and (c) a list of all other class actions you or your attorney has been involved in making objections over the last 10 years (whether or not you or your attorney appeared in the matter); (6) a statement indicating whether you or your attorney intend to appear at the fairness hearing; and (7) your signature or the signature of your attorney.

17. Objections must be filed with the Court or post-marked by February 13, 2025 [no later than 104 days from the Preliminary Approval Order and 62 days from the Notice Date], to the Court at the following address: Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

18. Any Settlement Class Member who seeks to be excluded from the Settlement Class must submit a request for exclusion, sending written request, which must be postmarked by February 13, 2025 [no later than 104 days from the Preliminary Approval Order and 62 days

from the Notice Date]. A request to opt-out must be timely sent by U.S. mail to the Settlement Administrator, requesting exclusion, providing their name, address, a signature, the name and number of the Action, and a clear and explicit statement that they wish to be excluded from the Settlement. The date of the postmark on the envelope containing the written request to opt-out shall be the exclusive means used to determine whether a request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement. The Settlement Class Member must pay for postage. Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Actions on the merits with prejudice.

### Fairness Hearing

19. The Fairness Hearing shall be held by the Court on Thursday, April 3, 2025 [no later than 154 days from preliminary approval], to determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement of the Actions on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Interim Co-Lead Counsel's motion or application for Fees and Expense Award and application for the Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Actions on the merits with prejudice against the Named Plaintiffs and all other Settlement Class Members should be entered. The date and time of the Fairness Hearing may, without further direct notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Fairness Hearing), be changed, continued or adjourned by order of the Court.

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND ISSUING NOTICE; Case No. 5:20-cv-03639-EJD   7
3046536.4

20. The Fairness Hearing will take place at:

**U. S. District Court of the Northern District of California
Robert F. Peckham Federal Building & Courthouse
Courtroom 4, 280 South 1st Street
San Jose, California 95113**

21. Any Objector who timely submits an Objection has the option to appear and request to be heard at the Fairness Hearing, either in person or through the Objector's counsel. Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection. Objectors who fail to submit or include such timely Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

22. By January 9, 2025 [no later than 69 days after the Preliminary Approval Order and 35 days before the objection and opt-out deadline], Interim Co-Lead Counsel shall file all papers in support of any Motion for a Fee and Expense Award and/or for Service Awards, and shall serve copies of such papers upon Defense Counsel and upon any objectors who have validly complied this Order.

23. By February 28, 2025 [no later than 119 days after the Preliminary Approval Order and fifteen (15) days after the objection and opt-out deadline], Interim Co-Lead Counsel and Plaintiffs shall file all papers in support of the application for the Final Approval of Settlement and Final Judgment.

24. Interim Co-Lead Counsel's Motion or Application for a Fee and Expense Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Settlement Class Counsel's Motion for a Fee and Expense Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

**Miscellaneous**

25. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendants will serve any supplemental CAFA Notice as appropriate.

26. Defense Counsel and Interim Co-Lead Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

27. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: __November 4__, 2024.

_____
Hon. Edward J. Davila
UNITED STATES DISTRICT JUDGE