**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | **Case No. 5:20-cv-03639-EJD** |
| THIS DOCUMENT RELATES TO: <br><br> All Indirect Purchaser Actions | **[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND SERVICE AWARDS** <br><br> **Judge: Hon. Edward J. Davila** |

Indirect Purchaser Plaintiffs' ("IPPs") Notice of Motion and Motion for Award of Attorneys' Fees, Reimbursement of Costs, and Service Awards was heard before this Court on March 16, 2023. The Court, having considered the briefing and materials submitted in support of the motion, the briefing and materials submitted in support of IPPs' Motion for Preliminary Approval and Motion for Final Approval, the relevant legal authorities, the record in this action, and the arguments presented at the fairness hearing, and having determined the fairness and reasonableness of the award of attorneys' fees, expenses, and service awards requested, hereby ORDERS as follows:

1.      The Court has jurisdiction to enter this Order and over the subject matter and all parties to the action, including IPPs, Defendants,[1] and all Class Members.

2.      IPPs' Motion seeks an award of attorneys' fees in the amount of $10,666,667 plus proportional interest, which is a third of the $32,000,000 non-reversionary common settlement fund. Settlement Class Counsel[2] also request reimbursement of their unreimbursed litigation costs of $771,461and service awards of $3,000 for each of the 35 Class Representatives.

3.      Where Class Counsel's efforts created a common fund, the doctrine of unjust enrichment entitles them to reasonable attorneys' fees from the fund. *See Staton v. Boeing* Co., 327 F.3d 938, 967 (9th Cir. 2003) ("the common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees"); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Courts in the Ninth Circuit have discretion in a common fund case to choose either the percentage-of-the-fund or lodestar method to determine reasonable attorneys'

---

[1] Synta Technology Corp. of Taiwan, Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corporation, Celestron Acquisition, LLC, Olivon USA, LLC, Dar Tson ("David") Shen, Joseph Lupica, Dave Anderson.

[2] Cotchett, Pitre & McCarthy, LLP, Susman Godfrey LLP, and Lieff Cabraser Heimann & Bernstein, LLP ("Class Counsel").

fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Using either method, the ultimate inquiry is whether the end result is reasonable." *In re Capacitors Antitrust Litig.*, No. 17-md-02801, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018). The percentage method is preferred when there is a common fund for the benefit of the class. *See Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616, 2022 WL 17330847, at *19 (N.D. Cal. Nov. 29, 2022). Class Counsel seek fees under the "common fund" method, and the Court finds it is the appropriate method for determining a reasonable fee award as there is a fixed common fund of $32 million. *See Destefano v. Zynga, Inc.*, No. 12-cv-04007, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016).

4.      In applying the percentage of the fund method, the Ninth Circuit has established 25% as a benchmark percentage, which may be adjusted depending on the circumstances of a case. *See Vizcaino*, 290 F.3d at 1047. To assess whether a requested fee percentage is reasonable, courts consider: "(1) the result achieved; (2) the risk involved in the litigation; (3) the skill required by and quality of work performed by counsel; (4) the contingent nature of the fee; and, (5) awards made in similar cases." *Id.* at 1048-50. Each of these factors weighs in favor of an upward adjustment from the benchmark in this case to a third of the fund, which is within the usual range in common fund cases with exemplary results. *Id.* at 1047.

5.      The $32 million common fund is an excellent result under difficult and risky circumstances. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting "the most critical factor is the degree of success obtained"). The Settlement provides direct cash relief for class members who purchased qualifying consumer telescopes during the relevant time period. The $32 million settlement fund represents up to 110% of IPPs' possible recoverable damages. A review of approved class action settlements shows that a settlement with a ceiling even approaching 100% recovery is extraordinary and rare. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420, 2020 WL 7264559, at *20 (N.D. Cal. Dec. 10, 2020), *aff'd*, 2022 WL 16959377 (9th Cir. Nov. 16, 2022) (granting final approval of the settlement representing 11.7% of damages and describing the result for the class as "excellent"); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 14-md-2541, 2017 WL 6040065, at *7 (N.D. Cal. Dec. 6, 2017), *aff'd*, 768 F. App'x 651 (9th Cir. 2019) (approving a settlement and stating that 50% of

