Elman Barnes
401 21st St STE R
Sacramento, CA 95811
elmanmethod@theachievementcoaches.com

**FILED**

FEB 12 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Objector

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | No. 5:20-cv-03639-EJD |
| This Document Relates to: Indirect Purchaser Actions | |

### OBJECTIONS TO THE SETTLEMENT AND THE ADMINISTRATION THEREOF

Objector Elman Barnes (hereinafter "Objector") hereby states that he purchased an Orion telescope for approximately $250 at the Country Club Centre Walmart Supercenter in Sacramento in 2013 and is a member of the settlement class.

### I. The Claims Process is Designed to Discourage Participation and Improperly Discriminates Against Retail Purchasers

Pursuant to Rule 23(e)(2)(C)(ii), this Court must review "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims."

Objector never received a mailed notification about the settlement nor otherwise received a claim number. The reason for this is obvious: Like many indirect purchasers shopping retail, the manufacturer would not know the name of the purchaser. Indeed, if Objector purchased the

item directly from a manufacturer, he would not be eligible for participation in the indirect settlement.[1]

Objector found out about the settlement online and visited the settlement website to find out more. Objector found that to enter a claim online he needed a ***claim number***, which he does not possess since he is not one of the 4% of the potential class members on the Settlement Administrator's list of 166,875 purchasers. See https://veritaconnect.com/telescopesettlement/Claimant

> In re Telescopes Antitrust Litigation Indirect Purchaser Actions Settlement
>
> uments   Important Dates & Deadlines   Frequently Asked Questions   Contact Information
>
> What do you want to do?
> *Required Fields
> Select one:
> ○ I have a claim number and I would like to securely file a claim online.
> ○ I have a claim number and I would like to download a personalized claim form, print it out, and mail it in. (You will only be asked to supply contact information.)
> ● I DO NOT have a claim number, but I would like to download a personalized claim form, print it out, and mail it in. (You will only be asked to supply contact information.)

Because Objector did not have a claim number, he selected the third option to download a personalized claim form. The claim form generated is attached hereto and incorporated herein by reference as Exhibit B. The claim form is a true and correct copy of the resulting claim form downloaded from the website.

The generated claim form states on Page 2, under the "Payment Selection" heading:

---

[1] The Settlement Administrator noted there are approximately 4,000,000 potential claimants and that 2,500,000 persons consist of Amazon.com purchasers. The Settlement Administrator stated that notice could be provided via Amazon, but it is unclear if the Amazon customers received the claims codes needed to file their claim online. Class Counsel should provide additional information in this regard. Furthermore, the Settlement Administrator maintains a class list of 166,875 records, about 4 percent of the potential claimants. Everyone else is prohibited from filing an online claim and must provide a paper claim via mail.

"If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com."

Objector *can't* submit his claim online because he does not have a claim number. Thus, the objector *can't* obtain a non-check form of payment.

This creates a situation where some class members who are contained on the small list of 166,875 class members are: (1) Provided an easy method to submit their claim; and (2) Are able to receive an easy form of payment such as electronic payment. For the other 96% of potential claimants like Objector, they must go through an onerous process.

Objector thus falls into the following subclass of class members: "Class members who purchased a telescope but do not appear on the list of 166,875 class members maintained by the settlement administrator."

Because of the favorable treatment provided to the 166,875 class members who received a claim number including an easy online form to fill out and different payment options, retail purchasers falling into Objector's sub-class are being discouraged from participation due to the onerous paper claims process and requirement to receive a paper check.

In addition, the 166,875 purchasers who received a claim number and the sub-class who did not necessarily means that the proposal does not treat "class members equitably relative to each other" in violation of Rule 23(e)(D). 96% of potential claimants fall into the paper-claim only group (unless the Amazon purchasers received actual claim numbers).

This also demonstrates that the named class members may "fairly and adequately protect the interests of the" 166,875 Class Members with claim numbers, but they clearly are not protecting the interests as to the Class Members who did not receive a claim number.

Indeed, by making onerous and difficult provisions as to persons who did not receive the claim number, Class Counsel is violating Rule 23(g)(4) by not adequately representing the interests of the class members, but only the 166,875 favored class members who received a claim number.

