Pat Zhen
PO Box 366047
San Juan PR 00936
legal@patzhen.com
(787) 523-8040

Objector

**FILED**

FEB 19 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | No. 5:20-cv-03639-EJD |
| This Document Relates to: Indirect Purchaser Actions | |

## OBJECTIONS TO THE SETTLEMENT

Objector Pat Zhen, a retail purchaser of a telescope covered by the class action and a Citizen of Puerto Rico, objects to the settlement in that it discriminates against indirect purchasers who made their purchases in Puerto Rico by not providing a payment, but it appears to waive their rights (See Settlement Agreement, definition of "class" not being limited to repealer states). [1]

---

[1] The "Class" or "Settlement Class" is defined as all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to 27 September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

Puerto Rico is a repealer territory of the United States.[2] As the United States District Court for the District of Minnesota stated in *In re: Pork Antitrust Litigation,* 495 F.Supp.3d 753, 900-801 (D. Minn. 2020): "The Court agrees with the U.S. District Court for the District of Puerto Rico, which has twice concluded that the Supreme Court of Puerto Rico has rejected *Illinois Brick* and allows indirect purchasers to sue for damages under the PRAA. *Rivera-Muniz v. Horizon Lines, Inc.*, 737 F. Supp. 2d 57, 61 (D.P.R. 2010) (citing *Pressure Vessels of P.R., Inc. v. Empire Gas de P.R.*, 137 D.P.R. 497, 509-18 (1994)); *Rivera-Muniz v. Horizon Lines, Inc.*, Civil No. 09-2081 (GAG), 2010 WL 3703737, at *2 (D.P.R. Sept. 13, 2010) (denying defendants' motion to certify a question to the Puerto Rico Supreme Court asking whether indirect purchasers may bring claims under the PRAA because, "[w]ithout citing *Illinois Brick* explicitly, the Puerto Rico Supreme Court rejected such limitations on standing for the purpose of private antitrust actions under PRAA").

The Northern District of California, in *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 886-887 (N.D. Cal. 2021), reached the same conclusion and found that the Puerto Rico Supreme Court rejected *Illinois Brick*. Therefore, the Court allowed claims of damages for indirect purchasers. *See also , In re Zetia (Ezetimibe) Antitrust Litig.,* 400 F. Supp. 3d 418, 433 (E.D. Va. 2019) (holding same); *Sergeants Benevolent Ass'n Health & Welfare Fund v.*

---

[2] Section 258 of the Puerto Rico Antitrust Act ("PRAA"), P.R. Laws. Ann. tit. 10 §§ 257–276, is equivalent to a § 1 claim under the Sherman Act. See *Shell Co. (Puerto Rico) Ltd. v. Los Frailes ServStation, Inc.*, 551 F. Supp. 2d 127, 135 (D.P.R. 2007), aff'd, 605 F.3d 10 (1st Cir. 2010) ("Puerto Rico courts generally follow federal antitrust law when interpreting local antitrust laws[.]").

*Actavis, plc,* No. 15-CV-06549-CM, 2018 WL 7197233, at *23 (S.D.N.Y. Dec. 26, 2018).

This Court should give deference to the decisions of the District of Puerto Rico in interpreting Puerto Rico law. *In re: Xyrem,* 555 F.Supp at 887.

The settlement, waiving the claims of Puerto Ricans but not providing them a payment is against public policy as it violates the anti-discrimination Order of the Puerto Rican Department of Commerce, No. 2011-006. In addition, it denies Puerto Ricans due process since it waives their damage claims and binds them to a settlement where they receive nothing despite being a repealer territory.

Failing to include payment to Puerto Rico claimants but waiving their rights also violates Fed. R. Civ. Proc. 23(e)(D) as it does not treat Puerto Rican purchasers equitably relative to purchasers in other repealer areas. Class Counsel is not fairly and adequately representing the interests of Puerto Rican purchasers despite including them in the settlement class. Fed. R. Civ. Proc. 23(g)(4).

If Class Counsel is unwilling to represent class members from the United States repealer territory of Puerto Rico, it should not enter any settlement as to purchasers in Puerto Rico. *See In re Cathode Ray Tube Antitrust Litig.,* No. 07-CV-5944-JST, 2018 WL 11292347 (N.D. Cal. Nov. 8, 2018)(court recognizing error in approving release of claims while not providing compensation for residents in certain repealer states).[3]

---

[3] The Court in the *CRT* case ultimately approved reducing the settlement by a certain percentage and dismissing the claims of the unrepresented repealer states so that residents of those states could file their own action. This reduced the prejudice caused by not providing compensation to members of those repealer states since they could sue. In this case, the Puerto Rico claims are

In the *In re: Cathode Ray Tube* case, the district court expressed concern about counsel's failure to advocate for the repealer states and held that it most probably was a conflict of interest. Eventually, the district court appointed new counsel for those omitted repealer states.

This Court must protect persons who purchased their telescopes in Puerto Rico or had them shipped using a retailer such as Amazon to Puerto Rico. Unless the parties agree to adopt the claims and provide payment to persons in the repealer Territory of Puerto Rico under the settlement, rejection of the settlement must occur. Alternatively, this Court must completely remove the prejudice to Puerto Rico purchasers and allow them to bring their own antitrust action by not waiving their antitrust claims or finding that they are bound by the settlement agreement.

Respectfully submitted,

_____
Pat Zhen

---

being settled without compensation causing extreme prejudice to the Objector and those similarly situated.