Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

*Settlement Class Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| THIS DOCUMENT RELATES TO:<br><br>All Indirect Purchaser Actions | **DECLARATION OF KALPANA SRINIVASAN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>**Dept.:** Courtroom 4<br>**Judge:** Hon. Edward J. Davila<br>**Date:** April 3, 2025<br>**Time:** 9:00 AM |

I, Kalpana Srinivasan, declare as follows:

I, Kalpana Srinivasan, am an attorney at Susman Godfrey L.L.P., one of the three firms appointed as Settlement Class Counsel for Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned proceeding. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

I submit this declaration in support of IPPs' Motion to for Final Approval of Settlement ("Motion") in the above-captioned matter.

1. IPPs experts and the Court-appointed claims administrator, Verita, estimate the IPP Settlement Class to incudes approximately 4 million members.

2. Settlement negotiations occurred multiple times over several months and concluded with a two-day mediation with the Honorable Suzanne Segal, a former Magistrate Judge of the Central District of California. The parties agreed to settle only after both sides accepted Judge Segal's mediator's proposal following protracted negotiations.

3. IPPs' damages expert calculates class damages in the range of $29 million to $165 million. The $32 million settlement fund lies within the IPPs' expert's damages estimate and represents between approximately 19% to 110% of the preliminary total estimate of single damages at trial.

4. Settlement Class Counsel did not receive any objections to the Attorneys' Fees and Costs Motion.

5. Settlement Class Counsel received five separately-filed objections to the proposed settlement and attempted to meet and confer with all objectors.

6. On February 19, 2025, Settlement Class Counsel emailed counsel for the Direct Purchaser Plaintiffs, who represent the "Conditional Objectors," to request confirmation of objector Jason Steele's purchase locations. On February 27, 2025, counsel met and conferred via Zoom regarding their objections, but were unable to resolve them.

7. Objector National Woodlands Preservation, Inc. ("Woodlands") did not provide an email or phone number. Settlement Class Counsel searched the internet, but Woodlands has no

internet presence at all. Contact information for "K. Luna," who signed the objection as Woodlands' CEO, could also not be found after conducting a thorough internet search. A search of the West Virginia Secretary of State's business directory returned only the physical address listed in the objection, 110 James Street, Hinton, West Virginia. The sole business at that address is Ziegler & Ziegler, L.C. When contacted by Settlement Class Counsel, Ziegler & Ziegler informed them that they only service as a mailing address for Woodlands and were unable, or unwilling, to provide any further contact information or relay a message. Settlement Class Counsel also contacted Woodlands' Notice of Process agent listed on the West Virginia Secretary of State's business directory, Registered Agents, Inc. Registered Agents were unwilling to provide a phone number more email, and instructed Settlement Class Counsel to send a letter to Woodlands by certified mail, which counsel did on February 25, 2025. The letter urged Woodlands to contact Settlement Class Counsel regarding its objection at its "soonest convenience," encouraged it to submit a claim, and informed it that "[a]lthough entities were always welcome to submit claims using the first or last name fields, the claim forms now include an additional field for 'Name of Entity.'" As of signing this declaration, Woodlands has not responded or filed a claim.

8. On February 24, 2025, Settlement Class Counsel attempted to contact Objector Zhen via email, informing him that counsel was "in receipt of your objection to the settlement in *In re Telescopes Antitrust Litig.*" and that "we would like to discuss your objections as soon as possible." Counsel suggested that the parties meet and confer by phone or Zoom before the deadline to file the Motion, February 28, 2025. As of filing this declaration, Mr. Zhen has not responded.

9. On February 24, 2025, Settlement Class Counsel attempted to contact Objector Barnes via email, informing him that counsel was "in receipt of your objection to the settlement in *In re Telescopes Antitrust Litig.*" and that "we would like to discuss your objections as soon as possible." Counsel suggested that the parties meet and confer by phone or Zoom before the deadline to file the Motion, February 28, 2025. On February 26, 2025, Mr. Barnes responded that he was unable to pick a specific time, but "maybe if you provide me with your direct number I can try to give you a call when I have a minute." Settlement Class Counsel responded later the same day, provided direct lines of contact, and urging Mr. Barnes to call directly anytime he was able.

Settlement Class Counsel also provided Mr. Barnes with its positions on his objections in writing to help focus any future discussion. On February 27, 2025, Mr. Barnes responded, indicating that the addition of the "State of purchase" field to the claim form "may sufficiently address my objection" if he could have a chance to review, but standing on his objections regarding the need to attain a claim number to file online and the Settlement's California Civil Code § 1542 waiver. Settlement Class Counsel responded later that day, attaching a copy of the current claim form and requesting a time to walk through the remaining objections with Mr. Barnes on February 28, 2025. A true and correct copy of the above email correspondence is attached as Exhibit A to this declaration.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of February, 2025 in Los Angeles, California.

      /s/ Kalpana Srinivasan
Kalpana Srinivasan
SUSMAN GODFREY L.L.P.

*Settlement Class Counsel for the Indirect Purchaser Plaintiffs*