# **<u>EXHIBIT A</u>**

| From: | Tom Boardman |
|---|---|
| To: | elmanmethod@theachievementcoaches.com |
| Cc: | Kalpana Srinivasan; Marc Seltzer; Alejandra Salinas; Steven Sklaver; Michael Gervais; Lin Chan; Adam Zapala; Elizabeth Castillo; Christian Ruano |
| Subject: | RE: In re Telescopes Antitrust Litig. - Objection |
| Date: | Thursday, February 27, 2025 7:08:24 PM |
| Attachments: | Telescopes - Claim Form.pdf |

Thank you for the response, Mr. Barnes.

We would be happy to walk through all of this with you and discuss the remaining objections. Please let us know a time tomorrow (2/28) when you are available for a short Zoom meeting or if you prefer, a phone call. We can work around your schedule.

Attached for your review is the current claim form. Let us know if plan to continue pursuing the related objection.


 Best,
Tom

Tom Boardman | Susman Godfrey LLP
O: (212) 729-2069  C: (415) 298-4627

-----Original Message-----
From: Tom Boardman
Sent: Wednesday, February 26, 2025 4:24 PM
To: elmanmethod@theachievementcoaches.com
Cc: Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc Seltzer <MSeltzer@SusmanGodfrey.com>;
Alejandra Salinas <ASalinas@susmangodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Michael
Gervais <MGervais@susmangodfrey.com>; Lin Chan <lchan@lchb.com>; Adam Zapala
<AZapala@cpmlegal.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>; Christian Ruano
<CRuano@cpmlegal.com>
Subject: RE: In re Telescopes Antitrust Litig. - Objection

Thank you for the reply, Mr. Barnes.

Please call me on my cellphone at your convenience before this Friday (2/28). (415) 298-4627.

A few points below to focus our discussion.

First, an explanation about the need to have a claim number to file online. The Court-appointed Claims
Administrator implemented this safeguard measure to protect against bots and spammers attempting to make
fraudulent claims.  We believe that this was an entirely appropriate measure in an effort to prevent fraud and protect
the interests of class members. Additionally, you will note that the settlement website homepage and FAQ now have
clear messaging and a dedicated toll-free line potential class members can call to have a claim number generated.
See https://www.telescopesettlement.com/frequently-asked-questions.aspx ("If you wish to file a claim online but
have not received a claim code, please call 866 568 7713 to speak to the Settlement Administrator about generating
one."). We note that you were able to contact Verita, the Court-appointed Claims Administrator, have a claim
number generated via email, and file your claim on February 15, 2025.

Second, with respect to your contention regarding eligibility and the relevant state of purchase, we wish to clarify a
few matters. As the notice makes clear, indirect purchasers are eligible to make claims to share in the settlement if
they purchased the relevant product while they were in an indirect purchaser state. See, e.g., Long Form Notice at p.
3 ("The group of people whom Synta has agreed to pay is called the settlement class, and it includes everyone who
indirectly purchased one or more telescopes from January 1, 2005 to September 6, 2023, from a distributor/retailer
that was manufactured by a defendant or alleged co-conspirator, while located in" an indirect purchaser state),

available at: www.telescopesettlement.com/media/5232066/cehi_not_online_241213_v2.pdf; Settlement Agreement ¶ 1(e) (defining the settlement class as "all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to 27 September 6, 2023, purchased one or more Telescopes . . . ."); Short Form Notice at p. 1 ("The settlement includes all persons and entities in the Indirect Purchaser States who, from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from any entity other than a defendant) that any defendant or alleged co-conspirator manufactured . . . ."). It is not the case that eligibility to participate in the settlement is based on the legal requirements of "residency" alone. Although we think that this matter was previously made clear, we added a field for "State of Purchase" to the claim form for claimants to include additional information.

Finally, as to the § 1542 waiver in the Settlement's release provisions, such waivers have long been approved by the courts in class action settlements. For example, in In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig., the court rejected an objection to a § 1542 waiver and held that "Class settlements often waive this protection, and such waivers are not generally viewed as an impediment to class settlement. . . . the Court is dubious as to whether the class claims could be settled absent such a waiver." 2013 WL 12327929, at *23 (C.D. Cal. July 24, 2013).

I look forward to discussing the above with you.


