Elman Barnes
401 21st St STE R
Sacramento, CA 95811
elmanmethod@theachievementcoaches.com

Objector

FILED

MAR 13 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TELESCOPES ANTITRUST            No. 5:20-cv-03639-EJD
LITIGATION

This Document Relates to:              RE: Entries 404 and 399
Indirect Purchaser Actions


## RESPONSE TO MOTION TO APPROVE AND PARTIAL WITHDRAWAL OF OBJECTIONS TO THE SETTLEMENT AND THE ADMINISTRATION THEREOF

Objector Elman Barnes (hereinafter "Objector") respectfully requests that his objection entered onto the docket on February 12, 2025 (399) be modified in part to withdraw item IV **"The Claim Form Improperly Asks for the State of Residence."** The claim form has been modified by adding a field for state of purchase, and Objector believes that the current iteration of the form should not create any confusion among Class Members regarding this point.

Other points of objection remain a concern. Class Counsel has entered a Motion to Approve the settlement on February 28, 2025 (404). In that document Class Counsel argues that Objector's concerns are without merit.

For example, they state that "Verita Diligently Provided Claim Numbers," and refer to Objector's own case in which Objector did in fact complain about not having received a claim number, and was then issued a claim number (a week later). This is true, however it is not an adequate solution to Objector's concerns. The indisputable fact of the matter is that most class members DO NOT HAVE A CLAIM NUMBER. The

only mention of the possibility of obtaining a claim number was placed on the website after Objector's objections were entered. Now when one clicks the "File a Claim" button there is verbiage at the bottom of the page that says "If you wish to file a claim online but have not received a claim code, please call 866 568 7713 to speak to the Settlement Administrator about generating one."

While everyone shares the Settlement Administrator's concern about fraudulent claims, making the claims process more onerous for legitimate Class Members is not an adequate solution because it discourages participation, and it has always been the case that only a very small percentage of eligible Class Members participate in consumer class actions by entering a claim. Fraud concerns aside, the goal should be to increase Class Member participation, not to decrease it. The vast majority of Class Members are not going to call in to get a Claim Number.

Both my objection with regards to ease of participation by Class Members as well as the Settlement Administrator's concerns with regards to fraud could easily be remedied by simply placing a button on the website that says "Class Members click here to receive your Claim Number in order to participate" and then providing a simple form with an automated email verification process to ensure that the request is being made by a real person and not by a robot, and when this process is completed successfully the claim number is emailed to the verified email address. This would eliminate fraudulent participation by bots, would eliminate the hurdle of making Class Members call the Settlement Administrator, and since it is automated would also result in potentially lower administration costs since it would reduce the need for physical staff to actually attend phone calls by the Class.

With regards to the matter of the § 1542 Waiver, Class Counsel cites In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig., No. 10-md-02151, 2013 WL 12327929, at *23 (C.D. Cal. July 24, 2013), as follows: "Class settlements often waive this protection, and such waivers are not generally viewed as an impediment to class settlement. . . . [T]he Court is dubious as to whether the class claims

could be settled absent such a waiver."

With due respect to this Court and to the Court in In re Toyota Motor Corp. Unintended Acceleration…, whether or not settlements could be reached without a § 1542 waiver should not be a factor in whether or not such waivers are routinely allowed. Rather, the intent of the California legislature in its construction of the law, and the constitutionality of that law should be the factors taken into consideration by the Court. Legislated legal protections should not be and arguably cannot legally be willy nilly waived by the courts merely for expediency's sake and the convenience of facilitating settlements.

Respectfully submitted,

Elman Barnes