Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

*Settlement Class Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

IN RE TELESCOPES ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

All Indirect Purchaser Actions

**Case Nos. 5:20-cv-03639-EJD**

**INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND SERVICE AWARDS**

**Dept.: Courtroom 4**
**Judge: Hon. Edward J. Davila**
**Date: April 3, 2025**
**Time: 9:00 AM**

Settlement Class Counsel for the Indirect Purchaser Plaintiffs ("IPPs") write to update the Court regarding the status of the claims process and communications with objectors. No formal opposition to the Motion for Final Approval of Settlement ("Final Approval Motion") or Motion for Award of Attorneys' Fees, Reimbursement of Costs, and Services Awards ("Attorneys' Fees Motion") was filed.[1] Settlement Class Counsel offer the below in further support of those motions.

## I. ADDITIONAL CLAIMS

Since IPPs filed the Final Approval Motion on February 28, 2025, an additional 4,274 claims were submitted, bringing the total thus far to 81,158. *See* Declaration of Kalpana Srinivasan ¶1 ("Srinivasan Decl."). This represents 2% of the approximately 4 million potential class members and weighs in favor of approval. *See* ECF No. 404 at 13-14.

## II. COMMUNICATIONS WITH OBJECTORS

**Elman Barnes.** On March 11, 2025, Settlement Class Counsel sent a follow up email to Barnes, again requesting a time to discuss his objections by phone or Zoom. Srinivasan Decl. ¶2. On March 12, 2025, Barnes responded that had "been very busy and have not had the time and opportunity to arrange a phone call" and informed Settlement Class Counsel that he had mailed a response to the Court regarding his objection. *Id*. On March 13, 2025, Barnes's response was posted to the docket. *See* ECF No. 405. On the same day, Settlement Class Counsel responded to Barnes, telling him they would like to discuss the Response and again asking him to "[p]lease let us know a few times next week when you are available for a phone call or Zoom" and that they were "happy to work around your schedule." Srinivasan Decl. ¶2. On March 14, 2025, without responding to counsel's email, Barnes left a voicemail for Settlement Class Counsel and provided a number at which to call him back. *Id*. Despite multiple attempts to call him back, Settlement Class Counsel have been unable to connect with Barnes.[2] *Id*.

---

[1] As noted in the Final Approval Motion, no objections were filed to the Attorneys' Fees Motion, which weighs heavily in favor of its approval. See ECF No. 404 at 12.

[2] There are also irregularities with Barnes' mailing address. Based on Settlement Class Counsel investigation, the address listed on his objection and response, 401 21st St, STE R,

In his response, Barnes affirmatively withdraws his objection regarding the claim form asking for a state of residence. ECF No. 405 at 1.

Barnes reiterates his objections regarding the claim number requirement to make an online claim. *Id*. Barnes fails to offer any argument to show how his proposed email verification protocol is less burdensome than simply calling a toll-free phone number. As stated in the Final Approval Motion, counsel and the Court-approved Claims Administrator implemented the claim number protocol because claim fraud is rampant online, and having potential claimants call a toll-free number to receive a claim number is the most efficient way to protect against it. *See* ECF No. 404 at 21-22. Barnes' suggested email protocol would be vulnerable to exactly the kind of computer bot attacks that are common in class actions today. Adding a human element (the phone call) is the most effective way to prevent automated bot attacks on the claims process.

Barnes also continues to object to the Settlement, including a California Civil Code § 1542 Waiver but raises no new arguments. For all the reasons already stated in the Final Approval Motion, this objection is without merit and should be rejected. *See* ECF No. 404 at 22.

