1  Lin Y. Chan (SBN 255027)
   **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
2  275 Battery Street, 29th Floor
   San Francisco, CA 94111
3  Telephone: (415) 956-1000
   lchan@lchb.com
4
   Adam J. Zapala (SBN 245748)
5  **COTCHETT, PITRE & McCARTHY LLP**
   840 Malcolm Road
6  Burlingame, CA 94010
   Telephone: (650) 697-6000
7  azapala@cpmlegal.com

8  Kalpana Srinivasan (SBN 237460)
   **SUSMAN GODFREY LLP**
9  1900 Avenue of the Stars, Ste. 1400
   Los Angeles, CA 90067
10 Telephone: (310) 789-3100
   ksrinivasan@susmangodfrey.com
11
   *Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Indirect Purchaser Actions | **Case No. 5:20-cv-03639-EJD**<br><br>**JOINT STIPULATION AND [PROPOSED] AMENDED JUDGMENT OF DISMISSAL WITH PREJUDICE** |

WHEREAS, on April 11, 2025, this Court entered an Order Granting Motion for Final Approval; Granting Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 419).

WHEREAS, on April 11, 2025, this Court entered a Judgment that closed the file in this matter (ECF No. 420).

WHEREAS, Indirect Purchaser Plaintiffs and Defendants[1] jointly submit the following [Proposed] Amended Judgment of Dismissal with Prejudice that constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Now therefore, Indirect Purchaser Plaintiffs and Defendants hereby stipulate and request that the Court modify the final judgment and enter the following [Proposed] Amended Judgment of Dismissal with Prejudice.

**IT IS SO STIPULATED.**

DATED: June 23, 2025

/s/ Christopher Frost
Christopher Frost (SBN 200336)
chris@frostllp.com
JOHN MAATTA (SBN 83683)
john@frostllp.com
JOSHUA STAMBAUGH (SBN 233834)
josh@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
**FROST LLP**
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441

/s/ Lin Y. Chan
Lin Y. Chan (SBN 255027)
lchan@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

---

[1] Celestron Acquisition, LLC; Nantong Schmidt Opto-Electrical Technology Co. Ltd; Olivon Manufacturing Co. Ltd.; Olivon USA, LLC; Pacific Telescope Corp.; Suzhou Synta Optical Technology Co., Ltd.; SW Technology Corporation; Synta Canada International Enterprises Ltd.; Synta Technology Corp. of Taiwan; Dave Anderson; Joseph Lupica; and Dar Tson ("David") Shen (collectively, "Defendants").

1  
2  */s/ Shauna Z. Izadi*  
SHAUNA A. IZADI (Admitted Pro Hac Vice)  
sizadi@izadilegal.com  
3  **IZADI LEGAL GROUP, PLLC**  
13155 Noel Rd, Suite 900  
4  Dallas, Texas 75240  

5  *Attorneys for Defendants Celestron Acquisition, LLC; Nantong Schmidt Optoelectrical*  
6  *Technology Co. Ltd.; Olivon Manufacturing Co. Ltd.; Olivon USA, LLC; Pacific Telescope*  
7  *Corp.; Suzhou Synta Optical Technology Co., Ltd.; SW Technology Corp.; Synta Canada*  
8  *International Enterprises Ltd.; Synta Technology Corp.; and David Shen*  
9  

10  */s/ Eric P. Enson*  
Eric P. Enson (State Bar No. 204447)  
eenson@crowell.com  
11  **CROWELL & MORING LLP**  
515 South Flower Street, 40th Floor  
12  Los Angeles, CA 90071  
Telephone: 213.622.4750  
13  Facsimile: 213.622.2690  

14  *Attorney for Defendants Dave Anderson and Joseph Lupica*

*/s/ Adam J. Zapala*  
Adam J. Zapala  
**COTCHETT PITRE & McCARTHY, LLP**  
840 Malcolm Road, Suite 200  
Burlingame, CA 94010  
Tel: (650) 697-6000  
Fax: (650) 697-0577  
azapala@cpmlegal.com  

*/s/ Kalpana Srinivasan*  
Kalpana Srinivasan (Bar No. 237460)  
**SUSMAN GODFREY L.L.P.**  
1900 Avenue of the Stars, Ste. 1400  
Los Angeles, CA 90067  
Phone: 310-789-3100  
ksrinivasan@susmangodfrey.com  

