Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | **Case No. 5:20-cv-03639-EJD**<br><br>[PROPOSED] **AMENDED JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>**Dept.: Courtroom 4**<br>**Judge: Hon. Edward J. Davila** |
| THIS DOCUMENT RELATES TO:<br><br>All Indirect Purchaser Actions | |

[PROPOSED] AMENDED FINAL JUDGMENT

Indirect Purchaser Plaintiffs ("IPPs") have presented this matter before the Court to determine whether there is any cause why this Court should not enter an Amended Final Judgment ("Final Judgment") as to Defendants Celestron Acquisition, LLC; Nantong Schmidt Opto-Electrical Technology Co. Ltd; Olivon Manufacturing Co. Ltd.; Pacific Telescope Corp.; Olivon USA, LLC; Suzhou Synta Optical Technology Co., Ltd.; SW Technology Corporation; Synta Canada International Enterprises Ltd.; Synta Technology Corp. of Taiwan; Dave Anderson; Joseph Lupica; and Dar Tson ("David") Shen; (collectively, "Defendants").

The Court, having carefully considered all papers filed and proceedings held herein, including IPPs' Motions for Preliminary and Final Approval of Settlement; the objections filed by DPP Conditional Objectors Pioneer Cycling & Fitness LLP and Jason Steele, Elman Barnes, National Woodlands Preservation, Inc., Mike Sussman, and Pat Zhen; IPPs' responses to those objections; and the statements of counsel and the parties, and otherwise being fully informed, has already determined as follows: (a) IPPs' Motion for Final Approval of Settlement should be granted; (b) IPPs' claims against Defendants should be dismissed with prejudice; and (c) IPPs' plan of distribution should be approved. This Court further finds that that there is no just reason for delaying the entry of Final Judgment.

Accordingly, the Court directs entry of Final Judgment, which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement.

Good cause appearing therefore, it is:

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this litigation, the Actions within this litigation, and the parties to the Settlement, including all members of the Settlement Class and Defendants.

2. For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement, attached hereto as Exhibit 1.

3. The Court has already granted IPPs' Motion for Final Approval of the Settlement, and found that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

4.    The Settlement Class is defined as

> all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

5.    Similarly, the Court has already found that IPPs' Motion for Attorneys' Fees and Costs is appropriate and fair and granted that motion. *See, e.g.*, ECF Nos. 398 (Motion); 419 (Order granting motion).

6.    The Court dismisses on the merits and with prejudice IPPs' claims against Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement.

7.    The Court had similarly already approved IPPs' plan of distribution.

8.    All persons and entities who are Releasors under the terms of the Settlement are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, any claim against the Releasees in this or any other jurisdiction arising out of, or related to, any of the Released Claims provided, however, nothing herein shall be deemed to release any of the executory obligations of the parties to the Settlement, nor release any and all rights of the IPPs, on behalf of themselves and the members of the Settlement Class, against the Defendants to enforce the terms and provisions of the Settlement, including, but not limited to having judgment entered on motion before the Court against the Defendants in the event that the full Settlement Amount is not timely paid. *See* <u>Exhibit 1</u> at ¶ 1.(w), (x), and (y).

9.    The Releasees are hereby and forever released from all Released Claims as defined in the Settlement. *Id.*

10.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of, and compliance with, the Settlement

[PROPOSED] AMENDED FINAL JUDGMENT

and any distribution to the Settlement Class pursuant to further orders of this Court; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications by IPPs for attorneys' fees, costs, expenses, and interest; (d) the Actions, until the Final Judgment has become effective and each and every act agreed to be performed by the parties under the terms of the Settlement have been performed; (e) hearing and ruling on any matters relating to the plan of allocation of Settlement proceeds; and (f) the parties to the Settlement for the purpose of enforcing and administering the Settlement, and the mutual releases contemplated by, or executed in connection with, the Settlement.

11.     The persons and entities identified in Exhibit 2 are validly excluded from the Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the Settlement proceeds obtained in connection with the Settlement Agreement.

12.     The Court finds, pursuant to FRCP Rules 54(a) and (b), that Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

Dated: _____June 23_____ ___, 2025

_____
Hon. Edward J. Davila
United States District Judge

[PROPOSED] AMENDED FINAL JUDGMENT

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **IN RE TELESCOPES ANTITRUST LITIGATION** | **Case No. 5:20-cv-03639-EJD** |
| **This Document Relates to:** | **SETTLEMENT AGREEMENT** |
| **Indirect Purchaser Actions** | |

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**

2987155.2

This Settlement Agreement (defined below) is made and entered into this 31st day of August, 2024 (the "Execution Date"), by and among the Synta Defendants and the Indirect Purchaser Plaintiffs, both individually and on behalf of the proposed Settlement Class (defined below) in the above-captioned action ("Action"). This Settlement Agreement is intended by the Synta Defendants and the Indirect Purchaser Plaintiffs ("the Settling Parties" as further defined below) to fully, finally, and forever resolve, discharge and settle the Released Claims (defined below), upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, Indirect Purchaser Plaintiffs are prosecuting the Action on their own behalf and on behalf of the proposed Settlement Class against the Synta Defendants and other Defendants and alleged co-conspirators;

