Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (Bar No. 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | **Case No. 5:20-cv-03639-EJD** |
| | **DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPEAL BOND** |
| THIS DOCUMENT RELATES TO: | **Dept.: Courtroom 4** |
| All Indirect Purchaser Actions | **Judge: Hon. Edward J. Davila** |
| | **Date: August 14, 2025** |
| | **Time: 9:00 a.m.** |

**Zapala Declaration in Support of Indirect Purchaser Plaintiffs' Motion for Appeal Bond;**
**Case No. 5:20-cv-03639-EJD**

I, Adam J. Zapala, declare as follows:

1.     I, Adam J. Zapala, am a partner at Cotchett, Pitre & McCarthy, LLP., one of the three firms appointed as Settlement Class Counsel for Indirect Purchaser Plaintiffs ("IPPs") in the above captioned proceeding. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.     I submit this Declaration in support of the IPPs' Motion for Appeal Bond.

3.     On or around the date for objections and opt-outs/exclusions that was set by the Court for final approval of the proposed IPP settlement, counsel for the IPPs received approximately five objections. Many of the objections that counsel for the IPPs received raised indicia of potential fraud, and this caused counsel for the IPPs to look further into information concerning the alleged identities of the persons or entities submitting claims or objections. In this Declaration, I have attempted to summarize our efforts to investigate these issues.

4.     As an initial matter, counsel for the IPPs initially decided to hire an outside investigator, Brian Hedley, to investigate the alleged claims and objections of two alleged class members—"Elman Barnes" and the entity "National Woodlands Preservation, Inc.," along with its alleged CEO, "Karla Luna."

5.     Based on Federal Rule of Appellate Procedure 39 and Circuit Rule 39-1, the fact that the appeals have not yet and may not ever be consolidated, and my firm's expenses printing, copying, and mailing briefs in other recent Ninth Circuit appeals, I conservatively estimate that printing, copying, and mailing the briefs in each appeal will cost $175. In two other recent cases the firm spent $95.20 and $136 on printing and copying. In both those cases the firm also spent $60 on Federal Express costs. A more accurate estimate is impossible, since the cost depends on the length, in pages, of briefs that have yet to be written.

### ELMAN BARNES

6.     **Objection.** As noted, counsel for IPPs received an objection from a person purporting to be named "Elman Barnes." Attached as **Exhibit A** is a true and correct copy of the objection received by counsel for the IPPs. Also attached as **Exhibit A** is a true and correct copy

**Zapala Declaration in Support of Indirect Purchaser Plaintiffs' Motion for Appeal Bond;   1
Case No. 5:20-cv-03639-EJD**

1    of the cover letter to "Mr. Barnes's" purported objection.

2          7.    As the objection reveals, "Mr. Barnes" purportedly objected to the double

3    authentication process that the Court-appointed claims administrator imposed due to fraudulent

4    claims being submitted.

5          8.    Despite "Mr. Barnes" contending that the process was overly burdensome, he was

6    undoubtedly able to submit a claim form. Verita has confirmed that a "Mr. Barnes" submitted a

7    claim form. A true and correct copy of the claim for "Mr. Barnes" is attached hereto as **Exhibit B**.

8          9.    "Mr. Barnes" subsequently withdrew a portion of his objection. A true and correct

9    copy of his notice of withdrawal is attached hereto as **Exhibit C**. Despite saying that "he" lives in

10   the Sacramento area, and despite claiming that his return address is the "401 21st Street" address,

11   the envelope to his withdrawal shows that it was sent from "Santa Clarita." *See id.* Santa Clarita is

12   in Southern California.

13         10.   **Investigation.**  Several aspects of "Mr. Barnes's" claim and objection appear

14   suspect to Class Counsel. Accordingly, Class Counsel began conducting an investigation into "Mr.

15   Barnes" to determine who he is and whether he exists at all.

16         11.   First, Class Counsel performed an internet search of the name "Elman Barnes" to

17   see if results would come back to better understand who he is. The internet search for an "Elman

18   Barnes" revealed that "Mr. Barnes" had no online presence whatsoever. Aside from documents

19   associated with "his" objection in this case, a search for the name "Elman Barnes" returned no hit

20   results. In this day and age, in Class Counsel's experience, this absence of an online presence by

21   itself is highly irregular.

22         12.   Next, Class Counsel looked into the address that "Mr. Barnes" utilized in

23   connection with his objection. As this Court knows, in order to submit an objection, putative

24   objectors were supposed to provide their residential address information.

25         13.   In connection with his objection, and the notice of withdrawal of his objection,

26   "Mr. Barnes" lists his address as "401 21st Street, Ste. R, Sacramento, CA 95811." *See* ECF Nos.

27   399, 399-1.  Class Counsel investigated this address and determined that no such location exists in

28   Sacramento. This lack of a real address is a further indicia of fraud in the claims process with

**Zapala Declaration in Support of Indirect Purchaser Plaintiffs' Motion for Appeal Bond;   2**
**Case No. 5:20-cv-03639-EJD**

1    respect to Mr. Barnes.

2        14.    Additionally, Mr. Barnes appears to have mis-cited his address information in

3    connection with the submission of his objection and claim. As stated above, his cover letter and

4    objection itself list his address as "401 21st Street, Ste. R, Sacramento, CA 95811," but, as noted,

5    that address does not exist at all.  He did, however, also submit the claim form that he submitted to

6    the Court-appointed claims administrator in connection with his objection. *See* ECF No. 399 at pg.

7    9 of 12. In that claim form, he informed Verita that his address was "*1*401 21st Street, Ste. R,

8    Sacramento, CA 95811." (empahasis added) That address does exist. Thus, it appears as though

9    "Mr. Barnes" erroneously listed his own purported address—multiple times—in the submission to

10   the Court.

11       15.    Notwithstanding these errors, Class Counsel nevertheless investigated the address

12   that "Mr. Barnes" listed in his claim form—"1401 21st Street, Ste. R, Sacramento, CA 95811."

13   This address is not a residence. Instead, this address corresponds to the business "Registered

14   Agents of California." A true and correct copy of a print out from "Registered Agents of

15   California's" website demonstrating that it occupies that address is attached hereto as **Exhibit D**.

16       16.    Further, a true and correct copy of the webpage of "Registered Agents of

17   California" is attached hereto as **Exhibit E**, showing the type of business in which it engages.

18   Apparently, "Mr. Barnes" utilizes "Registered Agents of California" as a registered agent for

19   service of process. The use of a registered agent is something an individual does when attempting

20   to conceal their real address information. The fact that Mr. Barnes provided Class Counsel with

21   his address through a registered agent, rather than his real address, is further indicia of fraud.

22       17.    Class Counsel also investigated the alleged email address that "Mr. Barnes"

23   submitted in connection with his objection. "Mr. Barnes" listed his email address as

24   "elmanmethod@theacheivementcoaches.com." Class Counsel conducted an online search for the

25   email address: "elmanmethod@theacheivementcoaches.com." The online search resulted in no

26   hits for this alleged email address, which is also exceedingly rare in this day and age. The fact that

27   Class Counsel could not locate "Mr. Barnes's" alleged email address online was further indicia of

28   fraud. A true and correct copy of the search for Mr. Barnes's email address is attached hereto as

**Zapala Declaration in Support of Indirect Purchaser Plaintiffs' Motion for Appeal Bond;   3
Case No. 5:20-cv-03639-EJD**

**Exhibit F**.

18.    Next, Class Counsel investigated the URL of "Mr. Barnes" email adddress to determine whether it is a legitimate webpage. The "achievementcoaches.com" URL is not a real or active website and is registered to a person/organization whose name has been redacted for privacy. When persons or entities buy a domain name, as the registrant, the purchaser must disclose certain data, like contact information. The person/organization who bought this domain name, however, took the extra step of USING a third party to purchase the domain name to keep their contact information private. This unusual step, to Class Counsel, was further indicia of fraud.

