1
2
3
4       **UNITED STATES DISTRICT COURT**
5       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
6
7   **IN RE: TELESCOPE ANTITRUST LITIGATION**            Case No. 5:20-cv-03639-EJD
8
9                                                        **[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPEAL BOND**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

After full consideration of Indirect Purchaser Plaintiffs ("Plaintiffs-Appellees")'s Motion for an Appeal Bond, Plaintiffs-Appellees' Motion is **GRANTED.**

The Court finds that the factors relevant to the propriety of imposing appeal bonds under Federal Rule of Appellate Procedure 7 have been satisfied. Rule 7 reads, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) (citation omitted). The trial court may exercise discretion regarding the need for a bond and the bond amount. *Id.*

District courts have articulated three relevant factors a court should consider in determining whether to require an appeal bond: (1) appellant's financial ability to post a bond, (2) the risk that appellant would not pay the costs if the appeal loses, and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs. *Id.* at *3 (citing *Fleury v. Richemont N. Am., Inc.*, No. 05–CV–4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) and *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir.2007)). Here, the Court finds that: (1) each Objector-Appellant is financially able to post a bond; (2) the nature of the Objectors-Appellants' residence, including some of their out-of-state residences, presents increased risk of not paying Plaintiffs-Appellees' costs if they lose on appeal; and (3) the issues raised in the Objectors-Appellants' appeals have already been considered and rejected by the Court, further supporting the posting of bonds. The Court also finds that Plaintiffs-Appellees' arguments regarding the potential illegitimacy of the Objectors-Appellants' identities to be valid and thus supports the posting of the bonds.

Accordingly, each Objector-Appellant (Elman Barnes, National Woodlands Preservation, Inc., Patrick Zhen, and Michael Sussman) is ordered to post a bond in the amount of $42,818 or file a notice of dismissal of his or its appeal. The amount of the bond is reasonable when compared to

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS'     1
MOTION FOR APPEAL BOND;
Case No. 5:20-cv-03639-EJD

1  Plaintiffs-Appellees' potentially taxable costs under Federal Rule of Appellate Procedure 39 and
2  other recoverable costs, including the cost of continued settlement administration through the
3  appeal. The bond shall be posted within fifteen days of the date of this Order.

5  **IT IS SO ORDERED**.

7  Dated: _____, 2025

                                                HON. EDWARD J. DAVILA
8                                                  United States District Court