**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| | **DECLARATION OF NON-PARTY RYAN HALLMAN IN SUPPORT OF CONTINUED SEALING PURSUANT TO CIVIL L.R. 79-5(f)** |
| THIS DOCUMENT RELATES TO: All Indirect Purchaser Actions | |

**DECLARATION OF NON-PARTY RYAN HALLMAN IN SUPPORT OF CONTINUED SEALING PURSUANT TO CIVIL L.R. 79-5(f)**

I, Ryan Hallman, declare as follows:

1. I am the Chief Technology Officer ("CTO") at Angeion Group ("Angeion"), a third-party class action administration firm. I submit this declaration pursuant to Civil Local Rule 79-5(f)(3) in support of sealing my Declaration submitted by the Indirect Purchaser Plaintiffs ("IPPs") in connection with their Motion for Appeal Bond. ECF No. 429.

2. The sealing of my Declaration is governed by the good cause standard of Federal Rule of Civil Procedure 26(c) and the narrowly tailored standard of Civil Local Rule 79-5(b) because the Declaration is unrelated to the underlying cause of action. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Furthermore, the public has less of a need for access to documents attached to non-dispositive motions like the Motion for Appeal Bond. *Id.*

3. The information for which sealing is sought has been designated by Angeion as confidential because it contains proprietary, non-public, and competitively sensitive information regarding Angeion's business operations and strategies. Specifically, my Declaration includes descriptions of Angeion's confidential business practices regarding fraud prevention. Disclosure of these details would undermine the effectiveness of our fraud prevention system and reveal sensitive information regarding our business operations to competitors. If desired by the Court, Angeion can provide, for in camera review, additional information relating to this matter.

4. Angeion has a legitimate and significant private interest in maintaining the confidentiality of the information contained in the declaration. Not only may the disclosure of this information to the public put the company at a competitive risk, publicizing information regarding Angeion's anti-fraud infrastructure may risk the integrity and effectiveness of its fraud prevention operations.

5. A less restrictive alternative to sealing is not sufficient to protect Angeion's interest in preserving the confidentiality of the information. Partial redaction would risk inference by competitors and potential fraudsters. Anything less than sealing the information would reveal its contents and prejudice Angeion's interest in preserving the confidentiality of such information.

For these reasons, I respectfully request that the Court continue sealing.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on

**DECLARATION OF NON-PARTY RYAN HALLMAN IN SUPPORT OF CONTINUED SEALING PURSUANT TO CIVIL L.R. 79-5(f)**  1

1 | this 18th day, July 2025 in Philadelphia, Pennsylvania.

_____
Ryan Hallman

**DECLARATION OF NON-PARTY RYAN HALLMAN IN SUPPORT OF CONTINUED SEALING PURSUANT TO CIVIL L.R. 79-5(f)**     2

**E-FILING ATTESTATION**

I, Adam J. Zapala, am the ECF User whose ID and password are being used to e-file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory has concurred in this filing.

/s/ *Adam J. Zapala*
Adam J. Zapala