Elman Barnes
1401 21st St STE R
Sacramento, CA 95811
elmanmethod@theachievementcoaches.com

Objector

 

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | No. 5:20-cv-03639-EJD |
| This Document Relates to: Indirect Purchaser Actions | |

## OBJECTOR OPPOSITION TO MOTION FOR BOND AND INVESTIGATIVE CONSUMER REPORT DISCLOSURES

  Objector respectfully requests that the motion for bond be denied or limited to the $250 that Mr. Zhen offered and an additional $50 from Barnes, the maximum value of Objector's claim, for a total of $300 which is double the expenses. Class Counsel said the address is not valid, but its worked as shown even tho they left off the 1. The bigger problem is Class Counsel keeps sending about four copies of each packet of materials, spending a lot of the money belonging to the class. On some they add the R and others they don't, but its the same papers inside. Objector would understand if it was returned to Class Counsel and they remailed, a lot of clutter to deal with.



Objector reviewed the Privacy Policy on the telescopesettlement.com website.  It implies that privacy laws and rules are complied with.  "Verita Global, LLC (together with its affiliates, KCC Class Action Services, LLC, Kurtzman Carson Consultants, LLC, Gilardi & Co., LLC, RicePoint Administration Inc., and Verita Global, Ltd., "Verita") wants to make your online and mobile experience satisfying and safe. <u>Our aim is to safeguard the privacy and security of your personal information</u> while providing a personalized service that meets your individual preferences and needs. <u>At all times we comply with applicable laws and regulations governing the confidentiality and security of information we receive and maintain.</u>"

The above obviously is not true as the fact Objector made a claim and objections was turned over to the Angeion investigative consumer reporting agency.  Objector cannot address the information from Angeion investigative consumer reporting agency because the investigative consumer report containing the data discussed was not attached. Pursuant to the Fair Credit Reporting Act and state laws, Objector disputes the information contained in the Angeion 2.0  report, requests a list of the courts where claims data was extracted from, and requests verification.  Objector requests a copy of the relevant Angeion 2.0 report in full, identifying all cases that had data reported, so that an explanation can be submitted.

Objector objects to the claims administrator in this case disclosing his claim and case information to Angeion. Objector objects to Angeion not providing a dispute process for the consumer report, disclosures that court claims in one case are used in other cases, resulting in the denial of claims without notice or an opportunity to be heard. There exists no disclosure that Class Counsel or Verita would release information to Angeion and vice versa.

This Angeion declaration leads to a lot of questions about compliance with privacy laws and consumer reporting laws, compliance with the implied privacy policy on the website. Perhaps a class action for privacy violations against these administrators is in line based on the shocking revelation that Angeion reports are pulled when an Objector files complaints with the court about the class actions. While the Court is immune from civil suits due to absolute immunity, it should oversee the privacy violations that are occurring by Verita/Angeion Group in this class action and Class Counsel's involvement in it. Is Class Counsel selling/giving information to Angeion Group? How did Angeion Group come into this action to talk about Objector claims in totally different lawsuits? Is there a data sharing agreement between Verita and Angeion Group?

This Court has a duty to direct Angeion Group to notify the courts that it extracted claims data from so that consumers can be informed about the breach of their claims data and the commercial misuse by Angeion Group. Objector did not read anything that would put a person on notice that filing an objection would result in the Angeion investigative consumer report or the spyware AngionAffirm 2.0 being used in the claims process in this case.

Objector reviewed the settlement procedures in many cases and nothing approved by the courts allowed the gathering, compiling, and usage of information in the AngionAffirm 2.0  system

that apparently aggregates class action claims data into an investigative consumer report. The courts are not aware how claimant data is being sold, used, accessed, and manipulated.

Therefore, the motion should be denied or limited to $300.

Respectfully submitted,
/s/

Elman Barnes