1  Adam J. Zapala (SBN 245748)
   **COTCHETT, PITRE & McCARTHY, LLP**
2  840 Malcolm Road
   Burlingame, CA 94010
3  Telephone: (650) 697-6000
   azapala@cpmlegal.com
4
   Kalpana Srinivasan (Bar No. 237460)
5  **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Ste. 1400
6  Los Angeles, CA 90067
   Telephone: (310) 789-3100
7  ksrinivasan@susmangodfrey.com
8  Lin Y. Chan (SBN 255027)
   **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
9  275 Battery Street, 29th Floor
   San Francisco, CA 94111
10 Telephone: (415) 956-1000
   lchan@lchb.com
11
12 *Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

13 [Additional Counsel Listed on Signature Page]

14
15           **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN JOSE DIVISION**
16
17

18 | IN RE: TELESCOPES ANTITRUST LITIGATION | **Case No. 5:20-cv-03639-EJD** |
19 | | |
20 | | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER** |
21 | | |
22 | THIS DOCUMENT RELATES TO: | |
23 | All Indirect Purchaser Actions | **Judge: Hon. Edward J. Davila** |
24 | | |
25

26
27
28

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER; Case No. 5:20-cv-03639-EJD**

# TABLE OF CONTENTS

Page(s)

I.    **INTRODUCTION** ................................................................................ 1

II.   **FACTUAL BACKGROUND** ............................................................. 2

III.  **ARGUMENT** ..................................................................................... 4

    A.   Post-Judgment Discovery Is Proper and Within this Court's Jurisdiction ....... 4

    B.   Class Counsel Did Not Violate Federal Rule of Civil Procedure 5.2 ................. 5

    C.   Zhen's Allegation of "Doxing" Is Baseless and Mischaracterizes Class Counsel's Actions ....... 7

    D.   Class Counsel Have a Duty to Investigate and Prevent Fraudulent Claims and Objections ....... 8

IV.  **CONCLUSION** ................................................................................. 8

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
281 F.R.D. 531 (N.D. Cal. 2012) .......................................................................... 4

*In re Digital Music Antitrust Litig.*,
812 F. Supp. 2d 390 (S.D.N.Y. 2011) ................................................................... 3

*Doe v. Coll. of E. Idaho*,
No. 4:22-CV-00482-DCN, 2023 WL 4138674 (D. Idaho June 22, 2023) ........................ 7

*Friends of Animals v. Bernhardt*,
15 F.4th 1254 (10th Cir. 2021) ............................................................................. 7

*Granillo v. FCA US LLC*,
No. CV16153FLWDEA, 2018 WL 4676057 (D.N.J. Sept. 28, 2018) ............................. 5

*In re Itel Secs. Litig.*,
596 F. Supp. 226 (N.D. Cal. 1984), aff'd 791 F.2d 672 (9th Cir. 1986) ...................... 4, 5

*Johnson v. United States*,
No. 523CV02542SSSAJR, 2023 WL 9687509 (C.D. Cal. Dec. 15, 2023),
*reconsideration denied*, No. 5:23-CV-02542-SSS-AJR, 2024 WL 1135774
(C.D. Cal. Feb. 22, 2024) ..................................................................................... 6

*Kim v. Tinder, Inc.*,
No. 18 CV 3093 JFW (ASX), 2019 WL 3064464 (C.D. Cal. May 24, 2019) ................... 5

*Linneman v. Vita-Mix Corp.*,
No. 1:15-CV-748, 2018 WL 5722722 (S.D. Ohio Nov. 1, 2018) ................................. 4

*In re Netflix Priv. Litig.*,
No. 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) .................... 4, 5

*In re Nexium (Esomeprazole) Antitrust Litig.*,
968 F. Supp. 2d 367 (D. Mass. 2013) .................................................................... 3

