1  Adam J. Zapala (SBN 245748)
   **COTCHETT, PITRE & McCARTHY, LLP**
2  840 Malcolm Road
   Burlingame, CA 94010
3  Telephone: (650) 697-6000
   azapala@cpmlegal.com
4
   Kalpana Srinivasan (SBN 237460)
5  **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Ste. 1400
6  Los Angeles, CA 90067
   Telephone: (310) 789-3100
7  ksrinivasan@susmangodfrey.com

8  Lin Y. Chan (SBN 255027)
   **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
9  275 Battery Street, 29th Floor
   San Francisco, CA 94111
10 Telephone: (415) 956-1000
   lchan@lchb.com
11
12 *Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

13

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                    **SAN JOSE DIVISION**

16

17 IN RE: TELESCOPES ANTITRUST          **Case No. 5:20-cv-03639-EJD**
18 LITIGATION

19                                      **DECLARATION OF CHRISTIAN S.**
                                        **RUANO IN SUPPORT OF INDIRECT**
20                                      **PURCHASER PLAINTIFFS' RESPONSE**
                                        **TO OBJECTOR PAT ZHEN'S**
21 THIS DOCUMENT RELATES TO:            **EMERGENCY MOTION PURSUANT TO**
                                        **FRCP 5.2(e) FOR A PROTECTIVE**
22 All Indirect Purchaser Actions       **ORDER**

23

24                                      **Judge: Hon. Edward J. Davila**

25

26

27

28 **DECLARATION OF CHRISTIAN S. RUANO IN SUPPORT OF INDIRECT**
   **PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S EMERGENCY**
   **MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER; Case No. 5:20-**
   **cv-03639-EJD**

I, Christian S. Ruano, declare as follows:

1.      I, Christian S. Ruano, am an associate at Cotchett, Pitre & McCarthy, LLP, one of the three firms appointed as Settlement Class Counsel for Indirect Purchaser Plaintiffs ("IPPs") in the above captioned proceeding. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.      I submit this Declaration in support of the IPPs' Response to Objector Pat Zhen's Emergency Motion Pursuant to FRCP 5.2(e) for a Protective Order.

3.      Attached as **Exhibit A** is a true and correct copy of Indirect Purchaser Plaintiffs' July 30, 2025, Response in Opposition to Appellant Pat Zhen's Emergency Motion Under Circuit Rule 27-3 for a Protective Order and Sanctions filed in the Ninth Circuit, *Zhen, et al. v. Synta Technology Corp., et al.,* Case No. 25-3098.

4.      Attached as **Exhibit B** is a true and correct copy of unrelated class counsels' July 21, 2025, response to the objection of "Pat Zhen" filed in the Southern District of New York, *Kessler v. The Quaker Oats Company*, Case No. 7:24-cv-00526-KMK, ECF No. 57.

5.      Attached as **Exhibit C** is a true and correct copy of email correspondence between Settlement Class Counsel and Objector Pat Zhen from February 24, 2025 to June 30, 2025.

6.      Attached as **Exhibit D** is a true and correct copy of a Subpoena to Testify at a Deposition in A Civil Action issued to Pat Zhen, including specific requests for production of documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 4th day of August, 2025, at Burlingame, CA.


                    /s/ Christian S. Ruano
                    Christian S. Ruano

**DECLARATION OF CHRISTIAN S. RUANO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR PAT ZHEN'S EMERGENCY MOTION PURSUANT TO FRCP 5.2(e) FOR A PROTECTIVE ORDER; Case No. 5:20-cv-03639-EJD**    **1**

# EXHIBIT A

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TELESCOPES ANTITRUST LITIGATION | No. 25-3098<br>D.C. No. 5:20-cv-03639-EJD<br>Northern District of California,<br>San Francisco |
| Zhen, et al.<br><br>v.<br><br>Synta Technology Corp., et al. | **PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT PAT ZHEN'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR A PROTECTIVE ORDER AND SANCTIONS** |

# TABLE OF CONTENTS

Page(s)

I.    **INTRODUCTION** ........................................................................1

II.   **STATEMENT OF FACTS** ........................................................1

III.  **ARGUMENT** ...............................................................................5

     **A.**   **Appeal Does Not Strip the District Court of Jurisdiction to Allow Discovery Regarding Objectors and Administration of Settlement** ..5

     **B.**   **The Requested Discovery Is Relevant, Proper, and Not Unduly Burdensome** ...........................................................................11

     **C.**   **The Filing of Publicly Available Personal Information Does Not Merit Sanctions** .....................................................................12

     **D.**   **Zhen's Challenge to the Subpoena Lacks Merit Under Rule 45** .......14

     **E.**   **Zhen's Reliance on California Civil Rule of Court 3.37 Is Misplaced** 15

     **F.**   **Sanctions Under 28 U.S.C. § 1927 Are Unwarranted** .........................17

IV.  **CONCLUSION** .........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barber v. Miller*,
    146 F.3d 707 (9th Cir. 1998) ........................................................................17

*Estate of Blas v. Winkler*,
    792 F.2d 858 (9th Cir. 1986) ........................................................................17

*Campbell v. Blodgett*,
    982 F.2d 1356 (9th Cir. 1993) ......................................................................10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    281 F.R.D. 531 (N.D. Cal. 2012) ..............................................................7, 8

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ........................................................................17

*Golloher v. Todd Christopher Int'l, Inc.*,
    No. C 11-1726 RS, 2014 WL 12625124 (N.D. Cal. July 7,
    2014) .................................................................................................................9

*Granillo v. FCA US LLC*,
    No. CV16153FLWDEA, 2018 WL 4676057 (D.N.J. Sept. 28,
    2018) .................................................................................................................8

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982) ..........................................................................................6

*In re Gushlak*,
    No. 11-MC-218 NGG, 2012 WL 2564523 (E.D.N.Y. July 2,
    2012) .................................................................................................................7

*In re Itel Secs. Litig.*,
    596 F. Supp. 226 (N.D.Cal.1984), aff'd 791 F.2d 672 (9th
    Cir.1986) ......................................................................................................7, 9

*Johnson v. United States*,
No. 523CV02542SSSAJR, 2023 WL 9687509 (C.D. Cal. Dec.
15, 2023), reconsideration denied, No. 5:23-CV-02542-SSS-
AJR, 2024 WL 1135774 (C.D. Cal. Feb. 22, 2024) ....................................14

*Kim v. Tinder, Inc.*,
No. 18 CV 3093 JFW (ASX), 2019 WL 3064464 (C.D. Cal.
May 24, 2019) ..........................................................................................8

*Linneman v. Vita-Mix Corp.*,
No. 1:15-CV-748, 2018 WL 5722722 (S.D. Ohio Nov. 1, 2018)...............7, 8

*In re Netflix Priv. Litig.*,
No. 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. Nov.
25, 2013) ........................................................................................6, 7, 8

*Oliver v. In-N-Out Burgers*,
No. 12-cv-767, 2013 WL 12415761 (S.D. Cal. Feb. 7, 2013) .....................15

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)...................................................................................11

*Saucillo v. Peck*
25 F.4th 1118 (9th Cir. 2022) ....................................................................11

*S.W. by & through Wojcehowicz v. United States*,
No. 1:19-CV-2947, 2021 WL 915900 (N.D. Ohio Mar. 10,
2021) ..........................................................................................................15

*Senne v. Kansas City Royals Baseball Corp.*,
No. 14-CV-00608-JCS, 2023 WL 3884634 (N.D. Cal. June 7,
2023) ............................................................................................................9

*Surfvivor Media, Inc. v. Survivor Prods.*,
406 F.3d 625 (9th Cir. 2005) .....................................................................11

*In re T-Mobile Customer Data Sec. Breach Litig.*,
No. 4:21-MD-03019-BCW, 2023 WL 11878507 (W.D. Mo.
June 29, 2023), *aff'd*, 111 F.4th 849 (8th Cir. 2024) .................................8

*United States v. Sadler*,
480 F.3d 932 (9th Cir. 2007) .......................................................................6

*United States v. Seugasala*,
    670 F. App'x 641 (9th Cir. 2016) .................................................................14

**Statutes**

28 U.S.C. § 1927 ................................................................................................17, 19

**Rules**

California Civil Rules of Court
    3.37 ...............................................................................................................15, 16

Federal Rules of Civil Procedure
    5.2 .......................................................................................................................14
    27 .......................................................................................................................10
    45 ..................................................................................................................14, 15
    62 .........................................................................................................................7

**Other Authorities**

Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate
    Practice
    § 6:537 ................................................................................................................9

*Newberg and Rubenstein on Class Actions*
    § 13:33 (6th ed. 2025)........................................................................................8

## I.     INTRODUCTION

Pat Zhen's emergency motion for a protective order and sanctions should be denied because it is unsupported by the law, misrepresents Class Counsel's conduct, and seeks to avoid discovery into his standing and the indicia of fraudulent conduct, issues that squarely impact the district court's continuing jurisdiction over the integrity of its judgment and administration of the settlement. Because courts routinely permit post-judgment discovery of settlement objector, especially where signs of abuse or fraud exist, Class Counsel's measured inquiries were warranted.

## II.    STATEMENT OF FACTS

On February 24, 2025, Interim Co-Lead Counsel ("Class Counsel") for the Indirect Purchaser Plaintiffs ("IPPs") contacted Pat Zhen ("Zhen")[1] via email to acknowledge receipt of his objection to IPPs' proposed settlement in the underlying antitrust class action *In re Telescopes Antitrust Litigation*. *See* Ruano Decl., Exhibit A. In the same communication, Class Counsel stated their intent to meet and confer regarding Zhen's objection. *Id*. Zhen never responded. Ruano Decl., ¶5.

---

[1] Although Class Counsel maintain doubts regarding his identity, for efficiency, the objector-appellant is referred to herein as "Zhen."

