Case 5:20-cv-03639-EJD   Document 454   Filed 08/21/25   Page 1 of 9

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (Bar No. 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD <br><br> **INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR APPEAL BOND** |
| THIS DOCUMENT RELATES TO: <br><br> All Indirect Purchaser Actions | |

**INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR APPEAL BOND; Case No. 5:20-cv-03639-EJD**

Pursuant to the Court's request during the August 14, 2025 hearing on Indirect Purchaser Plaintiffs' Motion for Appeal Bond, Indirect Purchaser Plaintiffs ("IPPs") respectfully provide the following submission regarding the potential impact of the Settlement Agreement (ECF No. 390-1), the Order Granting Motion for Final Approval (ECF No. 419) ("Final Approval Order"), and the Amended Judgment of Dismissal with Prejudice (ECF No. 426) ("Amended Judgment") on Objector-Appellant Pat Zhen's ("Mr. Zhen") standing to object. *First*, to the degree that the Amended Judgment dismissed uncertified and unsettled claims—including a nationwide Sherman Act injunctive relief claim—such a dismissal only binds the class representatives and therefore does not grant standing to Mr. Zhen to object. *Second*, Mr. Zhen further lacks standing to object because, as the Court previously found in dismissing his objections to final approval of the settlement in this action, Mr. Zhen is not an aggrieved member of the Settlement Class because the finally approved settlement ("Settlement") does not release *any* of his potential claims. In a Rule 23(b)(3) class action like this one, a settlement or final judgment only binds members of a certified class who did not opt out. All these principles are long-standing black letter law, and there is no merit to Mr. Zhen's newfound argument.

## I. The Court's Dismissal of the Uncertified Nationwide Injunctive Class Does Not Bind Mr. Zhen

The existence of a once-pled nationwide claim does not grant Mr. Zhen standing because it was never certified and therefore never bound absent class members—let alone, non-class members. Consequently, as Mr. Zhen is not a member of a certified Settlement Class (defined *infra*), he has not released any claims related to the Settlement or Amended Judgment and has no standing to object.

Standing is not established because Mr. Zhen believes he once belonged to a *proposed* class in IPPs' complaint. Fourth Amended Consol. Class Action Compl. ¶ 197 (ECF No. 300) ("Compl."). If this were true, it would raise the specter of conferring standing to object on even those who exclude themselves from class action settlements, allowing them to both opt out and object. The fact that the Court "dismiss[ed] on the merits and with prejudice IPPs' claims against Defendants" does not impact any claim for damages or injunctive relief that Mr. Zhen has. Amended Judgment ¶ 6. As stated *supra*, this Court never certified a nationwide class. The Settlement Class that the Court certified for purposes of the Settlement includes only purchasers in "Indirect Purchaser States," which does not

include Puerto Rico. Settlement Agreement ¶ 1(q); Final Approval Order at 2; Amended Judgment ¶ 4. The Amended Judgment's reference to dismissal of IPPs' claims "with prejudice" applies only to claims by members of the Settlement Class and does not adjudicate or extinguish any potential claim of non-class members like Mr. Zhen. Amended Judgment ¶ 6.[1] *See Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) ("Res judicata applies when the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.") (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002); *see also Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV1302529MMMVBKX, 2015 WL 12732462, at *38 (C.D. Cal. May 29, 2015) ("Non-class members are not bound by the settlement; their rights and interests are not impacted by the release of claims.") (citing *Hofstetter v. Chase Home Fin., LLC*, No. C 10-01313 WHA, 2011 WL 5415073, at *3 (N.D. Cal. Nov. 8, 2011)).

To the degree the Amended Judgment dismissed the nationwide injunctive claim, it only did so on behalf of the class representatives in their individual capacity because, for an uncertified class, class representatives are the only parties properly before the court. *See, e.g.*, *Smith v. Bayer Corp.*, 564 U.S. 299, 312, 315 (2011) (holding that "[a] court's judgment binds only the parties to a suit" and, specifically, "in the absence of a certification under [Rule 23], the precondition for binding [an unnamed member of a putative class] was not met."); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) (affirming a grant of summary judgment against an uncertified class and holding that "[w]hen a motion is maintained against an uncertified class, only the named

---

[1] Although IPPs originally included a nationwide injunctive relief class, *see* Compl. ¶ 197, that class is no longer part of the case (*i.e.*, the Court did not certify that class in the Final Approval Order or Amended Judgment). Under *American Pipe & Construction Co. v. Utah*, Mr. Zhen's inclusion in the nationwide injunctive relief class pled in the Complaint tolled his statute of limitations. 414 U.S. 538, 554 (1974). That tolling of Mr. Zhen's statute of limitations ended only when the Court's approval of the settlement agreement unambiguously narrowed the Settlement Class definition to include only members of the defined Indirect Purchaser States. *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1100 (9th Cir. 2024).

