UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR APPEAL BOND; DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 429, 432 |

Indirect Purchaser Plaintiffs ("IPPs") move for the Court to impose an appeal bond on four pro se objectors to the class action Settlement Agreement. Mot., ECF No. 429. This motion is fully briefed, including supplemental briefing requested and reviewed by the Court. Zhen Opp'n, ECF No. 438; Luna Opp'n, ECF No. 441; Barnes Opp'n, ECF No. 442; Reply, ECF No. 443; IPPs Supp. Brief, ECF No. 454; Zhen Supp. Brief, ECF No. 456.[1] The Court held a virtual hearing on August 14, 2025, and heard oral arguments from IPPs and one objector, Pat Zhen. ECF No. 451. No other objector appeared. *Id.*

Also before the Court is Zhen's related motion for a protective order regarding exhibits to IPPs' bond motion revealing his personal information. Protective Order Mot., ECF No. 432; Opp'n to Protective Order Mot., ECF No. 444; Reply to Protective Order Mot., ECF No. 448.

---

[1] The Court will not consider the following filings submitted without leave after the close of briefing: ECF Nos. 458, 459, 460, 461, 462. *See* N.D. Cal. L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . .").

1    For the reasons explained below, the Court **GRANTS IN PART** IPPs' motion for an
2    appeal bond and **DENIES** Zhen's motion for a protective order.

**I.    BACKGROUND**

The Court granted final approval of this $32 million class action Settlement Agreement on April 11, 2025, overruling the written objections of six objectors. Final Approval Order, ECF No. 419. Only two objectors, the plaintiffs in a related Direct Purchaser Plaintiff class action, appeared at the final approval hearing through counsel. *Id.* Soon after the Court's order, the other four pro se objectors filed a joint appeal—Pat Zhen, Mike Sussman, Karla Luna on behalf of National Woodlands Preservation, Inc., and Elman Barnes (collectively, "Objectors"). Notice of Appeal, ECF Nos. 421, 428. IPPs now move for an appeal bond of $42,818 from each Objector plus $175 in costs pursuant to Federal Rule of Appellate Procedure 7 ("Rule 7"). Mot.

IPPs' motion originally attached as exhibits unredacted documents revealing Zhen's personal information, which also prompted Zhen to file the protective order currently before the Court. Protective Order Mot. These documents have since been removed from the public docket. Order Granting Mot. to Remove Incorrectly Filed Documents, ECF No. 439.

**II.   LEGAL STANDARD**

Rule 7 governs motions for appeal bonds, providing in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Courts generally examine three factors to determine whether an appeal bond is appropriate: (1) appellants' financial ability to post a bond, (2) risk that appellants will not pay costs if the appeal loses, and (3) likelihood that appellants will lose the appeal. *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). Regarding the amount of bond, though not defined in the rule, the Ninth Circuit has held that the term "costs on appeal" are the "costs taxable on appeal" specified in Federal Rule of Appellate Procedure 39, as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The trial court has discretion to

impose an appeal bond and determine the bond amount. *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013). "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury*, 2008 WL 4680033, at *6 (quotations and citations omitted) (cleaned up).

## III.  DISCUSSION

The Court finds the three factors—financial ability, risk of nonpayment, and likelihood of success on appeal—ultimately weigh in favor of granting an appeal bond under Rule 7, but the Court declines to award a bond in the amount requested by IPPs. The Court also finds Zhen's request for a protective order unwarranted at this time.

### A.  Bond Factors

The first factor regarding financial ability generally "weighs in favor of a bond, absent an indication that a plaintiff is financially unable to post bond." *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013) (citing *Fleury*, 2008 WL 4680033, at *7). The only Objector claiming an inability to pay is Sussman, who represents that he is on Social Security Disability Insurance, receives less than $1,000 per month, and would have to sell his condominium to make the requested bond. However, Sussman has not presented any evidence of his inability to pay and did not appear at the hearing to provide further information. Without this evidence, the Court finds the first factor neutral as to Sussman. *See Fleury*, 2008 WL 4680033, at *7 (finding factor neutral without evidence of financial inability). This factor otherwise weighs in favor of imposing a bond on the remaining Objectors.

Moving to the risk of nonpayment, courts have found that residing out of state increases the risk of nonpayment. *See, e.g., Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012), *on reconsideration*, 2012 WL 13059929 (N.D. Cal. July 31, 2012). And this factor "may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *Netflix*, 2013 WL 6173772, at *3. Here, three of the four Objectors—Sussman (Florida), Zhen (Puerto Rico), and Woodlands (West Virginia)—reside out of California and outside of the Ninth Circuit. The Court therefore finds this factor weighs in

Case No.: 5:20-cv-03639-EJD
ORDER GRANTING IN PART MOT. FOR APPEAL BOND; DEN. MOT. FOR P.O.
3

favor of issuing a bond as to these Objectors. Barnes is the only objector residing in California, and IPPs attempt to satisfy this factor with other arguments alleging fraud and frivolous claims. But the Court need not decide these highly contested issues at this time.[2] Even if this factor weighed in Barnes's favor, it would be overpowered by the weight of the other two factors.

