LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

SAN FRANCISCO
LOS ANGELES

SEATTLE
NEW YORK

December 29, 2025

**VIA ECF**

The Honorable Virginia K. DeMarchi
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 2
5th Floor
280 South 1st Street
San Jose, CA 95113

      **RE:** *In re Telescopes Antitrust Litigation* (*Indirect Purchaser Actions*),
      Case No. 20-cv-03639 (N.D. Cal.)

Your Honor:

      Indirect Purchaser Plaintiffs ("Plaintiffs" or "Class Counsel") submit this letter brief concerning Plaintiffs' discovery sought from Objectors Elman Barnes ("Barnes"), National Woodlands Preservation, Inc. ("Woodlands'), Patrick Zhen ("Zhen"), and Michael Sussman ("Sussman") (collectively, the "Objectors"). All Objectors have refused to provide the discovery sought and position statements for this brief.

## STATEMENT OF DISPUTE

      The Parties dispute whether Objectors must comply with Plaintiffs' requested discovery. Plaintiffs seek documents and depositions concerning each Objectors' standing, the factual bases for their objections, and their communications relating to the settlement. Therefore, Plaintiffs request an order compelling compliance with the discovery.

**COTCHETT, PITRE & McCARTHY, LLP**　　　　　　　　　　　Hon. Virginia K. DeMarchi
December 29, 2025
Page 2

## PLAINTIFFS POSITION:[1]

### I.    Background

This antitrust class action was filed in June 2020,[2] and, after several years of heavily contested litigation, the parties reached a $32 million settlement[3] that this Court preliminarily approved on November 4, 2024.[4] After preliminary approval, Objectors filed objections to the settlement.[5] The Court overruled the objections and granted final approval on April 11, 2025.[6]

Shortly after final approval, Objectors jointly filed a Notice of Appeal to the Ninth Circuit.[7] In connection with Objectors' filings and pending appeal, Plaintiffs served limited written discovery and deposition subpoenas on each to clarify the factual bases for their objections, including their standing to object, the nature of their claimed injuries, and their communications regarding the settlement.

### I.    Email Communications to the Objectors

Class Counsel emailed the Objectors to provide notice of the subpoenas and limited discovery and to request voluntary cooperation. Each email included the subpoena in addition to a letter inviting the Objectors to accept service through email and to discuss the logistics of a deposition.

Class Counsel sent these materials to the Objectors using email addresses used in previous communications with Class Counsel and those listed in connection with court filings. None of the Objectors responded, proposed alternative arrangements, or otherwise directly engaged with Class Counsel regarding the discovery requests.

### II.    Service of the Limited Discovery and Objectors' Notice Receipt

After receiving no responses to the email communications, Class Counsel attempted formal personal service on the Objectors at the physical addresses they provided in their

---

[1] There are four separate objectors in this matter, none of whom has responded to the discovery propounded on them. In the interest of judicial economy and efficiency, Plaintiffs submit a single letter brief rather than four duplicative submissions. Plaintiffs' position statement is 3,563 words long. Because the Objectors are not aligned in their arguments or circumstances, Plaintiffs' position statement necessarily exceeds the 1,500-word limit to adequately address the differing backgrounds of all Objectors within a single letter brief.
[2] *See* Dkt. 56 at 1 (Stip. & Order Regarding Consolidation & Case Management).
[3] Dkt. 419 at 2. (Order Grant'g Mot. for Final Approval; Grant'g Mot. for Attorneys' Fees, Expenses & Service Awards).
[4] Dkt. 397 (Order Preliminarily Approving Class Action Settlement & Issuing Notice)
[5] Dkt. 419 at 4, 11.
[6] Dkt. 419.
[7] Dkt. 421 (Notice of Appeal). They did so without describing the basis of that appeal.

objections.[8] For three of the four Objectors—Sussman, Barnes, and Zhen—those efforts revealed that the addresses they listed did not correspond to their actual residences.

