# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In Re Telescopes Antitrust Litigation | ) |
|---|---|
| | ) |
| | ) Civil Action No. 5:20-cv-03639-EJD |
| This Document Relates To: All Indirect Purchaser Actions | ) |
| | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Pat Zhen, 503 Calle Modesta Apt 303, San Juan, PR 00924

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Verbatim Reporting Puerto Rico, El Telegrafo Building, 3rd Floor, San Juan, PR 00908 | Date and Time: July 28, 2025 9:00 AM AST |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/26/2025

CLERK OF COURT

OR

_____           /s/ Adam J. Zapala
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Indirect Purchaser Plaintiffs, who issues or requests this subpoena, are:

Adam J. Zapala, Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Rd., Burlingame, CA 94010, 650-697-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:20-cv-03639-EJD

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SCHEDULE A

**DEFINITIONS**

1. The term "ACTION" means the above-captioned litigation.

2. The terms "COMMUNICATION" and "COMMUNICATIONS" include but are not limited to emails, texts, faxes, letters, memos, and notes, and also refer to any DOCUMENT that comprises, embodies, reflects, or refers to any transmission of information from one person to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile, electronic mail, instant messaging, text messaging, or development notes. Each request that encompasses information relating in any way to COMMUNICATIONS to, from, or within a business or corporate entity is hereby designated to mean, and should be construed to include, all COMMUNICATIONS by and between representatives, employees, agents, or servants of the business or corporate entity. Any request for "COMMUNICATIONS" includes all DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS.

3. As used herein, the term "DEFENDANTS" means and refers to Synta Technology Corp. of Taiwan (a/k/a Synta Technology Corp. and Good Advance Industries Ltd.), Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corp., Celestron Acquisition, LLC, Olivon USA LLC, Ningbo Sunny Electronic Co. Ltd., Sunny Optical Technology Co., Ltd., Meade Instruments Corp., and Sunny Optics Inc. TELESCOPES manufactured by DEFENDANTS are branded as Celestron, Meade, Orion, Sky-Watcher, or Zhumell.

4. The term "DOCUMENT" or "DOCUMENTS" means and includes writings in the broadest sense, and includes all "writings" as defined in Federal Rule of Civil Procedure 34, including, but not limited to, all written printed, typed, recorded, or graphic matter, however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft version) in the actual constructive possession, custody, care or control of the responding party, and including, without limitation, all writings, communications, correspondence, e-mails, text

1 messages, letters, telegrams, notes, mailgrams, agenda, memoranda, inter-office communications, agreements, contracts, summaries, reports, interviews, forecasts, projects, analyses, working papers, charts, requests for authorization, expense account reports, charge or credit account vouchers, calendars, appointment books, diaries, brochures, pamphlets, circulars, press releases, drawings, graphs, photographs, sound reproduction tapes, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, computer inputs or outputs, or any other tangible thing. The term "DOCUMENT" or "DOCUMENTS" shall include not only originals but also copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which notations in writing, print or otherwise have been made which do not appear in the originals.

In addition to the foregoing items, any comment, notation, strike-out, interlineation, or other alterations appearing on any DOCUMENT or any copy of any DOCUMENT, and not a part of the original text of such DOCUMENT, is considered a separate DOCUMENT, as is any draft or preliminary form of any DOCUMENT.

DOCUMENT(S) shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic-storage device).

5. "INDIRECT PURCHASER STATES" means and refers to Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

6. The term "OBJECTION" shall mean any legal filing opposing. the Order Granting Motion for Final Approval; Granting Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 419).

7. The term "PERSON" means and refers to any natural person, or any company,

1 corporation, partnership, union, joint venture, sole proprietorship, association, government agency,
2 organization or any other similar type of group through which business is conducted, or any officer,
3 director, employee or agent thereof.

4     8.    The terms "RELATE(S) TO," "RELATED TO" and "RELATING TO" mean to
5 refer to, concern, summarize, reflect, constitute, comprise, state, contain, explain, embody, pertain
6 to, identify, be involved with, mention, discuss, consist of, show, analyze, comment upon,
7 evidence, support, respond to, deal with, describe, refute, contradict, or in any way be pertinent to
8 the subject in question, directly or indirectly, in whole or in part.

9     9.    The term "SETTLEMENT" means and refers to the Settlement Agreement made
10 and entered into on August 31, 2024 by and among the Synta Defendants ("SYNTA
11 DEFENDANTS") and Indirect Purchaser Plaintiffs in the above-captioned action ("ACTION").

