Pat Zhen
PO Box 366047
San Juan PR  00936
legal@patzhen.com
787-547-5010

Objector

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | No. 5:20-cv-03639-EJD |

This Document Relates to:
Indirect Purchaser Actions

## INFORMATIONAL OPPOSITION TO SO-CALLED "DISCOVERY DISPUTE" LETTER

Non-Party Pat Zhen appears specially to challenge this Court's jurisdiction to enforce or supervise the purported subpoenas referenced in Class Counsel's "discovery dispute" letter. The subpoenas are void because they were never served, target non-parties outside this district, were issued during a pending appeal, and were never authorized by any court. Accordingly, this Court lacks jurisdiction.

## BACKGROUND

This case involves purported Telescope Antitrust injuries.  Zhen filed a straightforward objection to the underlying settlement and a

reply to the opposition of Class Counsel. ECF 402, 408. The settlement involves the dismissal of a nationwide class action, but the certified class only consisted of certain repealer states and excluded repealer territory Puerto Rico.

After non-parties appealed, on June 18, 2025, Class Counsel wrote an email containing subtle threats:

> "In preparation to oppose your appeal, settlement class counsel reserve all rights, including filing a motion to dismiss the appeal with the Ninth Circuit's motions panel and requesting that the district court require all objectors to post an appeal bond, respond to appropriate discovery, including sitting for a deposition, and issue any sanctions that the court may deem appropriate to compensate counsel for their time and effort." *See* Exhibit 2.

In June, Class Counsel issued subpoenas to non-parties. ECF 465-1, 465-2, 465-3, and 465-4. Even though Class Counsel filed an entire dossier about the non-parties, ECF 429-1, 429-5, the subpoenas sought more. The subpoenas demand, among other things, identity documents; communications about this case and other objectors; agreements or compensation relating to the objection; and records of objections and attorney relationships in class actions over the past ten years.

Zhen did offer a $250 appeal bond, but Class Counsel demanded $42,000 and ultimately received $300. ECF 463. Class Counsel unsuccessfully moved to dismiss non-parties' appeal. *See* Exhibit 1.

Now, seven months after not serving the subpoenas, Class Counsel resurrects them as if they were authorized discovery requests.

Class Counsel knew the deficiencies.  Nevertheless, multiple counsel signed the discovery letter despite its failure to comply with Rule 45.

## I. The subpoenaed persons are not parties and there are only subpoenas, not discovery requests

Filing objections or an appeal does not transform absent class members into parties. As the Seventh Circuit explained, class members are "more like beneficiaries than like parties," even though they may appeal an adverse judgment. *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014); see also *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002).

The discovery letter references "discovery" as if a request for production exists.  ECF 465. On the contrary, these are subpoenas. ECF 465-1.  The letter recognizes this as to the depositions, ECF 465, p.2, but then suggests that there exists "limited written discovery." *Id*. That is incorrect.  The subpoenas included a demand to bring documents to the deposition, governed by F.R.Cv.P. 45(a)(1)(D), not Rule 34.

Mischaracterizing subpoenas as "written discovery" cannot create jurisdiction or excuse compliance with Rule 45 service and fee requirements.

## II. The objectors' appeal divested the district court of jurisdiction

On May 5, 2025, non-parties filed a Notice of Appeal. ECF 421. The filing of the appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985).

The Ninth Circuit has recognized that a pending appeal limits a district court's authority to conduct discovery. *Christian v. Rhode*, 41 F.3d 461, 470 (9th Cir. 1994).

In *Golloher v. Todd Christopher International, Inc.*, 2014 WL 12625124 (N.D. Cal. July 7, 2014), as here, Class Counsel sought discovery of objectors after the objectors appealed the district court's final approval of a settlement. The court held that although such discovery might be available during the pendency of settlement approval proceedings, it would not be appropriate during the pendency

of an appeal, noting that "[i]t is unclear what relevance any such discovery would have to the issues on appeal, *or even if or how it would become part of the appellate record.*" 2014 WL 12625124, at *2; *citing Khoday v. Symantec Corp.*, 2016 WL 6902710, at *3 (D. Minn. Aug. 4, 2016) ("Since the final approval/fairness hearing has passed, so has Plaintiffs' chance to use discovery to probe the merits and motives of the objections.").

Accordingly, any attempt by this Court to supervise or enforce discovery would intrude upon the Ninth Circuit's jurisdiction.

### III. Federal Rule of Civil Procedure 27(b) is the sole exception, class counsel did not invoke it, and it does not apply.

