UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: TELESCOPES ANTITRUST LITIGATION

Case No.  20-cv-03639-EJD   (VKD)

**ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' DISCOVERY FROM OBJECTORS**

Re: Dkt. No. 465

Indirect Purchaser Plaintiffs ("IPPs") seek an order requiring Patrick Zhen, Michael Sussman, Elman Barnes, and Karla Luna as CEO of National Woodlands Preservation, Inc. ("Woodlands") (collectively, "Objectors") to submit to depositions and respond to document requests.  Dkt. No. 465.  Objectors filed separate oppositions to IPPs' letter.  Dkt. Nos. 477, 478, 479, 480.  The Court finds this dispute suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

## I.    BACKGROUND

On April 11, 2025, the Court granted final approval of the settlement of this class action, overruling Objectors' objections, and entered judgment.  Dkt. Nos. 419, 420.  Shortly thereafter, Objectors filed a joint notice of appeal to the Ninth Circuit.  Dkt. Nos. 421, 428.

Beginning in June 2025, IPPs attempted to serve subpoenas on each of the Objectors, seeking documents and deposition testimony.  Dkt. No. 465 at 2, Exs. A-D.  The subpoenas directed to Zhen, Sussman, and Barnes contain the same 12 document requests.  *See id.*, Exs. A-C. The subpoena directed to Luna as CEO of Woodlands contains most of the same document requests, but also includes document requests relating to Woodlands' "corporate structure" and

United States District Court
Northern District of California

"the nature of [its] business." *See id.*, Ex. D.

After attempting unsuccessfully to obtain Objectors' voluntary cooperation with the subpoenas, IPPs attempted to personally serve Objectors at the physical addresses they provided in their objections. *Id.* at 2-3. IPPs state that for three Objectors—Zhen, Sussman, Barnes—the physical addresses they provided did not correspond to their actual residences, and they could not be located at those addresses. *Id.* at 3-4. According to IPPs, the fourth Objector, Woodlands, was personally served via its registered agent for service of process. *Id.* at 3. Luna points out that the subpoena is addressed to her, and she was not personally served. Dkt. No. 479 at 2. IPPs contend that all Objectors received actual notice of the subpoenas. *See* Dkt. No. 465 at 2, 3-4 (citing record in Case No. 25-3098 (9th Cir.)).

Objectors have provided no documents or testimony in response to the subpoenas, and they oppose IPPs' request for an order compelling their compliance with the subpoenas.

## II.    DISCUSSION

Objectors oppose IPPs' efforts to compel compliance on multiple grounds. However, because two of the asserted grounds determine the Court's resolution of the pending dispute, the Court addresses those grounds only in this order.

### A.    Whether the Pendency of an Appeal Divests this Court of Jurisdiction to Adjudicate Dispute re IPPs' Discovery of Objectors

IPPs argue that district courts retain jurisdiction to "oversee matters relating to the administration and enforcement of approved settlements, including discovery directed to objectors." Dkt. No. 465 at 4. They describe their subpoenas as "limited" and "narrowly-tailored" to discovery concerning whether Objectors are members of the class, the dates and locations of their telescope purchases, the factual bases for their objections to the settlement, and whether the objections are fraudulent or asserted in bad faith. *Id.* at 6-7. Objectors respond that because there is a pending appeal, this Court lacks jurisdiction. *E.g.,* Dkt. No. 477 at 4-5.

As a general matter, an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Neither IPPs nor Objectors provide the Court with any information from which the Court

can determine the aspects of the case that are involved in the pending appeal, or whether any matters on appeal overlap with the discovery IPPs seek.[1]  Final judgment was entered in this action nearly a year ago.  While the pendency of an appeal does not automatically stay post-judgment discovery, all pending motions before the presiding judge have been resolved, and there is no indication that any other proceedings before the district court are contemplated during the pendency of the appeal.  To the extent IPPs contend that the discovery they seek is "routinely permit[ted]," *see* Dkt. No. 465 at 6, the authority on which they rely does not support the proposition that discovery of objectors should always be allowed, regardless of the existence or nature of a pending appeal.  *See Golloher v. Todd Christopher Int'l, Inc.*, No. 11-cv-1726 RS, 2014 WL 12625124, at *2 (N.D. Cal. July 7, 2014) ("While such discovery [of objectors] may be available and 'common' in the context of pending settlement approval proceedings, plaintiffs have not shown it would be appropriate for the district court to allow it in the context of an appeal.").[2] Nor is it clear how the discovery IPPs seek is needed to "preserve the integrity" of the judgment or to enforce the judgment.  *See* Dkt. No. 465 at 4.

In short, the Court requires more information in order to determine whether it has jurisdiction to authorize or compel the discovery IPPs seek, and denies IPPs' request for relief, without prejudice, on that basis.

### B. Whether IPPs May Properly Seek an Order Compelling Compliance with the Subpoenas in this Court

Objectors also argue that because the place of compliance for each subpoena is a location outside this District, IPPs may not move this Court for an order compelling their compliance with the subpoenas, but must instead seek relief from the district court in the locations where compliance is required.  *E.g.*, Dkt. No. 477 at 8.

---

[1] IPPs note that Objectors' notice of appeal does not describe the basis for the appeal.  Dkt. No. 465 at 2 n.7.  However, it appears that Objectors have now filed their opening appeal brief, and so it may now be possible to determine how the requested discovery compares to the "aspects of the case involved in the appeal."

[2] To the extent IPPs rely on *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918 (9th Cir. 2014), that reliance is misplaced, as the opinion was subsequently vacated.  *See Laguna v. Coverall N. Am., Inc.*, 772 F.3d 608 (9th Cir. 2014).

Objectors are correct that under Rule 45 of the Federal Rules of Civil Procedure, subpoena-related motions must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A), (d)(3)(B), (e)(2)(B). Here, IPPs' subpoenas require compliance in (1) San Juan, Puerto Rico (Zhen), (2) Boca Raton, Florida (Sussman), (3) Sacramento, California (Barnes), and (4) Beckley, West Virginia (Luna/Woodlands). None of these locations is within the Northern District of California. While motions made in the district where compliance is required may be transferred to this Court, pursuant to Rule 45(f), such transfers may not be ordered by the issuing court in the first instance. IPPs do not address this issue in their discovery dispute letter.

Because it appears that the Court does not have authority to compel compliance with any of IPPs' subpoenas under Rule 45, the Court denies IPPs' request for relief, without prejudice, on this basis as well.

## III. CONCLUSION

For the reasons explained above, the Court denies IPPs' request for an order requiring Objectors to comply with IPPs' subpoenas, without prejudice.

**IT IS SO ORDERED.**

Dated: March 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4