single damages is "a result almost never achieved in large, complex antitrust cases"); *In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, 2016 WL 3648478, at *7 (N.D. Cal. July 7, 2016) (stating that a settlement representing 20% of potential single damages "is without question a good recovery and firmly in line with the recovery in other cases" and citing a law review article finding that "median average settlement recovery among a survey of 71 settled cartel cases was 37% of single damages recovery, the weighted mean . . . 19% of single damages recovery"); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5159441, at *4 (N.D. Cal. Sept. 2, 2015) (granting final approval of the settlement and stating that the "total settlements achieved in this action exceed 14 percent of Plaintiffs' proposed single damages estimate, a damages estimate Defendants were prepared to vigorously contest" and further noting that "[d]istrict courts in the Ninth Circuit routinely approve settlements with much larger differences between the settlement amount and estimated damages"); *In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453–54 (C.D. Cal. 2014) (granting final approval of settlement representing only 3% of possible recovery); *Reed v. 1–800 Contacts, Inc.*, No. 12–cv–02359, 2014 WL 29011, at *6 (S.D. Cal. Jan. 2, 2014) (granting final approval of settlement represented 1.7% of possible recovery); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07–md–1827, 2013 WL 1365900, at *7 (N.D. Cal. Apr. 3, 2013) (referring to plaintiffs' settlement of "approximately 50% of the potential recovery" as "exceptional"); *In re LDK Solar Sec. Litig.*, No. 07–cv–5182, 2010 WL 3001384, at *2 (N.D. Cal. July 29, 2010) (granting final approval settlement that was 5% of possible damages); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 581 & n.5 (E.D. Pa. 2003) (gathering cases where courts approved settlements achieving single-digit percentages of potential recoveries).

6.      The substantial risk Class Counsel took on in litigation and the high level of skill required to achieve a successful result also support an upward adjustment. *See Durham v. Sachs Elec. Co.*, No. 18-cv-04506, 2022 WL 2307202, at *8 (N.D. Cal. June 27, 2022) (approving upward adjustment based on factors including the risk and difficulty of the case). The settlement was reached after more than four years of complex and hard-fought litigation. Defendants vigorously defended their position throughout, filing multiple motions to dismiss and strike and zealously

participating in over a dozen contested discovery motions. *See AdTrader, Inc. v. Google LLC*, No. 17-cv-07082, 2022 WL 16579324, at *7 (N.D. Cal. Nov. 1, 2022) (33% fee award justified by "substantial risk" and results); *Martinelli v. Johnson & Johnson*, No. 15-cv-01733, 2022 WL 4123874, at *9 (E.D. Cal. Sept. 9, 2022) (33.3% award justified based on contingent risk assumed by counsel in case involving "extensive discovery" and "contested motion practice").

7.      Class Counsel's lengthy representation was risky and carried out on an entirely contingent basis. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015) ("When counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of non-payment . . . justifies a significant fee award."). Class Counsel was opposed throughout by aggressive counsel for Defendants, resulting in substantial and difficult litigation, discovery, and settlement negotiations. *See Andrews v. Plains All Am. Pipeline L.P.*, No. 15-cv-4113, 2022 WL 4453864, at *3 (C.D. Cal. Sept. 20, 2022) ("Class Counsel's ability to get the case this far along evinces their high quality of work.").

8.      The requested fee of a third of the gross settlement fund is on par with similar complex antitrust cases. *See, e.g., In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 862 (N.D. Ill. 2015) (awarding class counsel "one-third of the $46 million common fund ($15,333,333.33) with interest at the same rate paid on the Settlement Fund"); *In re Flonase Antitrust Litig.*, 951 F. Supp. 2d 739, 751 (E.D. Pa. 2013) (approving a "thirty-three and a third percent of the common fund, for a total of $50,000,000.00, in attorneys' fees"); *In re Potash Antitrust Litig.*, No. 08-cv-06910, 2013 WL 12470850, at *1 (N.D. Ill. June 12, 2013) (granting an award of one-third of the $90 million settlement fund as "reasonable and warranted"); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *8 (E.D. Pa. Jan. 3, 2008) (awarding 33.33% in attorneys' fees with accrued interest on a $39 million common fund settlement); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 516 (S.D.N.Y. 2009) (awarding 33.3% fee on $510 million settlement fund); *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2001 WL 34312839, at *10 (D.D.C. July 16, 2001) (awarding 34% of the $359,438,032 common fund as attorneys' fees). The same is true of attorneys' fees awards in the non-antitrust context. *See, e.g., In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (awarding 33% of $12 million common settlement

fund); *Nelson v. Avon Prods.*, No. 13-cv-02276, 2017 WL 733145, at *6 (N.D. Cal. Feb. 24, 2017) (awarding 33.3% and collecting cases awarding 30% or more); *Syed v. M-I, L.L.C.*, No. 12-cv-01718, 2017 WL 3190341, at *7 (E.D. Cal. July 27, 2017) (attorney's fees of $2,333,333.33 equal to one-third of gross settlement); *Heritage Bond*, 2005 WL 1594403, at *19 (granting 33.33% of common fund as the attorneys' fees for a $27,783,000 settlement).