Certainly, forcing the normal retail buyer to submit a claim by paper and limiting them to receiving payment by paper check while other claimants received special and favored treatment, will discourage participation in this action by those forced to jump through hoops that the favored list of claimants do not have to.[2]

## II. If the Favored List is Appropriate, Class Counsel and the Settlement Administrator Must be More Diligent in Providing Claim Numbers

As explained, the list of Class Members who can be identified include 166,875 persons of a potential 4,000,000 claimants. However, only the favored persons receive claim numbers enabling an online claim and an electronic payment.

This Court should require full disclosure and determine whether Class Counsel and the Settlement Administrator can proactively obtain additional names to provide claim numbers to so that maximum reach occurs. Indeed, there will be a large disproportionate participation rate as to the select group of claimants who received a claim number and those who purchased the item retail and are not contained on any preferred claimant list.

This Court must also explore whether the 1,500,000 Amazon purchasers received claim forms or whether they were simply directed to the website and forced to download a paper form, fill it out, and mail it in. If so, why could the Settlement Administrator not provide claim numbers to these identifiable individuals?

---

2

Furthermore, why could the Settlement Administrator not have obtained similar lists from websites such as Walmart.com (which allows third-party vendors to sell their items and Walmart is used only as a checkout), e-Bay.com (which allows vendors to sell new products), etc.

It is clear that having a list of 166,875 potential claimants, giving them claims numbers and electronic payment choices, and then forcing all of the rest of the claimants to download a paper form, fill it out, mail it in, and then receive a paper check is not adequate to achieve a fair response and large number of claims.

### III. The Settlement Improperly Contains a Waiver of Civil Code 1542 Provisions

Paragraph 13 of the Settlement Agreement states that to participate in the settlement, Class Members must waive California Civil Code § 1542. It is unreasonable to force consumers to voluntarily waive legal provisions that the legislature has bestowed upon them. Unknown claims should be excluded from the release provided by Class Members to the defendants.

There are then listed categories of causes of action that the settlement does not resolve such as product liability and personal injury claim, but the so-called "unknown" claims encompassed in the Section 1542 waiver is undefined and without any explanation.

California Civil Code 1542 provides that, "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

This statute exists to protect individuals from waiving rights they could not have known about. "Mere recital...that the protection of Civil Code, section 1542 is waived, or that the release covers unknown claims or unknown parties is not controlling." *Leaf v. City of San Mateo*, 104

Cal.App.3d 398, 411 (1980).

Neither Class Counsel nor the district court advised why the vast waiver of Section 1542 is appropriate in this case limited to antitrust matters, or even why it is needed. California courts have explained that the waiver requires analysis and is generally "not appropriate." California courts require authority and factual reasons why the case is an exception. *Israel-Curley v. California Fair Plan*, 126 Cal.App.4th 123, 129 (2005); *Salehi v. Surfside III Condominium Owners' Assn.*, 200 Cal.App.4th 1146, 1159–1161 (2011).

In this case, since the Class Action only resolves and relates to antitrust matters including unjust enrichment stemming from the antitrust claims, this Court must ask itself, "What purpose does the 1542 waiver of 'unknown' claims serve?"

For this reason, the settlement should be disallowed unless the waiver is removed.

### IV. The Claim Form Improperly Asks for the State of Residence

The paper claim form that claimants have to fill out asks the misleading question, "State of residence at time of purchase." This is to determine if the purchase qualified as one in a repealer state.

The "State of Residence" is not relevant. The relevant question is the state where the purchase occurred. As an example, a claimant "residing" in northern Pennsylvania does not live in a repealer state; however, if he made the purchase just over the border in New York state, the antitrust tort occurred in New York and his purchase would be eligible.

On the other hand, a person who is "residing" in New York, but purchased the item in Pennsylvania, would not be eligible.

The website uses the phrase that the settlement "includes everyone who indirectly purchased one or more telescopes from January 1, 2005 to September 6, 2023, from a distributor/retailer that was manufactured by a defendant or alleged co-conspirator, while located in [the relevant states]." This language is more accurate, because a person is located in the state where they made the purchase at the time of the purchase, but it is still confusing and ambiguous language because a person might consider themselves located in New York because they have an apartment there, but they are technically ineligible if they drove to Pennsylvania to make the purchase.