 Best,
Tom



Tom Boardman | Susman Godfrey LLP
O: (212) 729-2069  C: (415) 298-4627

-----Original Message-----
From: elmanmethod@theachievementcoaches.com <elmanmethod@theachievementcoaches.com>
Sent: Wednesday, February 26, 2025 6:56 AM
To: Tom Boardman <TBoardman@susmangodfrey.com>
Cc: Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc Seltzer <MSeltzer@SusmanGodfrey.com>; Alejandra Salinas <ASalinas@susmangodfrey.com>; Steven Sklaver <ssklaver@susmangodfrey.com>; Michael Gervais <MGervais@susmangodfrey.com>; Lin Chan <lchan@lchb.com>; Adam Zapala <AZapala@cpmlegal.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>; Christian Ruano <CRuano@cpmlegal.com>
Subject: Re: In re Telescopes Antitrust Litig. - Objection

EXTERNAL Email

Dear Mr. Boardman,

Thanks for reaching out.

I'm sorry for not replying earlier but my work obligations keep me rather busy and I haven't had time to get back to you until now.

I can't say when I can be available over the coming days but I guess maybe if you provide me with your direct number I can try to give you a call when I have a minute.

Or better yet maybe respond and let me know what you have in mind and whether you think some of my concerns are reasonable and can be addressed or not and we can narrow the focus of a conversation, hopefully.

Elman Barnes

On 2025-02-24 10:47, Tom Boardman wrote:
> Mr. Barnes,
>
> We are in receipt of your objection to the settlement in _In__ re
> Telescopes Antitrust Litig_. As counsel for the settlement class, we
> would like to discuss your objections as soon as possible. Please let
> us know times you are available to meet by phone/Zoom today (2/24)
> through this Thursday (2/27).
>
> Best,
>
> Tom Boardman
>
> Tom Boardman [1] | Susman Godfrey LLP
>
> O: (212) 729-2069  C: (415) 298-4627
>
>
>
> Links:
> ------
> [1] https://www.susmangodfrey.com/attorneys/tom-boardman/

*Telescopes Antitrust Litigation*
Settlement Administrator
P.O. Box 301172
Los Angeles, CA 90030-1172

## CEHI

«Barcode»

Postal Service: Please do not mark barcode

CEHI: ClaimID: «ClaimID»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip»
«Country»



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

*In re Telescopes Antitrust Litigation Indirect
Purchaser Actions*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:20-cv-03639-EJD

**Must Be Postmarked
No Later Than
May 20, 2025**

Claim ID: <<ClaimID>>

# Claim Form

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **May 20, 2025** AT
**www.telescopesettlement.com**, OR FILE BY MAIL POSTMARKED BY **May 20, 2025**.

Questions? Call 1-833-419-3506 or visit the website, **www.telescopesettlement.com.**

If you wish to receive any payment pursuant to the Settlement Agreement electronically,
please submit your claim online at www.telescopesettlement.com.

## CLASS MEMBER INFORMATION:

First Name                                         M.I.      Last Name

OR

Name of Entity

ClaimID from Email or Postcard Notice (if you did not get a notice, leave this blank)

Primary Address

Primary Address Continued

City                                                           State      ZIP Code

Email Address

Area Code        —      Telephone Number        —

*Failure to add your unique ClaimID, which can be found with your notice or by contacting the Settlement Administrator,
will result in denial of your claim.  If you received a notice of this Settlement by U.S. mail, your unique ClaimID is on
the email or postcard. If you misplaced your notice, please contact the Settlement Administrator at 1-833-419-3506 or
admin@telescopesettlement.com.*



| FOR CLAIMS PROCESSING ONLY | OB | CB | DOC<br>LC<br>REV | RED<br>A<br>B |
|---|---|---|---|---|

1

## ELIGIBILITY:

1. Did you purchase one or more Telescopes branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell from a retailer or distributor from January 1, 2005 to September 6, 2023?

⚪ Yes *(Proceed to Question 2)*    ⚪ No *(You are not eligible to submit a claim)*

2. If you answered "Yes" to Question 1, please enter your purchase information below:

Make

Model

___ / ___ / ___
Date of purchase

State of residence at time of purchase

State in which purchase was made

$ ___ . ___
Amount

Name of retailer or distributor where Qualifying Telescope was purchased

**If you purchased more than one telescope, please fill out all the information listed in Question 2 for each purchase on the additional page found at Appendix A or submit your claim online at www.telescopesettlement.com.**

**You do not need to submit receipts or confirming documentation at this time, but counsel for the Settlement Class may require it if an issue arises regarding the validity of your claim.**

## PAYMENT SELECTION:

How would you like to receive your payment? Choose **one** of the following:

⚪ **I wish to receive any payment pursuant to the Settlement Agreement by check at the address in the Class Member Information section.**

## OR

⚪ **If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com.**

This information will be kept confidential by the Settlement Administrator.