**Direct Purchaser Plaintiff Counsel ("DPP Counsel").** Settlement Class Counsel have not had contact with DPP Counsel since their meet and confer on February 27, 2025. *Id*. at ¶6. After the meet and confer, the parties exchanged emails. Srinivasan Decl. ¶4. On February 28, 2025, Settlement Class Counsel emailed DPP Counsel, requesting they confirm "in which state Mr. Steele was living when he made the purchases you claim grant him standing in the IPP Settlement Class and whether he will attest to the same under penalty of perjury" and to "also confirm the date on which Mr. Steele first contacted you to express concerns about IPPs' settlement" or "[i]f DPP counsel made first contact, please provide that date." *Id.* DPP Counsel never responded. *Id.*

**National Woodlands Preservation, Inc. ("Woodlands").** Woodlands failed to provide a phone number, current address, or email at which to contact it regarding its objection, in violation

---

Sacramento, CA, does not exist. 1401 21st St, STE R, Sacramento, CA, the address Barnes entered for his claim form does exist, but the only entity listed there is California Registered Agent, a process agent.

of the Court's Preliminary Approval Order. *See* ECF No. 397 at ¶16 (requiring objectors to include "your full name, current address, email address, and telephone number"). Its objection included no phone number, no email address, and the only mailing address was for a service agent. Despite these failings, Settlement Class Counsel attempted to contact Woodlands by mailing letters via certified mail to two separate service agents. *See* ECF No. 404-1 at ¶7. Woodlands never responded to Settlement Class Counsel's request. Srinivasan Decl. ¶6.

On March 20, 2025, Woodland filed an untimely response to the Final Approval Motion.[3] Because it was filed nearly a week after the deadline for oppositions it need not be considered at all. Should the Court wish to engage with its arguments, Woodlands has the facts wrong on all of them. First, the class and public had free access to the Final Approval Motion on the settlement website, where it and the supporting declarations were posted under the "Case Documents" tab.[4] Second, as stated in the Final Approval Motion, Woodlands is mistaken that the Settlement was ever "consumer only." The class definition, published on the settlement website in the Settlement Agreement and Preliminary Approval Order, and in the Email and Published Notice issued to potential class members expressly makes that clear: "all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023 purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged coconspirator manufactured" may submit claims. *See* ECF Nos. 404 at 19, 390-1, 391-1, 391-3 (emphasis added). Woodlands fails to address the fact that over 60 entities have made claims before any changes to the claim form were implemented.

**Pat Zhen.** Zhen never responded to Settlement Class Counsel's February 24, 2024, email requesting to meet and confer. *See* Srinivasan Decl. ¶8.; ECF No. 404-1 at ¶8.

---

[3] Local Rule 7-3 requires that any "opposition must be filed and served not more than 14 days after the motion was filed." Woodlands' response was filed 20 days after the Final Approval Motion.

[4] See https://www.telescopesettlement.com/case-documents.aspx (last visited March 21, 2025).

**Mike Sussman.** Sussman never responded to Settlement Class Counsel's March 11, 2025, email requesting to meet and confer. Srinivasan Decl. ¶9.

Settlement Class Counsel also notes that none of the objectors have complied with the Court's requirement that they include "a statement indicating whether you or your attorney intend to appear at the fairness hearing . . . ." ECF No. 397 at ¶16. Because the majority of objectors have failed to respond to counsel's requests to meet and confer (Sussman, Zhen, and Woodlands), two of them (Barnes and Woodlands) list only service agents as their mailing address and have virtually zero online presence (Srinivasan Decl. ¶¶3,7), and DPP Counsel has failed to answer whether their clients brought their objections to them or vice versa, knowing whether these objectors will appear at the fairness hearing is of heightened importance.

## III. CONCLUSION

For the reasons stated above and in the Final Approval Motion, the Settlement is fair and adequate, meets all the Ninth Circuits' standards for approval, and none of the objections have merit. The Court should dismiss all the objections and grant final approval.

Dated: March 21, 2025

Respectfully Submitted,

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan (SBN 237460)
Marc M. Seltzer (SBN 54534)
Steven Sklaver (SBN 237612)
Michael Gervais (SBN 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
asalinas@susmangodfrey.com

Thomas K. Boardman (SBN 276313)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, New York 10001
Phone: 212-336-8330
tboardman@susmangodfrey.com

/s/ *Lin Y. Chan*
Lin Y. Chan (SBN 255027)
Eric B. Fastiff (SBN 182260)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
lchan@lchb.com
efastiff@lchb.com
rstoler@lchb.com

/s/ Adam J. Zapala
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
James G. Dallal (SBN 277826)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

*Settlement Class Counsel for the Indirect Purchaser Plaintiffs*