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

# ATTORNEY ATTESTATION

I, Lin Chan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

DATED: June 23, 2025, 2025

*/s/ Lin Y. Chan*
Lin Y. Chan (SBN 255027)
lchan@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Indirect Purchaser Actions | Case No. 5:20-cv-03639-EJD<br><br>**[PROPOSED] AMENDED JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>**Dept.: Courtroom 4**<br>**Judge: Hon. Edward J. Davila** |

   Indirect Purchaser Plaintiffs ("IPPs") have presented this matter before the Court to determine whether there is any cause why this Court should not enter an Amended Final Judgment ("Final Judgment") as to Defendants Celestron Acquisition, LLC; Nantong Schmidt Opto-Electrical Technology Co. Ltd; Olivon Manufacturing Co. Ltd.; Pacific Telescope Corp.; Olivon USA, LLC; Suzhou Synta Optical Technology Co., Ltd.; SW Technology Corporation; Synta Canada International Enterprises Ltd.; Synta Technology Corp. of Taiwan; Dave Anderson; Joseph Lupica; and Dar Tson ("David") Shen; (collectively, "Defendants").

   The Court, having carefully considered all papers filed and proceedings held herein, including IPPs' Motions for Preliminary and Final Approval of Settlement; the objections filed by DPP Conditional Objectors Pioneer Cycling & Fitness LLP and Jason Steele, Elman Barnes, National Woodlands Preservation, Inc., Mike Sussman, and Pat Zhen; IPPs' responses to those objections; and the statements of counsel and the parties, and otherwise being fully informed, has already determined as follows: (a) IPPs' Motion for Final Approval of Settlement should be granted; (b) IPPs' claims against Defendants should be dismissed with prejudice; and (c) IPPs' plan of distribution should be approved. This Court further finds that that there is no just reason for delaying the entry of Final Judgment.

   Accordingly, the Court directs entry of Final Judgment, which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement.

   Good cause appearing therefore, it is:

   **ORDERED, ADJUDGED, AND DECREED THAT**:

   1. The Court has jurisdiction over the subject matter of this litigation, the Actions within this litigation, and the parties to the Settlement, including all members of the Settlement Class and Defendants.

   2. For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement, attached hereto as <u>Exhibit 1</u>.

   3. The Court has already granted IPPs' Motion for Final Approval of the Settlement, and found that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

4. The Settlement Class is defined as

> all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

5. Similarly, the Court has already found that IPPs' Motion for Attorneys' Fees and Costs is appropriate and fair and granted that motion. *See, e.g.*, ECF Nos. 398 (Motion); 419 (Order granting motion).

6. The Court dismisses on the merits and with prejudice IPPs' claims against Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement.

7. The Court had similarly already approved IPPs' plan of distribution.

8. All persons and entities who are Releasors under the terms of the Settlement are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, any claim against the Releasees in this or any other jurisdiction arising out of, or related to, any of the Released Claims provided, however, nothing herein shall be deemed to release any of the executory obligations of the parties to the Settlement, nor release any and all rights of the IPPs, on behalf of themselves and the members of the Settlement Class, against the Defendants to enforce the terms and provisions of the Settlement, including, but not limited to having judgment entered on motion before the Court against the Defendants in the event that the full Settlement Amount is not timely paid. See Exhibit 1 at ¶ 1.(w), (x), and (y).

9. The Releasees are hereby and forever released from all Released Claims as defined in the Settlement. *Id.*

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of, and compliance with, the Settlement

and any distribution to the Settlement Class pursuant to further orders of this Court; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications by IPPs for attorneys' fees, costs, expenses, and interest; (d) the Actions, until the Final Judgment has become effective and each and every act agreed to be performed by the parties under the terms of the Settlement have been performed; (e) hearing and ruling on any matters relating to the plan of allocation of Settlement proceeds; and (f) the parties to the Settlement for the purpose of enforcing and administering the Settlement, and the mutual releases contemplated by, or executed in connection with, the Settlement.

11. The persons and entities identified in Exhibit 2 are validly excluded from the Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the Settlement proceeds obtained in connection with the Settlement Agreement.

12. The Court finds, pursuant to FRCP Rules 54(a) and (b), that Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

Dated: _____, 2025

Hon. Edward J. Davila
United States District Judge