WHEREAS, Indirect Purchaser Plaintiffs allege, among other things, that the Synta Defendants violated the antitrust and consumer protection laws by conspiring amongst themselves and with the other Defendants and alleged co-conspirators to fix, raise, maintain, or stabilize the prices of Telescopes, and these acts caused the Class to incur damages;

WHEREAS, the Synta Defendants have denied and continue to deny each and all of Indirect Purchaser Plaintiffs' claims and allegations of wrongdoing; have not conceded or admitted any liability, or that they violated or breached any law, regulation, or duty owed to the Indirect Purchaser Plaintiffs; have denied and continue to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action; and further deny the allegations that the Indirect Purchaser Plaintiffs or any member of the Class were harmed by any conduct by the Synta Defendants alleged in the Action or otherwise;

WHEREAS, Indirect Purchaser Plaintiffs and the Synta Defendants have engaged in extensive discovery regarding the facts pertaining to Indirect Purchaser Plaintiffs' claims and the Synta Defendants' defenses;

WHEREAS, Indirect Purchaser Plaintiffs and the Synta Defendants agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Synta Defendants or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs ("Co-Lead Counsel") have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Indirect Purchaser Plaintiffs' Fourth Amended Consolidated Complaint, the legal and factual defenses thereto, and the applicable law, that it is in the best interests of the Indirect Purchaser Plaintiffs and the proposed Settlement Class to enter into this Settlement Agreement to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Indirect Purchaser Plaintiffs and the Class, and, further, that Co-Lead Counsel consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Indirect Purchaser Plaintiffs and the Class;

WHEREAS, the Synta Defendants have concluded, despite their belief that they are not liable for the claims asserted against them in the Action and that they have good defenses thereto, that they will enter into this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby put to rest this controversy with respect to the Indirect Purchaser Plaintiffs and the Class and avoid the risks inherent in complex litigation; and

WHEREAS, arm's length settlement negotiations have taken place between counsel for Indirect Purchaser Plaintiffs and the Synta Defendants over many months, including in multiple mediations before Judge Suzanne Segal (Ret.), and this Settlement Agreement, which embodies all of the terms and conditions of the Settlement between the Settling Parties, both individually and on behalf of the Class, has been reached as a result of the Settling Parties' negotiations

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**     2
2987155.2

(subject to the approval of the Court) as provided herein and is intended to supersede any prior agreements or understandings between the Settling Parties.

## AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action and the Released Claims as against the Synta Defendants shall be finally and fully settled, compromised and dismissed on the merits and with prejudice, without costs as to Indirect Purchaser Plaintiffs, the Class, or the Synta Defendants, upon and subject to the approval of the Court, following notice to the Class, on the following terms and conditions:

## DEFINITIONS

1.      As used in this Settlement Agreement, the following terms shall have the meanings specified below:

(a)      "Action" means *In re Telescopes Antitrust Litigation* – All Indirect Purchaser Actions, Case No. 5:20-cv-03639-EJD, and each of the cases brought on behalf of indirect purchasers previously consolidated and/or included as part of Docket No. 5:20-cv-03639-EJD.

(b)      "Affiliates" means entities controlling, controlled by or under common control with a Releasee or Releasor.

(c)      "Authorized Claimant" means any Indirect Plaintiff Purchaser who, in accordance with the terms of this Settlement Agreement, is entitled to a distribution consistent with any Distribution Plan or order of the Court ordering distribution to the Class.

(d)      "Claims Administrator" means the claims administrator(s) to be selected by Co-Lead Counsel.

(e)      The "Class" or "Settlement Class" is defined as all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                    3
2987155.2

than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

(f) "Class Member" or "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and who does not timely and validly elect to be excluded from the Class in accordance with the procedure to be established by the Court.

(g) "Co-Lead Counsel" means the law firms of Cotchett, Pitre & McCarthy, LLP; Lieff Cabraser Heimann & Bernstein LLP; and Susman Godfrey LLP.

(h) "Court" means the United States District Court for the Northern District of California.

(i) "Distribution Plan" means any plan or formula of allocation, to be approved by the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(j) "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft of non-identical copy is a separate document within the meaning of this term.

(k) "Effective Date" means the first date by which all of the following events and conditions have been met or have occurred:

(1) All parties have executed this Settlement Agreement;

(2) The Court has preliminarily approved the Settlement Agreement, certified the Settlement Class for purposes of effectuating this Settlement, and approved the Settlement after providing notice to the Settlement Class as defined herein;

(3) The Court has entered a Final Judgment; and

(4)    The Final Judgment (as more fully described in ¶ 7 of this Settlement Agreement) has become final, with the occurrence of the following: (A) the entry by the Court of a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure together with entry of a final judgment dismissing the Action and all claims therein by the Class against the Synta Defendants with prejudice as to all Class Members (the "Final Judgment"), and (B) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken, provided, however, a modification or reversal on appeal of any amount of Co-Lead Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

(l)    "Escrow Agent" means the agent jointly designated by Co-Lead Counsel and the Synta Defendants, and any successor agent.

(m)    "Execution Date" means the first date set forth above in this Settlement Agreement, which is August 31 , 2024.