19.    After "Mr. Barnes" submitted his objection but before the hearing on Final Approval, as part of Class Counsel's investigatory process, Class Counsel sought to meet and confer with "him." In doing so, Class Counsel asked—several times—to have a video link call with "Mr. Barnes", including through web interface sites like Zoom or Microsoft Teams. On each occasion "Mr. Barnes" refused a video link call. This refusal to meet-and-confer by video is further indicia of fraud.

20.    Given Class Counsel's concerns about representations that "Mr. Barnes" made in connection with his claim and objection in this litigation, Class Counsel directed an internal investigator and an outside investigator to determine whether they could locate a legitimate person named "Elman Barnes." Both investigators, whose declarations accompany this Motion, could locate no legitimate person named "Elman Barnes" who they believed was the person submitting this claim and objection. Their inability to locate "Elman Barnes" is further indicia of fraud.

21.    Finally, as part of Class Counsel's investigatory process, we compared the various signatures that "Mr. Barnes" has purportedly affixed to various filings in this matter. For example, "Mr. Barnes" submitted his signature in connection with his objection. *See, e.g.*, ECF No. 399. "He" also submitted a signature in connection with his withdrawal of a portion of his objection. *See, e.g.*, ECF No. 405. Finally, "Mr. Barnes" submitted his signature in connection with the group "Notice of Appeal" "he" allegedly filed with three other objectors. *See, e.g.*, ECF No. 421. If one compares the signatures submitted with respect to ECF Nos. 399 and 405, with the signature submitted in connection with "his" notice of appeal, one sees that the signatures differ

1

2   radically and likely were not executed by the same person, or at least not a person named "Elman

3   Barnes." *Compare* ECF Nos. 399, 405 *with* ECF No. 421. The radically different signatures that

4   "Mr. Barnes" has submitted in connection with these filings is further indicia of fraud.

5           22.     Moreover, even after he submitted his claim form with the registered agent as his

6   address, he continued to mis-cite his address information in connection with filings with the Court.

7   For example, in connection with the withdrawal of portions of his objection, he continued to

8   erroneously list his address as "401 21st Street" in Sacramento. *See, e.g.*, ECF No. 405. He did so

9   again with respect to the envelope he submitted to the Court. *See, e.g.*, ECF No. 405-1. As noted,

10  that address does not exist. These facts are further indicia of fraud.

11          23.     Elman Barnes did not appear at the fairness hearing, nor request the ability to do so

12  via phone or video. The fact that he did not appear (but now appeals) is further indicia of fraud.

### NATIONAL WOODLANDS PRESERVATION, INC.

14          24.     In addition to "Mr. Barnes's" claim and objection, Class Counsel also received the

15  purported objection of "National Woodlands Preservation, Inc." Their objection was signed by its

16  purported "CEO," "Karla Luna." A true and correct copy of "National Woodlands Preservation,

17  Inc.'s" objection is attached hereto as **Exhibit G**. Despite claiming that they exist in West

18  Virginia, the envelope accompanying "National Woodlands Preservation, Inc." shows that the

19  objection was mailed from Providence, Rhode Island, not West Virginia. *See id.*

20          25.     "National Woodlands Preservation, Inc." purportedly objected on the ground that

21  business entities were ineligible to participate. *See id.* But that objection simply misunderstands

22  the settlement and the settlement class. As those two documents make clear, businesses are able to

23  participate in the settlement. And notwithstanding "National Woodlands Preservation Inc.'s"

24  objection, the Claims Administrator explained to it that businesses are eligible to participate, and it

25  submitted a claim.

26          26.     In connection with "National Woodlands Preservation Inc's" objection, it was

27  supposed to provide address information, an email, and a telephone number so that Class Counsel

28  or the Claims Administrator could contact it. Despite these requirements, "National Woodlands

**Zapala Declaration in Support of Indirect Purchaser Plaintiffs' Motion for Appeal Bond;   5
Case No. 5:20-cv-03639-EJD**

1  Preservation Inc." did not submit an email address or phone number. This omission, to Class

2  Counsel, was further indicia of fraud.

3      27.    Although it did not submit an email address or phone number, "National

4  Woodlands Preservation Inc's" objection did include an address: 110 James Street, Hinton, West

5  Virginia 25951.

6      28.    Class Counsel conducted an investigation into the address in West Virginia and

7  determined that the address is not associated with "National Woodlands Preservation Inc." or any

8  entity with a similar name. Instead, the occupant of that address is a law firm: Ziegler & Ziegler

9  LC. A true and correct copy of a picture of that address is attached hereto as **Exhibit H**. The two

10  investigators engaged by Class Counsel also have confirmed the information relevant to this

11  address.

12      29.    Class Counsel found a phone number associated with the address that "National

13  Woodlands Preservation, Inc." provided as part of their objection. To be clear, this number is not a

14  phone number that "National Woodlands Preservation, Inc." provided. Instead, this number is a

15  phone number associated with the physical address "National Woodlands Preservation, Inc."

16  provided. When Class Counsel called that number, the person that answered told Class Counsel

17  that they "just work with a service company that uses their address for a bunch of businesses."

18  When Class Counsel tried calling the service company, the service company refused to provide

19  contact information for any of their alleged clients, including "National Woodlands Preservation

20  Inc." This is further indicia of fraud.

21      30.    Given the above facts as they relate to "National Woodlands Preservation Inc.,"

22  Class Counsel conducted further investigation into the existence of an entity allegedly named

23  "National Woodlands Preservation Inc." An internet search of that entity's name yielded no

24  results, aside from filings in this very case. A true and correct copy of the internet search for

25  "National Woodlands Preservation Inc." is attached hereto as **Exhibit I**. It is very rare in this day

26  and age for a company or entity not to have any online presence. This lack of an online presence is

27  further indicia of fraud.

28      31.    Neither "National Woodlands Preservation Inc.," or its alleged CEO Karla Luna,

1  appeared at the fairness hearing, nor did they request the ability to do so via phone or video. This

2  failure to appear (despite now appealing) is further indicia of fraud.

3                                          **PATRICK ZHEN**

4          32.     Patrick Zhen alleges that he is a citizen of Puerto Rico. Mr. Zhen argued that the

5  settlement should not be approved because it does not include indirect purchasers from Puerto

6  Rico.

7          33.     But, as Class Counsel pointed out at the fairness hearing, IPPs' complaint never

8  included damages claims for purchasers of Puerto Rico and never asserted Puerto Rican claims or

9  included a Class Representative from Puerto Rico. The settlement class defined in the Settlement

10 Agreement also does not include purchasers from Puerto Rico, and thus does not release such

11 claims either. Accordingly, even crediting Mr. Zhen's allegation that he purchased a qualifying

12 telescope, he lacks standing to object and appeal under longstanding black-letter law in the Ninth

13 Circuit.

14         34.     Mr. Zhen purports to have purchased a telescope. He does not indicate what kind of

15 telescope he purchased, when he purchased it, or whether it was a telescope manufactured by a

16 Defendant. This failure to substantiate his purchase is indicia of fraud.

17         35.     Class Counsel investigated Mr. Zhen's residential address in Puerto Rico for

18 purposes of serving Mr. Zhen with discovery. During that process, Class Counsel requested that an

19 internal investigator run a search to determine Mr. Zhen's residential address in Puerto Rico. A

20 fuller description of that process is provided in the Declaration of Nirav Engineer, accompanying

21 this Motion. A true and correct copy of the report generated from the search for Mr. Zhen's

22 residential address is attached hereto as **Exhibit J**.