*Nolen v. PeopleConnect, Inc.*,
No. 20-CV-09203-EMC, 2023 WL 4303645 (N.D. Cal. June 30, 2023) ........................ 1

*In re Opana ER Antitrust Litig.*,
162 F. Supp. 3d 704 (N.D. Ill. 2016) ..................................................................... 3

*Senne v. Kansas City Royals Baseball Corp.*,
No. 14-CV-00608-JCS, 2023 WL 3884634 (N.D. Cal. June 7, 2023) ........................... 5

*Smith v. United States*,
    No. 6:22-CV-00732-MK, 2024 WL 2941365 (D. Or. May 31, 2024)...............................1

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    No. 07-MD-01819 CW, 2010 WL 5094289 (N.D. Cal. Dec. 8, 2010)..............................3

*In re T-Mobile Customer Data Sec. Breach Litig.*,
    No. 4:21-MD-03019-BCW, 2023 WL 11878507 (W.D. Mo. June 29, 2023),
    *aff'd*, 111 F.4th 849 (8th Cir. 2024) ......................................................................5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    599 F. Supp. 2d 1179 (N.D. Cal. 2009) ............................................................3

*Twitch Interactive, Inc. v. CreatineOverdose*,
    No. 21-CV-07006-JST, 2024 WL 420704 (N.D. Cal. Feb. 5, 2024) ................................7

*United Food & Commercial Workers Local 1776 & Participating Emp'rs Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
    74 F. Supp. 3d 1052 (N.D. Cal. 2014) .............................................................3

*United States v. Seugasala*,
    670 F. App'x 641 (9th Cir. 2016) .....................................................................6

*Universal Ent. Corp. v. Aruze Gaming Am., Inc.*,
    No. 2:18-cv-00585-RFB-NJK, 2020 WL 8771657 (D. Nev. Dec. 9, 2020) ......................1

**Rules**

Fed. R. Civ. P. 5.2 ....................................................................................*passim*

**Other Authorities**

*Newberg and Rubenstein on Class Actions*
    § 13:33 (6th ed. 2025) ....................................................................................5

## I.    INTRODUCTION

Co-Lead Class Counsel ("Class Counsel") for the Indirect Purchaser Plaintiffs ("IPPs") respectfully submit this response to the Emergency Motion Pursuant to Federal Rule of Civil Procedure 5.2(e) for a Protective Order ("Motion") filed by Objector Pat Zhen ("Zhen"). The Motion seeks relief specifically related to the filing of two exhibits in connection with Class Counsel's Motion for an Appeal Bond. *See* ECF Nos. 429-1 (Exhibit J) and 429-5 (Exhibit C).[1] Because Zhen's Motion lacks merit and mischaracterizes Class Counsel's legitimate discovery efforts, it should be denied. Zhen claims Class Counsel improperly disclosed certain personal information in violation of Rule 5.2, alleging "doxing" and other "intimidation" tactics. These allegations distort the record, omit critical context, and ignore Class Counsel's reasonable and prompt remedial measures.

First, the disclosures Zhen protests involved *publicly accessible*[2] information obtained from standard investigative sources. Class Counsel, moreover, promptly amended and redacted those exhibits when Zhen took issue with their filing, rendering Zhen's request for a protective

---

[1] Zhen also filed a motion for a protective order in the Ninth Circuit. Class Counsel also responded to that motion, and attach it hereto for the Court's convenience. *See* Ruano Decl., Ex. A.

[2] Courts have held information remains public even if accessing it requires payment or effort. *See Nolen v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2023 WL 4303645, at *3 (N.D. Cal. June 30, 2023) ("Information is deemed published even if some predicate act is required to access it, such as . . . getting through a paywall . . . ."); *Smith v. United States*, No. 6:22-CV-00732-MK, 2024 WL 2941365, at *6 (D. Or. May 31, 2024), *report and recommendation adopted*, No. 6:22-CV-00732-MK, 2024 WL 3203287 (D. Or. June 27, 2024) ("The Court is unaware of any controlling precedent . . . that paying a fee to access publicly available information transforms the nature of the information from public to private."); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585-RFB-NJK, 2020 WL 8771657, at *1-2 (D. Nev. Dec. 9, 2020).