On February 28, 2025, IPPs filed their motion for final approval of the settlement. *See* Mot. for Final Approval of Settlement, *In re Telescopes Antitrust Litig.*, No. 5:20-CV-03639-EJD-VKD, (N.D. Cal. Feb. 28, 2025), ECF No. 404. On March 21, 2025, Class Counsel filed a reply in support of its Motion for Final Approval, responding to the objections. *See* ECF No. 407. Objectors, including Zhen, filed responses (*See* ECF Nos. 401, 402, 403). Zhen also filed a reply in support of his objection on March 26, 2025 (*See* ECF No. 408).

On April 11, 2025, the district court granted final approval to the IPPs' settlement, finding Zhen's (and the others') objections to be meritless. *See* ECF No. 419. Undeterred, on May 5, 2025, Zhen filed a group notice of appeal challenging the judgment. *See* ECF No. 421. Zhen's appeal named three additional objectors: National Woodlands Preservation, Inc. ("Woodlands"), Elman Barnes, and Mike Sussman.[2]

---

[2] Zhen does not explain how he procured the signatures of these various appellants on the notice of appeal, especially considering that Woodlands (and its alleged CEO, Karla Luna) provided no real contact information in connection with its objection in the district court. Despite being required to do so, Woodlands provided only a service processing entity as its address. Woodland's filings did not include an email address or phone numbers. Answers to questions such as how someone allegedly unrelated—like Zhen—procured Woodland's signature on the notice of appeal are among the reasons why Class Counsel has repeatedly attempted to meet and confer with Zhen, and ultimately was forced to serve discovery on him.

Class Counsel again contacted Zhen on May 28, 2025, reiterating their
desire to discuss his objection. In the email, Class Counsel again proposed a Zoom
call to better understand the basis for his objection, as well as to verify his identity
and potential standing as a class member. Zhen again refused to get on a video call.
Zhen responded by characterizing the email as "unusual" and objected to what he
described as a "request/demand" for a video meeting. Dkt. 14.3 at 2.[3] He claimed
(incorrectly) that such outreach to a pro se litigant implicate rules of professional
conduct. *Id*.

On June 18, 2025, Class Counsel responded to Zhen, clarifying that outreach
to a *pro se* objector by Court-appointed settlement counsel was proper. Dkt. 14.3 at
3. Class Counsel reiterated its position that, according to Zhen's own filings, his
objection focused solely on his desire to have Puerto Rico included in the
settlement class, despite damages claims never being brought on behalf of

---

[3] After Zhen filed his Motion, counsel in an unrelated class action submitted a
motion raising concerns similar to the concerns Class Counsel raise here. Counsel
in that case alleged that Zhen submitted fraudulent filings and refused to verify his
identity by getting on a video call. *See* Ruano Decl., Ex. C. Counsel in that case
provides a declaration under penalty of perjury stating that he was then contacted
by someone named "Karla" offering to resolve Zhen's dispute with a $100,000
payment. Id. at 5.

purchasers from the territory. *See* ECF No. 390-1;[4] *See also* ECF No. 419; *Saucillo v. Peck*, 25 F.4th 1118, 1126 (9th Cir. 2022)

Class Counsel also noted that, in preparing to oppose Zhen's appeal, they reserved the right to move to dismiss, seek an appeal bond, conduct discovery, and pursue sanctions if appropriate. Dkt. 14.3 at 3.

Later that evening, on June 18, 2025, Zhen replied with a lengthy email accusing Class Counsel of procedural abuse and improper tactics. Dkt. 14.3 at 4. He reiterated his view that the settlement improperly failed to protect the damages claims of telescope purchasers in Puerto Rico. *Id*. Zhen argued that discovery was improper at this stage and that any attempt to compel his deposition would be challenged. *Id*.

Despite Zhen's increasingly adversarial tone, Class Counsel continued efforts to discuss matters constructively. On June 25, 2025, Class Counsel emailed Zhen asking for his availability to discuss the issues raised through a phone call. Dkt. 14.3 at 5. Having received no response, Class Counsel sent Zhen a deposition subpoena and request for documents on June 26, 2025, scheduling the deposition for July 28, 2025, in San Juan, Puerto Rico. *Id*. at 6. The email enclosed a cover

---

[4] One of the bases of the Court's rejection of Zhen's objection was that he was not included in the settlement class, as the definition of "Indirect Purchaser States" does not include Puerto Rico. *Id*. at 8.

letter offering to coordinate logistics and invited Zhen to accept service electronically to avoid formal service. *Id.*

When Zhen failed to respond, Class Counsel followed up on June 30, 2025, informing him that personal service had been attempted at an address associated with him in Puerto Rico, but was unsuccessful. Dkt. 14.3 at 17. Class Counsel again asked whether he would voluntarily accept service or provide updated contact information as there were legitimate concerns the contact information Zhen had provided was not accurate and perhaps intended to evade service. *Id.*

In parallel, on July 14, 2025, Class Counsel filed a motion for an appeal bond as to all four objector-appellants, including Zhen. *See* Ruano Decl., Ex. B. The motion detailed serious concerns regarding the objectors' standing, arguments opposing the substance of the appeals, the difficulties of cost recovery, and the indicia of fraud as to all of the appellants uncovered through investigation – including with respect to Zhen. *Id.* On July 21, 2025, Zhen filed with a motion for a protective order with the district court. *See* ECF No. 432. Class Counsel's opposition is due August 4, 2025. On July 24, 2025, Zhen filed his opposition to Class Counsel's appeal bond motion. *See* ECF No. 438. Zhen filed this motion at issue on July 20, 2025.

## III.    ARGUMENT

### A.    Appeal Does Not Strip the District Court of Jurisdiction to Allow

## Discovery Regarding Objectors and Administration of Settlement

Zhen's primary argument is that the filing of a notice of appeal divests the trial court of jurisdiction to enforce this discovery. But in the context of the continuing administration of a settlement and protection of the integrity of a judgment, as is the case here, courts are permitted to continue discovery regarding objectors during the pendency of appeals. In similar factual contexts, district courts permit discovery against objectors, even when an appeal regarding final approval is pending. *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) ("The request for discovery is proper as it will be used to pursue information regarding Objectors' standing in regards to their appeals and the bases for Objectors' current contentions.").

Zhen wrongly asserts "[t]his Court [9th circuit] has jurisdiction over this motion. Upon the filing of a notice of appeal, the district court loses jurisdiction over the aspects of the case involved in the appeal." Dkt. 14.1 at 1 (citing *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) and *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Zhen further states "[T]he action is no longer 'pending' in the district court such that subpoenas could issue without leave of court." Dkt. 14.1 at 2. Because final judgment has been entered and appealed, Zhen argues, the case is no longer pending in the district court but is instead now pending before this Court. *Id.*

But "it is well settled that following a notice of appeal, the [District] Court retains jurisdiction 'to preserve the integrity of [its] judgments in general, and specifically to protect the Court's final judgment . . . .'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012) ("*CRT*") (citing *In re Itel Secs. Litig.*, 596 F. Supp. 226, 233 (N.D.Cal.1984), aff'd 791 F.2d 672 (9th Cir.1986); *see In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) ("[T]he Court retains jurisdiction to preserve the integrity of the Final Order, even in situations where an appeal has been filed."); *In re Gushlak*, No. 11-MC-218 NGG, 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012) ("If an appeal from an order or judgment divested the district court of jurisdiction to enforce that order or judgment, there would be no point to Rule 62(d) of the Federal Rules of Civil Procedure, which provides for a stay of an appealed order or judgment with the posting of a supersedeas bond."); *Linneman v. Vita-Mix Corp.*, No. 1:15-CV-748, 2018 WL 5722722, at *5 (S.D. Ohio Nov. 1, 2018).  As the forgoing cases demonstrate, a district court retains jurisdiction and the ability to allow discovery regarding objectors challenging the integrity of its judgments, including final judgment, even when an appeal has been filed.

Further, in *CRT* the district court held that it had jurisdiction to subject an objector to discovery because objectors voluntarily submit to the court's

jurisdiction and are therefore "properly subject to discovery" even after final judgment and notice of appeal. 281 F.R.D. at 533. Other courts agree. *See, e.g., Linneman v. Vita-Mix Corp.*, No. 1:15-CV-748, 2018 WL 5722722, at *5 (S.D. Ohio Nov. 1, 2018) ("several courts have approved discovery from objectors either prior to final approval of a settlement agreement or after a class action settlement has been approved."); *In re T-Mobile Customer Data Sec. Breach Litig.*, No. 4:21-MD-03019-BCW, 2023 WL 11878507, at *2 (W.D. Mo. June 29, 2023), *aff'd*, 111 F.4th 849 (8th Cir. 2024); *Granillo v. FCA US LLC*, No. CV16153FLWDEA, 2018 WL 4676057, at *7 (D.N.J. Sept. 28, 2018); *see also Newberg and Rubenstein on Class Actions* § 13:33 (6th ed. 2025) (courts have ordered discovery of objectors even "after entry of final judgment while a case was on appeal.") (citations omitted)).

Though Zhen questions how such discovery could be utilized at this juncture (*see* Dkt. 14.1 at 2-3), the information plaintiffs seek will clarify Zhen's standing and legitimacy and "may be pertinent to informing the court about the nature and merits of the appeal," *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013). As other courts have held, discovery "may be sought from objectors as long as it is relevant to a party's claims and proportional to the needs of the case." *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019). The discovery sought

8

here "may be used in connection with a motion in [the District] Court, such as a motion for imposition of an appeal bond or for sanctions, or in a variety of possible motions in the appellate proceeding." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 3884634, at *2 (N.D. Cal. June 7, 2023); *In re Itel Sec. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986); Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice at § 6:537 ("Evidence outside the district court record that is relevant to the motion's disposition should be presented by affidavit or declaration and served and filed with the motion.").