1  plaintiffs are affected by the ruling. There is no *res judicata* effect as to unnamed members of the
2  purported class."); *Dolan v. FedEx Ground Package Sys., Inc.*, No. 18-CV-06934-BLF, 2021 WL
3  4846776, at *2 (N.D. Cal. Oct. 18, 2021) (holding that "because no class has been certified, Plaintiff's
4  individual settlement has no *res judicata* effect on the claims of other class members or on the ability
5  of another member of the class to bring a lawsuit and seek class certification."); *Bontrager v.
6  Showmark Media LLC*, No. CV 14-01144 MMM (EX), 2014 WL 12600201, at *11 n. 8 (C.D. Cal.
7  June 20, 2014) ("The dismissal of these and other claims with prejudice does not affect the rights of
8  putative class members to bring a claim under these same statutes in the future."); *Antoninetti v.
9  Chipotle Mexican Grill, Inc.*, No. 06CV2671-J WMC, 2007 WL 2669531, at *3 (S.D. Cal. Sept. 7,
10 2007) ("A court's order does not bind members of a putative class if no class action has been
11 certified."); *O'Connor v. Starbucks Corp.*, No. C 06-3706-VRW, 2007 WL 9734594, at *2 (N.D. Cal.
12 July 30, 2007) ("The disadvantage of dealing with the merits before certification is that dismissal is
13 res judicata only as to the class representative, not class members.")

14      Because Mr. Zhen was never a member of any class certified before the entry of the Amended
15 Judgment, the dismissal of claims pursuant to the Amended Judgment had no impact on him or his
16 potential claims, and he therefore lacks standing to object.

17 **II.     Only Aggrieved Settlement Class Members Have Standing to Object**

18      As this Court has recognized, it has long been black letter law that only class members can
19 object to a proposed settlement. *See* Fed. R. Civ. P. 23(e)(5)(A). Specifically, only aggrieved class
20 members have standing to object to a proposed settlement. *See In re First Capital Holdings Corp.
21 Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (holding that "[o]ne must be an aggrieved class
22 member" to have the right to object to a class settlement and that "[t]he word 'aggrieved' is a
23 necessary, not merely a descriptive, term" because "[i]t is necessary to make the statement compatible
24 with Article III requirements.") This is why courts hold that non-class members do not have standing
25 to object to class settlements. *See Sweet v. Cardona*, 121 F.4th 32, 44 (9th Cir. 2024) (noting non-
26 class members lack standing to object to a settlement or to appeal a district court's approval of a
27 settlement because they do not "sustain some formal legal prejudice as a result of the settlement.")
28

(quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987).[2]

Here, Mr. Zhen is not a member of the settlement class that this Court certified. Only settlement class members have released claims in connection with the Settlement Agreement. The settlement class only includes persons and entities who purchased telescopes in "Indirect Purchaser States," which does not include Puerto Rico:

> The Settlement Class is defined as all persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

Amended Judgment at 3; *see also* Final Approval Order at 2 (citing Settlement Agreement ¶ 1(e)). "Indirect Purchaser States" is a defined term that includes the following states and *omits Puerto Rico*: "Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin."

---

[2] *See, e.g., In re PFA Ins. Mktg. Litig.*, No. 4:18-cv-03771 YGR, 2024 WL 1145209, at *25 (N.D. Cal. Feb. 5, 2024) ("*PFA Insurance*") (objector who "ha[d] not established that he [wa]s a member of the settlement class" "d[id] not have standing to object"); *Zepeda v. PayPal, Inc.*, No. C 10-2500 SBA, 2017 WL 1113293, at *18 (N.D. Cal. Mar. 24, 2017) (non-class member had no standing to object); Order, *Lee v. Kron v. Global Tellink Corp.*, No. 18-56275 (9th Cir. Jan. 24, 2019), ECF No. 13 (dismissing appeal of non-class member for lack of standing); Order, *Vargas v. Debose v. Ford Motor Co.*, No. 17-56764 (9th Cir. May 22, 2018), ECF No. 14 (dismissing appeal where appellants opted out of settlement class and therefore were not class members); *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353, 1360-61 (9th Cir. 1979) (ruling that a non-member of the class "lacks standing to object to, or to appeal" from the settlement).

Final Approval Order at 2 n.1 (citing Settlement Agreement ¶ 1(q)).

Mr. Zhen does not belong in the Settlement Class because he claims to have purchased his telescope in Puerto Rico, *not* in one of the Indirect Purchaser States. His objection states he is "a retail purchaser of a telescope covered by the class action and a Citizen of Puerto Rico." Pat Zhen's Objections to Settlement (ECF Nos. 402, 408) ("Zhen Obj."). As this Court found:

> Z[h]en objects to the Settlement Agreement on the grounds that it does not provide payment for purchases made in Puerto Rico, and therefore those who made purchases in Puerto Rico are forced to waive their rights without any consideration. ECF No. 402.
>
> The Court overrules this objection. The definition of "Indirect Purchaser States" in the Settlement Agreement does not include Puerto Rico, or several other states within the United States. Further, the release of claims is limited to class members who made purchases in Indirect Purchaser States only, so there is no possibility of harm to those who indirectly purchased subject telescopes in Puerto Rico. Those indirect purchasers are still free to bring their own claims.