The final factor is the likelihood that appellants will not prevail on appeal. This factor weighs heavily in favor of bond where appellants raise issues "thoroughly addressed" by the court and rejected as lacking merit. *Schulken*, 2013 WL 1345716, at *5. The Court will separately address each Objector's original objections and the reasons why the Court rejected them.

Barnes objected to the Settlement Agreement for three reasons: the claims process required those without claim numbers to submit forms via mail rather than online; Verita and Class Counsel did not diligently provide claim numbers; and the Settlement Agreement included a California Civil Code § 1542 waiver. Final Approval Order 13–14. The Court found that having to mail a claim form and receive payment by check did not prejudice class members; that Verita's system to provide claim numbers was an effective and necessary fraud-prevention tool; and that § 1542 waivers were common in class settlements and did not constitute an unreasonable or prejudicial settlement term. *Id.* Sussman objected for similar reasons regarding filing a paper claim. *Id.* at 15. He also objected because he believed the notices did not provide information on how and where to object. *Id.* The Court found this information was located in the settlement website's Frequently Asked Questions section and long-form notice. *Id.* Woodlands objected because the claim form did not have a field to enter an entity name. *Id.* at 12–13. The Court found that entities were included in the class definition and were able to file claim by putting the entity name in the "Name" field. *Id.* Regardless, the objection was moot because Verita updated the form to include an additional row titled "Name of Entity" on February 27, 2025, and the claim period was still ongoing through May 20, 2025, giving entities sufficient time to utilize the new

---

[2] Because the Court finds it unnecessary to consider arguments regarding fraud, the Court finds Angeion's declaration regarding Objectors' alleged fraud irrelevant. The Court therefore **TERMINATES** as moot IPPs' motion to consider whether to seal Angeion's declaration. ECF No. 430.

form. *Id.*; *see also* Dizon Decl. ¶ 22, ECF No. 404-3. Zhen objected because the Settlement Agreement did not include purchases made in Puerto Rico, which according to Zhen, forces purchasers from Puerto Rico to waive their rights without any consideration. Final Approval Order 14–15. The Court found that the definition of IPP in the Settlement Agreement did not include Puerto Rico (or several other states[3]), and the release of claims is limited only to class members who made purchases in IPP states. *Id.* Therefore, Puerto Rico purchasers are not bound to the terms of the Settlement Agreement, and likewise, their rights and ability to bring claims against Defendants are not impacted by the terms of this Settlement Agreement.[4] Similarly, because Zhen did not purchase telescopes in any of the IPP states and is not bound by the Settlement Agreement, he likely lacks standing to appeal.[5] The Objectors have failed to persuade the Court that these same objections, which were thoroughly examined and rejected by the Court, will be meritorious on appeal.

Therefore, after considering each Objectors' financial ability, risk of nonpayment, and likelihood of success on appeal, the Court finds the factors ultimately weigh in favor of granting an appeal bond.

### B. Amount of Bond

Having concluded that a bond is appropriate, the Court now must determine the amount of the bond. The Court may set the appeal bond at the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "Costs on appeal" are either "costs taxable on appeal" or "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."

---

[3] There are eighteen other excluded states, including Alabama, Alaska, and Colorado.
[4] The Court also notes that the Amended Judgment merely incorporates the language of the Settlement Agreement. *Compare* Settlement Agreement ¶¶ 1(w)–(y),10–14, ECF No. 390-1, *with* Amended Judgment ¶ 8. To the degree that Zhen takes issue with the Amended Judgment incorporating the Settlement Agreement's terms dismissing uncertified and unsettled claims, the Court repeats, such a dismissal only binds the members of the class.
[5] The Court did not address Zhen's standing in its Final Approval Order because regardless of standing, " it may still consider that putative objector's objections to a class settlement" if it helps the Court satisfy its fiduciary duties. *In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016), *dismissed sub nom. In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16368, 2017 WL 3468376 (9th Cir. Mar. 2, 2017).

*Azizian*, 499 F.3d at 958. "Costs taxable on appeal" are costs for: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). The appeal bond, however, may not include delay damages. *Azizian*, 499 F.3d at 960.