### Patrick Zhen

Class Counsel attempted personal service on Zhen at a condominium in Puerto Rico associated with him (the original address he listed with his objection named a P.O. Box). The process server could not access the gated property, and building personnel informed the process server that the unit had been vacant for several years. Notwithstanding, subsequent developments demonstrate that Zhen received notice of the discovery. Zhen, for example, filed an "Emergency Motion for Protective Order and for Sanctions" in the Ninth Circuit on July 20, 2025.[9] In that filing, Zhen discussed the subpoenas, quoted from Class Counsel's June 26 and June 30, 2025 emails, and attached copies of the subpoenas he received. On October 24, 2025, the Ninth Circuit denied Zhen's motion for a protective order and sanctions.[10]

### Woodlands

Plaintiffs completed service on Woodlands without issue. On July 1, 2025, a process server personally served the subpoena Woodlands' registered agent in Beckley, West Virginia. Subsequent developments demonstrate that Woodlands received actual notice of the discovery: on July 18, 2025, Woodlands served Class Counsel written objections to the subpoena through email. The objections raised numerous objections under Rules 26 and 45, asserting the subpoena was burdensome, improperly served, issued for an improper purpose, and sought documents already readily available to Class Counsel. On July 29, 2025, Woodlands filed a response to Zhen's motion in the Ninth Circuit, attaching its subpoena and the same objections it forwarded to Class Counsel on July 18.[11]

### Michael Sussman

Process servers made multiple attempts to serve Sussman at 23200 Camino Del Mar, Unit 503, Boca Raton, Florida, the address he listed in his filings. Building management and the unit owner confirmed that Sussman neither resided at that address nor was known to them, and the unit owner reported she did not know anyone by that name. Notwithstanding, subsequent developments demonstrate that Sussman received notice of the discovery. For example, on July 28, 2025, Sussman filed a response to Zhen's motion in the Ninth Circuit acknowledging receipt of his subpoena, describing its contents, and attaching Class Counsel's June 30, 2025 email and the subpoena itself.[12]

### Elman Barnes

Plaintiffs attempted personal service on Elman Barnes at two different locations. The address Barnes listed in his filings, 401 21st St STE R Sacramento, CA 95811, does not exist. Based on available information, Class Counsel proceeded to attempt service at two addresses

---

[8] *See* Dkt. 399, 401, 402, 403.
[9] *Zhen, et al. v. Synta Technology Corp., et al.*, No. 25-3098 (9th Cir. July 20, 2025), Dkt. 15.
[10] *Zhen, et al. v. Synta Technology Corp., et al.*, No. 25-3098 (9th Cir. Oct. 24, 2025), Dkt. 34.
[11] *Zhen, et al. v. Synta Technology Corp., et al.*, No. 25-3098 (9th Cir. July 29, 2025), Dkt. 18.
[12] *Zhen, et al. v. Synta Technology Corp., et al.*, No. 25-3098 (9th Cir. July 28, 2025), Dkt. 17.

likely associated with that address: 401 21st St Sacramento, CA 95811 and 1401 21st St STE R Sacramento, CA 95811. A process server attempted service at the residential address "401 21st St Sacramento, CA 95811," but the property appeared vacant. They could not locate Barnes or any occupant familiar with him. Service at the other location fared no better. "1401 21st St STE R Sacramento, CA 95811" is not Barnes' address, but rather the location of "Registered Agents Of California," a "comprehensive registered agent service."[13] Staff there informed the process server they were not authorized to accept service for "Elman Barnes" personally but rather were authorized to accept for an *entity* named "ELMAN BARNES, LLC." Elman Barnes never responded to communication from Class Counsel and could not be located at the address he provided.

Collectively, these filings, and Woodlands' lone objection, confirm the objectors were aware of the subpoenas, understood their discovery obligations, and received various communications yet still refused to comply.

## II.   ARGUMENT

### I.   This Court Possesses Jurisdiction and the Authority to Compel Discovery from the Objectors

Courts across the country, including in this District, have consistently held class action objectors who voluntarily insert themselves into the litigation therefore subject themselves to the district court's jurisdiction and may be compelled to respond to discovery concerning their objections. *See Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 924 (9th Cir. 2014) (within the court's discretion to require objectors to appear for a deposition: "courts commonly require objectors to make themselves available for deposition given the power held by objectors."), *vacated on other grounds*, 772 F.3d 608 (9th Cir. 2014); *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) ("*Netflix*") (Davila, J.) ("an objector who voluntarily appears in litigation is properly subject to discovery."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) ("*CRT*") ("[Objector] voluntarily appeared in this litigation by objecting to the [] Settlement and was served with a subpoena, and is properly subject to discovery."); *In re Petrobras Sec. Litig.*, 786 F. App'x 274, 279 (2d Cir. 2019) ("It is undisputed that [Objector] was subject to discovery if he chose to participate as an objector.").