12     10.    The term "SETTLEMENT CLASS" means and refers to all persons and entities in
13 the INDIRECT PURCHASER STATES (as defined herein) who, during the period from January
14 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an
15 entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured. Excluded
16 from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-
17 conspirators; Defendants' attorneys in this Action; federal government entities and
18 instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this
19 Action; and all Persons who directly purchased Telescopes from Defendants but only for those
20 direct purchases of Telescopes.

21     11.    The term "TELESCOPES" refers to optical instruments that magnify and enhance
22 the view of faraway objects, as further described in paragraphs 96 through 99 of the Indirect
23 Purchaser Plaintiffs' Fourth Amended Consolidated Complaint, and does not include other optical
24 instruments not marketed as telescopes, such as binoculars, siting scopes, microscopes, etc.

25     12.    The term "YOU" and/or "YOUR" means responding party Pat Zhen  and
26 anyone else acting, or who has so acted, on his behalf including, but not limited to, any of his

27
28

agents, representatives, principals, and each and every person acting on his behalf or at his direction or on whose behalf they were acting with respect to the matters referred to herein.

**INSTRUCTIONS**

1. All documents are to be produced whether in your possession, custody or control, or the possession, custody or control of your attorneys, investigators, agents or representatives.

2. All documents are to be segregated and referenced to the request to which they respond in accordance with Federal Rule of Civil Procedure 34.

3. If any of the requested documents cannot be produced in full, then produce them to the extent possible, and specify the reasons for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portion.

4. In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (a) any addressor and addressee; (b) any indicated or blind copy; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) the document's present custodian; and (f) the nature of the privilege or immunity asserted.

5. If any responsive document was at one time in your possession, custody or control but has been disposed of, lost, discarded, destroyed, or is no longer in your possession, custody or control for any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document; (b) state the date of the document; (c) identify the persons who sent and received the original and copies of the document, specifying its author, addressee, and all persons to whom copies were furnished, or who otherwise saw the document; (d) state in as much detail as possible the subject matter and contents of the document; (e) state the last known location of the disposed document and the last known location of any alternative copies of the lost, discarded or destroyed document; (f) state the identity and location of other documents from which information contained in the discarded or otherwise disposed of document may be obtained; (g) state the date or approximate time of the disposition, loss, destruction, or discarding; (h) state the

1  manner and date of the disposition of the document; (i) state the reason for the disposition, loss,
2  destruction or discarding; (j) state the identity of all persons who are likely to be responsible
3  therefor; and (k) describe in detail the efforts you made to locate the document.
4        6.    Reference to the singular in any of these Requests shall also include a reference to
5  the plural, and reference to the plural also shall include a reference to the singular.
6        7.    Unless otherwise stated, the relevant time period for these Requests is from January
7  1, 2005 through the date of the written responses to the Requests.

**DOCUMENTS REQUESTED**

**REQUEST NO. 1:**

DOCUMENTS sufficient to show YOUR purchase of one or more TELESCOPES from a distributor or an entity other than DEFENDANTS.

**REQUEST NO. 2:**

DOCUMENTS sufficient to establish YOUR inclusion in the SETTLEMENT CLASS, such as YOUR INDIRECT PURCHASER STATE residence at time of purchase and/or INDIRECT PURCHASER STATE in which purchase was made.

**REQUEST NO. 3:**

DOCUMENTS sufficient to verify YOUR identity, including but not limited to, government-issued identification (*e.g.*, passport, driver's license, birth certificate, etc.).

**REQUEST NO. 4:**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON RELATING TO this ACTION, SETTLEMENT, or the administration of the SETTLEMENT.

**REQUEST NO. 5:**

All DOCUMENTS and COMMUNICATIONS between YOU and any of the other objectors in this action: Mike Sussman, Karla Luna c/o National Woodlands, and Elman Barnes.

**REQUEST NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR OBJECTION to the SETTLEMENT or the basis or grounds for YOUR OBJECTION to the SETTLEMENT.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO any agreement or understanding between YOU and any PERSON involving this ACTION.

**REQUEST NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any compensation, reimbursement, or consideration YOU have received or expect to receive in connection with YOUR OBJECTION or involvement in this ACTION.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO any OBJECTION YOU have submitted in any class action in the past ten (10) years, including the name and case number of each class action.

**REQUEST NO. 10:**

All DOCUMENTS sufficient to show any PERSON who represented YOU in connection with any OBJECTION YOU submitted in any class action in the past ten (10) years.

**REQUEST NO. 11:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO YOUR OBJECTIONS in class action settlements over the past ten (10) years.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO changes made to any class action or class action settlements as a result of any OBJECTION made within the last ten (10) years by YOU, or by any PERSON involved or associated with representing YOU in connection with the OBJECTION.