Rule 27(b) permits a party to seek leave in the district court to perpetuate testimony "for use in the event of further proceedings *in that court.*" Rule 27(b) permits discovery pending appeal only upon judicial leave. Thus, Rule 27(b) creates an exception to the general principle that the filing of the appeal divests the trial court of all authority over a case." *Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993).

But no motion under Rule 27(b) exists and there are no assertions that "perpetuating the testimony may prevent a failure or delay of justice" in this court. Fed.R.Civ.P.27(b)(3).

### IV. The discovery letter motion usurps the discretion of the appellate court pursuant to Federal Rule of Appellate Procedure 10(e)(3)

The subpoenas seek appellate discovery outside of the district court's present record. However, depositions would not expand the record. While F.R.A.P. 10(e)(1) and 10(e)(2) allows this court to correct the record in certain circumstances, "all other questions as to the form and content of the record must be presented to the court of appeals." Rule 10(e)(3).

This proceeding usurps the F.R.A.P. 10(e)(3) jurisdiction of the appellate court as this court cannot determine what is proper and relevant for appeal.

Simply put, Federal Rule of Appellate Procedure 10(e) "is not a device for presenting evidence to [an appellate court] that was not before the trial judge." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2nd Cir. 2019)(striking depositions not filed in the district court), *citing Eng v. New York Hosp.*, 199 F.3d 1322 (2d Cir. 1999).

As such, it is unclear whether the information gathering purposes of the subpoenas would serve any legitimate purpose whatsoever.

V. **While it is not correct that "the Ninth Circuit denied Zhen's motion for a protective order and sanctions," the Ninth Circuit clearly has the sole authority to decide whether to grant discovery.**

Class Counsel claims that the Ninth Circuit denied a protective Order, but this is not a correct representation. The Ninth Circuit's Order denied sanctions. The appellate court did not address the Protective Order portion of the motion. *See* Exhibit 1 (copy of Order).

Regardless, the proper place to seek clarification would be the Ninth Circuit. While the case is on appeal, any request for clarification lies exclusively with the Ninth Circuit.

Rule 45(a)(2) requires that a subpoena issue from the court where the action "is pending," not where it "was pending." Once the appeal was docketed, this Court's authority over matters affecting the appeal ended.

VI. **No decision allows for unilateral issuance of subpoenas without leave of court during the pendency of an appeal.**

Class Counsel relies on *In re Netflix Privacy Litigation*, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013), but that case does not authorize unilateral discovery during a pending appeal. Discovery there was approved by court order and narrowly tailored. No such authorization exists here, and Netflix did not address the jurisdictional defects

present in this case, including the absence of service, the pendency of an appeal, and Rule 45's district-of-compliance requirement.

Judge Davila, in this case, *see* ECF 463, page 6, fn 7, noted "in [the *Netflix*] case, the Court was not presented with the arguments Objectors raise here… ." Indeed, in *Netflix*, the opposing party did not make the same jurisdictional arguments presented here.

## VII. The court where the subpoena directs compliance at maintains the sole authority to resolve disputes

Even if the subpoenas were otherwise valid, this court cannot involve itself in this dispute. Two subpoenas issued to the non-party here required compliance in other jurisdictions. The first subpoena required compliance in Puerto Rico. The second subpoena required compliance in Boston, Massachusetts.

Rule 45 makes clear that subpoena disputes must be addressed in the district of compliance, not the issuing court. *See* Rule 45(d)(1)("The court for the **district where compliance is required** must enforce this duty and impose an appropriate sanction"); 45(d)(2)(B)(i)("the serving party may move **the court for the district where compliance is required** for an order compelling production; 45(d)(3)(A)("On timely motion, the court for the **district where**

**compliance** is required must quash or modify a subpoena… ."); 45(d)(3)(B)(same); 45(e)(2)(B)("may promptly present the information under seal to the court for the **district where compliance** is required"); 45(g)(contempt by "**district where compliance is required**" unless transferred), etc.

The only deviation from this procedure is where the court in the district of compliance finds "exceptional circumstances" warranting a transfer.  *See* Rule 45(f).

A motion under Rule 45 "is properly filed in [the] district . . . where compliance is required on the face of the subpoena, even if that place of compliance is not proper under Rule 45(c)." *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 6262349, at *2 (N.D. Cal. Oct. 23, 2020).

In *Vervain LLC v. Kingston Technology Company,* 24-mc-80322-LJC, Entry 9 (N.D.Cal. March 21, 2025), the Magistrate Judge held that the plain language of Rule 45 required motions in the district of compliance without regard to any other factors.