9.     The Court has confirmed the reasonableness of the fee request by conducting a lodestar cross-check, which shows that the requested fee will result in negative multiplier. Courts in the Ninth Circuit generally find "[m]ultipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 298 (N.D. Cal. 1995); see also 4 NEWBERG ON CLASS ACTIONS § 14.7 (stating courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts"). A cross-check resulting in a negative multiplier weighs even heavier in favor of a requested fee's reasonableness. See In re Capacitors Antitrust Litig., No. 17-md-02801, 2020 WL 13201507, at *1 (N.D. Cal. July 17, 2020) (granting requested attorneys' fees and holding that the negative lodestar multiplier "further supports the reasonableness of the attorneys' fees request"); In re TFT-LCD (Flat Panel) Antitrust Litig., No. 07-md-1827, 2013 WL 149692, at *1 (N.D. Cal. Jan. 14, 2013) (citing the negative multiplier of 0.86 as confirmation that the amount of attorneys' fees requested was fair and reasonable); In re DRAM Antitrust Litig., No. 02-md-1486, 2013 WL 12387371, at *12-13 (N.D. Cal. Nov. 5, 2013) (observing that a negative multiplier "is virtually sufficient to satisfy the cross-check requirement"); Chun-Hoon v. McKee Foods Corp., 716 F. Supp. 2d 848, 853–54 (N.D. Cal. 2010) (granting attorneys' fees and stating that a "resulting multiplier of less than one, (sometimes called a negative multiplier) suggests that the negotiated fee award is a reasonable and fair valuation of the services rendered to the class by class counsel"); In re Portal Software, Inc. Sec. Litig., No. 03-cv-5138, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007) (granting requested attorneys' fees and holding that a "negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel").

10.     The Court finds the hourly rates of Class Counsel to be reasonable and within the

market rates for this district for counsel of comparable expertise. *See, e.g.*, *In re MacBook Keyboard Litig.*, No. 18-cv-02813, 2023 WL 3688452, at *15 (N.D. Cal. May 25, 2023) (approving a $863 blended rate); *In re Facebook Internet Tracking Litig.*, No. 12-md-02314, 2022 WL 16902426, at *12 (N.D. Cal. Nov. 10, 2022) (finding hourly rates up to $1,200 "reasonable and commensurate with those charged by attorneys with similar experience in the market"); *Fleming v. Impax Labs. Inc.*, No. 16-cv-06557, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (finding rates of $760 to $1,325 for partners to be reasonable); *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (finding rates up to $1,250 for "partners or senior counsel," $650 for associates, and $350 for paralegals reasonable); *In re Volkswagen "Clean Diesel" Marketing*, MDL No. 2175, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding rates up to $1,600 for partners, $790 for associates, and $490 for paralegals reasonable). The Court further finds the number of hours expended reasonable based on the work performed in the case as set forth in the joint declaration of Class Counsel, the necessity and reasonableness of that work to achieving the excellent result, and the novelty and complexity of this litigation.

11.    For the foregoing reasons, the Court concludes that Class Counsel are entitled to a fee award in the amount of $10,666,667, plus proportional interest, or a third of the $32,000,000 non-reversionary settlement fund.

12.    The Court further finds that the Class Counsel have incurred $771,461 in reasonable costs and expenses in this matter. These costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature of this matter and because Defendants contested liability from the outset of the case. Accordingly, the Court orders these litigation expenses reimbursed from the fund. *See Floyd v. First Data Merch. Servs. LLC*, No. 20-cv-02162, 2022 WL 6173122, at *6 (N.D. Cal. Oct. 7, 2022) ("Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses.").

13.    The Court also approves a service award of $3,000 to each of the 35 Class Representatives in this matter. These awards are proportional to the recoveries for absent class members under the settlement. The awards are supported by the record in this case and the joint declaration of Class Counsel. The payment is further justified by the time and effort spent by the

class representatives on this matter on behalf of the Class; the duration of this matter; and the other factors set forth in the supporting declaration, as well as the results achieved in the case. *See, e.g.*, *Harbour et al., Plaintiff, v. Cal. Health & Wellness Plan, et al.*, No. 21-cv-03322, 2024 WL 171192, at \*9 (N.D. Cal. Jan. 16, 2024); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (granting a $15,000 service award and observing that a "$5,000 payment is presumptively reasonable," and awards in the Ninth Circuit "typically range from $2,000 to $10,000").

14.    The requested total of $105,000 in service awards for the 35 Class Representatives is also reasonable because, at only 0.3%, it represents a *de minimis* amount of the $32 million gross Settlement Fund. *See Thieriot v. Celtic Ins.*, No. 10-cv-04462, 2011 WL 1522385, at \*7–8 (N.D. Cal. Apr. 21, 2011) (approving service awards totaling 1.8% of gross settlement fund); *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d. 975, 1002 (N.D. Cal. 2017) (granting service awards that combined for 0.22% of $60 million settlement ($15,000 for each of 9 class representatives); *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1299 (S.D. Cal. 2017) (awarding $15,000 for each of 5 class representatives and 0.3% of $25 million settlement fund).

**IT IS SO ORDERED**.

DATED: _____

_____
**HON. EDWARD J. DAVILA**
**UNITED STATES DISTRICT JUDGE**