The danger of the claim form is that it discourages persons who are eligible not to file because they do not "reside" in a non-repealer state. The proper language on the claim form must be: "What state did you purchase the telescope in?" Or "Did you purchase the telescope while in one of the following states: XXXXX."

It is imperative that this Court rectify the matter and require the claim form and settlement to specify that the eligible claimants are based on the place of purchase and/or where the consumer received the product, and **not** the place of residence as the claim form so wrongly demands certification of.

### V. This Court Should Appoint Counsel for the Sub-Classes

Lastly, it would appear that there is a reasonable possibility that, upon review of this objection, Settlement Administrator veritas might proceed to issue Objector with a claim number so that he can proceed to file his claim online, so as to moot his objection. While Objector would certainly appreciate being made able to file his claim online, Objector respectfully requests that the Court declare that Objector is part of a similarly situated sub-class of Class Members that were never provided with any claim number, and that Class Counsel be directed to direct

Settlement Administrator Veritas to make the necessary changes to the claims process overall so as not to violate Rule 23 and thereby create subclasses that are being treated unfairly as compared to the rest of the Class. Or if current Class Counsel is unwilling or unable to direct the Settlement Administrator in this regard, then separate counsel should be appointed for the sub class.

Respectfully submitted,

Elman Barnes

Telescopes Antitrust Litigation
Settlement Administrator
P.O. Box 301172
Los Angeles, CA 90030-1172

**CEHI**
||||||||||||||
61101012701

CEHI-61101012701

Elman Barnes

1401 21st St STE R

Sacramento, CA 95811

US



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

*In re Telescopes Antitrust Litigation Indirect Purchaser Actions*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:20-cv-03639-EJD

**Must Be Postmarked
No Later Than
May 20, 2025**

# Claim Form

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **May 20, 2025** AT www.telescopesettlement.com, OR FILE BY MAIL POSTMARKED BY **May 20, 2025**.

Questions? Call 1-833-419-3506 or visit the website, **www.telescopesettlement.com.**

If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com.

## CLASS MEMBER INFORMATION:

First Name | M.I. | Last Name

ClaimID from Email or Postcard Notice (if you did not get a notice, leave this blank)

Primary Address

Primary Address Continued

City | State | ZIP Code

Email Address

Area Code | Telephone Number

*Failure to add your unique ClaimID, which can be found with your notice or by contacting the Settlement Administrator, will result in denial of your claim. If you received a notice of this Settlement by U.S. mail, your unique ClaimID is on the email or postcard. If you misplaced your notice, please contact the Settlement Administrator at 1-833-419-3506 or admin@telescopesettlement.com.*


61101012701

FOR CLAIMS PROCESSING ONLY | OB | CB | DOC LC REV | RED A B

1

**ELIGIBILITY:**

1. Did you purchase one or more Telescopes branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell from a retailer or distributor from January 1, 2005 to September 6, 2023?
    ○ Yes *(Proceed to Question 2)*   ○ No *(You are not eligible to submit a claim)*

2. If you answered "Yes" to Question 1, please enter your purchase information below:

Make

Model

__ __ / __ __ / __ __ __ __
Date of purchase

State of residence at time of purchase

$ _____ . __ __
Amount

Name of retailer or distributor where Qualifying Telescope was purchased

If you purchased more than one telescope, please fill out all the information listed in Question 2 for each purchase on the additional page found at Appendix A or submit your claim online at www.telescopesettlement.com.

You do not need to submit receipts or confirming documentation at this time, but counsel for the Settlement Class may require it if an issue arises regarding the validity of your claim.

**PAYMENT SELECTION:**

How would you like to receive your payment? Choose **one** of the following:

○ I wish to receive any payment pursuant to the Settlement Agreement by check at the address in the Class Member Information section.

**OR**

○ If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com.

This information will be kept confidential by the Settlement Administrator.

**CERTIFICATION AND SIGNATURE:**

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am authorized to submit this claim. I understand that my claim is subject to audit, review, and validation using all available information.

Signature: _____   Dated (mm/dd/yyyy): _____

Print Name: _____


61101012701

2

**Appendix A**

THIS PAGE INTENTIONALLY LEFT BLANK.

4