## CERTIFICATION AND SIGNATURE:

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am authorized to submit this claim. I understand that my claim is subject to audit, review, and validation using all available information.

Signature: _____    Dated (mm/dd/yyyy): _____

Print Name: _____



**Appendix A**



**THIS PAGE INTENTIONALLY LEFT BLANK.**



**Tom Boardman**

| | |
|---|---|
| **From:** | elmanmethod@theachievementcoaches.com |
| **Sent:** | Thursday, February 27, 2025 2:51 PM |
| **To:** | Tom Boardman |
| **Cc:** | Kalpana Srinivasan; Marc Seltzer; Alejandra Salinas; Steven Sklaver; Michael Gervais; Lin Chan; Adam Zapala; Elizabeth Castillo; Christian Ruano |
| **Subject:** | Re: In re Telescopes Antitrust Litig. - Objection |

EXTERNAL Email

Dear Mr. Boardman,

Thank you for taking the time to send me this email.  I apologize that I have not yet had opportunity to connect by phone, but wanted to get back to you in writing with my initial thoughts regarding the issues that you mentioned.  I do appreciate you taking the time to consider the matters that I raised in my objection.

1)  With regards to the claim numbers issue:  While I most certainly appreciate the Claims Administrator's concern with fraud, this concern has to be balanced with the reality of Class Member participation rates.
  The percentage of eligible Class Members that participate in consumer settlements like this have historically been pretty low, and that's when it's been possible to just fill out a simple online form.  Asking Class Members to mail in physical forms or call in to get a claim number before filling out the claim form are just not satisfactory solutions and will wreak havoc on already low participation rates.  Class Members will not bother themselves to jump through these hoops.

I'm not saying that I have an appropriate solution to suggest, only that the solutions offered are not adequate and trading fraud reduction for what I believe will be significantly less participation by the actual parties/consumers that have sustained a damage just doesn't cut it.

If the main concern is automated bot submissions, why not create an email verification system where a Claimant's email must be verified, or the Claimant must receive their claim number by email prior to being able to go back and file their claim form?  That should stop claims by bots as I don't think a bot would be able to monitor the email address, scrape out a claim number or verification link, and then go on to submit a claim.

Furthermore, for Class Members that do actually bother to submit their claims by mail, why not let them request electronic payments just like Class Members that fill out the online form do?  This doesn't make sense and is not equal treatment of Class Members.

2) With regards to the State of purchase eligibility matter: I think adding a question to the claim form to specify the State of purchase is excellent and may sufficiently address my objection. The claim form is not in the Documents section of the website, and since I have already filed a claim online using the claim number provided to me by the settlement administrator, I can't access the online claim form. If you could send me a copy of the amended claim form so that I can review it and determine that the matter is now made sufficiently clear to Class Members, then I would be willing to withdraw at least this portion of my objection.

3) Lastly, with regards to the § 1542 waiver, I am aware that courts have accepted this in various settlements, however I also note that this has occurred at the District level. Even in the case you site, the court's reasoning regarding allowance of the waiver is questionable at best. The law is the law and the intent of the legislators was what it was. If the consequence of that law and the intent of the legislature behind that law is that companies become less willing or unwilling to make settlements, then legislators can consider that and decide if it makes sense to repeal or amend the law as it is written. But legislated provisions should not be willy nilly waived by the courts for the expediency and mere convenience of facilitating settlements. As such I believe that the issue of § 1542 waiver is ripe for consideration by the 9th Circuit.

I hope that the above helps clarify my position with regards to the objections raised.

Elman Barnes


On 2025-02-26 15:23, Tom Boardman wrote:
> Thank you for the reply, Mr. Barnes.
>
> Please call me on my cellphone at your convenience before this Friday
> (2/28). (415) 298-4627.
>
> A few points below to focus our discussion.
>
> First, an explanation about the need to have a claim number to file
> online. The Court-appointed Claims Administrator implemented this
> safeguard measure to protect against bots and spammers attempting to
> make fraudulent claims. We believe that this was an entirely
> appropriate measure in an effort to prevent fraud and protect the
> interests of class members. Additionally, you will note that the
> settlement website homepage and FAQ now have clear messaging and a