(n)    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing

any further appeal has expired. For purposes of this Settlement Agreement, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to any order adopting or approving a Distribution Plan, and/or to any order issued in respect of an application for attorneys' fees and expenses consistent with this Settlement Agreement, shall not in any way delay or preclude the Judgment from becoming Final.

(o)    "Gross Settlement Fund" or "Settlement Fund" means the Settlement Amount plus any interest that may accrue.

(p)    "Indirect Purchaser Plaintiffs" means John Goerger, Scott Plummer, Donnie Houston, Ronald Troillet, Sigurd Murphy, Thien Ngo, Arthur Sines, Jesse Smith, Greg Kendall, Austin Griffith, Keith Uehara, Madeline Bekielewski,[1] Michael Price, Brian Murphy, Timothy McQuaid, Sara Day Brewer, Robert Welsh, Bentaro Huset, Jason Glydewell, Deborah Lemar, James Riley, David Dick, Leon Greenberg, Anthony Di Mambro, Steven Zellers, Michael Liskow, Philip Moore, Doug Lundy, John Maurice, David Kerber, Thomas Berta, Greg Ross, Vincent Catanzaro, David Quaglietta, and Herbert Nelson, as well as any other Person added as an Indirect Purchaser Plaintiff in the Action.

(q)    "Indirect Purchaser States" means Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

(r)    "Judgment" means the order of judgment and dismissal of the Action with prejudice.

(s)    "Net Settlement Fund" means the Gross Settlement Fund, less the

---

[1] Richard Bekielewski was an original class representative, but he passed away during the pendency of the litigation.  His wife, Madeline Bekielewski, has taken over his estate and claims.

payments set forth in ¶ 17.

(t) "Notice, Administrative and Claims Administration Costs" means the reasonable sum of nonrefundable settlement money to be paid out of the Gross Settlement Fund to pay for notice to the Class and related administrative and claims administration costs.

(u) "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

(v) "Proof of Claim and Release" means the form to be sent to the Class, upon further order(s) of the Court, by which any member of the Class may make claims against the Gross Settlement Fund.

(w) "Released Claims" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, injuries, damages whenever incurred, liabilities of any nature whatsoever, known or unknown (including, but not limited to, "Unknown Claims"), foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, in law or in equity, under the laws of any jurisdiction, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct on or before the Effective Date and arising out of or related in any way in whole or in part to any facts, circumstances, acts, or omissions by Releasees which were alleged or which could have been alleged in the Action, including but not limited to any conduct by Releasees regardless of where it occurred at any time on or before the Effective Date concerning, arising out of or related to (1) the purchase, pricing, selling, discounting, marketing, manufacturing and/or distributing of Telescopes; (2) any agreement, combination or conspiracy to raise, fix, maintain or stabilize the prices of Telescopes or restrict, reduce, alter or allocate the supply, quantity or quality of Telescopes or concerning the development, manufacture, supply,

distribution, transfer, marketing, sale or pricing of Telescopes, or any other restraint of competition alleged in the Action or that could have been or hereafter could be alleged against the Releasees relating to Telescopes, or (3) any other restraint of competition relating to Telescopes that could have been or hereafter could be alleged against the Releasees as a violation of the Sherman Act or any other antitrust, unjust enrichment, unfair competition, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, civil conspiracy or consumer protection law, whether under federal, state, local or foreign law provided however, that nothing herein shall release: (i) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to any Telescopes; and (ii) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State, as defined herein in this Settlement Agreement. For the avoidance of doubt, this Settlement Agreement does not release any claims for direct purchases of Telescopes.

(x)    "Releasees" refers jointly and severally, individually and collectively to the Synta Defendants (as defined in ¶ 1(ee) below) and each of their respective past and/or present direct and indirect parents, members, subsidiaries, Affiliates, predecessors, joint ventures, heirs, executors, administrators, successors and assigns, and their respective past, present and/or future officers, directors, employees, agents, attorneys and legal representatives, servants, and representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  For the avoidance of doubt, "Releasees" does not refer to, or mean, alleged co-conspirator and named Defendant Ningbo Sunny or any of its officers, affiliates or related entities in their capacity on behalf of Ningbo Sunny.

(y)    "Releasors" refers jointly and severally, individually and collectively to the Indirect Purchaser Plaintiffs and each and every member of the Class on their own behalf and on behalf of their respective past, present, and/or future direct and indirect parents, members, subsidiaries and Affiliates, and their past, present and/or future officers, directors, employees, agents, attorneys and legal representatives, servants, and representatives, and the predecessors,

successors, heirs, executors, administrators and assigns of each of the foregoing.

(z)    "Settlement" means the settlement of the Released Claims set forth herein.

(aa)    "Settlement Agreement" means this settlement agreement dated ~~June~~ August 31 , 2024.

(bb)    "Settlement Amount" means Thirty-Two Million U.S. Dollars ($32,000,000.00).

(cc)    "Settling Parties" means, collectively, the Indirect Purchaser Plaintiffs (on behalf of themselves and the Class) and the Synta Defendants.

(dd)    "Synta Co-Conspirators" means Jean Shen, Sylvia Shen, Jack Chen, Laurence Huen, and Corey Lee.