23         36.     In connection with that search, it was discovered that a female by the name of

24 "Karla Corea" is linked to Patrick Zhen. In a separate case pending before Judge Breyer, which

25 involved some of the same law firms as Class Counsel in this case, that court found a claim linked

26 to Ms. Corea was potentially fraudulent. Judge Breyer denied the entity's claim, finding that it was

27 not in fact a class member. Ms. Corea—the woman linked to Mr. Zhen in the investigator's

28 report—was associated with the claim in that case. *See In re Transpacific Passenger Air*

*Transportation Antitrust Litig.*, No. 07-cv-05634-CRB (N.D. Cal.), ECF Nos. 1348, 1391. This is further indicia of fraud.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 14th day, July 2025 in Burlingame, California.

/s/ *Adam J. Zapala*

Adam J. Zapala

# EXHIBIT A

Elman Barnes
401 21st St STE R
Sacramento, CA 95811
elmanmethod@theachievementcoaches.com

Objector

**FILED**

FEB 1 2 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TELESCOPES ANTITRUST
LITIGATION

No. 5:20-cv-03639-EJD

This Document Relates to:
Indirect Purchaser Actions

## OBJECTIONS TO THE SETTLEMENT AND THE ADMINISTRATION THEREOF

Objector Elman Barnes (hereinafter "Objector") hereby states that he purchased an Orion telescope for approximately $250 at the Country Club Centre Walmart Supercenter in Sacramento in 2013 and is a member of the settlement class.

### I. The Claims Process is Designed to Discourage Participation and Improperly Discriminates Against Retail Purchasers

Pursuant to Rule 23(e)(2)(C)(ii), this Court must review "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims."

Objector never received a mailed notification about the settlement nor otherwise received a claim number. The reason for this is obvious: Like many indirect purchasers shopping retail, the manufacturer would not know the name of the purchaser. Indeed, if Objector purchased the

item directly from a manufacturer, he would not be eligible for participation in the indirect settlement.[1]

Objector found out about the settlement online and visited the settlement website to find out more. Objector found that to enter a claim online he needed a *claim number*, which he does not possess since he is not one of the 4% of the potential class members on the Settlement Administrator's list of 166,875 purchasers. See https://veritaconnect.com/telescopesettlement/Claimant

In re Telescopes Antitrust Litigation Indirect Purchaser Actions Settlement          Fil

uments    Important Dates & Deadlines    Frequently Asked Questions    Contact Information

What do you want to do?
*Required Fields

*Select one:

○ I have a claim number and I would like to securely file a claim online.

○ I have a claim number and I would like to download a personalized claim form, print it out, and mail it in. (You will only be asked to supply contact information.)

○ I DO NOT have a claim number, but I would like to download a personalized claim form, print it out, and mail it in. (You will only be asked to supply contact information.)

Because Objector did not have a claim number, he selected the third option to download a personalized claim form. The claim form generated is attached hereto and incorporated herein by reference as Exhibit B. The claim form is a true and correct copy of the resulting claim form downloaded from the website.

The generated claim form states on Page 2, under the "Payment Selection" heading:

---

[1] The Settlement Administrator noted there are approximately 4,000,000 potential claimants and that 2,500,000 persons consist of Amazon.com purchasers. The Settlement Administrator stated that notice could be provided via Amazon, but it is unclear if the Amazon customers received the claims codes needed to file their claim online. Class Counsel should provide additional information in this regard. Furthermore, the Settlement Administrator maintains a class list of 166,875 records, about 4 percent of the potential claimants. Everyone else is prohibited from filing an online claim and must provide a paper claim via mail.

"If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com."

Objector *can't* submit his claim online because he does not have a claim number. Thus, the objector *can't* obtain a non-check form of payment.

This creates a situation where some class members who are contained on the small list of 166,875 class members are: (1) Provided an easy method to submit their claim; and (2) Are able to receive an easy form of payment such as electronic payment. For the other 96% of potential claimants like Objector, they must go through an onerous process.

Objector thus falls into the following subclass of class members: "Class members who purchased a telescope but do not appear on the list of 166,875 class members maintained by the settlement administrator."

Because of the favorable treatment provided to the 166,875 class members who received a claim number including an easy online form to fill out and different payment options, retail purchasers falling into Objector's sub-class are being discouraged from participation due to the onerous paper claims process and requirement to receive a paper check.

In addition, the 166,875 purchasers who received a claim number and the sub-class who did not necessarily means that the proposal does not treat "class members equitably relative to each other" in violation of Rule 23(e)(D). 96% of potential claimants fall into the paper-claim only group (unless the Amazon purchasers received actual claim numbers).

This also demonstrates that the named class members may "fairly and adequately protect the interests of the" 166,875 Class Members with claim numbers, but they clearly are not protecting the interests as to the Class Members who did not receive a claim number.

Indeed, by making onerous and difficult provisions as to persons who did not receive the claim number, Class Counsel is violating Rule 23(g)(4) by not adequately representing the interests of the class members, but only the 166,875 favored class members who received a claim number.

Certainly, forcing the normal retail buyer to submit a claim by paper and limiting them to receiving payment by paper check while other claimants received special and favored treatment, will discourage participation in this action by those forced to jump through hoops that the favored list of claimants do not have to.[2]

## II.  If the Favored List is Appropriate, Class Counsel and the Settlement Administrator Must be More Diligent in Providing Claim Numbers

As explained, the list of Class Members who can be identified include 166,875 persons of a potential 4,000,000 claimants.  However, only the favored persons receive claim numbers enabling an online claim and an electronic payment.

This Court should require full disclosure and determine whether Class Counsel and the Settlement Administrator can proactively obtain additional names to provide claim numbers to so that maximum reach occurs.  Indeed, there will be a large disproportionate participation rate as to the select group of claimants who received a claim number and those who purchased the item retail and are not contained on any preferred claimant list.

This Court must also explore whether the 1,500,000 Amazon purchasers received claim forms or whether they were simply directed to the website and forced to download a paper form, fill it out, and mail it in.  If so, why could the Settlement Administrator not provide claim numbers to these identifiable individuals?

---
2

Furthermore, why could the Settlement Administrator not have obtained similar lists from websites such as Walmart.com (which allows third-party vendors to sell their items and Walmart is used only as a checkout), e-Bay.com (which allows vendors to sell new products), etc.

It is clear that having a list of 166,875 potential claimants, giving them claims numbers and electronic payment choices, and then forcing all of the rest of the claimants to download a paper form, fill it out, mail it in, and then receive a paper check is not adequate to achieve a fair response and large number of claims.

### III. The Settlement Improperly Contains a Waiver of Civil Code 1542 Provisions

Paragraph 13 of the Settlement Agreement states that to participate in the settlement, Class Members must waive California Civil Code § 1542. It is unreasonable to force consumers to voluntarily waive legal provisions that the legislature has bestowed upon them. Unknown claims should be excluded from the release provided by Class Members to the defendants.

There are then listed categories of causes of action that the settlement does not resolve such as product liability and personal injury claim, but the so-called "unknown" claims encompassed in the Section 1542 waiver is undefined and without any explanation.

California Civil Code 1542 provides that, "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

This statute exists to protect individuals from waiving rights they could not have known about. "Mere recital...that the protection of Civil Code, section 1542 is waived, or that the release covers unknown claims or unknown parties is not controlling." *Leaf v. City of San Mateo*, 104

Cal.App.3d 398, 411 (1980).

Neither Class Counsel nor the district court advised why the vast waiver of Section 1542 is appropriate in this case limited to antitrust matters, or even why it is needed. California courts have explained that the waiver requires analysis and is generally "not appropriate." California courts require authority and factual reasons why the case is an exception. *Israel-Curley v. California Fair Plan*, 126 Cal.App.4th 123, 129 (2005); *Salehi v. Surfside III Condominium Owners' Assn.*, 200 Cal.App.4th 1146, 1159–1161 (2011).

In this case, since the Class Action only resolves and relates to antitrust matters including unjust enrichment stemming from the antitrust claims, this Court must ask itself, "What purpose does the 1542 waiver of 'unknown' claims serve?"

For this reason, the settlement should be disallowed unless the waiver is removed.