1  order unnecessary. Additionally, *Zhen* himself waived protection under Rule 5.2 by *publicly re-*
2  *filing* those same documents in unredacted form.

3        Second, Zhen's accusations of harassment and improper discovery through the issuance of
4  subpoenas are similarly unsupported. Courts routinely permit post-judgment discovery of
5  objectors, particularly where—as here—an objector's identity, standing, and fraudulent conduct
6  are suspected. Class Counsel's credible concerns necessitated propounding focused discovery. *See*
7  IPPs' Motion for Appeal Bond and Supporting Materials, ECF No. 429. Likewise, the issuance of
8  such discovery was properly within this Court's jurisdiction, notwithstanding Zhen's pending
9  appeal. *See infra* § III.A; Ruano Decl., Ex. A, § III.A, at 5-11.

10       Accordingly, Zhen's motion for a protective order should be denied in its entirety. Zhen's
11 motion corresponds to a pattern of aggressively attempting to distract from the substantial indicia
12 of fraud surrounding his claims and objections.[3]

13 **II.    FACTUAL BACKGROUND**

14       On April 11, 2025, after more than five years of litigation, this Court granted final
15 approval to a class action settlement (the "Settlement") between the Indirect Purchaser Plaintiffs
16 ("IPPs") and the Synta Defendants. *See* ECF No. 419. The Settlement provided substantial
17 monetary relief – $32 million – to indirect purchasers harmed by Defendants' anticompetitive
18 practices. *Id.* Out of approximately three million class members, only four objectors, including Pat
19 Zhen, opposed the Settlement. *See* ECF Nos. 399, 401-403.

20       Zhen objected specifically because the settlement did not include purchasers from Puerto
21 Rico, where he purportedly resides. *See* ECF Nos. 402, 408. Importantly, IPPs never asserted
22 damages claims on behalf of Puerto Rican purchasers (*see* ECF No. 1), as Puerto Rico does not
23 qualify as an *Illinois Brick* repealer jurisdiction under substantial authority in this district (and

24

_____

25 [3] Counsel in an unrelated class action submitted a motion also alleging that Zhen submitted
26 fraudulent filings and refused to verify his identity. *See* Ruano Decl., Ex. B. That motion included
27 a declaration stating they were contacted by someone named "Karla" offering to resolve Zhen's
28 dispute for a $100,000 payment. *Id.* at 3.

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S     2**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

1   others).[4] Puerto Rico was thus not included in the settlement class definition.

2       After final approval (*see* ECF No. 419), Zhen lodged a group appeal to the Ninth Circuit

3   (*see* ECF No. 421), prompting Class Counsel to continue its investigation regarding his standing

4   and identity due to credible concerns over potential fraudulent activities. Zhen responded to Class

5   Counsel's multiple attempts at outreach with resistance and hostile accusations, including an

6   extreme reluctance to participate in a video call, which would allow Class Counsel to verity "his"

7   identity. *See* Ruano Decl., Ex. C. And, Zhen refused to provide proof of purchase or a residential

8   address, instead listing only a P.O. Box and making unsupported claims about telescope purchases

9   made only in Puerto Rico. *Id*. The address Class Counsel independently identified as a potential

10  residential address for Zhen turned out to be connected to individuals associated with claims

11  submitted in other class action settlements that were rejected due to fraud. *See* ECF Nos. 429, 436,

12  437.