Accordingly, Zhen's reliance on *Golloher* is misplaced. Dkt 14.1 at 3 (citing *Golloher v. Todd Christopher Int'l, Inc.*, No. C 11-1726 RS, 2014 WL 12625124, at *1 (N.D. Cal. July 7, 2014)). Unlike in *Golloher*, Class Counsel here have articulated why discovery is necessary. 2014 WL 12625124, at *2 ("plaintiffs have not shown it would be appropriate for the district court to allow it in the context of an appeal"). As demonstrated in IPPs' Motion for an Appeal Bond (*See* Ruano Decl. Ex. B), and further discussed in § B, Class Counsel have articulated legitimate and relevant purposes for serving discovery on Zhen, including his admitted lack of standing. Class Counsel's continued investigation has uncovered strong indicia of fraud associated with his actions and questions regarding whether

9

Zhen is who he purports to be, rather than an alias. *See* Decl. Ruano Decl. Ex. B.[5]

Post-judgment discovery serves *both* the district court's need to fairly administer

the settlement and the appellate proceedings, particularly where it informs motions

addressing appeal bonds, sanctions, or the integrity of the judicial process (as the

facts demonstrate here).

 Zhen's arguments ignore well-established principles regarding district

courts' jurisdiction to enforce and administer their own final judgments and

settlements, even after an appeal is filed. Expressly reserved in both the Final

Approval Order and the settlement agreement,[6] the district court's continuing

---

[5] Zhen also cites *Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993), for his
position that there are only limited exceptions to his argument that an appeal strips
a district court of jurisdiction. But *Campbell* is factually inapplicable and its
holdings irrelevant. *Campbell* concerned a habeas petitioner who appealed the
district court's order denying his motion "for leave to videotape the execution" of a
prisoner by hanging. 982 F.2d at 1357. The habeas petitioner's atypical procedural
path concerning his discovery request is not only distinguishable from the matter
here, but the Court in *Campbell* never stated that that Rule 27(b) is the "only
exception" where subpoenas could issue without leave of court.

[6] The Final Approval Order (which is incorporated into the Final Judgment) makes
this expressly clear, providing that the district court "retains jurisdiction of all
matters relating to the interpretation, administration, implementation, effectuation,
and enforcement of this Order and the Settlement Agreement." ECF No. 419 at 20.
The Settlement Agreement further states the district court "shall retain exclusive
jurisdiction over the implementation and enforcement of this Settlement
Agreement." Ex. A to the Decl. of Alejandra C. Salinas in Supp. of Pls.' Mot. for
Prelim Approval at 27, ECF No. 390-1.

jurisdiction extends to post-judgment discovery, which ensures the integrity of the settlement's administration.

### B.  The Requested Discovery Is Relevant, Proper, and Not Unduly Burdensome

While the district court is in the best position to determine the appropriateness and proportionality of the discovery propounded, if this Court is to evaluate the requested discovery, Class Counsel maintain it is highly relevant, proper, and not unduly burdensome.

The deposition notice and requested documents propounded by Class Counsel are relevant under the standards articulated by the Federal Rules of Civil Procedure, which permit litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining relevancy as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

The discovery requested by Class Counsel is relevant and will be informative. It is germane to the pending motion for a protective order and sanctions, but more importantly relevant to concerns regarding an appeal by an objector without standing whose actions carry the strong indicia of fraud. *See*

Ruano Decl., Ex. B.[7] Zhen continues to refuse provide customary proof of

purchase or a residential address, instead listing a P.O. Box and offering no

evidence of purchasing a telescope in a state or territory covered by the Settlement.

*See Id*. at 27. As illustrated in a public records search, Zhen is associated to "Karla

Corea," an individual known for multiple fraudulent claims in other class actions.

*See* Dkt. 14.3 at 45. Additionally, a well-regarded claims administrator, Angeion,

has rejected multiple claims submitted under the names "Pat" or "Patrick Zhen" in

other settlements due to suspected fraud, including use of multiple distinct email

addresses and other serious red flags. *See* Ruano Decl., Ex. B at 102-106. These

facts, among others, demonstrate that the discovery served on Zhen concerning his

standing to object, the legitimacy of his identity, and relationship to other

suspected fraudulent objectors is relevant and proper.

## C. The Filing of Publicly Available Personal Information Does Not Merit Sanctions

Although Zhen claims that Class Counsel's filing of a document that

contained the first five digits of his social security number, this conduct does not

merit sanctions for several reasons. First, the information is publicly available and

was obtained based on a reasonable inquiry under the circumstances of his

settlement claim and subsequent objection and appeal. In connection with their

---

[7] *See also*, a recent response to an objection filed by a "Zhen" in another class

Motion for an Appeal Bond (*See* Ruano Decl., Ex. B.), an investigator submitted a LexisNexis SmartLinx Person Report containing **publicly available** information concerning Zhen based on what information was available to Class Counsel. *See* Ruano Decl., Ex. B at 117-120. Because Zhen failed to provide a residential address in support of his objection and appeal, Class Counsel conducted a reasonable search to identify the most effective means of serving him with discovery. That search included generating a LexisNexis report—taken from public information—which listed the unconfirmed first five digits of a social security number associated with Zhen. The last four digits of the SSN are redacted for privacy. This information was flagged in the report with a "Moderate Risk Indicator," and LexisNexis explicitly noted that the SSN may have been "randomly issued by the SSA." The report also included Zhen's purported month and year of birth.

Second, Zhen does not appear to value this information itself because, in support of his own motion for a protective order and sanctions, Zhen *publicly refiled* the same report justifying the disclosure on the ground that Class Counsel had "already made them public." Dkt. 14.1 at 8, 9, fn. 4. Yet in support of his own motion for a protective order and sanctions, Zhen refiled the same report justifying the disclosure on the ground that Class Counsel had "already made them public."

---

action settlement, raising similar concerns. Ruano Decl., Ex. C.

Dkt. 14.1 at 9, fn. 4. Irrespective of Zhen's reasoning, he has waived protection under Rule 5.2(a) by voluntarily filing the same documents he takes issue with. Under Federal Rule of Civil Procedure 5.2(h), "a person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2.(h); *Johnson v. United States*, No. 523CV02542SSSAJR, 2023 WL 9687509, at *1 (C.D. Cal. Dec. 15, 2023), reconsideration denied, No. 5:23-CV-02542-SSS-AJR, 2024 WL 1135774 (C.D. Cal. Feb. 22, 2024) ("to the extent Plaintiff filed any of his own information without redaction and now seeks to redact it under Rule 5.2(a) that request is DENIED as waived."); *see United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016).

Third, while Class Counsel disagree with Zhen's position, out of an abundance of caution, Class Counsel immediately acted to strike the documents from the district court docket, and preemptively re-filed redacted versions of the reports to address Zhen's concerns.

### D.   Zhen's Challenge to the Subpoena Lacks Merit Under Rule 45

In conjunction with the various arguments Zhen advances to strike or quash the subpoenas, Zhen contends the subpoenas do not comport with 45(a)(1)(B). Rule 45(a)(1)(B) requires that, "[a] subpoena commanding attendance at a deposition must state the method for recording the testimony."

But, the absence of information stating the method for recording the testimony of the deponent is not a basis for striking or quashing a subpoena. *See Oliver v. In-N-Out Burgers*, No. 12-cv-767, 2013 WL 12415761, at *3 n.2 (S.D. Cal. Feb. 7, 2013) ("However, Rule 45's provisions for when a subpoena must or may be quashed do not include the failure to notify of the method of recording. *See* Fed. R. Civ. P. 45(d)(3)); *S.W. by & through Wojcehowicz v. United States*, No. 1:19-CV-2947, 2021 WL 915900, at *1 (N.D. Ohio Mar. 10, 2021) ("failure to provide a recording method is not one of provided reasons requiring courts to quash or modify a subpoena."). Zhen has no basis for challenging the subpoena under Rule 45.

## E. Zhen's Reliance on California Civil Rule of Court 3.37 Is Misplaced

Zhen relies on a California Civil Rule that does not support his objection to Plaintiffs' document request. Zhen cites "California Civil Rule 3.37 and similar rules and opinions" to argue that Document Request 10 is "inappropriate," "would not be disclosable," and "harassing." Dkt. 14.1 at 14. That request, served concurrently with Zhen's deposition subpoena seeks "All DOCUMENTS sufficient to show any PERSON who represented YOU in connection with any OBJECTION YOU submitted in any class action in the past ten (10) years." Dkt. 14.3 at 16.

But California Civil Rules of Court 3.37 concerns something else: the nondisclosure of "ghostwriting" by attorneys in California state civil proceedings. Specifically, 3.37(a) reads: "In a civil proceeding, an attorney who contracts with a client to draft or assist in drafting legal documents, but not to make an appearance in the case, is not required to disclose within the text of the documents that he or she was involved in preparing the documents." Cal. Rules of Court, 3.37.

Class Counsel is not attempting to compel disclosure by the assisting attorney. The request is not specific as to attorney-client representation. Instead, Class Counsel seeks documents sufficient to identify any individuals who represented or assisted Zhen in connection with objections he submitted in other class actions over the past ten years, regardless of whether those individuals formally appeared or disclosed their involvement in the underlying proceedings. Further, Zhen admits he has not spoken to or been represented by counsel in this appeal,[8] undermining his argument that such information would implicate confidentiality or attorney obligations. Finally, Zhen fails to cite any "similar rules and opinions" to support his assertion that the request would not be disclosable. Document Request No. 10 seeks relevant, nonprivileged information and his objections do not provide a valid basis to resist discovery on the topic.

---

[8] "Appellant Zhen represents that as of now, he has not spoken to an attorney relating to this appeal." Dkt. 14.1 at 16, fn. 5.

### F.   Sanctions Under 28 U.S.C. § 1927 Are Unwarranted

Zhen's request for sanctions under 28 U.S.C. § 1927 and pursuant to the Court's inherent authority is unsupported by the record and the law. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). "[R]ecklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Class Counsel's efforts to discover relevant information regarding Zhen's identity and standing stems from its duty to prevent fraud on all courts and does not meet the standard for sanctions under either § 1927 or the Court's inherent authority.