Final Approval Order at 14-15. In short, Mr. Zhen is not a member of the Settlement Class, did not release *any* claims as part of the Settlement Agreement, and therefore has no standing to object to or appeal the final approval of the Settlement.

### III.   Mr. Zhen Waived His Right to Object Based on Uncertified Nationwide Claims

IPPs note that Mr. Zhen never raised the issue of the nationwide injunctive claim in his original objection and the Court therefore need not consider it. *See generally* Zhen Obj. at ECF Nos. 402, 408. Arguments "not presented or developed before the district court" are waived. *See In re Facebook Biometric Info. Priv. Litig.*, No. 21-15553, 2022 WL 822923, at *2 (9th Cir. Mar. 17, 2022) ("*Facebook*") (citing *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). "Although no bright line rule exists to determine whether a matter has been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *Id.* (cleaned up). Mr. Zhen only raised the alleged adverse impact of the Settlement *on his claim for damages* under Puerto Rico law. Final Approval Order at 14-15; *see generally* Zhen Obj. He now realizes that argument is a sure loser and has pivoted to another losing argument. He raised the potential release of his injunctive relief claim under the Sherman Antitrust Act for the first time in connection with IPPs' Motion for Appeal Bond. His failure to raise this issue

earlier prevents him from raising this new argument "sufficiently for the trial court to rule on it." *Facebook*, 2022 WL 822923, at *2. In any event, the argument is simply incorrect. Additionally, Mr. Zhen's new and waived argument is irrelevant to the issue of whether the Court should impose appeal bonds as to the Objectors, including Mr. Zhen. *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, *3 (N.D. Cal. Nov. 25, 2013) (listing three relevant factors in determining whether to impose an appeal bond). Mr. Zhen therefore waived and forfeited this new argument by not raising it in the Zhen Objection.

### IV. Zhen Has Not Refuted the Indicia of Fraud IPPs Have Presented

As outlined in IPPs' Motion for an Appeal Bond, Zhen's pleadings and conduct in this case raise serious red flags. IPPs' Motion for Appeal Bond and Reply in support thereof detail his substantial indicia of fraud. Mot. at 13-15 (ECF No. 429); Reply at 6-7 (ECF No. 443). Mr. Zhen's conduct at the hearing raises further indicia of fraud. He did not appear on video during the hearing, claiming that his internet bandwidth in the Dominican Republic precluded him from doing so. Indeed, there may not be a "Mr. Zhen." Instead, it appears that someone in the United States or elsewhere has assumed a fictitious identity may be pursuing this objection which is, on its face, meritless.

\*\*\*

Mr. Zhen is, at best, an absent member of an uncertified class and, based on the facts before the Court, not a member of the certified Settlement Class at all. Having never released any claims in this matter, he lacks standing to object or appeal, as he is not aggrieved. The Court should grant IPPs' Motion for Appeal Bond.

| | | |
|---|---|---|
| 1 | Dated: August 21, 2025 | Respectfully Submitted, |
| 2 | | /s/ Adam Zapala |
| | | Adam J. Zapala (SBN 245748) |
| 3 | | Elizabeth T. Castillo (SBN 280502) |
| 4 | | Christian S. Ruano (SBN 352012) |
| | | **COTCHETT, PITRE & McCARTHY, LLP** |
| 5 | | 840 Malcolm Road |
| | | Burlingame, California 94010 |
| 6 | | Telephone: (650) 697-6000 |
| 7 | | Facsimile: (650) 697-0577 |
| | | azapala@cpmlegal.com |
| 8 | | ecastillo@cpmlegal.com |
| | | cruano@cpmlegal.com |

 /s/ Kalpana Srinivasan
 Kalpana Srinivasan (Bar No. 237460)
 Marc M. Seltzer (Bar No. 54534)
 Steven Sklaver (Bar No.237612)
 Michael Gervais (Bar No. 330731)
 **SUSMAN GODFREY L.L.P.**
 1900 Avenue of the Stars, Ste. 1400
 Los Angeles, CA 90067
 Telephone: 310-789-3100
 ksrinivasan@susmangodfrey.com
 mseltzer@susmangodfrey.com
 ssklaver@susmangodfrey.com
 mgervais@susmangodfrey.com

 Alejandra C. Salinas (*pro hac vice*)
 Texas SBN 24102452
 **SUSMAN GODFREY LLP**
 1000 Louisiana Street, Suite 5100
 Houston, Texas 77002
 Telephone: (713) 651-9366
 Facsimile: (713) 654-6666
 asalinas@susmangodfrey.com

 /s/ Lin Y. Chan
 Eric B. Fastiff (SBN 182260)
 efastiff@lchb.com
 Lin Y. Chan (SBN 255027)
 lchan@lchb.com
 **LIEFF CABRASER HEIMANN &**
  **BERNSTEIN LLP**
 275 Battery Street, 29th Floor
 San Francisco, California 94111
 Telephone: (415) 956-1000

**INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR APPEAL BOND; Case No. 5:20-cv-03639-EJD**   7

Facsimile: (415) 956-1008

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*