IPPs request that the bond include both $42,818 in continued class administration costs and $175 in taxable costs. Regarding the former, class administration costs are not included in Rule 39(e), and IPPs fail to identify an applicable fee-shifting statute that would allow the Court to include these costs in the Rule 7 appeal bond. *See, e.g., Low v. Trump Univ., LLC*, No. 310CV00940GPCWVG, 2017 WL 2655300, at *4 (S.D. Cal. June 19, 2017) (declining to include administrative costs in a Rule 7 bond absent a fee-shifting statute); *Schulken*, 2013 WL 1345716, at *7 (same); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (same); *Golloher v. Todd Christopher Int'l, Inc.*, No. C 11-1726 RS, 2014 WL 12625124, at *2 (N.D. Cal. July 7, 2014) (same).[6] Absent an applicable fee-shifting statute, the Court finds no justification to include the requested $42,818 in administrative costs.[7] The Court will grant, however, IPPs' request for taxable costs. IPPs conservatively estimate that printing, copying, and mailing the briefs will total approximately $175.[8] In two other recent appeals, Class Counsel also spent $95.20 and $136 on printing and copying, as well as $60 on

---

[6] Some courts have even considered administrative costs to be impermissible delay damages. *See, e.g., Zakikhani v. Hyundai Motor Co.*, No. 8:20-CV-01584-SB-JDE, 2023 WL 9420118, at *4 (C.D. Cal. Dec. 14, 2023) (collecting cases) ("[S]ettlement administration expenses are more accurately viewed as delay damages than 'costs on appeal.' The increase in such expenses results from the delay caused by the objector's pursuit of an appeal—a potential harm, to be sure, but one inflicted by the mere passage of time required by the appellate process itself.").

[7] IPPs rely heavily on the Court's 2013 decision allowing administrative costs in a Rule 7 bond, *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013). However, in that case, the Court was not presented with the arguments Objectors raise here and did not have the benefit of the decade of Rule 7 case law that followed. The Court more recently in 2023 recognized this line of cases when it similarly excluded administrative costs from a Rule 7 appeal bond in *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2023 WL 3510393, at *1 (N.D. Cal. May 16, 2023).

[8] Class Counsel does not provide specific calculations of the estimated costs, but Rule 7 does not require them to do so. *See Schulken*, 2013 WL 1345716, at *6.

Case No.: 5:20-cv-03639-EJD
ORDER GRANTING IN PART MOT. FOR APPEAL BOND; DEN. MOT. FOR P.O.
6

1  Federal Express costs. Zapala ¶ 5, ECF No. 436. Considering this context, the Court finds $300

2  to be a reasonable estimate of taxable costs in this case.

3  Therefore, although the Court will not award administrative costs, the Court finds an

4  appeal bond of $300 in taxable costs appropriate under these circumstances.

### C. Motion for Protective Order

Before the Court concludes, it addresses Zhen's related motion for a protective order. ECF No. 432. In IPPs' motion for an appeal bond filed on July 14, 2025, Class Counsel inadvertently filed as exhibits unredacted documents containing Zhen's personal information. *See* ECF Nos. 429-1, 429-5. Zhen subsequently filed a motion for a protective order on July 21, 2025, arguing that IPPs violated Federal Rule of Civil Procedure 5.2(a)(1) and (a)(2). ECF No. 432; Fed. R. Civ. P. 5.2(a)(1)–(2) (providing that electronically filed documents containing certain personal information may only include the last four digits of a SSN and the year of birth). That same day, IPPs filed a motion to remove the incorrectly filed documents, indicating that they intended to redact the documents prior to filing. ECF No. 433. The Court granted IPPs' motion and the unredacted documents have been removed from the public docket. ECF 439. Accordingly, to the extent that Zhen's motion sought to remove these docket entries, Zhen's request is moot.[9] Zhen also later, in response to IPPs' motion to remove the documents, specifically requested an order that Class Counsel file a declaration that they have read and reviewed Rule 5.2 and related privacy policies. *See* ECF No. 435. The Court finds this unnecessary. The Court expects all attorneys appearing before it to be familiar with Rule 5.2, and the Court trusts that Class Counsel will not make this grave mistake twice. Should this issue arise in the future, the Court will examine appropriate sanctions.

### IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Zhen's motion for a protective order and

---

[9] Any additional arguments Zhen raised regarding discovery issues between the parties on appeal have been resolved by the Ninth Circuit, which recently denied Zhen's motion for a protective order and sanctions on October 24, 2025. Case No. 25-3039, Dkt. 34 (9th Cir. Oct. 24, 2025).

Case No.: 5:20-cv-03639-EJD
ORDER GRANTING IN PART MOT. FOR APPEAL BOND; DEN. MOT. FOR P.O.
7

1  **GRANTS IN PART** IPPs' motion for an appeal bond. The Court imposes a bond in the amount of $300 jointly and severally on Objectors.  Within 14 days of entry of this Order, Objectors shall either: (1) file with the Court and serve on Appellees proof of satisfaction of the bond requirement, or (2) file a notice of dismissal of their appeal.

**IT IS SO ORDERED.**

Dated: November 20, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03639-EJD
ORDER GRANTING IN PART MOT. FOR APPEAL BOND; DEN. MOT. FOR P.O.
8