That authority does not evaporate simply because an objector has filed a notice of appeal. District courts retain jurisdiction to preserve the integrity of their judgments and to oversee matters relating to the administration and enforcement of approved settlements, including discovery directed to objectors. *See, e.g., Netflix*, No. 2013 WL 6173772, at *4 (holding that "[f]ollowing a notice of appeal, a court retains jurisdiction to preserve the integrity of its judgments in general, and specifically to protect its final judgment" and allowing post-appeal discovery "regarding each objector's standing as a settlement class member to assert objections, the underlying basis for his objections, and his relationship with counsel that may be pertinent to

---

[13] https://www.californiaregisteredagent.com/

informing the court about the nature and merits of the appeal.") (cleaned up); *CRT*, 281 F.R.D. at 534 (ruling that appeal of settlement approval did not deprive the district court of jurisdiction regarding administration and enforcement of the settlement and compelling a settlement objector to sit for a deposition and produce documents). Judge Davila expressly retained such jurisdiction here. *See* Dkt. 419 at 20 ("[T]he Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement Agreement."); Dkt. 426 at 3-4 ("Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of, and compliance with, the Settlement and any distribution to the Settlement Class pursuant to further orders of this Court . . . .").

Consistent with this broad authority, courts routinely compel discovery from objectors who have voluntarily inserted themselves into the litigation by filing objections and asking the court to reevaluate whether a settlement should be approved based on their assertions. *See Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 3884634 (N.D. Cal. June 7, 2023); *Netflix*, 2013 WL 6173772; *CRT*, 281 F.R.D. at 533; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 WL 5523249 (N.D. Cal. Nov. 14, 2012); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-1819 (N.D. Cal. Sept. 23, 2011); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. 2021); *Montoya v. PNC Bank, N.A.*, No. 1:14-cv-20474-GOODMAN, 2016 WL 1529902 (S.D. Fla. Apr. 13, 2016); *Warren v. City of Tampa*, 693 F. Supp. 1051, 1060 (M.D. Fla. 1988).

Each Objector voluntarily appeared in this litigation by filing objections with the Court, thereby invoking the Court's jurisdiction and placing themselves squarely within the category of objectors whom courts routinely deem subject to discovery. *See Netflix*, 2013 WL 6173772, at *2; *CRT*, 281 F.R.D. at 533. These objections include:

- Zhen's objection and a reply brief to the Court, including arguments about Puerto Rico repealer status.[14]
- Barnes' objection, focusing primarily on the purported burdens of complying with the claims process's fraud protections and later a "Response and Partial Withdrawal," addressing Class Counsel's briefs in support of settlement approval.[15]
- Sussman's three-page objection letter to the Court also criticizing the claims process's fraud projections.[16]
- Woodlands', through its purported CEO Karla Luna, initial and supplemental objection briefs, challenging the claims process and asserting concerns about entity claimants.[17]

By choosing to file objections, submit responses, and ask the Court to modify/reject the settlement, each Objector affirmatively invoked Rule 23(e) and asked the Court to rely on their assertions in deciding whether the settlement should be approved. Accordingly, courts

---

[14] *See* Dkt. 402, 408.
[15] *See* Dkt. 399, 405.
[16] *See* Dkt. 403.
[17] *See* Dkt. 401, 406.

consistently approve discovery of objectors' standing, factual bases for their objections, and potential relationships with counsel or third parties. *See Senne*, 2023 WL 3884634, at *2; *Netflix*, 2013 WL 6173772, at *2–5.

In sum, the four Objectors each voluntarily appeared by filing objections and are thereby subject to discovery. The Court therefore maintains full authority to compel their compliance with the subpoenas.

### II. The Requested Discovery Is Relevant, Proportional to the Needs of the Case, and Narrowly-Tailored

Class Counsel "may seek information from objectors to obtain relevant, needed, and reasonably narrowly tailored information regarding each objector's standing as a settlement class member to assert objections, the underlying basis for his objections, and his relationship with counsel that may be pertinent to informing the court about the nature and merits of the appeal." *Senne*, 2023 WL 3884634, at *2 (quoting *In re Netflix*, at *5).