VIII. **The subpoenas must be personally served along with witness fees before enforcement.**

In this case, no return of service exists.  It is not for this court to usurp the role of the court in the "place of compliance" and allow some

sort of informal service. Rule 45(c) explains, "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law."

In *San Francisco Bay Area Rapid Transit District v. Spencer,* 04-cv-04632 SI (N.D. Cal. Sept. 25, 2006), page 2, it was held, "The Court agrees with the City and the majority of courts that have understood 'delivering' to require personal service of the subpoena." In addition, it must be accompanied by witness and travel fees.

In *CF & I Steel Corp. v. Mitsui & Co.,* 713 F.2d 494, 496 (9th Cir.1983), the Ninth Circuit found that the service language of Rule 45 was plain and that a subpoena must be served along with witness fees. The Ninth Circuit affirmed the quashing of a subpoena served without fees. In *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989), the Ninth Circuit reaffirmed this position and found no error in the quashing of the subpoena. Here, no service occurred and no fees were tendered.

Without personal service of the subpoena, along with witness fees, it lacks validity.

## IX. The subpoena violates Rules 45(a)(4) and 45(a)(1)(B)

Class Counsel violated Fed. Rule of Civ. Proc. 45(a)(4) by demanding the production of documents, but failing to notify the parties. Rule 45(a)(4) explains that, "if the subpoena commands the production of documents, . . . , then *before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

The subpoenas violated Rule 45(a)(1)(B) by not listing the method that the deposition would be recorded despite the rule requiring that, "A subpoena commanding attendance at a deposition must state the method for recording the testimony."

## X. Class Counsel failed to comply with 28 USC 1783

Again, this is a question for the compliance court. However, the undersigned non-party, a United States citizen, is presently outside of the United States until mid-June 2026. Class Counsel knew this. *See* ECF 454, page 7 (Class Counsel complaining of non-party being outside of the United States).

Therefore, compliance with 28 USC 1783 needs to occur. First, a motion needs to be filed and a subpoena issued only if, "the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice" and "that it is not

possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner."

Second, "service of the subpoena and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country."

None of this occurred.

## XI. The subpoenas are unduly burdensome.

Absent class members are not parties and separate discovery of individual class members not representatives is "ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal.2008). To request an exception to this rule, the proponents of such discovery *must seek leave of court* and show not only that the discovery is (1) necessary, and (2) seeks information that they do not already know, but also that (3) "the discovery is not designed to take undue advantage of class members or to reduce the size of the class," and (4) that response "would not require the assistance of counsel." *Id. (citing Clark v. Universal Builders*, 501 F.2d 324, 340-42 (7th Cir.1974); *see also In re Worlds of Wonder Securities Litigation*, No.

C–87–5491 SC (FSL), 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992)(discovery of absent class members "normally not permitted").

Of course the subpoenas generally violated Fed. Rule of Civ. Proc. 45(d)(1) which explains that, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  In this class action where objectors would obtain payment of less than $100, the nationwide subpoenas clearly constituted an "undue burden" especially if this court considers the non-adversarial nature of the objections.

The subpoenas are extraordinarily overbroad.  Under Rule 26(g), counsel was required to ensure the subpoenas were legally justified, not imposed for improper purposes, and not unduly burdensome. They did not.

Class Counsel demanded identity documents, all communications between the appellants, all communications with anyone about the case, contact with attorneys in other class actions over the past ten years, and all objections filed in any case over the past ten years.

The information requested relates to the appeal issues and was meant to chill communications between the appellants who were required to file a brief with the appellate court.

## **CONCLUSION**

Permitting Class Counsel to proceed in this manner would create a procedural anomaly in which they could unilaterally initiate discovery against non-parties during a pending appeal, without service, without fees, without leave of court, and then attempt to enforce the subpoenas outside the district of compliance. No rule authorizes such a regime. If tolerated, it would allow litigants to bypass Rule 27(b), Rule 45, and the jurisdiction of the Court of Appeals, converting appellate proceedings into an unregulated discovery forum. The Federal Rules do not permit such an end run around jurisdictional limits.

The subpoenas constitute a nullity. At minimum, any dispute regarding these subpoenas must be resolved, if at all, by the appellate court, or, in the districts of compliance, not by this court. For these reasons, the subpoenas are unenforceable in this court, which is acting without jurisdiction.



_____
Pat Zhen