> dedicated toll-free line potential class members can call to have a
> claim number generated. See
> https://www.telescopesettlement.com/frequently-asked-questions.aspx
> ("If you wish to file a claim online but have not received a claim
> code, please call 866 568 7713 to speak to the Settlement
> Administrator about generating one."). We note that you were able to
> contact Verita, the Court-appointed Claims Administrator, have a claim
> number generated via email, and file your claim on February 15, 2025.
>
> Second, with respect to your contention regarding eligibility and the
> relevant state of purchase, we wish to clarify a few matters. As the
> notice makes clear, indirect purchasers are eligible to make claims to
> share in the settlement if they purchased the relevant product while
> they were in an indirect purchaser state. See, e.g., Long Form Notice
> at p. 3 ("The group of people whom Synta has agreed to pay is called
> the settlement class, and it includes everyone who indirectly
> purchased one or more telescopes from January 1, 2005 to September 6,
> 2023, from a distributor/retailer that was manufactured by a defendant
> or alleged co-conspirator, while located in" an indirect purchaser
> state), available at:
> www.telescopesettlement.com/media/5232066/cehi_not_online_241213_v2.pd
> f; Settlement Agreement ¶ 1(e) (defining the settlement class as "all
> persons and entities in the Indirect Purchaser States (as defined
> herein) who, during the period from January 1, 2005 to 27 September 6,
> 2023, purchased one or more Telescopes . . . ."); Short Form Notice at
> p. 1 ("The settlement includes all persons and entities in the
> Indirect Purchaser States who, from January 1, 2005 to September 6,
> 2023, purchased one or more Telescopes from a distributor (or from any
> entity other than a defendant) that any defendant or alleged
> co-conspirator manufactured . . . ."). It is not the case that
> eligibility to participate in the settlement is based on the legal
> requirements of "residency" alone. Although we think that this matter
> was previously made clear, we added a field for "State of Purchase" to
> the claim form for claimants to include additional information.
>
> Finally, as to the § 1542 waiver in the Settlement's release
> provisions, such waivers have long been approved by the courts in
> class action settlements. For example, in In re Toyota Motor Corp.
> Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.,
> the court rejected an objection to a § 1542 waiver and held that
> "Class settlements often waive this protection, and such waivers are

> not generally viewed as an impediment to class settlement. . . . the
> Court is dubious as to whether the class claims could be settled
> absent such a waiver." 2013 WL 12327929, at *23 (C.D. Cal. July 24,
> 2013).
>
> I look forward to discussing the above with you.
>
>
>  Best,
> Tom
>
>
>
>
> Tom Boardman | Susman Godfrey LLP
> O: (212) 729-2069  C: (415) 298-4627
>
> -----Original Message-----
> From: elmanmethod@theachievementcoaches.com
> <elmanmethod@theachievementcoaches.com>
> Sent: Wednesday, February 26, 2025 6:56 AM
> To: Tom Boardman <TBoardman@susmangodfrey.com>
> Cc: Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Marc Seltzer
> <MSeltzer@SusmanGodfrey.com>; Alejandra Salinas
> <ASalinas@susmangodfrey.com>; Steven Sklaver
> <ssklaver@SusmanGodfrey.com>; Michael Gervais
> <MGervais@susmangodfrey.com>; Lin Chan <lchan@lchb.com>; Adam Zapala
> <AZapala@cpmlegal.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>;
> Christian Ruano <CRuano@cpmlegal.com>
> Subject: Re: In re Telescopes Antitrust Litig. - Objection
>
> EXTERNAL Email
>
> Dear Mr. Boardman,
>
> Thanks for reaching out.
>
> I'm sorry for not replying earlier but my work obligations keep me
> rather busy and I haven't had time to get back to you until now.
>
> I can't say when I can be available over the coming days but I guess

> maybe if you provide me with your direct number I can try to give you
> a call when I have a minute.
>
> Or better yet maybe respond and let me know what you have in mind and
> whether you think some of my concerns are reasonable and can be
> addressed or not and we can narrow the focus of a conversation,
> hopefully.
>
> Elman Barnes
>
>
> On 2025-02-24 10:47, Tom Boardman wrote:
>> Mr. Barnes,
>>
>> We are in receipt of your objection to the settlement in _In__ re
>> Telescopes Antitrust Litig_. As counsel for the settlement class, we
>> would like to discuss your objections as soon as possible. Please let
>> us know times you are available to meet by phone/Zoom today (2/24)
>> through this Thursday (2/27).
>>
>> Best,
>>
>> Tom Boardman
>>
>> Tom Boardman [1] | Susman Godfrey LLP
>>
>> O: (212) 729-2069  C: (415) 298-4627
>>
>>
>>
>> Links:
>> ------
>> [1] https://www.susmangodfrey.com/attorneys/tom-boardman/