(ee)    "Synta Defendants" means Synta Technology Corp. of Taiwan; Suzhou Synta Optical Technology Co. Ltd.; Nantong Schmidt Opto-Electrical Technology Co. Ltd.; Synta Canada International Enterprises Ltd.; Pacific Telescope Corp.; Olivon Manufacturing Co. Ltd.; SW Technology Corporation; Celestron Acquisition, LLC; Olivon, USA LLC; Dar Tson ("David") Shen; Joseph Lupica; and Dave Anderson.

(ff)    "Telescopes" refers to optical instruments that magnify and enhance the view of faraway objects, as further described in paragraphs 96 through 99 of the Indirect Purchaser Plaintiffs' Fourth Amended Consolidated Complaint, and does not include other optical instruments not marketed as telescopes, such as binoculars, siting scopes, microscopes, etc.

(gg)    "Unknown Claims" means any Released Claim that an Indirect Purchaser Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Releasees that if known by him, her or it, might have affected his, her or its settlement with and release of the Releasees, or might have affected his, her or its decision not to object to this Settlement. Such Unknown Claims include claims that are the subject of California Civil Code § 1542 and equivalent, similar or comparable laws or principles of law. California Civil Code § 1542 provides:

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD                                                    9

2987155.2

Docusign Envelope ID: C4680BB8-1144-4161-A095-742BDFF855C1

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**Preliminary Approval Order, Notice Order and Settlement Hearing**

2. ***Reasonable Best Efforts to Effectuate this Settlement.*** The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. The Synta Defendants agree to provide data reasonably necessary and available to them for Plaintiffs to effectuate Class Notice, allocation, and payments to the Settlement Class.

3. ***Motion for Preliminary Approval.*** At a time to be determined by Co-Lead Counsel, Co-Lead Counsel shall submit this Settlement Agreement to the Court and shall apply for entry of a Preliminary Approval Order, requesting, *inter alia,* preliminary approval of the Settlement. The motion shall include (a) the proposed Preliminary Approval Order, and (b) a request for certification of the Class for settlement purposes pursuant to Federal Rule of Civil Procedure 23.

4. ***Proposed Notice.*** At a time to be determined in their sole discretion, Co-Lead Counsel shall submit to the Court for approval a proposed form of, method for and schedule for dissemination of notice to the Class. This motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice to the Class constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

5. ***Claims Administrator.*** Indirect Purchaser Plaintiffs shall retain a Claims

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                    10

2987155.2

Administrator, which shall be responsible for the claims administration process including distribution to Class Members pursuant to a court-approved plan of distribution. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund. In no event shall the Synta Defendants be separately responsible for any fees or expenses of the Claims Administrator.

6. ***Requests for Exclusion (Opt Outs).*** Any Class Member that wishes to seek exclusion from the Settlement Class by "opting out" must timely submit a written request for exclusion to the Claims Administrator (a "Request for Exclusion"). To be effective, each such Request for Exclusion must state: the Settlement Class Member's full legal name, address and telephone number; that the Class Member purchased one or more Telescopes from a Distributor (or from an entity other than a defendant) who in turn purchased from one of the Defendants during the Class Period; and that the Class Member (1) wants to be excluded from the *In re Telescopes Antitrust Litigation* – Indirect Purchaser Actions class action settlement with the Synta Defendants and (2) understands that by so doing, the Class Member will not be able to get any money or benefits from the Settlement with the Synta Defendants under the Settlement Agreement. All Requests for Exclusion must be signed and dated by the Class Member or its officer or legal representative, and be (1) mailed to the Claims Administrator via First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified on the Notice, or (2) received by the Claims Administrator by that date, Persons who opt out are not entitled to any monetary award from the Settlement Fund.

7. ***Motion for Final Approval and Entry of Final Judgment.*** Prior to the date set by the Court to consider whether this Settlement should be finally approved, Co-Lead Counsel shall submit a motion for final approval of the Settlement by the Court. The Settling Parties shall jointly seek entry of the Final Approval Order and Judgment:

(a)    certifying the Settlement Class, as defined in this Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23, solely for purposes of this Settlement;

(b)    fully and finally approving the Settlement contemplated by this Settlement

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                    11

2987155.2

Agreement and its terms as being fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms and conditions.

(c)     finding that the notice given to the Class Members constituted the best notice practicable under the circumstances and complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and due process;

(d)     directing that the Action be dismissed with prejudice as to the Synta Defendants and, except as provided for herein, without costs;

(e)     discharging and releasing the Releasees from all Released Claims;

(f)     permanently barring and enjoining the institution and prosecution, by Indirect Purchaser Plaintiffs and Class Members, of any other action against the Releasees in any court asserting any claims related in any way to the Released Claims;

(g)     reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Settlement Agreement;

(h)     determining pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of a final judgment as to the Synta Defendants; and

(i)     containing such other and further provisions consistent with the terms of this Settlement Agreement to which the parties expressly consent in writing.

8.     ***Stay Order.*** Upon the Execution Date, the Action shall be stayed, and any existing stay shall remain in place, as against the Synta Defendants only. Should the Action be tried against any Defendants other than the Synta Defendants, the parties specifically agree that any findings therein shall not be binding on or admissible in evidence against the Synta Defendants or prejudice the Synta Defendants in any way in any future proceeding involving the Synta Defendants.