## IV. The Claim Form Improperly Asks for the State of Residence

The paper claim form that claimants have to fill out asks the misleading question, "State of residence at time of purchase." This is to determine if the purchase qualified as one in a repealer state.

The "State of Residence" is not relevant. The relevant question is the state where the purchase occurred. As an example, a claimant "residing" in northern Pennsylvania does not live in a repealer state; however, if he made the purchase just over the border in New York state, the antitrust tort occurred in New York and his purchase would be eligible.

On the other hand, a person who is "residing" in New York, but purchased the item in Pennsylvania, would not be eligible.

The website uses the phrase that the settlement "includes everyone who indirectly purchased one or more telescopes from January 1, 2005 to September 6, 2023, from a distributor/retailer that was manufactured by a defendant or alleged co-conspirator, while located in [the relevant states]." This language is more accurate, because a person is located in the state where they made the purchase at the time of the purchase, but it is still confusing and ambiguous language because a person might consider themselves located in New York because they have an apartment there, but they are technically ineligible if they drove to Pennsylvania to make the purchase.

The danger of the claim form is that it discourages persons who are eligible not to file because they do not "reside" in a non-repealer state. The proper language on the claim form must be: "What state did you purchase the telescope in?" Or "Did you purchase the telescope while in one of the following states: XXXXX."

It is imperative that this Court rectify the matter and require the claim form and settlement to specify that the eligible claimants are based on the place of purchase and/or where the consumer received the product, and **not** the place of residence as the claim form so wrongly demands certification of.

## V. This Court Should Appoint Counsel for the Sub-Classes

Lastly, it would appear that there is a reasonable possibility that, upon review of this objection, Settlement Administrator veritas might proceed to issue Objector with a claim number so that he can proceed to file his claim online, so as to moot his objection. While Objector would certainly appreciate being made able to file his claim online, Objector respectfully requests that the Court declare that Objector is part of a similarly situated sub-class of Class Members that were never provided with any claim number, and that Class Counsel be directed to direct

Settlement Administrator Veritas to make the necessary changes to the claims process overall so as not to violate Rule 23 and thereby create subclasses that are being treated unfairly as compared to the rest of the Class. Or if current Class Counsel is unwilling or unable to direct the Settlement Administrator in this regard, then separate counsel should be appointed for the sub class.

Respectfully submitted,

Elman Barnes

# EXHIBIT B

Telescopes Antitrust Litigation
Settlement Administrator
P.O. Box 301172
Los Angeles, CA 90030-1172



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

*In re Telescopes Antitrust Litigation Indirect
Purchaser Actions*

**CEHI**

||||||||||||||||||||||||||||||||||||
61101012701

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CEHI-61101012701

Elman Barnes

1401 21st St STE R

Sacramento, CA 95811

US

Case No. 5:20-cv-03639-EJD
**Must Be Postmarked
No Later Than
May 20, 2025**

# Claim Form

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **May 20, 2025** AT
**www.telescopesettlement.com**, OR FILE BY MAIL POSTMARKED BY **May 20, 2025**.

Questions? Call 1-833-419-3506 or visit the website, **www.telescopesettlement.com.**

If you wish to receive any payment pursuant to the Settlement Agreement electronically,
please submit your claim online at www.telescopesettlement.com.

## CLASS MEMBER INFORMATION:

First Name     M.I.     Last Name

ClaimID from Email or Postcard Notice (if you did not get a notice, leave this blank)

Primary Address

Primary Address Continued

City     State     ZIP Code

Email Address

Area Code     Telephone Number

*Failure to add your unique ClaimID, which can be found with your notice or by contacting the Settlement Administrator,
will result in denial of your claim. If you received a notice of this Settlement by U.S. mail, your unique ClaimID is on
the email or postcard. If you misplaced your notice, please contact the Settlement Administrator at* 1-833-419-3506 *or*
admin@telescopesettlement.com.



1

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | DOC | RED |
|---|---|---|---|---|---|---|
| | | | | | LC | A |
| | | | | | REV | B |

## ELIGIBILITY:

1. Did you purchase one or more Telescopes branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell from a retailer or distributor from January 1, 2005 to September 6, 2023?

○ Yes *(Proceed to Question 2)*    ○ No *(You are not eligible to submit a claim)*

2. If you answered "Yes" to Question 1, please enter your purchase information below:

Make

Model

_____ / _____ / _____
Date of purchase

State of residence at time of purchase

$ _____ . _____
Amount

Name of retailer or distributor where Qualifying Telescope was purchased

**If you purchased more than one telescope, please fill out all the information listed in Question 2 for each purchase on the additional page found at Appendix A or submit your claim online at www.telescopesettlement.com.**

**You do not need to submit receipts or confirming documentation at this time, but counsel for the Settlement Class may require it if an issue arises regarding the validity of your claim.**

## PAYMENT SELECTION:

How would you like to receive your payment? Choose **one** of the following:

○ **I wish to receive any payment pursuant to the Settlement Agreement by check at the address in the Class Member Information section.**

## OR

○ **If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com.**

This information will be kept confidential by the Settlement Administrator.

## CERTIFICATION AND SIGNATURE:

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am authorized to submit this claim. I understand that my claim is subject to audit, review, and validation using all available information.

Signature: _____    Dated (mm/dd/yyyy): _____

Print Name: _____



2

**Appendix A**



**THIS PAGE INTENTIONALLY LEFT BLANK.**

# EXHIBIT C

Elman Barnes
401 21st St STE R
Sacramento, CA 95811
elmanmethod@theachievementcoaches.com

Objector

**FILED**

MAR 1 3 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TELESCOPES ANTITRUST
LITIGATION

No. 5:20-cv-03639-EJD

This Document Relates to:
Indirect Purchaser Actions

RE: Entries 404 and 399

## RESPONSE TO MOTION TO APPROVE AND PARTIAL WITHDRAWAL OF OBJECTIONS TO THE SETTLEMENT AND THE ADMINISTRATION THEREOF

Objector Elman Barnes (hereinafter "Objector") respectfully requests that his objection entered onto the docket on February 12, 2025 (399) be modified in part to withdraw item IV **"The Claim Form Improperly Asks for the State of Residence."** The claim form has been modified by adding a field for state of purchase, and Objector believes that the current iteration of the form should not create any confusion among Class Members regarding this point.

Other points of objection remain a concern. Class Counsel has entered a Motion to Approve the settlement on February 28, 2025 (404). In that document Class Counsel argues that Objector's concerns are without merit.

For example, they state that "Verita Diligently Provided Claim Numbers," and refer to Objector's own case in which Objector did in fact complain about not having received claim number, and was then issued a claim number (a week later). This is true, however it is not an adequate solution to Objector's concerns. The indisputable fact of the matter is that most class members DO NOT HAVE A CLAIM NUMBER. The

only mention of the possibility of obtaining a claim number was placed on the website after Objector's objections were entered. Now when one clicks the "File a Claim" button there is verbiage at the bottom of the page that says "If you wish to file a claim online but have not received a claim code, please call 866 568 7713 to speak to the Settlement Administrator about generating one."

While everyone shares the Settlement Administrator's concern about fraudulent claims, making the claims process more onerous for legitimate Class Members is not an adequate solution because it discourages participation, and it has always been the case that only a very small percentage of eligible Class Members participate in consumer class actions by entering a claim. Fraud concerns aside, the goal should be to increase Class Member participation, not to decrease it. The vast majority of Class Members are not going to call in to get a Claim Number.

Both my objection with regards to ease of participation by Class Members as well as the Settlement Administrator's concerns with regards to fraud could easily be remedied by simply placing a button on the website that says "Class Members click here to receive your Claim Number in order to participate" and then providing a simple form with an automated email verification process to ensure that the request is being made by a real person and not by a robot, and when this process is completed successfully the claim number is emailed to the verified email address. This would eliminate fraudulent participation by bots, would eliminate the hurdle of making Class Members call the Settlement Administrator, and since it is automated would also result in potentially lower administration costs since it would reduce the need for physical staff to actually attend phone calls by the Class.