13      Further, other inquiries uncovered additional indicators of fraud involving Zhen. Claims

14  administrator Angeion had previously rejected multiple claims submitted under Zhen's name

15  across various settlements due to suspected fraudulent activity. *See* ECF No. 429-3. These claims

16  were associated with multiple distinct email addresses and other red flags indicating fraudulent

17  conduct. *Id*. Despite repeated attempts by Class Counsel to engage constructively, Zhen refused

18  cooperation and any contact outside of email. *See* Ruano Decl., Ex. C.

19      Given these concerns, Class Counsel propounded discovery, including a subpoena and

20  document requests, aimed at verifying Zhen's standing, identity, motives, and connections to

21

22  [4] *See, e.g.*, *United Food & Commercial Workers Local 1776 & Participating Emp'rs Health &*

23  *Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1085–86 (N.D. Cal. 2014); *In re*

24  *Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL

25  5094289, at *4 (N.D. Cal. Dec. 8, 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F.

26  Supp. 2d 1179, 1187 (N.D. Cal. 2009); *In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 723

27  (N.D. Ill. 2016); *In re Nexium (Esomeprazole) Antitrust Litig.*, 968 F. Supp. 2d 367, 409–10 (D.

28  Mass. 2013); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011).

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S     3**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

suspected fraudulent conduct. *See* Ruano Decl., Ex. D. Zhen responded with the current Motion, alleging improper disclosure of personal information and attempted discovery. Class Counsel promptly addressed Zhen's concerns by filing redacted versions of the disputed documents. *See* ECF No. 433.

Accordingly, Zhen's motion for a protective order should be denied in its entirety. It represents little more than an attempt to avoid legitimate scrutiny of an appeal lacking any substantive basis.

## III.    ARGUMENT

### A.    Post-Judgment Discovery Is Proper and Within this Court's Jurisdiction

Zhen argues that the filing of a notice of appeal divests this Court of jurisdiction over post-judgment discovery. *See* ECF No. 432, n. 1, at 2. Zhen is wrong.

In the context of the continuing administration of a class action settlement and protection of the integrity of its judgment, as is the case here, courts may permit (and have routinely permitted) discovery regarding objectors during the pendency of appeals regarding final approval. *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) (Davila, J.) ("The request for discovery is proper as it will be used to pursue information regarding Objectors' standing in regards to their appeals and the bases for Objectors' current contentions."). As other courts in this District have held, "it is well settled that following a notice of appeal, the [District] Court retains jurisdiction 'to preserve the integrity of [its] judgments in general, and specifically to protect the Court's final judgment . . . .'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012) ("*CRT*") (citing *In re Itel Secs. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), aff'd 791 F.2d 672 (9th Cir. 1986); *see In re Netflix Priv. Litig.*, 2013 WL 6173772, at *4 ("[T]he Court retains jurisdiction to preserve the integrity of the Final Order, even in situations where an appeal has been filed.").

For instance, in *CRT*, the district court held that it had jurisdiction to subject an objector to discovery because objectors voluntarily submit to the court's jurisdiction and are therefore "properly subject to discovery" even after final judgment and notice of appeal. 281 F.R.D. at 533.

1   Other courts agree. *See, e.g., Linneman v. Vita-Mix Corp.*, No. 1:15-CV-748, 2018 WL 5722722,

2   at *5 (S.D. Ohio Nov. 1, 2018) ("several courts have approved discovery from objectors either

3   prior to final approval of a settlement agreement or after a class action settlement has been

4   approved."); *In re T-Mobile Customer Data Sec. Breach Litig.*, No. 4:21-MD-03019-BCW, 2023

5   WL 11878507, at *2 (W.D. Mo. June 29, 2023), *aff'd*, 111 F.4th 849 (8th Cir. 2024); *Granillo v.*

6   *FCA US LLC*, No. CV16153FLWDEA, 2018 WL 4676057, at *7 (D.N.J. Sept. 28, 2018); *see also*

7   *Newberg and Rubenstein on Class Actions* § 13:33 (6th ed. 2025) (courts have ordered discovery

8   of objectors even "after entry of final judgment while a case was on appeal.") (citations omitted)).