First, Zhen's accusation that Class Counsel engaged in harassment by contacting him to meet and confer and by requesting a Zoom call is baseless. Class Counsel made good-faith efforts to engage with Zhen and discuss each other's concerns informally, in the hope of reaching complete or partial resolution. When

those efforts were ignored or rejected by Zhen, Class Counsel proceeded with discovery narrowly tailored to assess his standing and suspect motives.

Second, Zhen's reliance on Class Counsel's submission of a LexisNexis SmartLinx Report as a basis for sanctions is similarly misplaced. The report is based on publicly available information and used to identify a proper service address only after Zhen refused to provide a residential address in his objection and appeal. The report contained publicly available information and proper redactions of personally identifiable information. Importantly, Zhen himself refiled the same report in his motion.

Third, Class Counsel's discovery efforts are part of its duty to protect the Class and the courts from fraud and waste. Rather than recklessness or harassment, as Zhen suggests, the record shows diligent investigation prompted by specific indicia of fraud. As shown throughout the record here and other cases, Zhen engages in repeated misdirection to obfuscate inquiries into his true identity and the indicia of fraud associated with his claims in this case and this appeal. *See* Ruano Decl., Ex. C.

Zhen fails to demonstrate that Class Counsel acted in bad faith or unreasonably multiplied proceedings. His request is part of a pattern to delay and avoid discovery and for this Court, or any court, to truly examine the purpose of

his objections and identity. It is not a proper invocation of Section 1927 or the Court's inherent authority to issue sanctions.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny Zhen's emergency motion for a protective order and sanctions in full. The district court retains jurisdiction, the discovery served is appropriate, and Zhen's objections are both unsupported and undercut by his own actions. His motion is simply an attempt to avoid scrutiny of an appeal that appears unfounded—if not fraudulent.


Dated: July 30, 2025                    **COTCHETT, PITRE & McCARTHY, LLP**


                        */s/ Adam J. Zapala*
                        Adam J. Zapala (SBN 245748)
                        Elizabeth T. Castillo (SBN 280502)
                        Christian S. Ruano (SBN 352012)
                        **COTCHETT, PITRE & McCARTHY,**
                        **LLP**
                        840 Malcolm Road
                        Burlingame, California 94010
                        Telephone: (650) 697-6000
                        Facsimile: (650) 697-0577
                        azapala@cpmlegal.com
                        ecastillo@cpmlegal.com
                        cruano@cpmlegal.com


                        */s/ Kalpana Srinivasan*
                        Kalpana Srinivasan (Bar No. 237460)
                        Marc M. Seltzer (Bar No. 54534)
                        Steven Sklaver (Bar No.237612)

Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (pro hac vice)
Texas SBN 24102452
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
asalinas@susmangodfrey.com

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Plaintiffs-Appellees and the*
*Indirect Purchaser Plaintiff Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Dated: July 30, 2025          **COTCHETT, PITRE & McCARTHY, LLP**

_/s/ Adam J. Zapala_
Adam. J. Zapala

*Counsel for Plaintiffs-Appellees and the Indirect Purchaser Plaintiff Class*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**Raymond Kessler, Hartence Hill, Lazaro**
**Rodriguez, Teresa Herendeen, and Barbara Abreu**
**individually and on behalf of all**
**others similarly situated,**

        **Plaintiffs,**

**v.**                             **Case No.: 7:24-cv-00526**

**The Quaker Oats Company,**

        **Defendant.**

-----------------------------------------------------------x

**CLASS COUNSELS' RESPONSE TO THE OBJECTION OF PAT ZHEN**

I.       **Preliminary Statement**

As set forth in Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 42) the reaction of the Settlement Class to the proposed Settlement has overwhelmingly been positive. As of July 10, 2025, Angeion received approximately 140,712 (140,273 online, 439 paper) Claim Form submissions. Yet, as discussed below only one objection to the settlement, an extraordinarily infinitesimal percentage of the Class, was filed.

Following dissemination of the Court-approved notice to Class Members in this case, on July 8, 2025, Class Counsel became aware of a single objection to the Settlement made by an individual identifying himself as and purporting to be "Pat Zhen." Mr. Zhen's objection, as well as his July 11, 2025 "Supplemental Objection"[1] are annexed to the accompanying Declaration of Jason Sultzer as **Exhibits 1 and 2**, respectively**.**

Class action objectors "may serve an important role in protecting class interests." *In re Petrobras Secs. Litig*., 2018 U.S. Dist. LEXIS 161898, *15 (S.D.N.Y. Sep. 19, 2018). Some objectors, however, seek to pervert the process by filing frivolous objections and appeals, not for the purpose of improving the settlement for the class, but to obtain personal payments in exchange for voluntarily dismissing their appeals. *See id.* (noting that "objector blackmail" has "increasingly interfered with the prompt and fair resolution of class litigation at a direct cost to class members, who may thereby be prevented from collecting the settlement funds owed to them for months and even years.").[2] Other objectors have an animus against class action attorneys, filing objections,

---

[1] On July 11, 2025, Mr. Zhen emailed to class counsel a "Supplemental Objection" related to the process for filing objections. This objection was received beyond the objection deadline of June 27, 2025, and as such is untimely and should not be considered by the Court. However, without waiving the objection to its untimeliness, Class Counsel addresses this objection and will demonstrate that it is baseless.

[2] *See also In re Ivan F. Boesky Sec*., 948 F.2d 1358, 1368 (2d Cir. 1991)(discussing how objectors "constituting...an infinitesimal fraction of the classes as a whole, and pursuing weak claims, have injured all classes by this appeal"); *In re Initial Public Offering Sec. Litig*., 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("concur[ring] with numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients").

1

like those here, that do not materially improve the settlement. Both are bad and disrupt the process of settling class action lawsuits.

Mr. Zhen's objection is not a genuine attempt to improve the Settlement. Indeed. Mr. Zhen has objected to a number of other settlements and those objection have been denied by federal courts.[3] Moreover, the objections he asserts in this matter are based on harmless technical issues, rather than the adequacy of the relief provided to the Class or Class Counsel's requested fee award. *See Grayson v. GE*, 2020 U.S. Dist. LEXIS 134657, *11 (D. Conn. Jul. 27, 2020) (approving class action settlement where "the one objection from a Class Member did not challenge the fairness of the terms of the Settlement to the Class.") Specifically, Mr. Zhen's objection principally attacks the Claims Administrator's (Angeion's) fraud detection process and this Court's procedures for filing objections. As set forth herein and in the supporting declaration of Derek Burrows of Angeion (Sultzer Decl. Ex. 6), however, Angeion employs necessary and reliable procedural safeguards (that have been lauded by courts) designed to prevent fraudulent claims from depleting the Settlement Fund at the expense of Class Members with genuine claims. Mr. Zhen's reasons for objecting to these fraud-prevention measures are suspect given that his claim was rejected, among other reasons, for exhibiting indicia of fraud, and given that Mr. Zhen refused to validate his identity after multiple requests from Angeion and Class Counsel. Finally, and most importantly, Mr. Zhen lacks standing to assert his objection inasmuch as he did not even purchase a product covered by the Settlement. Regardless, even setting aside the indicia of fraud and Mr. Zhen's lack of standing, his objections to technical procedural aspects of the claims process are meritless and should be rejected.

---

[3] *See e.g. In re Telescopes Antitrust Litig* (N.D. Cal.) (5:20-cv-03639-EJD) (Dkt 402); *In re: Optical Disk Drive Products Antitrust Litigation*, 3:10-md-2143 (Dkt. 3108).

## II.     Mr. Zhen Refuses to Validate his Identity

As an initial matter, Mr. Zhen's objection should be denied because there are strong indications that Mr. Zhen may not be who he purports to be.  Indeed, an investigation by Angeion and Class Counsel's independent investigation regarding Mr. Zhen's claim denial revealed that Mr. Zhen is associated with multiple spellings of his name, physical addresses, emails, and phone numbers.

Notably, Angeion rejected Mr. Zhen's claim because it had multiple indicia for fraud. Burrows Decl. ¶ 17. First, the contact information that Mr. Zhen provided in conjunction with his claim submission differed from information he had provided in various other settlements administered by Angeion. Second, the phone number Mr. Zhen provided is different from that provided with claims submissions made by Mr. Zhen in other settlements and is not associated with a Pat Zhen but to another individual, according to Lexis and other third-party data sources. *See* Burrows Decl. ¶¶ 18-21.

Additional red flags regarding Mr. Zhen's claim submission arose during interaction with Class Counsel.  When Class Counsel reached out to Mr. Zhen to discuss his objections and see if they could be resolved, he declined to meet and confer by Zoom (or any other platform where, from Class Counsel's perspective, his identity could potentially be verified), and demanded that he not be recorded in any way.   Sultzer Decl. ¶ 14.   Mr. Zhen did speak to Class Counsel by phone on July 10, 2025, and a second meet-and-confer was scheduled for July 14, 2025.  *Id.* at ¶ 15.  Following the July 10th call, Class Counsel received a phone call from an unknown individual demanding $100,000 in exchange for withdrawing Mr. Zhen's objection.  *Id.* at ¶ 23.  When Class Counsel informed Mr. Zhen of the phone call and again requested that the July 14th meet-and-

confer be held using Zoom, and that Mr. Zhen provide his identification, Mr. Zhen refused. *Id.* at ¶¶ 24 & 25. *See also* Sultzer Decl. Ex. 3.[4]

Both Class Counsel and Angeion subsequently conducted investigations into Mr. Zhen that appeared to reveal additional indicia of fraud.[5] First, a Lexis Search reflects that Mr. Zhen is associated with a number of different names, including "Pat Zhen," "Patrick Zhen," and "Pat Zen" as well as at least two physical addresses, which did not include the P.O Box referenced in Mr. Zhen's objection. *See* Declaration of Michael ("Charles Decl."), annexed to the Sultzer Declaration as Exhibit 7, ¶ 4.