The discovery served on the four Objectors constitutes precisely the type of limited and targeted discovery that courts routinely permit when an individual voluntarily inserts herself into litigation and objects to a class settlement. "The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material 'relevant to the claim or defense of any party,' even if inadmissible, as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'"[18] *CRT*, 281 F.R.D. at 532–33 (quoting Fed. R. Civ. P. 26(b)(1)). For purposes of Rule 26(b)(1), "relevance is broadly construed." *Id*.

The subpoenas here seek only that information. For the individual objectors—Zhen, Sussman, and Barnes—the Document Requests focus almost entirely on establishing class membership (documents showing telescope purchase), the dates and locations of those purchases, and where each objector lived at the time.[19] Woodlands received analogous requests tailored to a corporate entity, including documents identifying whether and where it purchased telescopes and the location of its principal business operations.[20]

The remaining requests are equally limited and seek only materials addressing the objections themselves: communications about the settlement, documents supporting the objections, and materials showing how the objectors coordinated or communicated with one another.[21] None of the requests seek personal information unrelated to the objections; instead, they are limited to documents concerning the factual basis for the objection.

---

[18] *CRT* quotes a prior version of Rule 26.
[19] *See* Exs. A, B, C.
[20] *See* Ex. D.
[21] *Id*.

**COTCHETT, PITRE & McCARTHY, LLP**                     Hon. Virginia K. DeMarchi
December 29, 2025
Page 7

The discovery is also proportional and uniquely within the Objectors' possession. Class Counsel cannot obtain these materials from defendants or the claims administrator, nor can public sources clearly provide who the objectors are, whether they are class members, or what factual basis supports their objections. Courts have repeatedly held that discovery may be used to test whether an objector is acting in good faith, whether the objection is supported by facts, and whether the objector has a history of filing similar objections. *See* 4 Newberg and Rubenstein on Class Actions § 13:33 (6th ed. Dec. 2025). The subpoenas issued here are narrow – they consist of fewer than a dozen document requests and a deposition.

In sum, the subpoenas seek only information directly relevant to the objections the Objectors chose to file, are tightly limited in scope, impose minimal burden, and are necessary to evaluate their standing and credibility. Because the requests fall well within the broad relevance standard of Rule 26, the Court should compel the objectors to comply.

### III.   Class Counsel Have Good Cause to Seek Discovery from the Objectors

Good cause exists for this Court to compel discovery because the record reflects substantial indicia of fraud, misrepresentation, and serious questions about the Objectors' identities, standing, and motives. Courts routinely authorize discovery where, as here, a preliminary showing suggests that an objection may be potentially fraudulent, lawyer-driven, or asserted in bad faith. *See CRT*, 281 F.R.D. at 533; *Netflix*, 2013 WL 6173772, at *2. Indeed, "a court should not compel discovery from objectors unless class counsel makes 'some preliminary showing . . . of collusion or malfeasance by the objector.'" *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019) (quoting 4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018)); *see* 4 Newberg and Rubenstein on Class Actions § 13:33 (6th ed. Dec. 2025) ("if a court must intervene, it should only do so to compel discovery from objectors after some preliminary showing by class counsel of collusion or malfeasance by the objector."). As one court illustrated:

> Where there are indicia that objectors lack knowledge of the terms of a settlement and the basis for their objection, or where the objection might be lawyer-driven and filed with ulterior motives, it is not only appropriate, but also advisable, to allow Class Counsel and Defendants to take the objectors' depositions with certain restrictions. Such depositions not only serve to inform the Court as to the true grounds and motivation for the objection, but they also help develop a full record should the objector file an appeal.

*Montoya v. PNC Bank, N.A.*, No. 1:14-cv-20474-GOODMAN, 2016 WL 1529902 (S.D. Fla. Apr. 13, 2016).