9.     Upon the date that the Court enters an order preliminarily approving the Settlement, Indirect Purchaser Plaintiffs and members of the Class shall be barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any

court of law or equity, arbitration tribunal, administrative forum or other forum of any kind worldwide based on the Released Claims.

**Releases**

10.    ***Released Claims.*** Upon the Effective Date, the Releasors (regardless of whether any such Releasor ever seeks or obtains any recovery by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund) by virtue of this Settlement Agreement shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

11.    ***No Future Actions Following Release.*** The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain or prosecute any suit, action or complaint or collect from or proceed against the Synta Defendants or any other Releasee (including pursuant to the Action) based on the Released Claims in any forum worldwide, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers or consumers.

12.    ***Covenant Not to Sue.*** Releasors hereby covenant not to sue the Releasees with respect to any such Released Claims. Releasors shall be permanently barred and enjoined from instituting, commencing or prosecuting against the Releasees any claims based in whole or in part on the Released Claims. The Settling Parties contemplate and agree that this Settlement Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted by or on behalf of Indirect Purchaser Plaintiffs or Class Members with respect to the Released Claims.

13.    ***Waiver of California Civil Code § 1542 and Similar Laws.*** The Releasors acknowledge that, by virtue of the execution of this Settlement Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, even Unknown Claims. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by

the provisions of California Civil Code § 1542, as set forth in ¶ 1(gg), or equivalent, similar or comparable laws or principles of law. The Releasors acknowledge that they have been advised by Co-Lead Counsel of the contents and effects of California Civil Code § 1542, and hereby expressly waive and release with respect to the Released Claims any and all provisions, rights and benefits conferred by California Civil Code § 1542 or by any equivalent, similar or comparable law or principle of law in any jurisdiction. The Releasors may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, foreseen or unforeseen, asserted or unasserted, contingent or non-contingent, and accrued or unaccrued claim, loss or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is not a mere recital.

14.    ***Claims Excluded from Release.*** Notwithstanding the foregoing, the releases provided herein shall not release claims against the Synta Defendants for product liability, breach of contract, breach of warranty or personal injury, claims for direct purchases of Telescopes or any other claim unrelated to the allegations in the Action of restraint of competition or unfair competition with respect to Telescopes. Additionally, the releases provided herein shall not release any claims to enforce the terms of this Settlement Agreement.

**Settlement Consideration and Settlement Fund**

15.    ***Settlement Payments.*** The Synta Defendants shall pay by wire transfer the Settlement Amount ($32,000,000) to the Escrow Agent pursuant to escrow instructions as follows: (i) a $1 million non-reimbursable amount within 10 days of preliminary approval; (ii) a further $1 million within 12 months of preliminary approval, which latter amount shall be refunded to the Synta Defendants if the Settlement is not approved; and (iii) the entire remaining portion of the Settlement Amount according to the terms of the parties' Confidential Supplemental Agreement

but not to exceed 18 months from preliminary approval. This Settlement Amount constitutes the total amount of payment that the Synta Defendants are required to make in connection with this Settlement Agreement. This amount shall not be subject to reduction, and upon the occurrence of the Effective Date, no funds shall revert to the Synta Defendants except as provided herein. The Escrow Agent shall only act in accordance with the mutually agreed escrow instructions.

16. **Stipulated Judgment.** Synta Technology Corp. of Taiwan; Suzhou Synta Optical Technology Co. Ltd.; Nantong Schmidt Opto-Electrical Technology Co. Ltd.; Synta Canada International Enterprises Ltd.; Pacific Telescope Corp.; Olivon Manufacturing Co. Ltd.; SW Technology Corporation; Celestron Acquisition, LLC;  Olivon, USA LLC; and Dar Tson ("David") Shen will execute a stipulated judgment for $32 million (less any amounts paid toward the Settlement Fund) concurrently with the execution of the Settlement Agreement. The stipulated judgment will be held in escrow, and not filed or entered, unless there is an uncured default of the Settlement Agreement following 30 days' written notice to the defaulting party or parties.

17. **Disbursements Prior to Effective Date.** No amount may be disbursed from the Gross Settlement Fund unless and until the Effective Date, except that: (a) Notice, Administrative and Claims Administration Costs may be paid from the Gross Settlement Fund as they become due; (b) Taxes and Tax Expenses (as defined in ¶ 21(b) below) may be paid from the Gross Settlement Fund as they become due; and (c) attorneys' fees and reimbursement of litigation costs may be paid as ordered by the Court, which may be disbursed during the pendency of any appeals, which may be taken from the judgment to be entered by the Court finally approving this Settlement.

18. **Refund by Escrow Agent.** If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment as described herein is not approved or entered or is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Amount while held in

escrow, excluding only Notice, Administrative and Claims Administration Costs and Taxes and/or Tax Expenses, shall be refunded, reimbursed and repaid by the Escrow Agent to the Synta Defendants within five (5) business days after receiving notice pursuant to ¶ 38 below.