With regards to the matter of the § 1542 Waiver, Class Counsel cites In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig., No. 10-md-02151, 2013 WL 12327929, at *23 (C.D. Cal. July 24, 2013), as follows: "Class settlements often waive this protection, and such waivers are not generally viewed as an impediment to class settlement. . . . [T]he Court is dubious as to whether the class claims

could be settled absent such a waiver."

      With due respect to this Court and to the Court in In re Toyota Motor Corp. Unintended Acceleration…, whether or not settlements could be reached without a § 1542 waiver should not be a factor in whether or not such waivers are routinely allowed. Rather, the intent of the California legislature in its construction of the law, and the constitutionality of that law should be the factors taken into consideration by the Court. Legislated legal protections should not be and arguably cannot legally be willy nilly waived by the courts merely for expediency's sake and the convenience of facilitating settlements.

Respectfully submitted,

Elman Barnes

# EXHIBIT D



# Contact



1401 21st Street Suite R
View larger map

## Contact Info

1401 21st Street STE R
Sacramento, CA, 95811
(530) 768-2211

## Or send us a message:

**First Name**

**Last Name**

**Email**

**Company Name (optional)**

**Phone Number (optional)**

**Message**

☐   I'm not a robot

reCAPTCHA
Privacy - Terms

SEND MESSAGE

Questions? Call: (530) 768-2211

1401 21st Street STE R, Sacramento, CA, 95811



Registered Agents Of California

<u>Privacy Policy</u>     <u>Terms & Conditions</u>

# EXHIBIT E



Registered Agents of California | Start a Business | Resources | About Us | Contact | Sign In | Hire Us

# Registered Agents of California

## The Fairest Price in California

Ready to begin your California business adventure? At Registered Agents of California, we offer comprehensive registered agent service for an affordable price. For just $50 a year, you'll get all the tools needed to thrive in the Golden State without breaking the bank.

- **Privacy protection.** Get a professional business address you can list (instead of your home address) on state forms.
- **Security & convenience.** With your free online account, you can view your documents from one secure location. And, with 24/7 access anytime, anywhere, you'll never have to worry about missing anything important.
- **California Business Presence.** Get a 90-day free trial of our web & phone services to create an online presence.
- **Compliance support.** For zero upfront fees, our expert team will file your biennial or annual Statement of Information on behalf of your company, ensuring you're never subject to state penalties.

Get California Registered Agent Service

### Our Service Includes:

- Instant Registered Agent Service
- Business Address Included
- Secure Online Account
- Compliance Service Enrollment (no upfront fees)
- Use Our Address, Not Yours
- $50 Per Year

GET A REGISTERED AGENT

# Reliable Local Expertise Since 2005

Do you want us to form your new company or register your existing company? Registered Agents of California can do that too for just $150 plus state fees.

**Start a New Business in California**

**Register an Existing Business in California**

# What is a Registered Agent in California? Everything You Need to Know

A California registered agent is simply an individual or an entity that accepts service of process—legal notice of a lawsuit—and other official documents on behalf of a business. A California registered agent is also known as a California corporate agent, a California agent for service of process, or a California statutory agent.

Basically, if your business gets sued, the State of California wants to make sure the court can reliably contact you. The law requires that the owners of a business are properly notified.

# California Business Address & Registered Agent Services – Best Solutions

Let's be honest. If you're starting a business, you need a California registered agent to fulfill your statutory requirement with the Secretary of State. A registered agent service should protect your privacy. Sadly, many companies out there simply don't.

When you hire us, we also provide a **business address** to use anywhere on your formation documents. This is a serious perk that most companies don't offer. It can help you keep your home address off the public record (and spare you from being the target of aggressive marketing campaigns or — worse yet — surprise visitors at your doorstep). Use of our business address is included at no extra cost when you hire us for registered agent service.

We charge one price. The price doesn't go up year after year. There are no add-ons or up-sells. Just one fair price for a registered agent who protects your privacy: $50.

**What do you get with Registered Agents of California's $50 California services?**

- Immediate Access to Digital Client Portal
- Use of Our Address for your California Business Address
- Compliance Service Enrollment (no upfront fees)
- All State Forms and Templates in Your Portal
- All Corporate Documents we receive are scanned to you in Real Time
- Cancel for Free Anytime

Our fees are low because we keep overhead down and operate with a small but efficient staff. Our business model is simple: excellent customer service leads to repeat business. If you stay with us year after year, then we do well. If we don't meet your needs, you go somewhere else, and our business suffers.

That's our plan in a nutshell.

**Registered Agent California + Free Business Address**

# California Registered Agent Legal Compliance – Requirements & Duties

1. **We Accept Service of Process & Legal Notices**
   When your company is sued, we accept the service of
   process sent by the court. We scan it and upload it to
   your client portal and notify you immediately. This
   gives you ample time to respond to the lawsuit.

2. **We Accept Business Mail & Compliance
   Reminders**
   We scan and upload all official business mail and
   state notifications, like tax documents and
   compliance reminders sent by the Secretary of State.
   Then, when the time comes, our local experts will
   submit your Statement of Information on your behalf
   for $100 plus state fees, ensuring your business
   remains compliant and avoids hefty late fees. You'll
   pay ZERO upfront fees and can easily cancel this
   service inside your secure account.

3. **We Prepare & Submit Additional California
   Business Filings**
   As our client, you will have access to our full
   database of California business filings. You can
   download these forms and file them yourself
   whenever you need, or you can hire us to prepare
   and submit them for you. These include filings like
   amendments to your formation documents or
   registering a Trade Name (DBA).

4. **We Protect Your Reputation**
   Even the most upstanding companies receive
   frivolous lawsuits. As your registered agent, we
   accept legal notices on behalf of your company,
   which means that such notifications are never served
   in front of your customers or clients.

5. **We provide a California Business Address**
   You'll have to list a business address on your
   formation documents, and that address will become
   part of the public record. To protect your privacy, we
   provide a California business address for you to use
   on your filings.

Get a California Registered Agent for Your Legal
Documents

# Hire a California Registered Agent – Legal Compliance Made Easy

Having a registered agent is necessary for businesses in California (CA Corp Code § 1700-1702). But having a *great* registered agent can make life a little easier. So, what do you get for $50 a year?

- ## The Fastest, Most Reliable Compliance Alert System

  Probably the worst thing that can happen is for your registered agent to fail to deliver your service of process in a timely manner. Believe it or not, this is common in the industry, as there are no real standards for registered agents. Late delivery can lead to a default judgment against your business and losing your legal authority to do business in California. This is why we have designed the quickest, most efficient alert system in the business.

  Your service of process is scanned and uploaded into your client portal immediately after we receive it. This instantly kicks in our alert notification system, and you will receive an update the same day: email, phone, fax, text, mail — whichever method you prefer. Want us to contact your lawyer? Business partners? Spouse? Simply add them to the list, and we will notify all of them.

- ## A Secure Client Portal for Storing & Managing Business Documents

  Your client portal is for more than viewing service of process. You can order any California business filing you

ever need from your client portal, and we will store all of these filings in your account for you to view whenever you need. All of your official documents, business mail and legal correspondence can be stored in your client portal, giving you a single secure center to manage all your business documents throughout the life of your company.

### ▪ Easy Expansion Into Other States

As your business grows, you may find yourself ready to expand into other states. This will require registration with those state's governing agencies. We can prepare and file all the necessary paperwork for every state in America, ensuring that you are fully compliant with those states' laws. In addition, we can provide the same compliance notices for additional states as we do for California.

### ▪ Total Customer Support Throughout the Year

If you ever have a question about our service, California business filings, or other related topics, you can give us a call anytime. We know every aspect of California business, and you can always get us on the phone. Customer service is our number one priority.