9       The information Class Counsel seeks will clarify Zhen's standing and legitimacy and "may

10  be pertinent to informing the court about the nature and merits of the appeal," *In re Netflix Priv.*

11  *Litig.*, 2013 WL 6173772, at *5. As other courts have held, discovery "may be sought from

12  objectors as long as it is relevant to a party's claims and proportional to the needs of the case."

13  *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24,

14  2019). The discovery sought here "may be used in connection with a motion in [the District]

15  Court, such as a motion for imposition of an appeal bond or for sanctions, or in a variety of

16  possible motions in the appellate proceeding." *Senne v. Kansas City Royals Baseball Corp.*, No.

17  14-CV-00608-JCS, 2023 WL 3884634, at *2 (N.D. Cal. June 7, 2023); *In re Itel Sec. Litig.*, 596 F.

18  Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986). As demonstrated in Class

19  Counsel's Motion for an Appeal Bond (*See* ECF No. 429), Class Counsel has legitimate reasons

20  for seeking discovery given Zhen's lack of standing, strong indicia of fraud associated with his

21  actions, and questionable identity. *Id*. *See also* Ruano Decl., Ex. B.

22      **B.    Class Counsel Did Not Violate Federal Rule of Civil Procedure 5.2**

23      Although Zhen argues that Class Counsel violated Federal Rule of Civil Procedure

24  5.2(a)(1) and (2) by filing documents that allegedly contained his personal information, his

25  argument fails for multiple reasons.

26      First, the information included in the documents at issue is publicly available and was

27  obtained based on a reasonable inquiry under the circumstances of his settlement claim and

28  subsequent objection and appeal. An investigator submitted a LexisNexis SmartLinx Person

1  Report containing **publicly available** information concerning Zhen in connection with Class

2  Counsel's Motion for an Appeal Bond. *See* ECF No. 437. Widely used, the LexisNexis SmartLinx

3  Person Report aggregates and links billions of records into an easy-to-navigate report, including a

4  variety of information and data to verify identity and detect potential fraud.[5] Because Zhen failed

5  to provide a residential address in support of his objection and appeal, Class Counsel conducted a

6  reasonable search to identify the most effective means of serving him with discovery. That search

7  included generating a LexisNexis report which listed the unconfirmed first five digits of a social

8  security number associated with Zhen. The last four digits of the SSN were redacted for privacy.

9  LexisNexis flagged Zhen's information with a "Moderate Risk Indicator" and explicitly noted that

10  the SSN may have been "randomly issued by the SSA."

11     Second, Zhen undercuts his own arguments by *publicly refiling* the same unredacted

12  report, justifying the disclosure on the grounds that Class Counsel had "already made them

13  public." ECF No. 432-1, n. 4, at 8; *See* Mot. for Sanctions at 41-46, *Zhen, et al. v. Synta*

14  *Technology Corp., et al.*, No. 25-3098 (9th Cir. Jul. 20, 2025) Dkt. 15.2. Zhen has therefore

15  waived protection under Rule 5.2(a) by voluntarily filing the same documents with which he takes

16  issue. Under Federal Rule of Civil Procedure 5.2(h), "a person waives the protection of Rule

17  5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed.

18  R. Civ. P. 5.2.(h); *Johnson v. United States*, No. 523CV02542SSSAJR, 2023 WL 9687509, at *1

19  (C.D. Cal. Dec. 15, 2023), *reconsideration denied*, No. 5:23-CV-02542-SSS-AJR, 2024 WL

20  1135774 (C.D. Cal. Feb. 22, 2024) ("[T]o the extent Plaintiff filed any of his own information

21  without redaction and now seeks to redact it under Rule 5.2(a) that request is DENIED as

22  waived."); *see United States v. Seugasala, 670 F. App'x* 641, 642 (9th Cir. 2016). Thus, Zhen's

23  own actions negate the very protections he seeks to invoke here.