Second, the phone number Mr. Zhen provided in his claim submission is connected with *Individual 1* at a different address from that provided by Mr. Zhen in this matter or any other submissions to Angeion ("Address 1"). *See* Charles Decl. ¶ 5; Burrows Decl. ¶¶ 23-24.

Third, Address 1 is listed as being owned by a deceased individual who was survived by his son *Individual 2*, who has been involved in multiple legal proceedings alleging various fraudulent or deceptive activities. Burrows Decl. ¶¶ 25-28; Charles Decl. ¶¶ 6-7.

Fourth, Pat Zhen appeared in *In re: Optical Disk Drive Products Antitrust Litigation*, 3:10-md-2143. *See* Burrows Decl. ¶ 29. In that matter, Mr. Zhen filed a motion with contact information that included a telephone number registered to *Individual 2*. *Id.* The phone number Mr. Zhen provided with his claim in that matter (a different number than that provided in his motion), however, is associated with another address within the continental United States ("Address 2"). Address 2 is linked to a Pat Zhen with yet another distinct Puerto Rico address ("Address 3"),

---

[4] Class Counsel also afforded Mr. Zhen an opportunity to verify his identity in any way with which he was comfortable. Mr. Zhen responded by sending an email to all Class Counsel and defense counsel threatening to sue them. *See* Sultzer Decl. **Exhibit 4.**

[5] In order to protect Mr. Zhen's privacy, Class Counsel and Angeion are not disclosing the specific phone numbers, email addresses, physical addresses, or identities of the individuals associated with those phone numbers or addresses that were uncovered by their investigations. Should the Court deem it necessary, Class Counsel can provide additional details regarding the investigations to the Court *in camera*.

which in turn is associated with a corporation which lists *Individual 1* as its president and treasurer. Burrows Decl. ¶¶ 30-32.

Mr. Zhen also recently filed an objection in *In re Telescopes Antitrust Litig.*, which was denied. 2025 U.S. Dist. LEXIS 70066, at *30 (N.D. Cal. Apr. 11, 2025). Counsel for the class in that matter also conducted an investigation into Mr. Zhen that found indicia of fraud, the results of which are set forth in the Declaration annexed as **Exhibit 5** to the Sultzer Declaration.

Based on the investigations and findings described above, both Angeion and Class Counsel's own investigator have concluded that there is substantial information reasonably indicating that the objection filed under the name Pat Zhen is highly suspicious and was correctly rejected, especially since Mr. Zhen was unwilling to further engage in the process of validating his identity. *See* Charles Decl. ¶ 9 & Burrows Decl. ¶¶ 33 & 36. Mr. Zhen's refusal to verify his identity is, by itself, a sufficient reason to question the veracity of his claims and to deny his objections.

### III.     Mr. Zhen Does not Have Standing to Make His Objection

Regardless of whether Mr. Zhen is who he claims to be, he does not have standing to pursue his objections because he did not purchase a Covered Product and therefore is not a member of the Class. The Federal Rules of Civil Procedure unequivocally state that only class members have the ability to object to a class settlement. *See* Fed. R. Civ. Proc. 23(e)(5)(A).[6]

Mr. Zhen's claim submission claimed that he purchased two of Defendant's products: 1) the Quaker Chewy Yogurt Yogurt Variety Pack Chewy (14 Ct) (17.2 Oz) and; 2) the Quaker Assorted Chewy (48 Ct) (48.32 Oz). Sultzer Decl. ¶ 32. Crucially, neither of those products are

---

[6] *See also In re Drexel Burnham Lambert Grp., Inc*., 130 B.R. 910, 923 (S.D.N.Y. 1991), aff'd, 960 F.2d 285 (2d Cir. 1992) ("Only Class members have standing to object to the Settlement of a class action" because "[o]bjectors who are non-Class members lack standing to object to the fairness, reasonableness and adequacy of the Settlement.").

Covered Products under the Settlement Agreement, and accordingly, Mr. Zhen is not a Class Member and does not have standing to lodge his objections.  *See* Dkt. 13-1, Exhibit D.  Moreover, when Class Counsel questioned Mr. Zhen about the products he purchased during the July 10th call, he was confused and unable to do so with any clarity or specificity.  Sultzer Decl. ¶ 16.

## IV.    Mr. Zhen's Objections Are Meritless

Even if Mr. Zhen did have standing to raise his objections (which he does not), they should nevertheless be rejected by the Court because they attack necessary fraud prevention processes or complain about technical procedural issues that are largely moot.

### *1.  Angeion's Fraud Detection Processes*

Mr. Zhen asserts that the claims process violates due process because Angeion has unfettered discretion in denying claims and Class Members have no means to challenge claim denials.  But this is plainly incorrect.  The Settlement Agreement is clear that Class Counsel, Defendant, and the Court all retain oversight regarding fraud detection and the denial of claims.  *See* Dkt. 13-1, § 4.8.[7]  Contrary to Mr. Zhen's complaint, Angeion's fraud detection system is a necessary tool to prevent fraud and preserve funds for Class Members making genuine claims.  Indeed, in recent years there has been a significant increase in the volume of attempted fraud in class action settlements, accompanied by rapidly evolving and increasingly sophisticated tactics.  *See* Burrows Decl. ¶¶ 6-8.[8]

---

[7] If any fraud is detected or reasonably suspected, the Claim Administrator and Parties can require further information from the Settlement Class Member (including by cross-examination) or deny claims, *subject to the supervision of the Parties and ultimate oversight by the Court* . . . The Claims Administrator's decision as to the validity of claims shall be final and binding, *except that Class Counsel and Defendant shall retain the right to audit claims and to challenge the Claim Administrator's decision by their mutual agreement or by motion to the Court.*" Settlement Agreement Section 4.8. (emphasis added).

[8] *See also In re Telescopes Antitrust Litig.*, 2025 U.S. Dist. LEXIS 70066, *28-29 (N.D. Cal. Apr. 11, 2025) ("the presence of fraudulent class action settlement claims is a growing and serious concern that could jeopardies the integrity of class action settlements.")

Angeion has responded by implementing state-of-the-art fraud detection software creating comprehensive solutions to identifying fraud based on both state-of-the-art technology and analysis of over a decade of historical claims data. *Id*. at ¶¶ 9-13. Indeed, a recent case in this District found "Angeion's fraud detection system is robust and appropriately designed to weed out fraudulent claims." *In re Novartis*, 2024 U.S. Dist. LEXIS 132677, *15 (S.D.N.Y. Jul. 26, 2024). Moreover, during a Fairness Hearing in April of this year, the Honorable Vincent L. Briccetti recognized "the extensive work and sophisticated technology that Angeion utilized in addressing the unprecedented programmatic fraud issues in connection with this settlement"…further stating that "absent Angeion's work in this rather extraordinary case, it's likely that the settlement would never have been approved and the class members would never have been paid."[9] Class Counsel has reviewed Angeion's fraud detection process and has been in constant contact with Angeion throughout the claims process regarding claim denials, and is fully confident that Angeion's process is thoughtfully designed to reduce false positives and is necessary to protect the Class. *See* Sultzer Decl. ¶ 28.

Further, Mr. Zhen undermines his own objection. As set forth in his objection, when his claim was denied, Angeion notified him that there were inconsistencies with his submission and instructed him to try again or contact Angeion or Class Counsel. Angeion's records reflect that Mr. Zhen did not attempt to resubmit his claim or to contact Angeion. Burrows Decl. ¶ 21. Indeed, Mr. Zhen confirmed to Class Counsel that he did not make a second attempt to submit his claim and did not reach out to Angeion or Class Counsel to find out why his claim had been rejected. Sultzer Decl. ¶ 17. And, when Class Counsel offered to assist Mr. Zhen in processing his claim, he refused. *Id*. at ¶ 18. Moreover, Class Members whose claims are rejected have the opportunity

---

[9]*Jimenez v. Artsana USA, Inc*., No. 7:21-cv-07933-VB (S.D.N.Y.)

to opt-out of the Settlement to preserve their claims or object to the Settlement (as Mr. Zhen has done here).  *See* Dkt. 13-1, § 6.

Nor, as Mr. Zhen claims, does Class Counsel have any conflict of interest regarding fraud detection or the acceptance or denial of claims.  Rather, Class Counsel has a fiduciary duty to ensure that valid claims are processed *and* that invalid claims are rejected in order to protect the Class and the integrity of the claims process.  Moreover, Class Counsel does not have any financial interest in the number of claims that are deemed valid or invalid, and given that the Settlement ensures there is no reversion to the Defendant, the number of rejected claims is of no moment to the Defendant.

### 2. Distribution of Unclaimed Funds

Mr. Zhen objects to the provisions of the Settlement Agreement (Section 4.10) that distribute the funds from unclaimed checks to a *cy pres* recipient on the grounds that such funds should escheat to the state by law.  As an initial matter, this objection is moot because only approximately ten claimants requested checks as a method of payment.  *See* Sultzer Decl. ¶ 20. When Mr. Zhen learned of the low number of checks that were issued during his meet-and-confer with Class Counsel, he agreed to withdraw this objection.  *Id.*

Even if that were not the case, the Second Circuit Court of Appeals has made it clear that distribution of settlement funds to a *cy pres* recipient is permissible and indirectly benefits class members.  *See Hyland v. Navient Corp.,* 48 F.4th 110, 121 (2d Cir. 2022) (approving settlement where the *entire* settlement fund was distributed to a *cy pres* recipient).[10]  Moreover, both the

---

[10] *See also* In re Remicade Antitrust Litig., No. 17-CV-04326, 2023 WL 2530418, at *20 (E.D. Pa. Mar. 15, 2023) (rejecting similar objection as "baseless"); *Hesse v. Godiva Chocolatier, Inc.*, No. 1:19-CV-0972-LAP, 2022 WL 22895466, at *7 (S.D.N.Y. Apr. 20, 2022) (finding cy pres to be an "appropriate manner" to dispose of uncashed checks and paypal provisions and rejecting objection that asked for uncashed checks  to be re-distributed, not sent to unclaimed property funds).