Plaintiffs meet that showing here. Each Objector refused to verify basic information about their standing and identity, despite repeated requests. None provided proof of purchase or any documentation confirming class membership. Not one agreed to a videoconference or phone call. And indeed, Class Counsel have raised substantial indicia of fraud associated with their objections, as have other courts. *See* Pls.' Mot. in Supp. of Appeal Bond, Dkt. 429; Pls.' Reply in

Supp. of Appeal Bond, Dkt. 443; *Kessler, et al. v. The Quaker Oats Co.*, No. 7:24-cv-00526-KMK (Oct. 16, 2025) ("*Quaker Oats*") Dkt. 88 ("[W]hile a demonstration of bad faith or even vexatious conduct is not required for a bond to be awarded . . . there have been examples of both throughout Zhen's participation in the litigation[;]" "this case is not Zhen's first (or second) unsuccessful objection to a class settlement.") (cleaned up). Their silence and evasiveness alone create substantial doubt about whether these individuals are who they claim to be and whether they possess any factual basis for their objections.

The addresses and factual assertions submitted by the Objectors further raise significant concerns. Both building management and the unit owner confirmed that Sussman's listed Florida residence does not belong to him. Attempts at serving Barnes at several addresses revealed either a vacant property or a registered-agent office that expressly disclaimed acting as an agent for service of process for an "Elman Barnes." Zhen provided no residential address at all other than a P.O. box and has consistently refused to supply one. These are significant irregularities.

In addition, several Objectors have direct or indirect connections to individuals whose claims in other class settlements were rejected on the basis of indicia of fraud. Evidence submitted in connection with the appeal bond motion demonstrates that Karla Luna, who purports to act as Woodland's CEO, previously submitted claims that were rejected for fraud concerns; that Sussman has similarly been associated with prior rejected claims; and that Zhen has ties to individuals previously flagged for fraudulent claims activity[22] and has himself been involved in multiple class action objections.[23] None of the Objectors has provided information sufficient to dispel these concerns.

The record also indicates that, even though Zhen appeals settlement approval, he is not a class member at all – he purportedly purchased his telescope in Puerto Rico. Likewise, Woodlands presents as a shell entity operating without counsel, with no functional website, phone number, or verifiable business operations.[24]

Collectively, these facts strongly suggest that the objections are coordinated or have been submitted for improper purposes.[25] Courts have deemed limited discovery not only appropriate but necessary to protect the integrity of the settlement process and to ensure that objections and appeals are being pursued in good faith where objectors exhibit this type of evasive and suspicious conduct. Here, the Court should permit discovery to determine who these individuals

---

[22] *See* Dkt. 429, 443.
[23] *See* Class Counsels' Resp. to the Obj. of Pat Zhen, *Quaker Oats* (July 21, 2025), Dkt. 57; *In re: Optical Disk Drive Products Antitrust Litig.*, 3:10-md-2143 (Sept. 13, 2022), Dkt. 3111 ("Except to the extent that this order provides some or all of the relief sought by the "emergency motion" filed by Pat Zheng Zhen, that motion is denied.").
[24] *Id*.
[25] For example, class counsel in *Quaker Oats* described how they "received a phone call from an unknown individual demanding $100,000 in exchange for withdrawing Mr. Zhen's objection," *supra* note 23, illustrating an objection leveraged for private gain rather than class-wide relief.

**COTCHETT, PITRE & McCARTHY, LLP**                              Hon. Virginia K. DeMarchi
                                                                December 29, 2025
                                                                Page 9

are, whether they are class members, and whether their objections and appeal are being pursued for legitimate purposes.

## OBJECTORS' POSITIONS[26]

- **Pat Zhen**

legal@patzhen.com, 12/14/2025, 7:02pm pt
Please provide additional information as to what exactly needs resolved and cite the jurisdiction of the Magistrate Judge for this "demand" considering that jurisdiction lies solely with the Ninth Circuit.

Thank you,
PZhen

- **Mike Sussman**

mike.sussman@pm.me, 12/11/2025, 7:26pm pt
Dear Mr. Ruano:

First, you never served the subpoena so I am under no obligation to object to it or seek a protective order. Second, the district court lacks jurisdiction over any so-called dispute as you never obtained leave to conduct any discovery. Third, discovery disputes would be handled by the Southern District of Florida unless you obtained an Order from that court transferring the matter to the Northern District of California, see Rule 45(f).

Follow the procedures and rules. I am not subject to the jurisdiction of the Northern District of California and am not a party to the litigation except as an absent class member who filed an objection.