19. ***Refund by Co-Lead Counsel.*** If the Settlement as described herein is not finally approved by any court, or it is terminated as provided herein, or the Judgment as described herein is not approved or entered or is overturned on appeal or by writ, any attorneys' fees and costs previously paid pursuant to this Settlement Agreement (as well as interest on such amounts) shall be refunded, reimbursed and repaid by Co-Lead Counsel within thirty (30) business days after receiving notice pursuant to ¶ 38 below.

20. ***No Additional Payments by the Synta Defendants.*** Under no circumstances will the Synta Defendants be required to pay more or less than the Settlement Amount pursuant to this Settlement Agreement and the Settlement set forth herein. For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 30 below), the Notice, Administrative and Claims Administrative Costs, and any other costs associated with the implementation of this Settlement Agreement shall be exclusively paid from the Settlement Amount.

21. ***Taxes.*** The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a) For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2

by, e.g., (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in ¶ 21(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 21(b) hereof;

(b)    The following shall be paid out of the Gross Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Synta Defendants or their counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses"). In all events neither any of the Synta Defendants nor their counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless the Synta Defendants and their counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither any of the Synta Defendants nor their counsel is responsible therefor, nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, their tax attorneys and their accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

**Administration and Distribution of Gross Settlement Fund**

22.    ***Time to Appeal.*** The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether or not either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or resolved.

23.    ***Distribution of Gross Settlement Fund.*** Upon further orders of the Court, the Claims Administrator, subject to such supervision and direction of the Court and/or Co-Lead Counsel as may be necessary or as circumstances may require, shall administer the claims submitted by members of the Class and shall oversee distribution of the Gross Settlement Fund to Authorized Claimants pursuant to the Distribution Plan. Subject to the terms of this Settlement Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

(a)    To pay all costs and expenses reasonably and actually incurred in providing notice to the Class in connection with administering and distributing the Net Settlement Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

(b)    To pay all costs and expenses, if any, reasonably and actually incurred in claims administration and assisting with the filing and processing of such claims;

(c)    To pay the Taxes and Tax Expenses as defined herein;

(d)    To pay any Fee and Expense Award along with proportional interest earned on the Settlement Fund that is allowed by the Court, subject to and in accordance with the Agreement; and

(e)    To distribute the balance of the "Net Settlement Fund" to Authorized

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**    18
2987155.2

Claimants as allowed by the Agreement, any Distribution Plan or order of the Court along with proportional interest earned on the Settlement Fund.

24.     ***Distribution of Net Settlement Fund.*** The Net Settlement Fund shall be distributed in accordance with the Distribution Plan that is approved by the Court.

25.     All Persons who fall within the definition of the Class who do not timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of this Settlement Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

26.     ***No Liability for Distribution of Settlement Funds.*** Neither the Releasees nor their counsel shall have any responsibility for, interest in or liability whatsoever with respect to the distribution of the Gross Settlement Fund; the Distribution Plan; the determination, administration, or calculation of claims; the Settlement Fund's qualification as a "qualified settlement fund"; the payment or withholding of Taxes or Tax Expenses; the distribution of the Net Settlement Fund; or any losses incurred in connection with any such matters. The Releasors hereby fully, finally and forever release, relinquish and discharge the Releasees and their counsel from any and all such liability. No Person shall have any claim against Co-Lead Counsel or the Claims Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan or further orders of the Court.

27.     ***Balance Remaining in Net Settlement Fund.*** If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel may reallocate such balance among Authorized Claimants in an equitable and economic fashion, distribute the remaining funds through *cy pres*, or allow the money to escheat to federal or state governments, subject to Court approval. In no event shall the Net Settlement Fund revert to the Synta Defendants.

28. ***Distribution Plan Not Part of Settlement.*** It is understood and agreed by the Settling Parties that any Distribution Plan, including any adjustments to any Authorized Claimant's claim, is not a part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement, and any order or proceedings relating to the Distribution Plan shall not operate to terminate or cancel this Settlement Agreement or affect the finality of the Judgment, the Final Approval Order, or any other orders entered pursuant to this Settlement Agreement. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether either the Distribution Plan or an application for attorneys' fees and expenses has been submitted to the Court or approved.

**Attorneys' Fees and Reimbursement of Expenses**

29. ***Fee and Expense Application.*** Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Gross Settlement Fund, for: (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court.

30. ***Payment of Fee and Expense Award.*** Any amounts that are awarded by the Court pursuant to the above paragraph (the "Fee and Expense Award") shall be paid from the Gross Settlement Fund consistent with the provisions of this Settlement Agreement.

31. ***Award of Fees and Expenses Not Part of Settlement.*** The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this

Settlement Agreement, or affect or delay the finality of the Judgment and the Settlement of the Action as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or termination of this Settlement Agreement.

32.    ***No Liability for Fees and Expenses of Co-Lead Counsel.*** The Synta Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Co-Lead Counsel pursuant to this Settlement Agreement and/or to any other Person who may assert some claim thereto or any Fee and Expense Award that the Court may make in the Action, other than as set forth in this Settlement Agreement.

**Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

33.    ***Occurrence of Effective Date.*** Upon the occurrence of all of the events required in order to trigger the Effective Date as defined in ¶ 1(k), any and all remaining interest or right of the Synta Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, and the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes or Tax Expenses or any Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Claims Administrator as successor Escrow Agent within ten (10) days after the Effective Date.

34.    ***Failure of Effective Date to Occur.*** If, for whatever reason, the Effective Date does not occur or is not met, then this Settlement Agreement shall be cancelled and terminated, subject to and in accordance with ¶¶ 37-38, below, unless the Settling Parties mutually agree in writing to proceed with this Settlement Agreement.

35.    ***Exclusions.*** Co-Lead Counsel shall cause copies of requests for exclusion from the Class to be provided to counsel for the Synta Defendants. No later than 14 days after the final date for mailing requests for exclusion, Co-Lead Counsel shall provide counsel for the Synta Defendants with a complete and final list of Requests for Exclusion from the Class. With the motion for final approval of the Settlement, Co-Lead Counsel will file with the Court a complete list of Requests for Exclusion from the Class, including only the name, city and state of the

person or entity requesting exclusion.

36.     *Objections.* Settlement Class members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection by the end of the period to object to the Settlement. Any award or payment of attorneys' fees made to counsel to an objector to the Settlement shall only be made by order of the Court order pursuant to the provisions of Federal Rule of Civil Procedure 23(e)(5)(B).

37.     *Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or Judgment.* If the Court does not enter the Preliminary Approval Order, the Final Approval Order or the Judgment, or if the Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally vacated, modified or reversed, then this Settlement Agreement and the Settlement incorporated therein shall be cancelled and terminated; provided, however, the Settling Parties agree to act in good faith to secure Final Approval of this Settlement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any court of appeal. No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Distribution Plan, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Settlement Agreement by any Settling Party. Without limiting the foregoing, the Synta Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against all of them.

38.     *Termination.* Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Settlement Agreement should terminate, or be cancelled or otherwise fail to become effective for any reason or the Settlement as described herein is not finally approved by the Court, or the Judgment is reversed or vacated following any appeal taken therefrom, then:

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                22
2987155.2

(a)    within five (5) business days after written notification of such event is sent by counsel for the Synta Defendants to the Escrow Agent, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow excluding only Notice Administrative and Claims Administration Costs that have either been properly disbursed or are due and owing, Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, and attorneys' fees and costs that have been disbursed pursuant to Court order will be refunded, reimbursed and repaid by the Escrow Agent to the Synta Defendants; if said amount or any portion thereof is not returned within such five (5) business day period, then interest shall accrue thereon at the rate of ten percent (10%) per annum until the date that said amount is returned;

(b)    within thirty (30) business days after written notification of such event is sent by Counsel for the Synta Defendants to Co-Lead Counsel, all attorneys' fees and costs which have been disbursed to Co-Lead Counsel pursuant to Court order shall be refunded, reimbursed and repaid by Co-Lead Counsel to the Synta Defendants;

(c)    the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to the Synta Defendants, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

(d)    the Settling Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective claims and defenses, preserved as they existed on that date;

(e)    the terms and provisions of this Settlement Agreement, with the exception of ¶¶ 39-44 (which shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Settlement Agreement (nor any negotiations preceding this Settlement Agreement nor any acts performed pursuant to, or in furtherance of, this Settlement Agreement) shall be used in the Action or in any other action or proceeding for any purpose (other than to enforce

the terms remaining in effect); and

(f)    any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc.

**No Admission of Liability**

39.    ***Final and Complete Resolution.*** The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and Released Claims and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Action.

40.    ***Federal Rule of Evidence 408.*** The Settling Parties agree that this Settlement Agreement, its terms and the negotiations surrounding this Settlement Agreement shall be governed by Federal Rule of Evidence 408 and shall not be admissible or offered or received into evidence in any suit, action or other proceeding, except upon the written agreement of the Settling Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare or enforce the rights of the Settling Parties with respect to any provision of this Settlement Agreement.

41.    ***Use of Agreement as Evidence.*** Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of any of the Synta Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Releasees may file this Settlement Agreement and/or the

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD                    24
2987155.2

Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The limitations described in this paragraph apply whether or not the Court enters the Preliminary Approval Order, the Final Approval Order, or the Judgment, or if the Settlement Agreement is terminated or rescinded.

**Miscellaneous Provisions**

42. ***Voluntary Settlement.*** The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily and after consultation with competent legal counsel.

43. ***Consent to Jurisdiction.*** All of the Synta Defendants and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Solely for purposes of such suit, action, or proceeding, to the fullest extent that they may effectively do so under applicable law, the Synta Defendants and the Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.

44. ***Resolution of Disputes; Retention of Exclusive Jurisdiction.*** Any disputes between or among the Synta Defendants and any Class Members concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Settlement Agreement.

45.    ***Binding Effect.*** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Indirect Purchaser Plaintiffs and Co-Lead Counsel shall be binding upon all Class Members.

46.    ***Authorization to Enter Settlement Agreement.*** The undersigned representatives of the Synta Defendants represent that they are fully authorized to enter into and to execute this Settlement Agreement on behalf of all of the Synta Defendants. Co-Lead Counsel, on behalf of Indirect Purchaser Plaintiffs and the Class, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Indirect Purchaser Plaintiffs and the Class pursuant to this Settlement Agreement to effectuate its terms and to enter into and execute this Settlement Agreement and any modifications or amendments to the Settlement Agreement on behalf of the Class that they deem appropriate.