**Get Your Registered Agent Today – Quick, Easy, Done Right.**

# How to Change Your Registered Agent in California – Step-by-Step Guide

To change your registered agent in California, you'll have to file a Statement of Change with the California Secretary of State. Here's the process & cost breakdown for changing your registered agent in California:

1. Inform your current registered agent that you no longer need their services
2. Access your company's account with bizfile Online*
3. Complete and submit the Statement of Change document in your online account

Or, change your California Registered Agent in a single step:

1. Hire us! We'll take care of everything for you.

*If you don't have an online account and need help setting one up, you can follow the directions provided by bizfile Online Account Setup and User Access Guide.

**Hire Us – Change Your Registered Agent with One Easy Step**

# California Registered Agent FAQ

Why Hire A California Registered Agent Service?

Why Do I Need a Registered Agent?

Can I Be My Own Registered Agent?

What Does a Registered Agent Do?

How Does Service of Process Work?

How Are You Different From a Statutory Agent?

Can I Change My Registered Agent in California at Any Time?

What is Legally Required of a Registered Agent?

Can an LLC Be Its Own Registered Agent?

Do You Charge More for High-Volume Clients?

How Does the SOS Know My Registered Agent?

How Do I Cancel Service?

# Why Hire A California Registered Agent Service?

## You Don't Have a Physical Office

This is the law. You have to list a physical address in California. If you're a web-based business or someone who works from home, then hiring a registered agent solves this problem.

## You Don't Work Regular Hours

A registered agent is required to keep regular business hours. If you work a non-government schedule, then you'll need a registered agent.

## You Desire More Privacy

You can be your own registered agent in California, but you'll have to list your name and address in the public record. Many business owners don't want the hassle that comes with this (unsolicited phone calls, junk mail offers, etc.). Hiring a registered agent keeps your information out of the public record.

## You Don't Want the Hassle

Your registered agent handles a wide range of business paperwork, logs these important documents and tracks your compliance deadlines. Many business owners find it simpler to hire an agent instead of doing this themselves.

# Why Do I Need a Registered Agent?

The California Corporation Code Section § 1700-1702 requires that all corporations, LLCs and other business entities appoint and maintain a registered agent. You can't start a business

without one (unless you're a sole proprietor, in which case you don't have to form an entity at all).

Additionally, a registered agent is required to have a physical address in California, and this office must be kept open throughout the year during regular business hours. This ensures that certified mail can be delivered in a reasonable time frame.

# Can I Be My Own Registered Agent?

Absolutely! Many small business owners will designate themselves as their own registered agent. There are, however, a few drawbacks to be aware of:

- Your information is entirely public. This includes your full name and address and contact information.
- You must have a physical address in the State. If you don't have a business office, you must list your home.
- You must keep regular business hours, so you may be at a disadvantage if you keep odd business hours.

# What Does a Registered Agent Do?

As a registered agent, we put our name and address on the public state record as a point of contact for your business. We accept your legal and state notices, and contact you promptly. That's our legal requirement and commitment, but here at California Registered Agent, we offer a lot more than what the state requires.

We offer a full suite of professional services to be **a one-stop-shop for your California business**. From state filing services to federal filings, like trademarks and EINs, we are here to handle what you need or just offer support and tools. We also extend beyond filing services to offer state of the art tools to manage, market and grow your business with address and virtual office services, as well as everything you need to build

your online business presence, like domains, customizable websites, professional email addresses, and business phone services.

## How Does Service of Process Work?

When a lawsuit is brought against your business, a court will issue a service of process: an official notice that your company is being sued. A process server will look up your company's state registration documents and find your registered agent. The process will then be served to your agent.

Serving your registered agent is considered legal notification of a lawsuit. Even if your agent fails to notify you, the court will assume that you are aware of lawsuit and you will be expected to respond appropriately.

## How Are You Different From a Statutory Agent?

We're the same thing. There are a number of names for registered agents:

- Agent for Service of Process
- Statutory Agent
- Commercial Agent
- Resident Agent

All of these terms refer to the same service.

## Can I Change My Registered Agent in California at Any Time?

Of course. You can change your California registered agent at any time by filing a Statement of Information with the California Secretary of State. This can be done easily online.

Corporations and LLCs have a regular filing window for submitting a Statement of Information. If the only thing you are changing is your agent and you file outside of your normal window, then the filing is free. Otherwise, the fee is $25 for corporations and $20 for LLCs.

# What is Legally Required of a Registered Agent?

California registered agents are required by law to:

- Maintain a California registered office (a physical address, not a PO box)
- Keep regular business hours all year long
- Maintain a California mailing address
- Accept service of process and legal correspondence on behalf of clients
- Contact clients when documents are accepted
- Forward documents to clients in a timely manner

# Can an LLC Be Its Own Registered Agent?

Not in California. State law specifically forbids LLCs from serving as registered agents in California.

# Do You Charge More for High-Volume Clients?

No.

No matter how much correspondence we receive on behalf of your business, we charge you the same amount each year. Our rates don't go up, and we have no per-doc fees.

We serve many high-volume clients who get dozens of services of process each year. One of the reasons they remain satisfied with our service is because we don't charge them extra for handling their correspondence.

# How Does the SOS Know My Registered Agent?

When you appoint a California registered agent, you make this designation on official formation documents which are filed with the Secretary of State. For LLCs, this document is called Articles of Organization. For corporations, it is called Articles of Incorporation.

The only other way to inform the Secretary of State is if you are changing agents, in which case you file your Statement of Information and make the change there.

# How Do I Cancel Service?

We've done everything we can to make canceling our California registered agent service a simple process. Simply log into your online account and cancel service with a one-click button. You don't have to call us or listen to a hard sell proposition. We'd love to keep your business, but we hate when canceling service is tough, so there's no way we'd do that to our own clients.

Questions? Call: (530) 768-2211          1401 21st Street STE R, Sacramento, CA, 95811



## Registered Agents Of California

Privacy Policy        Terms & Conditions

# EXHIBIT F

"elmanmethod@theacheivementcoa     ✕     🎤     📷     🔍          ⚙️     ⠿     Sign in

AI Mode    **All**    Images    Videos    Shopping    Short videos    News    More ▾          Tools ▾

Did you mean: "***elman method***@theacheivementcoaches.com"

No results found for "**elmanmethod@theacheivementcoaches.com**".

Results for **elmanmethod@theacheivementcoaches.com** (without quotes):

🔍          ## Your search did not match any documents

**Need help?** Check out other tips for searching on Google.

You can also try these searches:

🔍     weather tomorrow

🔍     spanish to english

🔍     time in tokyo

🔍     hardware store near me

🔍     plane tickets

🔍     breaking news

🔍     persian cat

🔍     air fryer

🔍     anime backgrounds

**Burlingame, California** - From your IP address - Update location

Help      Send feedback      Privacy      Terms

# EXHIBIT G

**FILED**

FEB 14 2025 — URT

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: TELESCOPES ANTITRUST          No. 5:20-cv-03639-EJD

LITIGATION

This Document Relates to:

Indirect Purchaser Actions

## OBJECTIONS TO THE SETTLEMENT

National Woodlands Preservation, Inc., a West Virginia corporation,

objects to proposed settlement pursuant to Federal Rule of Civil Procedure

23(e)(2)(C)(ii) because the "method of processing class-member claims"

and the "proposed method of distributing relief to the class" appears

defective with respect to non-individual entities.

Specifically, corporations, business entities, colleges, universities,

educational institutions, government agencies, and similar

non-individuals purchased telescopes during the class period.[1]  However, neither the physical claim form nor the online claim form provides the ability of an entity to lodge a claim.  The form only allows individuals to file a claim.  There is no place to lodge a business name.