24     Third, while Class Counsel disagree with Zhen's position, upon being notified of Zhen's

25  concerns, out of an abundance of caution, Class Counsel immediately acted to strike the

26  documents from the docket. *See* ECF No. 433. Class Counsel re-filed redacted versions of the

---

[5] *See* https://risk.lexisnexis.com/products/smartlinx-person-report

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S    6**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

1   reports thereby addressing and remedying any potential disclosure. *See* ECF 436, 437.

2        In short, Class Counsel acted appropriately, responsibly, and within the boundaries of Rule

3   5.2. Zhen's allegations of improper disclosure are therefore meritless and should be rejected.

4        **C.     Zhen's Allegation of "Doxing" Is Baseless and Mischaracterizes Class
            Counsel's Actions**

5

6        Zhen further claims that Class Counsel "went so far as to engage in 'doxing'" and "filed a

7   complete packet of 'doxing' material including deed numbers, addresses, the first five digits of

8   social security numbers, and dates of birth." ECF No. 432 at 2, 3. In doing so, Zhen argues, Class

9   Counsel participated in a "calculated violation of Civil Rule 5.2(a)(1) and (2)." *Id*. at 2.

10       Zhen's accusation of "doxing" substantially distorts the meaning of that term, in addition

11  to misrepresenting Class Counsel's actions. Courts consistently define "doxing" as the intentional

12  and *malicious* publication of private identifying information with harmful intent. *See Twitch*

13  *Interactive, Inc. v. CreatineOverdose*, No. 21-CV-07006-JST, 2024 WL 420704, at *3 n.3 (N.D.

14  Cal. Feb. 5, 2024) ("'Doxing' occurs when 'private or identifying information about a particular

15  individual' is published on the internet 'with malicious intent.'"); *Doe v. Coll. of E. Idaho*, No.

16  4:22-CV-00482-DCN, 2023 WL 4138674, at *2 (D. Idaho June 22, 2023) ("Generally, however,

17  the courts that have ruled on the issue seem to agree . . . doxing is an action that one party

18  maliciously takes against another party."); *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1277

19  n.3 (10th Cir. 2021) (defining doxing as the "use of the Internet to search for and publish

20  identifying information about a particular individual, typically with malicious intent.").

21       Here, Class Counsel's actions constitute prudent and measured responses to Zhen's

22  repeated refusals to verify essential aspects of his identity, including a valid residential address,

23  and standing to object or appeal. *See* ECF No. 429. Class Counsel obtained the filed documents

24  from publicly accessible databases (specifically, the LexisNexis SmartLinx Person Report)

25  routinely employed in litigation to confirm the identities and addresses of individuals. *See* ECF

26  No. 437. Class Counsel neither bore malicious intent nor disclosed information with the aim of

27  causing harm. Nor has Zhen provided any evidence of such intent or harm. Once Zhen raised his

28  concerns regarding the publicly accessible information and challenged their submission, Class

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S      7**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

1   Counsel promptly redacted and replaced the documents conclusively demonstrating their good-

2   faith actions and undermining Zhen's allegations. *See* ECF No. 433. Thus, Zhen's characterization

3   of these actions as "doxing" is unsupported.

4         **D.**      **Class Counsel Have a Duty to Investigate and Prevent Fraudulent Claims and**
                   **Objections**

5

6         Zhen seeks to casts Class Counsel's duty-bound obligation to investigate and prevent fraud

7   regarding the administration of a settlement as a "war against Objectors." ECF No. 432 at 3. From

8   the outset, Class Counsel made repeated to engage with Zhen. *See* Ruano Decl., Ex. C. After

9   receiving his objection, Class Counsel contacted Zhen to understand the basis of his concerns and

10  invited a meet and confer to discuss the issues. *Id*. Zhen did not respond. *Id*. Instead of addressing

11  Class Counsel's concerns, Zhen refused to verify his identity, declined to provide documentation

12  supporting his class membership, and listed only a P.O. Box as his address – all while claiming

13  standing to object and pursue an appeal. *Id*.