NACA Class Action Guidelines and the ALI Principles of the Law of Aggregate Litigation disfavor escheating to the state because it fails to provide an indirect benefit to the class in the way that *cy pres* distribution does.[11]

### 3. Debit Card Terms and Conditions

Mr. Zhen further complains that the Settlement permits Class Member to receive reimbursement on prepaid debit cards, but does not disclose the terms of those cards, which he alleges are issued by companies that engage in schemes to defraud card holders.[12]  As an initial matter, Mr. Zhen selected Venmo as his preferred payment method when he attempted to make a claim, and he does not purport to be aware of any Class Members who experienced any freezes, fees, or any other issues with the debit cards they received.  Accordingly, while Mr. Zhen may be personally unhappy with the companies that manage the debit cards, any injury to the Class Members is purely hypothetical.  Moreover, contrary to Mr. Zhen's claims, as part of the claim submission process, the terms and conditions of the debit cards are made available at the time of payment election for each of the payment options available for the administration, and the terms are extremely simple and straightforward.  *See* Dkt. 44 Ex. L.

---

[11] *See* The NACA Guidelines, Guideline 6 & discussion; ALI Principles § 3.07 cmt. b ("*A cy pres* award to a recipient whose interests closely approximate those of the class is preferable to either [escheat to the state or reversion to the defendant].").  *See also First Albany Corp. v. Am. Integrity Corp.,* 2015 U.S. Dist. LEXIS 164559, *4 (E.D. Pa. Dec. 8, 2015) (declining to order unclaimed funds in class action settlement to escheat to the state even though it was potentially mandated by Pennsylvania law because it would be impracticable); *Highland Homes Ltd. v. State*, 448 S.W.3d 403, 414 (Tex. Aug. 29, 2014) (holding that Texas law did not require unclaimed class action settlement funds to escheat to the estate).

[12] As one judge in this Circuit has noted, the ease of receiving payment electronically or by card is a benefit to the Class. *Goldstein v. Henkel Corporation et al*., No. 3:22-cv-00164-AWT (D. Conn.) (ECF No. 98)  ("[w]ith respect to 23(e)(2)(C), I was struck by the fact that to submit -- the class members only need to submit a simple form and that they had a variety of options for the way in which they receive the settlement payment. I thought that was a very good feature of how things were structured.")

#### 4. Waiver of Unknown Claims

Mr. Zhen also objects to the Settlement on the grounds that it contains a waiver of unknown claims, including waiver of rights under California Civil Code section 1542. *See* Dkt. 13-1; § 8.3. The Agreement, however, makes it clear that Class Members' potential personal injury claims related to consuming Defendant's contaminated food products are not waived. *See id.* § 8.1 ("The Released Claims exclude claims for bodily injury.").  Moreover, as one court recently noted in another case in which Mr. Zhen filed an objection, "California Civil Code § 1542 waivers are commonplace in class action settlements. Such waivers are uncontroversial in the class action context because, like all class settlements, the extent of any release is constrained by the identical factual predicate doctrine." *In re Telescopes Antitrust Litig.*, 2025 U.S. Dist. LEXIS 70066, at *29.[13]  Indeed, courts in this Circuit regularly approve class action settlement with similar releases of unknown claims.[14]  Regardless, when Class Counsel explained the scope of the waivers to Mr. Zhen during their meet-and-confer, Mr. Zhen agreed to withdraw this objection as well.  Sultzer Decl. ¶ 21.

#### 5. Supplemental Objection to the Objection Process

Finally, Mr. Zhen's "Supplemental Objection," which is untimely, complains that the claim notice instructs Class Members that they can object by filing an objection on the ECF system, but

---

[13] *See also In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 243, 260 (D. Del. 2002) (rejecting objection to release of unknown claims and waiver of Cal. Civ. Code § 1542 in class action where plaintiffs released all claims "that relate to the marketing, promotion or sale of Coumadin during the Class Period that were or could have been asserted" because "the release language clearly limits it to the subject matter of this litigation") , *aff'd*, 391 F.3d 516 (3d Cir. 2004); *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 244 (D.N.J. 2005) ("To the extent objectors argue that the Settlement is not fair because the scope of the release is too broad, including claims not pled in the Complaint or unknown to the Class Member, the Court finds these objections without merit. The Court recognizes that in class action settlements, releases may include all claims that arise out of the same course of conduct alleged in the Complaint.").

[14] *See, e.g., Delcid v. TCP Hot Acquisition LLC*, No. 1:21-CV-09569-DLC, 2023 WL 3159598, at *3 (S.D.N.Y. Apr. 28, 2023) (approving release with nearly identical language in consumer class action alleging benzene contamination in deodorant products); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005) ("class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the identical factual predicate as the settled conduct.") (internal citations omitted).

that non-parties are prevented from filing on ECF in the White Plains Division of the Southern District of New York. As Mr. Zhen notes, however, the notice also informs Class Members that they can lodge objections by mailing them to the Court, which is exactly what Mr. Zhen did in this case. Accordingly, Class Members are given ample opportunity to object to the Settlement, just as Mr. Zhen did. Moreover, to the extent Mr. Zhen complains that mailing his objection to the Court is inadequate because it will not be publicly filed on the docket, that objection is directed at the procedure of the Court clerk rather than the Settlement. Nor is there any specific rule Class Counsel is aware of requiring that objections be placed on the public docket, or that requires class action notice to explain the Court's local rules or ECF procedures. In any event, Mr. Zhen's objection has been placed on the public docket where it can be reviewed by the Class, so this complaint is moot.

## V.        Conclusion

For the reasons set forth herein, Mr. Zhen's objections should be denied in their entirety and the Settlement Agreement should be granted final approval.


Dated: July 21, 2025                      Respectfully submitted,

                                          By: */s/ Jason P. Sultzer*
                                               Jason P. Sultzer

**SULTZER & LIPARI, PLLC**
                                          Jason P. Sultzer, Esq.
                                          Jeremy Francis, Esq.
                                          85 Civic Center Plaza, Suite 200
                                          Poughkeepsie, NY 12061
                                          Tel: (845) 483-7100
                                          Fax: (888) 749-7747
                                          sultzerj@thesultzerlawgroup.com
                                          francisj@thesultzerlawgroup.com

11

**REESE LLP**

Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
*mreese@reesellp.com*

**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**

Nick Suciu III, Esq.
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Tel: (313) 303-3472
*nsuciu@milberg.com*

**POULIN WILLEY ANASTAPOULO**

Paul Doolittle
32 Ann St,
Charleston, SC 29403
Telephone: (800) 313-2546
Email: *pauld@akimlawfirm.com*

**LEVIN SEDRIN & BERMAN**

Charles E. Schaffer
510 Walnut Street, Suite 500
Philadelphia, Pa. 19106
Telephone: (215) 592-1500
Email: *cschaffer@lfsblaw.com*

**BURSOR & FISHER, P.A.**

Joshua Arisohn
1330 A venue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
*jarisohn@bursor.com*

**GOLDENBERG SCHNEIDER, L.P.A.**

Jeffrey S. Goldenberg
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513-345-8297
*jgoldenberg@gs-legal.com*

**LEEDS BROWN LAW, P.C.**

Jeffrey K. Brown
One Old Country Road, Suite 347

Carle Place, NY 11514
Telephone: (516) 873-9550
*jbrown@leedsbrownlaw.com*

*Attorneys for Plaintiffs and the Settlement Class*

# EXHIBIT C

 Outlook

**In re Telescopes Antitrust Litig. – Objection**

**From** Tom Boardman <TBoardman@susmangodfrey.com>

**Date** Mon 2/24/2025 8:50 AM

**To** legal@patzhen.com <legal@patzhen.com>

**Cc** Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>; Alejandra Salinas <ASalinas@susmangodfrey.com>; Marc Seltzer <MSeltzer@SusmanGodfrey.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Michael Gervais <MGervais@susmangodfrey.com>; Lin Chan <lchan@lchb.com>; Adam Zapala <AZapala@cpmlegal.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>; Christian Ruano <CRuano@cpmlegal.com>

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Mr. Zhen,

We are in receipt of your objection to the settlement in *In re Telescopes Antitrust Litig.* As counsel for the settlement class, we would like to discuss your objections as soon as possible. Please let us know times you are available to meet by phone/Zoom today (2/24) through this Thursday (2/27).


Best,
Tom Boardman


Tom Boardman | Susman Godfrey LLP
O: (212) 729-2069  C: (415) 298-4627

| Subject | **In re Telescopes Antitrust Litigation – Objection Appeal** |
|---|---|
| From | Tom Boardman <TBoardman@susmangodfrey.com> |
| To | legal@patzhen.com <legal@patzhen.com> |
| Cc | Adam Zapala <AZapala@cpmlegal.com>, Lin Chan <lchan@lchb.com>, Alejandra Salinas <ASalinas@susmangodfrey.com> |
| Date | 2025-05-28 13:09 |

Mr. Zhen,

As you are aware from our prior communications, we are counsel for the Settlement Class in *In re Telescopes Antitrust Litigation*. We are in receipt of your notice of appeal of the Court's Final Approval Order and Judgment.

It would be beneficial for all if we could meet via Zoom to discuss your planned objections and whether any issues can be resolved without an appeal that will delay payments to the class and come at the cost of everyone's time and effort.

We also note that because some of the objectors only provided physical addresses of process servers, we have questions about whether purchases were made by actual consumers in a relevant state and believe it is crucial that we meet face-to-face (virtually) to discuss. Because standing is a requirement to object and appeal, please provide us with proof of both purchase and that you are who you claim to be in advance of our meeting.

Please let us know times the weeks of June 2nd and 9th when you are available.

Best,

Tom

Tom Boardman | Susman Godfrey LLP

Subject   **Re: In re Telescopes Antitrust Litigation - Objection Appeal**

From   P Zhen <bank@patzhen.com>

To   Tom Boardman <TBoardman@susmangodfrey.com>

2025-05-28 15:42

Dear Mr. Boardman:

As should be clear, my objections are based on the failure to include Puerto Rico, a repealer territory of the United States of America, as eligible purchases. Those objections could be resolved by including Puerto Rico purchases, advertising targeted to Puerto Rico, and an extended claims period for Puerto Rico.