Mike Sussman

mike.sussman@pm.me, 12/29/2025, 10:48am pt
I object to your arbitrary deadline regarding a subpoena you never served proving me a couple hours to brief some unknown and unclear dispute. I will need at least 7 days to prepare a responsive brief. I have no idea what your argument even is. You wrote a subpoena, you never

---

[26] Plaintiffs note that no Objector provided a position statement for inclusion in this letter brief, despite multiple email communications advising them of the relevant meet-and-confer efforts, the applicable deadlines for a joint letter, and this Court's Standing Orders. Consistent with the Court's instruction that it "does not want to read the parties' discovery-related correspondence," Plaintiffs do not attach the full email exchanges, but include Objectors' responses (if they responded). Plaintiffs advised Objectors absent position statements Plaintiffs would proceed in this manner.

**COTCHETT, PITRE & McCARTHY, LLP**　　　　　　　　　　　　　　Hon. Virginia K. DeMarchi
December 29, 2025
Page 10

served it, you never received leave of court to serve it, enforcement lies with the Southern District of Florida, and you never provided any standing order. Even if I was served with the Order, as a non party I am not subject to it. I am not a party to the litigation but only an absent class member. You are my sole attorney.

Mike

- **Elman Barnes**

- **National Woodlands, Inc.**

k.luna@wvwoodlands.com, 12/19/2025, 12:25pm pt
I do not know who Judge MeMarchi is and I have read no standing Order. There is no Judge MeMarchi with the Beckley federal district court. The other place with litigation is the Ninth Circuit, and I see nothing filed there. Your office was served with timely jurisdictional objections to the subpoena and I have checked with the Clerk of the Beckley federal district court and there is nothing pending. I received no response to the objections. Please comply with Beckley federal court procedures as to this matter.

## REQUEST FOR HEARING

Plaintiffs believe a hearing is not necessary to resolve this dispute, but Plaintiffs are willing to appear if this Court believes such a hearing would be beneficial. The issues presented are legal in nature and turn on well-established authority confirming the Court's discretion to permit discovery from objectors, as well as undisputed facts demonstrating the Objectors' notice of and refusal to comply with narrowly tailored discovery. Plaintiffs believe a hearing would not materially aid the Court's resolution, but are nonetheless amenable to appearing. Therefore, Plaintiffs submit that the dispute may be decided on the papers. Objectors have not indicated their position on a hearing.

## DISCOVERY CUT OFF

All "deadlines and discovery in the Indirect Purchaser Actions were stayed" pending approval of the Settlement. *See* Dkt. 386.

## MEET AND CONFER ATTESTATION

Class Counsel repeatedly attempted to meet and confer with the Objectors regarding this discovery dispute. Between December 11 and December 29, 2025, Class Counsel sent multiple emails to each Objector. Despite these efforts, no Objector agreed to participate in a conference, provide availability, or submit their respective position statements.

**COTCHETT, PITRE & McCARTHY, LLP**                Hon. Virginia K. DeMarchi
December 29, 2025
Page 11

Dated: December 29, 2025                    Respectfully Submitted,

*/s/ Adam J. Zapala*
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Christian S. Ruano (SBN 352012)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cruano@cpmlegal.com


*/s/ Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (pro hac vice)
Texas SBN 24102452
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
asalinas@susmangodfrey.com

*/s/ Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
**LIEFF CABRASER HEIMANN &**

**COTCHETT, PITRE & McCARTHY, LLP**　　　　　　　　　Hon. Virginia K. DeMarchi
December 29, 2025
Page 12

**BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

*/s/*
Patrick Zhen
P.O. Box 366047
San Juan, PR 00936
Telephone: (787) 547-5010
legal@patzhen.com

*/s/*
Elman Barnes
1401 21st St., STE R
Sacramento, CA 95811
Telephone: (916) 234-0780
elmanmethod@theachievementcoaches.com

*/s/*
Karla Luna
c/o National Woodlands Preservation, Inc.
110 James Street
Beckley, WV 25801
Telephone: (304) 910-1223
k.luna@wvwoodlands.com

*/s/*
Mike Sussman
23200 Camino del Mar, Suite 502
Boca Raton, FL 33433
Telephone: (786) 737-3836
Mike.sussman@pm.me

*Objector-Appellants*