47.    ***Notices.*** All notices under this Settlement Agreement shall be in writing. Each such notice shall be given either by (a) email; (b) hand delivery; (c) registered or certified mail, return receipt requested, postage pre-paid; (d) Federal Express or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be addressed to Co-Lead Counsel at their addresses set forth below, and if directed to the Synta Defendants, shall be addressed to their attorneys at the addresses set forth below or such other addresses as Co-Lead Counsel or counsel for the Synta Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

If directed to the Indirect Purchaser Plaintiffs, address notice to:

COTCHETT, PITRE & MCCARTHY, LLP
Adam J. Zapala (azapala@cpmlegal.com)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Lin Chan (lchan@lchb.com)
275 Battery Street, 29th Floor
San Francisco, CA 94111

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                                    26
2987155.2

Telephone: (415) 956-1000
Facsimile: (415) 956-1008

SUSMAN GODFREY LLP
Kalpana Srinivasan (ksrinivasan@susmangodfrey.com)
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

If directed to the Synta Defendants, address notice to:

FROST LLP
Christopher Frost (chris@frostllp.com)
10960 Wilshire Blvd., Suite 1260
Los Angeles, CA 90024
Telephone: (424) 254-0441

48.    ***Confidentiality of Settlement Negotiations.*** Co-Lead Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Action, any non-public information regarding the Settling Parties' negotiation of this Settlement and/or the Settlement Agreement. For the sake of clarity, information contained within this Settlement Agreement shall be considered public, and the Synta Defendants may issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement.

49.    ***Headings.*** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

50.    ***No Party Deemed to Be the Drafter.*** None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

51.    ***Choice of Law.*** This Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**                    27
2987155.2

52. ***Amendment; Waiver.*** This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

53. ***Execution in Counterparts.*** This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the parties to this Settlement Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

54. ***Notification of State Officials.*** The Synta Defendants shall be responsible for providing all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, to be provided to state attorneys general or to the Attorney General of the United States.

55. ***Integrated Agreement.*** This Settlement Agreement, along with the Confidential Supplemental Agreement, constitutes the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized herein and in the Confidential Supplemental Agreement. It is understood by the Settling Parties that, except for the matters expressly represented herein and in the Confidential Supplemental Agreement, the facts or law with respect to which this Settlement Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Settlement Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**SETTLEMENT AGREEMENT; Case No. 5:20-cv-03639-EJD**    28

2987155.2

Docusign Envelope ID: C4680BB8-1144-4161-A095-742BDFF855C1

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the Execution Date.

INTERIM CO-LEAD COUNSEL FOR THE INDIRECT PURCHASER PLAINTIFFS, on behalf of Indirect Purchaser Plaintiffs individually and on behalf of the Settlement Class.

By: _____
Adam J. Zapala
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Fax: 650-697-0577
azapala@cpmlegal.com

_____
Lin Chan
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
lchan@lchb.com

_____
Kalpana Srinivasan
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

SYNTA DEFENDANTS' COUNSEL, on behalf of Synta Technology Corp. Of Taiwan; Suzhou Synta Optical Technology Co. Ltd.; Nantong Schmidt Opto-Electrical Technology Co. Ltd.; Synta Canada International Enterprises Ltd.; Pacific Telescope Corp.; Olivon Manufacturing Co. Ltd.; SW Technology Corporation; Celestron Acquisition, LLC; Olivon, Usa LLC; Dar Tson ("David") Shen; Joseph Lupica; and Dave Anderson.

By: _____
Christopher Frost
10960 Wilshire Blvd., Suite 1260
Los Angeles, CA 90024
Telephone: (424) 254-0441
chris@frostllp.com

Synta Technology Corp. of Taiwan

By: _____

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Ta Kung Shen

/ / /

Suzhou Synta Optical Technology Co. Ltd.

By:_____

David Shen

Synta Canada International Enterprises Ltd.;

By:_____

Sylvia Shen

Pacific Telescope Corp.

By:_____

Sylvia Shen

Olivon Manufacturing Co. Ltd.

By:_____

Jean Shen

SW Technology Corporation;

By:_____

Sylvia Shen

Celestron Acquisition, LLC

By:_____

Corey Lee

Olivon, USA LLC

By: _____

Jean Shen

Nantong Schmidt Opto-Electrical Technology Co. Ltd.

By: _____

Sheng Rong Zhu

David Shen

By: _____

David Shen

Joseph Lupica

By: _____

Joseph Lupica

Dave Anderson

By: _____

Dave Anderson

# EXHIBIT 2

**Opt-Out List for *In re Telescopes Antitrust Litigation*, No. 5:20-cv-03639-EJD**

1. Linda Billingsley
2. William Borges IV
3. Linda Davis
4. Ian Kenneth Egland
5. Peter G. Hummer
6. Jared Tyler Jones
7. Gianina L. Nicolette
8. Barbara Prince
9. Trevor Reitsma
10. David Solimano
11. Stuart Tentoni
12. Michelle Zamberry

3224810.1