In addition, the settlement website uses verbiage that infers the settlement is open only to individuals.  It states, "Did **you** purchase a telescope from January 1, 2005 to September 6, 2023?"  "**You** need to make a desicion [sic] about the settlement. To make the best decision for **yourself**, read on."  This infers the settlement is open only to individuals.

Finally, no form of advertising was targeted to the types of institutions and businesses – primarily education and research entities – to provide them notice of the class action or allow them to understand that the class action is open to them and not just individuals.

Therefore, this Court must:  (1) Direct modification of the claim form to allow business claims; (2) Direct modification of the website to make it clear that entities can file claims; (3) Direct advertisement and media to businesses such as schools, astrology research centers, planetariums, etc.,

---

[1] During 2019 and 2020, National Woodlands Preservation Inc. purchased two telescopes that are subject to this class action.  The purchases were made from distributors of telescopes in West Virginia and not directly from a manufacturer.

and make it clear that institutional and entity claims are allowed; and (4)

Expand the deadline for businesses to file claims to provide the same

opportunities that businesses had.

Respectfully submitted,

K. Luna

Chief Executive Officer

National Woodlands Preservation Inc.

110 James Street

Hinton WV  25951

 Powered by
verita

File a

Home    Case Documents    Important Dates & Deadlines    Frequently Asked Questions    Contact Information

# Claim Form

*Required Fields

*First Name

*Last Name

*Current Address

**Current Address Continued**

*City

*Country

UNITED STATES                                                    ⌄

*State

Select                                                          ⌄

*Zip Code

*Telescopes Antitrust Litigation*
Settlement Administrator
P.O. Box 301172
Los Angeles, CA 90030-1172

**CEHI**

||||||||||||||||||||||||||||
61102158701

CEHI-61102158701

k luna

110 james street

hinton, WV 25951

US

VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

*In re Telescopes Antitrust Litigation Indirect
Purchaser Actions*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No. 5:20-cv-03639-EJD

**Must Be Postmarked
No Later Than
May 20, 2025**

# Claim Form

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **May 20, 2025** AT
**www.telescopesettlement.com**, OR FILE BY MAIL POSTMARKED BY **May 20, 2025**.

Questions? Call 1-833-419-3506 or visit the website, **www.telescopesettlement.com**.

If you wish to receive any payment pursuant to the Settlement Agreement electronically,
please submit your claim online at www.telescopesettlement.com.

## CLASS MEMBER INFORMATION:

First Name                                    M.I.      Last Name

ClaimID from Email or Postcard Notice (if you did not get a notice, leave this blank)

Primary Address

Primary Address Continued

City                                                          State        ZIP Code

Email Address

Area Code        Telephone Number

*Failure to add your unique ClaimID, which can be found with your notice or by contacting the Settlement Administrator,
will result in denial of your claim. If you received a notice of this Settlement by U.S. mail, your unique ClaimID is on
the email or postcard. If you misplaced your notice, please contact the Settlement Administrator at 1-833-419-3506 or
admin@telescopesettlement.com.*



| FOR CLAIMS PROCESSING ONLY | OB | | CB | | DOC | RED |
|---|---|---|---|---|---|---|
| | | | | | LC | A |
| | | | | | REV | B |

1

## ELIGIBILITY:

1. Did you purchase one or more Telescopes branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell from a retailer or distributor from January 1, 2005 to September 6, 2023?

   Yes *(Proceed to Question 2)*     No *(You are not eligible to submit a claim)*

2. If you answered "Yes" to Question 1, please enter your purchase information below:

Make

Model

       /          /
Date of purchase

State of residence at time of purchase

$            .
Amount

Name of retailer or distributor where Qualifying Telescope was purchased

**If you purchased more than one telescope, please fill out all the information listed in Question 2 for each purchase on the additional page found at Appendix A or submit your claim online at www.telescopesettlement.com.**

**You do not need to submit receipts or confirming documentation at this time, but counsel for the Settlement Class may require it if an issue arises regarding the validity of your claim.**

## PAYMENT SELECTION:

How would you like to receive your payment? Choose **one** of the following:

> **I wish to receive any payment pursuant to the Settlement Agreement by check at the address in the Class Member Information section.**

## OR

> **If you wish to receive any payment pursuant to the Settlement Agreement electronically, please submit your claim online at www.telescopesettlement.com.**

This information will be kept confidential by the Settlement Administrator.

## CERTIFICATION AND SIGNATURE:

I declare under penalty of perjury under the laws of the United States of America that the information above is true and correct to the best of my knowledge and that I am authorized to submit this claim. I understand that my claim is subject to audit, review, and validation using all available information.

Signature: _____     Dated (mm/dd/yyyy): _____

Print Name: _____



2

# EXHIBIT H



*Figure 1*: *104 James Street, Hinton, Virginia* (Google Maps)[1]

[1] https://www.google.com/maps/@37.6717279,-
80.8907679,3a,47.3y,124.25h,93.4t/data=!3m7!1e1!3m5!1sdA3gdyjdV1wSOjKSTJoONA!2e0!6shttps:%2F%2Fstreetviewpixels-
pa.googleapis.com%2Fv1%2Fthumbnail%3Fcb_client%3Dmaps_sv.tactile%26w%3D900%26h%3D600%26pitch%3D-
3.397672402822792%26panoid%3DdA3gdyjdV1wSOjKSTJoONA%26yaw%3D124.24673607567848!7i16384!8i8192?entry=ttu&g
_ep=EgoyMDI1MDcwOS4wIKXMDSoASAFQAw%3D%3D

# EXHIBIT I

   

"National Woodlands Preservation      ✕   🎤   📷   🔍          ⚙️   ⠿   Sign in

AI Mode      All      Images      News      Maps      Shopping      Short videos      More ▾                    Tools ▾

---

 telescopesettlement.com
https://www.telescopesettlement.com › media › n...

### Case 5:20-cv-03639-EJD Document 407-1 Filed 03/21/25 ...

Mar 21, 2025 — Objector **National Woodlands Preservation, Inc**. never responded to the two certified letters requesting to meet and confer that Settlement ...

 telescopesettlement.com
https://www.telescopesettlement.com › media › n...

### Case 5:20-cv-03639-EJD Document 407, Filed 03/21/25 Page 1 of 7

Id. **National Woodlands Preservation, Inc**. ("Woodlands"). Woodlands failed to provide a phone number, current address, or email at which to contact it ...

 CaseMine
https://www.casemine.com › ... › 2025 › April

### Hightower v. Celestron Acquisition, LLC et al | 5:2020cv03639

... **National Woodlands Preservation, Inc**. ("Woodlands"), Elman Barnes, Pat Zhen, and Mike Sussman. a. DPPs. Counsel for two of the DPPs in Spectrum Scientifics ...

*In order to show you the most relevant results, we have omitted some entries very similar to the 3 already displayed.*
*If you like, you can repeat the search with the omitted results included.*

**Burlingame, California** - From your IP address - Update location

Help      Send feedback      Privacy      Terms

# EXHIBIT J

## Table of Contents

Person Summary ................................................................................................2
At a Glance ......................................................................................................2
Name Variations, SSN Summary and DOBs.................................................2
Physical Description ........................................................................................2
Address Summary (1 current, 4 prior) ...........................................................2
Phone Summary (1 phones) ...........................................................................3
Licenses/Voter (0 licenses) ...........................................................................3
Driver Licenses - 0 licenses ..........................................................................3
Other Licenses - 0 licenses ...........................................................................3
Real Property (2 current, 0 prior)...................................................................3
Personal Property (0 current, 0 prior) ...........................................................5
Possible Education (0 records found) ............................................................5
Possible Criminal/Arrest (0 filings) ...............................................................5
Bankruptcy (0 active, 0 closed)......................................................................5
Judgment / Liens (0 active, 0 closed)............................................................5
UCC Filings (0 debtor, 0 creditor) .................................................................5
Associates (1 records) ...................................................................................5
Possible Relatives - 1st Degree: 0, 2nd Degree: 0, 3rd Degree: 0 ..............5
Person Associates - 1 records found .............................................................5
Neighbors - 0 records found ...........................................................................6
Business Connections - 0 records found ........................................................6
Possible Employers - 0 records found. ..........................................................6
Business Associates - 0 records found. .........................................................6
Sources (37 sources).......................................................................................6



**1 OF 1 RECORD(S)**

## SmartLinx®Person Report

Report Created: 6-23-2025 6:37 PM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2025 LexisNexis, All rights reserved.