14        Faced with these refusals, Class Counsel turned to standard discovery tools to investigate

15  Zhen's standing and identity, assess potential fraud, and evaluate his motive for appealing. *See*

16  Ruano Decl., Ex. D. As shown *supra* § III.A, courts routinely allow such post-judgment discovery,

17  particularly where an objector's standing and intent are in doubt.

18        Throughout this process, Class Counsel acted with professionalism and restraint, despite

19  Zhen's using objection and appeal to delay payment to a settlement class of which he is admittedly

20  not a member. Class Counsel promptly redacted all information about which Zhen raised concern.

21  Rather than evidencing hostility or harassment, the record shows a clear pattern of diligence,

22  transparency, and adherence to the rules governing fair litigation. Zhen's claims cannot change

23  these facts. His motion should be seen for what it is: an effort to evade scrutiny of his identity,

24  objection, and appeal.

25  **IV.**      **CONCLUSION**

26        For the foregoing reasons, Zhen's motion for a protective order should be denied in its

27  entirety. The filings at issue represented publicly available data uncovered through standard

28  investigative techniques submitted in good faith that, once Zhen raised his concern, Class Counsel

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S**    **8**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

1  immediately redacted it. Zhen's allegations of misconduct are unsupported by law or fact, and his

2  own actions – particularly his refusal to verify his identity and his public re-filing of the same

3  materials – undermine the very relief he seeks. Zhen's motion is an attempt to deflect scrutiny and

4  hinder legitimate post-judgment inquiry into the propriety of his appeal.

5
6  Dated: August 4, 2025                         Respectfully Submitted,

7                                                 /s/ Adam J. Zapala

8                                                 Adam J. Zapala (SBN 245748)
                                                   Elizabeth T. Castillo (SBN 280502)
9                                                 Christian S. Ruano (SBN 352012)
                                                   **COTCHETT, PITRE & McCARTHY, LLP**
10                                                840 Malcolm Road
                                                   Burlingame, California 94010
11                                                Telephone: (650) 697-6000
                                                   Facsimile: (650) 697-0577
12                                                azapala@cpmlegal.com
                                                   ecastillo@cpmlegal.com
13                                                cruano@cpmlegal.com

14                                                 /s/ Kalpana Srinivasan
                                                   Kalpana Srinivasan (Bar No. 237460)
15                                                Marc M. Seltzer (Bar No. 54534)
                                                   Steven Sklaver (Bar No.237612)
16                                                Michael Gervais (Bar No. 330731)
                                                   **SUSMAN GODFREY L.L.P.**
17                                                1900 Avenue of the Stars, Ste. 1400
                                                   Los Angeles, CA 90067
18                                                Telephone: 310-789-3100
                                                   ksrinivasan@susmangodfrey.com
19                                                mseltzer@susmangodfrey.com
                                                   ssklaver@susmangodfrey.com
20                                                mgervais@susmangodfrey.com

21
                                                   Alejandra C. Salinas (pro hac vice)
22                                                Texas SBN 24102452
                                                   **SUSMAN GODFREY LLP**
23                                                1000 Louisiana Street, Suite 5100
                                                   Houston, Texas 77002
24                                                Telephone: (713) 651-9366
                                                   Facsimile: (713) 654-6666
25                                                asalinas@susmangodfrey.com

26                                                 /s/ Lin Y. Chan
                                                   Eric B. Fastiff (SBN 182260)
27                                                efastiff@lchb.com
                                                   Lin Y. Chan (SBN 255027)
28                                                lchan@lchb.com

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S**   **9**
**EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER;**
**Case No. 5:20-cv-03639-EJD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel for the Indirect Purchaser Plaintiff*