The proper way to discuss would be through the Ninth Circuit's mediation program, not the procedure you request/demand.  I recommend you tread carefully in implying pro se litigants such as myself are required to join Zoom calls to prove standing or address your concerns.  I refer you to California Rule of Attorney Conduct 4.3 (communication with unrepresented persons) and also possibly 4.1.

If the matter cannot be resolved through mediation supervised by the Ninth Circuit, your recourse if you believe the appeal involves standing issues is to file a motion to dismiss with the Ninth Circuit and/or to raise it in the jurisdictional section of your brief.  Either way, I would be willing to participate in mediation and/or respond to your motions/arguments.

The address I provided is not a process server.

PZZhen

| | |
|---|---|
| Subject | **RE: In re Telescopes Antitrust Litigation - Objection Appeal** |
| From | Tom Boardman <TBoardman@susmangodfrey.com> |
| To | P Zhen <bank@patzhen.com> |
| Cc | Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>, Alejandra Salinas <ASalinas@susmangodfrey.com>, Marc Seltzer <MSeltzer@SusmanGodfrey.com>, Michael Gervais <MGervais@susmangodfrey.com>, Steven Sklaver <ssklaver@SusmanGodfrey.com>, Adam Zapala <AZapala@cpmlegal.com>, Elizabeth Castillo <ecastillo@cpmlegal.com>, Christian Ruano <cruano@cpmlegal.com>, Lin Chan <lchan@lchb.com> |
| Date | 2025-06-18 17:55 |

- In re Telescopes - dckt 000419.pdf(~307 KB)

Mr. Zhen,

We appreciate your response but disagree with the suggestion that court appointed settlement counsel reaching out to confer with a pro se objector appealing approval of the settlement at all implicates that rules of professional conduct you cite.

As you confirmed in the below email, your only argument on appeal regards purchases made in Puerto Rico. Because Puerto Rico based purchases are categorically not included in the settlement class (along with numerous other states and territories), you have no standing to objector or appeal. As the Court held in granting final approval, states and territories like Puerto Rico "are still free to bring their own claims." Dkt. 419 at 15 (attached). To be clear, we are merely stating settlement class counsel's position about which we hope to discuss and not offering you legal advice. If you need legal advice, you should obtain your own counsel.

In preparation to oppose your appeal, settlement class counsel reserve all rights, including filing a motion to dismiss the appeal with the Ninth Circuit's motions panel and requesting that the district court require all objectors to post an appeal bond, respond to appropriate discovery, including sitting for a deposition, and issue any sanctions that the court may deem appropriate to compensate counsel for their time and effort.

We remain open to further discussion, at your convenience.


Tom Boardman | Susman Godfrey LLP
O: (212) 729 2069  C: (415) 298 4627

| Subject | **Re: In re Telescopes Antitrust Litigation - Objection Appeal** |
| --- | --- |
| From | <bank@patzhen.com> |
| To | Tom Boardman <TBoardman@susmangodfrey.com> |
| Date | 2025-06-18 22:57 |

Dear Mr. Boardman:

The problem is you sued with a nationwide class, but then as part of the settlement dismissed the nationwide claims. In addition, you waived Puerto Rico's repealer claims without protecting them. By dismissing the nationwide class, and not including a waiver of the statute of limitations from the defendants, you caused damage to persons who purchased the telescope in Puerto Rico and states that have repealer rights but not included by you. If you secure a waiver from the defendants as to statute of limitations for one year to cure this, I would drop my appeal.

You can seek an appeal bond, I will gladly proffer the $250 in costs you will incur. Anything beyond that I will appeal as constitutionally excessive, oppressive, and meant to harass and discourage the appeal. As far as discovery, again, you are clearly abusing the process. It's June 18, 2025, you should have asked for it during the objections period or right when the appeal was filed. You showed no interest, which demonstrates your improper motivation (to intimidate and harass). Again, if you manipulate the court into providing you some form of leave to conduct your late desire for harassing discovery, and you go through the process of issuing a subpoena to me, I will petition the District of Puerto Rico to quash it. If and only if said abusive discovery process is granted, I will appeal to the United States Court of Appeals for the First Circuit. In the unlikely event that the discovery order is affirmed by the First Circuit, I will participate in your requested deposition within the District of Puerto Rico.

Like you, I reserve my right to exhaust appropriate and lawful remedies, including an abuse of process civil suit or sanctions, if you engage in abusive, manipulative, and intimidating behavior. I also reserve my right to bring your abusive tactics to the attention of future courts considering whether to appoint your firm and your co counsel's firm as class attorneys. Indeed, I understand that these threatened tactics are indeed the modus operandi of your colleagues.

If you had good faith intentions, you neither would have waited 20 days to send this email following up and you certainly wouldn't make passive aggressive threats of all the nasty, costly litigation tactics you referred to in an effort to scare me to waive my rights.

The only plausible non abusive thing that you might do is file a motion for summary affirmance if you are so sure of your position, not prolong matters through further district court proceedings all of which will result in even more appeals and litigation. However, before you do, I would research the prudence of that because if the court delays briefing then denies your motion, you could tack on another several months to the appeal.

What perplexes me is that if the position of the various objectors are so simple, frivolous and non meritorious, you wouldn't try to distract. On the contrary, you would want the quickest possible briefing and decision on the merits without forcing the courts to entertain your side issues.

I trust you understand my position.

PZhen

| Subject | **RE: In re Telescopes Antitrust Litigation - Objection Appeal** |
|---------|----------------------------------------------------------------|
| From | Tom Boardman <TBoardman@susmangodfrey.com> |
| To | bank@patzhen.com <bank@patzhen.com> |
| Cc | Adam Zapala <AZapala@cpmlegal.com>, Elizabeth Castillo <ecastillo@cpmlegal.com>, Alejandra Salinas <ASalinas@susmangodfrey.com>, Lin Chan <lchan@lchb.com> |
| Date | **2025-06-25 12:32** |

Mr. Zhen,

Please let us know a few times when you are available to discuss the below issues, including a statute of limitations waiver.


 Best,
Tom


Tom Boardman | Susman Godfrey LLP
O: (212) 729-2069  C: (415) 298-4627

SAN FRANCISCO
LOS ANGELES

LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

SEATTLE
NEW YORK

June 26, 2025

## PRIVILEGED ATTORNEY-CLIENT COMMUNICATION

### VIA ELECTRONIC MAIL:

Pat Zhen
bank@patzhen.com; legal@patzhen.com

> **RE: *In re Telescopes Antitrust Litigation* (*Indirect Purchaser Actions*),**
> **Case No. 20-cv-03639 (N.D. Cal.)**

**Dear Mr. Zhen:**

Enclosed please find a Subpoena to Testify at a Deposition in a Civil Action and the attached Schedule A seeking your deposition and documents in the above-referenced matter on July 28, 2025, 9:00 AM AST at the Verbatim Reporting Puerto Rico, El Telegrafo Building, 3rd Floor, San Juan, PR 00908. If you are represented by an attorney, please forward this letter and its enclosures to them.

Please note that, given case deadlines, we have limited flexibility with regard to the date of your deposition, but are willing to discuss scheduling with you. Regarding the requested documents, if possible, we would like to receive those in advance of the deposition, so that we may get through your deposition more quickly.

We are in the process of attempting to serve you formally with the enclosed subpoena. In an effort to streamline the process, please advise us as soon as possible if you will accept service of this subpoena via this letter request. Accepting service electronically will avoid the need for personal service and ensure the deposition proceeds efficiently. If you accept service, we will discontinue efforts to personally serve you and will forward the appropriate witness fees via overnight courier.

Should you have any questions about this process, please respond to this letter. I look forward to hearing from you regarding the service of the subpoena.

Sincerely,

ADAM J. ZAPALA

**COTCHETT, PITRE & McCARTHY, LLP**

*Letter to Pat Zhen*
*June 26, 2025*
*Page 2*

cc:    Elizabeth T. Castillo
       Christian S. Ruano

| Subject | **Re: In re Telescopes Antitrust Litigation (Indirect Purchaser Actions), Case No. 20-cv-03639** |
|---|---|
| From | Christian Ruano <CRuano@cpmlegal.com> |
| To | 'bank@patzhen.com' <bank@patzhen.com>, 'legal@patzhen.com' <legal@patzhen.com> |
| Cc | Adam Zapala <AZapala@cpmlegal.com>, Elizabeth Castillo <ecastillo@cpmlegal.com>, Alexandra Delavan <ADelavan@cpmlegal.com> |
| Date | 2025-06-30 21:02 |

- Zhen Subpoena - PR Address.pdf(~441 KB)
- Zhen Subpoena - RI Address.pdf(~443 KB)

Mr. Zhen,

My name is Christian Ruano, and I am an attorney with the law firm Cotchett Pitre & McCarthy LLP. I am following up on the email below and, specifically, our efforts to serve you with a subpoena in connection with your objection concerning *In re Telescopes Antitrust Litigation* (Indirect Purchaser Actions), Case No. 20-cv-03639, and appeal of the district court's denial of that objection.

On June 26, 2025, our paralegal Alexandra Delavan emailed you a copy of the subpoena in addition to a letter requesting you streamline this process by voluntarily accepting service via email. We have not received a response from you.

On June 30, 2025, we attempted personal service at your address: 503 Calle Modesta, Apt. 303, San Juan, PR 00924. The process server both verbally announced their intention to serve you and knocked on the apartment door, but did not receive a response. Moreover, we are preparing formal service at an additional address associated with you: 395 Eaton St., Providence, RI 02908. Attached is a subpoena reflecting this Rhode Island address, in addition to a corrected subpoena associated with your Puerto Rico address.