Report created for:Cotchett Pitre & McCarthy LLP

### Person Summary

| Name | Address | County | Phone |
|---|---|---|---|
| Zhen, Pat | 503 Calle Modesta Apt 303<br>San Juan, PR 00924-4511 | | 904-729-6256 |
| **LexID** | **SSN** | **DOB** | **Email** |
| 1925-9531-9192 | 163-90-XXXX 🖐 (SSN potentially randomly issued by the SSA) | 12/1970<br>(Age: 54)<br><br>(Male) | |

### At a Glance

| Real Property | 2 | Criminal/Arrest | 0 |
|---|---|---|---|
| Personal Property | 0 | Bankruptcy | 0 |
| Professional Licenses | 0 | Judgments/Liens | 0 |
| Business Connections | 0 | Foreclosure/Notice of Default | 0 |

### Name Variations, SSN Summary and DOBs

| Name Variations | SSN Summary | Reported DOBs |
|---|---|---|
| Zen, Pat<br>Zhen, Pat<br>Zhen, Patrick | 163-90-XXXX<br>🖐 (SSN potentially randomly issued by the SSA) | 12/1970 |

### Physical Description

### Address Summary (1 current, 4 prior)

| No. | Address | Status | To-From | Phone |
|---|---|---|---|---|
| 1. | 503 Calle Modesta Apt 303<br>San Juan, PR 00924-4511 | Current | 06/2021 - 04/2025<br>(Current Residence) | |
| | | | | |
| 2. | 395 Eaton St<br>Providence, RI 02908-2153<br>Providence County<br><br>(Residential) | Prior | 06/2020 - 04/2025 | |

**Neighborhood Profile**
Average Age: 44
Median Household Income: $53,026

pat_zhen

| | | | | |
|---|---|---|---|---|
| **Median Home Value: $238,824**<br>**Average Years of Education: 14** | | | | |
| 3. | 503 Calle Modesta 303<br>Green Cove Springs, FL 32043 | Prior | 10/2022 | |
| **Neighborhood Profile**<br>Average Age: 44<br>Median Household Income: $69,853<br>Median Home Value: $233,036<br>Average Years of Education: 13 | | | | |
| 4. | 411 Walnut St Unit 7353<br>Green Cove Springs, FL 32043-3443<br>Clay County<br><br>(Business) ✍ (Hotel or motel)<br>✍ (Addressing or letter service)<br>✍ (Packaging service)<br>✍ (Hunting, trapping, & game service)<br>✍ (Newspaper facility)<br>✍ (Library)<br>✍ (Home Health Care Facility) | Prior | 09/2014 - 06/2022 | |
| **Neighborhood Profile**<br>Average Age: 38<br>Median Household Income: $61,530<br>Median Home Value: $171,649<br>Average Years of Education: 13 | | | | |
| 5. | 500 Calle Modesta Ste LC3<br>San Juan, PR 00924-4483 | Prior | 07/2024 - 10/2024 | |

**Phone Summary (1 phones)**

| No. | Phone | To-From | Line Type | Listing Name | Carrier |
|---|---|---|---|---|---|
| 1. | 904-729-6256. | 10/2018 - 3/2025. | Possible Wireless. | ECUADOR IMPORT EXPORT CONSULTANTS INC. | . |

**Licenses/Voter (0 licenses)**
**Driver Licenses - 0 licenses**
**Other Licenses - 0 licenses**

**Real Property (2 current, 0 prior)**

| No. | Address | Status | Purchase Price | Sale Price | State |
|---|---|---|---|---|---|
| 1. | 395 Eaton St<br>Providence, RI 02908-2153<br>County/FIPS: PROVIDENCE/44007<br>Source: A | Current | $270,500.00 | | RI |
| | | | | | |

pat_zhen

**Owner Info**

**Zhen, Patrick**

**Legal Info**

Parcel Number: PROV-000118-000000-000131
Sale Date: 06/18/2020
Assessment Year: 2024
Sale Price: $270,500.00
Recording Date: 06/26/2020
Document Type: Assessor
Assessed Value: $296,100.00
Type of Address: Sfr
Book/Page: 12755/320

**Mortgage Info 1**

Loan Amount: $210,000.00
Description: Deed Of Trust
Lender Name: CITIZENS BK CITIZENS BK
Loan Type: Conventional
Recording Date: 10/16/2020
Contract Date: 09/23/2020
Transaction Type: Refinance

**Mortgage Info 2**

Recording Date: 06/26/2020
Contract Date: 06/18/2020
Transaction Type: Resale

**Mortgage Info 3**

Description: Grant Deed
Recording Date: 06/26/2020
Contract Date: 06/18/2020
Transaction Type: Resale

| 2. | 395 Eaton St<br>Providence, RI 02908-2153<br>County/FIPS: PROVIDENCE/44007<br>Source: B | Current | $270,500.00 | | RI |

**Owner Info**

**Zhen, Patrick**

395 Eaton St
Providence, RI 02908-2153

**Legal Info**

Parcel Number: PROV M:118 L:131

pat_zhen

Assessment Year: 2024
Sale Price: $270,500.00
Recording Date: 06/26/2020
Document Type: Assessor
Assessed Value: $296,100.00
Type of Address: Single Family Residential
Mortgage Lender Name: CITIZENS BANK
Book/Page: 12755/320

**Mortgage Info 1**

Loan Amount: $210,000.00
Lender Name: CITIZENS BANK
Loan Type: Credit Line (Revolving)
Recording Date: 10/16/2020
Contract Date: 09/23/2020

**Mortgage Info 2**

Recording Date: 06/26/2020
Contract Date: 06/18/2020

**Personal Property (0 current, 0 prior)**

**Possible Education (0 records found)**

**Possible Criminal/Arrest (0 filings)**

**Bankruptcy (0 active, 0 closed)**

**Judgment / Liens (0 active, 0 closed)**

**UCC Filings (0 debtor, 0 creditor)**

**Associates (1 records)**
**Possible Relatives - 1st Degree: 0, 2nd Degree: 0, 3rd Degree: 0**
**Person Associates - 1 records found**

| No. | Full Name | Address | Role |
|-----|-----------|---------|------|
| 1. | Corea, Karla E<br>SSN: 760-93-XXXX<br>LexID: 1952-2476-7335<br>DOB: 12/1987 | 116 Calle Manuel Domenech Apt 2013<br>San Juan, PR 00918-3503 | Associate |

pat_zhen

**Neighbors - 0 records found**

**Business Connections - 0 records found**

**Possible Employers - 0 records found.**

**Business Associates - 0 records found.**

**Sources (37 sources)**

| All Sources | 37 Source Documents |
|---|---|
| Deed Transfers | 5 Source Documents |
| Historical Person Locator | 2 Source Documents |
| Person Locator 1 | 1 Source Documents |
| Person Locator 5 | 13 Source Documents |
| Tax Assessor Records | 16 Source Documents |

Key
⚠ High Risk Indicator. These symbols may prompt you to investigate further.
⚡ Moderate Risk Indicator. These symbols may prompt you to investigate further.
⚡ General Information Indicator. These symbols inform you that additional information is provided.
✔ The most recent telephone listing as reported by Electronic Directory Assistance.

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your Secondary DPPA Permissible Use: None
Your GLBA Permissible Use: Legal Compliance

Copyright © 2025 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**End of Document**