We ask that you please confirm whether you are willing to accept service of the subpoena via this email, or alternatively, provide correct contact information so we may effect formal service. At this time, the information available to us raises serious concerns about the accuracy of the contact information you provided. We hope this is a misunderstanding and would appreciate your prompt clarification. We intend to raise this matter with the Court if we do not hear from you.

Christian S. Ruano (Bio)
**COTCHETT PITRE & McCARTHY LLP**
A LITIGATION LAW FIRM – SAN FRANCISCO, LOS ANGELES, NEW YORK, SEATTLE
840 Malcolm Road, Suite 200  |  Burlingame, CA 94010
Tel: (650) 697-6000  |  Fax: (650) 697-0577  |  Email: cruano@cpmlegal.com

**CONFIDENTIALITY NOTICE**: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments. Neither this email nor the contents thereof are intended to nor shall create an attorney client relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney client relationship shall be created unless established in a separate, written retainer agreement or by court order.

# EXHIBIT D

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| In Re Telescopes Antitrust Litigation | ) |
| | ) |
| | ) Civil Action No.   5:20-cv-03639-EJD |
| This Document Relates To: All Indirect Purchaser | ) |
| Actions | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                     Pat Zhen, 503 Calle Modesta Apt 303, San Juan, PR 00924

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Verbatim Reporting Puerto Rico, | Date and Time: |
|---|---|
| El Telegrafo Building, 3rd Floor, San Juan, PR 00908 | July 28, 2025 9:00 AM AST |

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/26/2025

CLERK OF COURT

                                                          OR

_____          /s/ Adam J. Zapala
_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
 Indirect Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:

Adam J. Zapala, Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Rd., Burlingame, CA 94010, 650-697-6000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  5:20-cv-03639-EJD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SCHEDULE A

**DEFINITIONS**

1.      The term "ACTION" means the above-captioned litigation.

2.      The terms "COMMUNICATION" and "COMMUNICATIONS" include but are not limited to emails, texts, faxes, letters, memos, and notes, and also refer to any DOCUMENT that comprises, embodies, reflects, or refers to any transmission of information from one person to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, text messaging, or development notes. Each request that encompasses information relating in any way to COMMUNICATIONS to, from, or within a business or corporate entity is hereby designated to mean, and should be construed to include, all COMMUNICATIONS by and between representatives, employees, agents, or servants of the business or corporate entity. Any request for "COMMUNICATIONS" includes all DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS.

3.      As used herein, the term "DEFENDANTS" means and refers to Synta Technology Corp. of Taiwan (a/k/a Synta Technology Corp. and Good Advance Industries Ltd.), Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corp., Celestron Acquisition, LLC, Olivon USA LLC, Ningbo Sunny Electronic Co. Ltd., Sunny Optical Technology Co., Ltd., Meade Instruments Corp., and Sunny Optics Inc. TELESCOPES manufactured by DEFENDANTS are branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell.

4.      The term "DOCUMENT" or "DOCUMENTS" means and includes writings in the broadest sense, and includes all "writings" as defined in Federal Rule of Civil Procedure 34, including, but not limited to, all written printed, typed, recorded, or graphic matter, however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft version) in the actual constructive possession, custody, care or control of the responding party, and including, without limitation, all writings, communications, correspondence, e-mails, text

messages, letters, telegrams, notes, mailgrams, agenda, memoranda, inter-office communications, agreements, contracts, summaries, reports, interviews, forecasts, projects, analyses, working papers, charts, requests for authorization, expense account reports, charge or credit account vouchers, calendars, appointment books, diaries, brochures, pamphlets, circulars, press releases, drawings, graphs, photographs, sound reproduction tapes, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, computer inputs or outputs, or any other tangible thing. The term "DOCUMENT" or "DOCUMENTS" shall include not only originals but also copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which notations in writing, print or otherwise have been made which do not appear in the originals.

In addition to the foregoing items, any comment, notation, strike-out, interlineation, or other alterations appearing on any DOCUMENT or any copy of any DOCUMENT, and not a part of the original text of such DOCUMENT, is considered a separate DOCUMENT, as is any draft or preliminary form of any DOCUMENT.

DOCUMENT(S) shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device).

5. "INDIRECT PURCHASER STATES" means and refers to Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

6. The term "OBJECTION" shall mean any legal filing opposing. the Order Granting Motion for Final Approval; Granting Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 419).

7. The term "PERSON" means and refers to any natural person, or any company,

1  corporation, partnership, union, joint venture, sole proprietorship, association, government agency,

2  organization or any other similar type of group through which business is conducted, or any officer,

3  director, employee or agent thereof.

4        8.      The terms "RELATE(S) TO," "RELATED TO" and "RELATING TO" mean to

5  refer to, concern, summarize, reflect, constitute, comprise, state, contain, explain, embody, pertain

6  to, identify, be involved with, mention, discuss, consist of, show, analyze, comment upon,

7  evidence, support, respond to, deal with, describe, refute, contradict, or in any way be pertinent to

8  the subject in question, directly or indirectly, in whole or in part.

9        9.      The term "SETTLEMENT" means and refers to the Settlement Agreement made

10  and entered into on August 31, 2024 by and among the Synta Defendants ("SYNTA

11  DEFENDANTS") and Indirect Purchaser Plaintiffs in the above-captioned action ("ACTION").

12        10.     The term "SETTLEMENT CLASS" means and refers to all persons and entities in

13  the INDIRECT PURCHASER STATES (as defined herein) who, during the period from January

14  1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an

15  entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded

16  from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-

17  conspirators; Defendants' attorneys in this Action; federal government entities and

18  instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this

19  Action; and all Persons who directly purchased Telescopes from Defendants but only for those

20  direct purchases of Telescopes.

21        11.     The term "TELESCOPES" refers to optical instruments that magnify and enhance

22  the view of faraway objects, as further described in paragraphs 96 through 99 of the Indirect

23  Purchaser Plaintiffs' Fourth Amended Consolidated Complaint, and does not include other optical

24  instruments not marketed as telescopes, such as binoculars, siting scopes, microscopes, etc.

25        12.     The term "YOU" and/or "YOUR" means responding party Pat Zhen  and

26  anyone else acting, or who has so acted, on his behalf including, but not limited to, any of his

27

28

agents, representatives, principals, and each and every person acting on his behalf or at his direction or on whose behalf they were acting with respect to the matters referred to herein.

**INSTRUCTIONS**

1.      All documents are to be produced whether in your possession, custody or control, or the possession, custody or control of your attorneys, investigators, agents or representatives.

2.      All documents are to be segregated and referenced to the request to which they respond in accordance with Federal Rule of Civil Procedure 34.

3.      If any of the requested documents cannot be produced in full, then produce them to the extent possible, and specify the reasons for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portion.

4.      In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (a) any addressor and addressee; (b) any indicated or blind copy; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) the document's present custodian; and (f) the nature of the privilege or immunity asserted.

5.      If any responsive document was at one time in your possession, custody or control but has been disposed of, lost, discarded, destroyed, or is no longer in your possession, custody or control for any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document; (b) state the date of the document; (c) identify the persons who sent and received the original and copies of the document, specifying its author, addressee, and all persons to whom copies were furnished, or who otherwise saw the document; (d) state in as much detail as possible the subject matter and contents of the document; (e) state the last known location of the disposed document and the last known location of any alternative copies of the lost, discarded or destroyed document; (f) state the identity and location of other documents from which information contained in the discarded or otherwise disposed of document may be obtained; (g) state the date or approximate time of the disposition, loss, destruction, or discarding; (h) state the

SCHEDULE A TO INDIRECT PURCHASER PLAINTIFFS' SUBPOENA FOR DEPOSITION                                                                                      4

manner and date of the disposition of the document; (i) state the reason for the disposition, loss, destruction or discarding; (j) state the identity of all persons who are likely to be responsible therefor; and (k) describe in detail the efforts you made to locate the document.

6.    Reference to the singular in any of these Requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

7.    Unless otherwise stated, the relevant time period for these Requests is from January 1, 2005 through the date of the written responses to the Requests.

**DOCUMENTS REQUESTED**

**REQUEST NO. 1:**

DOCUMENTS sufficient to show YOUR purchase of one or more TELESCOPES from a distributor or an entity other than DEFENDANTS.

**REQUEST NO. 2:**

DOCUMENTS sufficient to establish YOUR inclusion in the SETTLEMENT CLASS, such as YOUR INDIRECT PURCHASER STATE residence at time of purchase and/or INDIRECT PURCHASER STATE in which purchase was made.

**REQUEST NO. 3:**

DOCUMENTS sufficient to verify YOUR identity, including but not limited to, government-issued identification (*e.g.*, passport, driver's license, birth certificate, etc.).

**REQUEST NO. 4:**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON RELATING TO this ACTION, SETTLEMENT, or the administration of the SETTLEMENT.

**REQUEST NO. 5:**

All DOCUMENTS and COMMUNICATIONS between YOU and any of the other objectors in this action: Mike Sussman, Karla Luna c/o National Woodlands, and Elman Barnes.

**REQUEST NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR OBJECTION to the SETTLEMENT or the basis or grounds for YOUR OBJECTION to the SETTLEMENT.

LAW OFFICES
TCHETT, PITRE &
cCARTHY, LLP

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO any agreement or understanding between YOU and any PERSON involving this ACTION.

**REQUEST NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any compensation, reimbursement, or consideration YOU have received or expect to receive in connection with YOUR OBJECTION or involvement in this ACTION.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO any OBJECTION YOU have submitted in any class action in the past ten (10) years, including the name and case number of each class action.

**REQUEST NO. 10:**

All DOCUMENTS sufficient to show any PERSON who represented YOU in connection with any OBJECTION YOU submitted in any class action in the past ten (10) years.

**REQUEST NO. 11:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO YOUR OBJECTIONS in class action settlements over the past ten (10) years.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO changes made to any class action or class action settlements as a result of any OBJECTION made within the last ten (10) years by YOU, or by any PERSON involved or associated with representing YOU in connection with the OBJECTION.